JENNER & BLOCK LLP
STEVEN B. FABRIZIO (*pro hac vice*)
   sfabrizio@jenner.com
601 Thirteenth Street, N.W.,
Suite 1200 South
Washington, D.C. 20005
Telephone: (202) 639-6000;
Facsimile: (202) 661-4823

GIANNI P. SERVODIDIO (*pro hac vice*)
   gps@jenner.com
SAMI J. VALKONEN (*pro hac vice*)
   svalkonen@jenner.com
919 Third Avenue, 37th Floor
New York, NY 10022
Telephone: (212) 891-1600;
Facsimile: (212) 891-1699
*Attorneys for Plaintiffs*

✗ NOTE CHANGES MADE BY THE COURT. ✗

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLUMBIA PICTURES INDUSTRIES, INC., *et. al.*<br><br>Plaintiffs,<br><br>v.<br><br>GARY FUNG, *et. al.*<br><br>Defendants. | Case No. **CV-06-05578 SVW (JCx)**<br><br>[~~PROPOSED~~] ORDER RE PLAINTIFFS' AND MPAA'S EX PARTE APPLICATION FOR PROTECTIVE ORDER RE RULE 30(B)(6) DEPOSITIONS -- FEES REQUESTED<br><br>See Changes |

[PROPOSED] ORDER RE EX PARTE APP.
FOR P.O. RE RULE 30(B)(6) DEPOSITIONS

1  Plaintiffs' and MPAA's Ex Parte Application for Protective Order Re Rule
2  30(b)(6) Depositions -- Fees Requested, having come before the Court, the Court
3  has considered the application and ~~any~~ the opposition ~~filed thereto.~~ and supporting declarations and exhibits filed August 3, 2007. Based on the
4  foregoing, and the entire record in this case:
5  IT IS HEREBY ORDERED THAT plaintiffs' application is GRANTED, and
6  that:
7  1. Topics 1-3, 6, 8-9, 11, 15, 17-18, 20, ~~21~~, 23-25, 27, and 30-32 are stricken from
8  Defendants' Notice of Depositions of plaintiffs and from Defendants' Notice of
9  Subpoena for Deposition of Motion Picture Association of America (collectively,
10 "Defendants' Notices"); that plaintiffs and MPAA are not required to designate a
11 witness to testify on those topics; that defendants are not to ask questions on those
12 topics; and that counsel for plaintiffs and the MPAA shall be permitted to instruct
13 witnesses not to answer to the extent defendants seek to make inquiry outside of
14 those permitted in this Order.
15 2. Topics 4-5 and 14 are stricken from Defendants' Notices, except that defendants
16 are permitted to ask questions regarding whether plaintiffs have authorized general
17 or unrestricted distribution or availability over the internet of all or part of plaintiffs'
18 copyrighted works alleged in the Complaint or listed in the attachment to the
19 Complaint (and any others for which plaintiffs are claiming defendants infringed).
20 3. Topics 7 and 22 are narrowed to information related to non-infringing uses of the
21 Defendants' websites, and further to exclude examination of plaintiffs' and MPAA's
22 representatives on the subject of plaintiffs' ongoing statistical analyses, provided
23 plaintiffs represent that they will make their expert witnesses available to defendants
24 for deposition.
25 4. Topics 10, 12, 13, 28, and 29 are narrowed to address only those files that are
26 identified in Exhibit A of the Plaintiffs' Complaint.
27 5. Topic 21 is narrowed to plaintiffs'/MPAA's relationships to/agreements with
   individuals whom plaintiffs anticipate will serve as declarants in support of a
28 summary judgment motion and who will offer evidence regarding defendants'
   websites -- i.e. information going to potential bias. Counsel for plaintiffs/MPAA
   shall be permitted to instruct witnesses not to answer to the extent
   defendants seek to make broader inquiry.

[PROPOSED] ORDER RE EX PARTE APP.
FOR P.O. RE RULE 30(B)(6) DEPOSITIONS

2

6. Topic 26 is narrowed to information related to correspondence between Plaintiffs and others that has been produced in response to any of defendants' document requests.

