UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLUMBIA PICTURES INDUSTRIES, INC., *et al.*,<br><br>                         Plaintiffs,<br><br>          v.<br><br>GARY FUNG, *et al.*,<br><br>                         Defendants. | CV 06-05578 SVW (JCx)<br><br>ORDER re PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON LIABILITY [265] |

The Court currently has under consideration Plaintiffs' Motion for Summary Judgment on Liability. The Court has considered Plaintiffs' Notice of New Pertinent Authority submitted on July 14, 2009. The Court finds the opinion relevant, and notes that the court in Arista Records LLC v. Usenet.com, Inc., found "uncontroverted evidence" showing direct infringements of the plaintiffs' copyrights by third parties. Arista Records LLC v. Usenet.com, Inc., 07 Civ. 8822 (HB), slip op. at 27 (S.D.N.Y. June 30, 2009). In that case, the "uncontroverted evidence" was supported both by the evidentiary record

and through operation of an adverse inference against the defendants on account of defendants' bad faith spoilation of data. <u>Id.</u>

In the present case Defendants Fung and Isohunt Web Technologies Inc. contend that Plaintiffs fail to provide sufficient evidence showing direct infringements of Plaintiffs' copyrights by third parties using Defendants' websites. (SGI, ¶ 2.)

For the reasons discussed below, before the Court issues its order on summary judgment, it would benefit from supplemental briefing and, if necessary, supplements to the record in order to determine whether third parties have used Defendants' websites to infringe Plaintiffs' copyrights.

When a party moves for summary judgment under Rule 56(c), that party bears the burden of affirmatively establishing all elements of its legal claim. <u>See</u> <u>Southern Cal. Gas Co. v. City of Santa Ana</u>, 336 F.3d 885 (9th Cir. 2003) (per curiam) (adopting District Court order as its own). <u>See also</u> <u>Fontenot v. Upjohn Co.</u>, 780 F.2d 1190, 1194 (5th Cir. 1986) ("[I]f the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor.") (emphasis in original). Under the Local Rules of this Court, the Court may base its judgment on the facts stated in the moving party's Statement of Uncontroverted Facts and Conclusions of Law, L.R. 56-1, but only to the extent that the facts are "adequately supported by the moving party"–i.e., with evidence in the record–and uncontroverted by evidence submitted or identified by the opposition. L.R. 56-3.

2

In the present case, Plaintiffs assert that Defendants are liable for third parties' infringement of Plaintiffs' copyrights under theories of inducement, contributory infringement, and vicarious infringement.  These theories of liability require Plaintiffs to provide evidence of direct infringement of Plaintiffs' copyright by third parties.  See Perfect 10 v. Amazon.com, Inc., 508 F.3d 1146, 1169 (9th Cir. 2007) (citing A&M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1013 n. 2 (2001) ("Secondary liability for copyright infringement does not exist in the absence of direct infringement by a third party.")).  In A&M Records, Inc. v. Napster, Inc. the Ninth Circuit explained that the prima facie case of direct infringement includes two specific elements: a showing of "ownership of the allegedly infringed material,"[1] and a demonstration "that alleged infringers violate at least one exclusive right granted to copyright holders under 17 U.S.C. § 106."  239 F.3d at 1013.

Implicit in the Napster court's reference to 17 U.S.C. § 106 is a further requirement at issue in the present case: that the infringement of Plaintiffs' copyrights occur inside the United States.  The Ninth Circuit has determined that "United States copyright laws do not reach acts of infringement that take place entirely abroad." Subafilms, Ltd. v. MGM-Pathe Comm'ns Co., 24 F.3d 1088, 1098 (9th Cir. 1994) (en banc), *cert. denied sub nom.* Subafilms, Ltd. v. United Artists Corp., 513 U.S. 1001 (1994).  As a later panel of that court wrote, "in order for U.S. copyright law to apply, at least one alleged infringement must be

---

[1] Note that in the present case Plaintiffs' ownership of various copyrights is uncontested.  (SUF, ¶ 1.)

completed entirely within the United States." <u>Allarcom Pay Television, Ltd. v. Gen'l Instrument Corp.</u>, 69 F.3d 381, 387 (9th Cir. 1995).

Since this jurisdictional question is an essential element of a copyright infringement claim, plaintiffs have the burden of alleging and proving that the infringement occurred in the United States. <u>See, e.g.</u>, <u>New Name, Inc. v. Walt Disney Co.</u>, CV 07-5034 PA (Rzx), 2007 U.S. Dist. LEXIS 97855, at *5, 8-10 (C.D. Cal. July 25, 2008); <u>Livingston v. Morgan</u>, C-06-2389 MMC, 2007 U.S. Dist. LEXIS 55605, at *16-17 & n. 5 (N.D. Cal. July 25, 2007); <u>Love v. The Mail on Sunday</u>, CV 05-7798 ABC (PJWx), 2006 U.S. Dist. LEXIS 95456, at *29 (C.D. Cal. Aug. 15, 2006); <u>Safeair, Inc. v. Copa Airlines</u>, CV04-5311RBL, 2006 U.S. Dist. LEXIS 1146, at *9 (W.D. Wash. Jan. 3, 2006); <u>Kolbe v. Trudel</u>, 945 F. Supp. 1268, 1270 (D. Ariz. 1996).

Accordingly, this Court ORDERS Plaintiffs to file a supplemental brief discussing the evidence on the record showing third parties' use of Defendants' websites to infringe Plaintiffs' copyrights. If relevant evidence is not currently on the record, Plaintiffs are permitted to augment the record as necessary to establish that third parties have violated Plaintiffs' copyrights. Defendants are permitted to respond with a supplemental brief addressing Plaintiffs' submission by identifying any evidence currently on the record. Defendants may also augment the record if necessary to show genuine issues of material fact with respect to any evidence identified or submitted by Plaintiffs.[2]

---

[2] This Order should not be construed as an invitation to the parties to engage in additional discovery. Nor should this order be construed as a response to Defendants' Fed. R. Civ. P. 56(f) arguments. (Opp. at 33-34, 38; Rothken Decl.) Defendants seek additional discovery of evidence relevant to the issues of knowledge, control,

4

The following briefing schedule and page limitations[3] apply to the requested materials:

- Plaintiffs' Supplemental Brief of no longer than six (6) pages to be filed by Tuesday, September 15, 2009.
- Defendants' Opposition to Plaintiffs' Supplemental Brief of no longer than six (6) pages to be filed by Tuesday, September 22, 2009.
- Plaintiffs' Reply Supplemental Brief of no longer than three (3) pages to be filed by Tuesday, September 29, 2009.

IT IS SO ORDERED.

DATED: 8/25/09

STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

---

materiality, substantial non-infringing uses, and inducement. (Rothken Decl.)  The evidence Defendants are seeking is irrelevant to the issues addressed in this Order.  This Order relates solely to the sufficiency of Plaintiffs' evidence in establishing Plaintiffs' prima facie case of third party copyright infringement.

[3] If the parties deem it necessary to augment the record, the stated page limitations do not apply to any additional evidence submitted to the Court.

5