7. The definition of "Plaintiff" in Defendants' Notices is limited to the named plaintiffs in this action; and the definition of "MPAA" in Defendants' Notices is limited to the Motion Picture Association of America.

IT IS FURTHER ORDERED THAT plaintiffs' application for attorneys' fees is GRANTED, and plaintiffs are awarded their reasonable costs and attorneys' fees for the filing of this application. Within 14 days of this Order, plaintiffs shall file a declaration or declarations summarizing the costs and attorneys' fees incurred in making their ex parte application.

IT IS SO ORDERED.

Dated: August 5, 2007

HON. JACQUELINE CHOOLJIAN
UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I, Vicki S. Henderson, the undersigned, declare that:

I am employed in the County of Los Angeles, State of California, over the age of 18, and not a party to this cause. My business address is 10100 Santa Monica Boulevard, Suite 2200, Los Angeles, California 90067-4120.

On August 1, 2007, I served a true copy of the **[PROPOSED] ORDER RE PLAINTIFFS' AND MPAA'S EX PARTE APPLICATION FOR PROTECTIVE ORDER RE RULE 30(B)(6) DEPOSITIONS – FEES REQUESTED** on the parties in this cause

[X] (VIA OVERNIGHT DELIVERY) by placing the above named document in a sealed envelope addressed as set forth below, or on the attached service list and by then causing said envelope to be deposited for collection and overnight delivery via Federal Express in accordance with Loeb & Loeb LLP's ordinary business practices.

Ira P. Rothken
Jared Smith
Robert Kovsky
ROTHKEN LAW FIRM
3 Hamilton Landing, Suite 280
Novato, CA 94949

**Email: ira@techfirm.com; jared@techfirm.com; rlk@sonic.net**

[X] (VIA EMAIL) I caused the transmission of the above named document to the email address set forth below.

Ira P. Rothken
Jared Smith
Robert Kovsky
ROTHKEN LAW FIRM
3 Hamilton Landing, Suite 280
Novato, CA 94949

**Email: ira@techfirm.com; jared@techfirm.com; rlk@sonic.net**

Kirk J. Retz, Esq.
Retz & Hopkins LLP
21535 Hawthorne Boulevard, Suite 200
Torrance, CA 90503

**Email: kretz@retzhopkins.com**

I am readily familiar with Loeb & Loeb LLP's practice for collecting and processing correspondence for mailing with the United States Postal Service and

LA1667665 1
203351-10010

1 | Overnight Delivery Service. That practice includes the deposit of all
2 | correspondence with the United States Postal Service and/or Overnight Delivery
3 | Service the same day it is collected and processed.
4 |     I certify that I am employed in the office of a member of the bar of this Court
5 | at whose direction the service was made.
6 |     I declare under penalty of perjury that the foregoing is true and correct.
7 |     Executed on August 1, 2007, at Los Angeles, California.

*/s/ Vicki S. Henderson*
Vicki S. Henderson

LA1667665.1
203351-10010

# PROOF OF SERVICE

I, Gerardo Gomez, the undersigned, declare that:

I am an employee or independent contractor of Nationwide Legal, Inc., a registered California process service (Registration Number 5484 ), having its principal place of business in the County of Los Angeles, State of California, and whose telephone number is (213) 625-9100. I am over the age of 18 and not a party to the within action; my business address is 316 West 2nd Street, Suite 705, Los Angeles, CA 90012.

On August 1, 2007, I served a true copy of **[PROPOSED] ORDER RE PLAINTIFFS' AND MPAA'S EX PARTE APPLICATION FOR PROTECTIVE ORDER RE RULE 30(B)(6) DEPOSITIONS – FEES REQUESTED** by delivering to the office of the addressee(s) in a sealed envelope:

Kirk J. Retz, Esq.
Retz & Hopkins LLP
21535 Hawthorne Boulevard, Suite 200
Torrance, CA 90503

I certify that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 1, 2007, at Los Angeles, California.

_____
Signature

LA1661848 1
203351-10010