1  JENNER & BLOCK LLP
2  STEVEN B. FABRIZIO (*pro hac vice*)
       sfabrizio@jenner.com
3  1099 New York Avenue, NW
4  Suite 900
   Washington, DC 20001
5  Telephone:  (202) 639-6000
6  Facsimile:  (202) 661-4823
7  GIANNI P. SERVODIDIO (*pro hac vice*)
       gps@jenner.com
8  919 Third Avenue, 37th Floor
   New York, NY 10022
9  Telephone:  (212) 891-1600
10 Facsimile:  (212) 891-1699

11 *Attorneys for Plaintiffs*
12

13            UNITED STATES DISTRICT COURT
14            CENTRAL DISTRICT OF CALIFORNIA

15
16 COLUMBIA PICTURES              Case No. CV-06-05578 SVW (JCx)
   INDUSTRIES, INC., *et. al.*
17                                The Hon. Stephen V. Wilson
18        Plaintiffs,            **PLAINTIFFS' APPLICATION FOR
                                 FILING DOCUMENTS UNDER
19        v.                     SEAL**
20 GARY FUNG, *et. al.*
                                 Date:
21                               Time:
          Defendants.            Ctrm:     6
22
23
24
25
26
27
28

1    Pursuant to the Protective Order entered by this Court on January 11, 2007,

2  attached as Exhibit A hereto, plaintiffs respectfully submit this Application for

3  Filing Under Seal of (i) Supplemental Brief Pursuant to the Court's August 25, 2009

4  Order re Plaintiffs' Motion For Summary Judgment on Liability, (ii) Supplemental

5  Declaration of Ellis Horowitz Pursuant to the Court's August 25, 2009 Order re

6  Plaintiffs' Motion For Summary Judgment on Liability, (iii) Supplemental

7  Declaration of Richard Waterman Pursuant to the Court's August 25, 2009 Order re

8  Plaintiffs' Motion For Summary Judgment on Liability, and (iv) Declaration of

9  Duane C. Pozza in Support of Plaintiffs' Supplemental Brief Pursuant to the Court's

10  August 25, 2009 Order re Plaintiffs' Motion For Summary Judgment on Liability

11  (collectively the "Confidential Documents").

12    Documents produced by defendants that have been designated "Confidential"

13  or "Highly Confidential" pursuant to the Protective Order are described in or

14  attached to the Confidential Documents.  Pursuant to paragraph 13 of the Protective

15  Order, plaintiffs are obligated to submit this application requesting that the

16  Confidential Documents be filed under seal.  Also pursuant to paragraph 13 of the

17  Protective Order, public redacted versions of the Confidential Documents will be

18  filed with the Court as well.

19    Plaintiffs hereby request that the Court grant this application to file the

20  Confidential Documents under seal.

21  //

22  //

23  //

24  //

25  //

26  //

27

28

PLAINTIFFS' APPLICATION FOR FILING
DOCUMENTS UNDER SEAL

1

Dated:  September 15, 2009

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JENNER & BLOCK LLP


By:
              Steven B. Fabrizio

STEVEN B. FABRIZIO
GIANNI P. SERVODIDIO
   JENNER & BLOCK LLP

KAREN R. THORLAND
W. ALLAN EDMISTON
   LOEB & LOEB LLP

GREGORY P. GOECKNER
LISA E. STONE
   MOTION PICTURE ASSOCIATION
   OF AMERICA

*Attorneys for Plaintiffs*



1  JENNER & BLOCK LLP
2  STEVEN B. FABRIZIO (admitted *pro hac vice*)
   601 Thirteenth Street, N.W., Suite 1200 South
3  Washington, D.C. 20005
   Telephone: (202) 639-6000 Facsimile: (202) 661-4823
4  E-Mail: sfabrizio@jenner.com

5  GIANNI P. SERVODIDIO (admitted *pro hac vice*)
   SAMI J. VALKONEN (admitted *pro hac vice*)
6  919 Third Avenue, 37th Floor
   New York, NY 10022
7  Telephone: (212) 891-1600 Facsimile: (212) 891-1699
8  E-Mail: gps@jenner.com; svalkonen@jenner.com

9  LOEB & LOEB LLP
   KAREN R. THORLAND (State Bar No. 172092)
10 W. ALLAN EDMISTON (State Bar No. 228246)
   10100 Santa Monica Boulevard, Suite 2200
11 Los Angeles, California 90067-4164
   Telephone: 310-282-2000 Facsimile: 310-282-2200
12 E-Mail: kthorland@loeb.com; aedmiston@loeb.com

13 *Attorneys for Plaintiffs*

14 ROTHKEN LAW FIRM LLP
   IRA P. ROTHKEN (State Bar No. 160029)
15 3 Hamilton Landing
   Suite 224
16 Novato, California 94949
   Telephone: 415-924-4250
17 Facsimile: 415-924-2905
   E-Mail: ira@techfirm.com

18 *Attorneys for Defendants*

NOTE CHANGES MADE BY THE COURT.

19      UNITED STATES DISTRICT COURT

20      CENTRAL DISTRICT OF CALIFORNIA

21

22 COLUMBIA PICTURES          Case No.
23 INDUSTRIES, INC., *et. al.*
                              **CV-06-05578 SVW (JCx)**
24        Plaintiffs,
       v.                     ~~(PROPOSED)~~ STIPULATED
25                            PROTECTIVE ORDER
   GARY FUNG, *et. al.*
26

27        Defendants.

28

Case No. CV-06-05578 SVW (JCx)
(PROPOSED) STIPULATED
PROTECTIVE ORDER

FILED
CLERK, U.S. DISTRICT COURT
JAN 11 2007
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

LODGED

DOCKETED ON CM
JAN 11 2007

1    Good cause appearing, and in conformance with the parties' agreement:

2    IT IS HEREBY ORDERED that this Protective Order pursuant to Rule 26(c)

3    of the Federal Rules of Civil Procedure be, and is hereby, entered.

4    1.    This Protective Order shall be applicable to and govern all depositions,

5    documents produced in response to request for production of documents, answers to

6    interrogatories, responses to requests for admission, and all other discovery taken

7    pursuant to the Federal Rules of Civil Procedure, as well as other information

8    hereafter furnished, directly or indirectly, by or on behalf of any party or nonparty in

9    connection with this action (collectively, "Discovery Materials") which that party or

10    nonparty in good faith believes comprise or reflect proprietary information used by

11    it in, or pertaining to, its business, which is not generally known and which the party

12    would normally not reveal to third parties or would cause third parties to maintain in

13    confidence, including, without limitation, trade secrets, financial data, contracts and

14    agreements, current and future business and strategic plans, and marketing

15    documents.[1]

16    2.    Discovery Materials governed by this Protective Order shall be used by

17    any recipients solely for the purpose of conducting this litigation and not for any

18    other purpose whatsoever, and such information shall not be disclosed to anyone

19    except as provided herein.

20    3.    Any information or materials produced by any party or nonparty as part

21    of discovery in this action may be designated as "Confidential" or "Highly

22    Confidential" by such party or nonparty pursuant to Paragraph 4 of this Protective

23    Order.

24

25    ─────────────────

26    [1]  This Protective Order does not apply to hearings or trial before the District
Court. The parties, any party in interest, and/or the witnesses, can move the Court
27    to seal any court proceeding for reasons consistent with this Protective Order.

28

1       a.    "Confidential Information" shall include any Discovery Material

2  which the producing party or non-party reasonably believes not to be in the public

3  domain and contains any trade secret or other confidential, strategic, research,

4  development, or commercial information.

5       b.    "Highly Confidential Information" shall include any Confidential

6  Information which the producing party or non-party reasonably believes to be so

7  competitively sensitive that it is entitled to extraordinary protections.

8      4.    The designation of information or material for purposes of this

9  Protective Order shall be made in the following manner by the party or nonparty

10 seeking protection:

11      a.    in the case of documents, exhibits, briefs, memoranda,

12 interrogatory responses, responses to requests for admission, or other material (apart

13 from depositions): by affixing a plainly visible confidentiality designation legend

14 ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as appropriate): (i) on each

15 page of any document containing any confidential information or material; or (ii)

16 physically on the outside of any media for storing electronic documents, at the time

17 such documents are produced or such information is disclosed, or as soon thereafter

18 as the party or nonparty seeking protection becomes aware of the confidential nature

19 of the information or material disclosed and sought to be protected hereunder. The

20 term "document," as used in this Protective Order, shall have the broadest meaning

21 permissible under the Federal Rules of Civil Procedure and shall include, without

22 limitation, all "writings," "recordings" and "photographs" as defined in Rule 1001

23 of the Federal Rules of Evidence, and any information stored in or through any

24 computer system or other electronic or optical data storage device.

25      b.    In the case of depositions:  (i) by a statement on the record, by

26 counsel, during such deposition that the entire transcript or portion thereof shall be

27 designated either "Confidential" or "Highly Confidential" hereunder; or (ii) by

28 written notice of such designation sent by counsel to all parties within ten (10) days

1    after the mailing (via next business day delivery) to counsel of the transcript of the

2    deposition.  At or before a deposition, the deponent or his counsel, or any other

3    counsel of record, acting in good faith, may invoke the provisions of this Protective

4    Order in a timely manner, giving adequate warning to counsel for the party or

5    nonparty that testimony about to be given is deemed protected under this Protective

6    Order.  Whether or not so designated on the record at deposition, the parties shall

7    treat all deposition testimony as "Confidential" under this Protective Order until the

8    expiration of ten (10) days after the mailing (via next business day delivery) to

9    counsel of the transcript of the deposition.  Unless specific designations of portions

10    of a transcript have been made on the record during the proceeding, or in writing

11    within ten (10) days after the mailing (via next business day delivery) to counsel of

12    the transcript of the deposition, any confidentiality is waived after the expiration of

13    the 10-day period unless otherwise stipulated or ordered.  The parties may modify

14    this procedure for any particular deposition through agreement on the record at such

15    deposition or otherwise by written stipulation, without approval of the Court.

16        c.    A party or nonparty furnishing documents and things to another

17    party shall have the option to require that all or batches of documents and things be

18    treated as confidential during inspection and to make its designations of particular

19    documents and things at the time copies of documents and things are produced or

20    furnished.

21        5.    Information or Material designated as "Confidential" under this

22    Protective Order, or copies or extracts therefrom and compilations thereof, may be

23    disclosed, described, characterized, or otherwise communicated or made available in

24    whole or in part only to the following persons:

25        a.    Outside counsel of record in this litigation, in-house counsel of

26    the parties and the Motion Picture Association of America, and staff and supporting

27    personnel of such attorneys, such as paralegals, secretaries, stenographic and clerical

28

1  employees and contractors, and outside copying imaging and presentation services,

2  who are working on this litigation under the direction of such attorneys;

3      b.    The parties herein who are necessary for the furtherance of this

4  litigation;

5      c.    Subject to Paragraph 9 herein, persons who are expressly

6  retained or sought to be retained by a party or a party's counsel as consultants or

7  testifying experts; provided that the disclosure of "Confidential" material to any

8  persons under this subparagraph shall only be to the extent necessary to perform

9  their work on this litigation.

10      d.    Subject to Paragraph 9 herein, any other persons who are

11  designated to receive material designated "Confidential" by order of this Court after

12  notice to the parties, or by written stipulation of the parties.

13      e.    Subject to Paragraph 8, any person of whom testimony is taken

14  in this action.

15      f.    The Court and Court personnel, court reporters, interpreters and

16  videographers employed in connection with this action.

17      g.    The parties retain the right to apply to the Court for an order

18  restricting certain individuals from access to certain information.  To accomplish

19  this, counsel for a party wishing to restrict access to information shall produce the

20  information (*i.e.*, document) to all counsel for which there is no objection, with a

21  request that the information not be disseminated to other individuals involved in this

22  litigation pending further order of the Court.  The moving party shall, thereafter,

23  within five days, file the information under seal with the Court and identify the

24  person (by name and title) who the moving party objects to seeing the information

25  and why the moving party believes the information should not be received by this

26  person(s).  If the Court is inclined to grant the order, it will notify the aggrieved

27  party and invite briefing before issuing an order.

28

6.    "Highly Confidential" Information may be disclosed only to those persons falling within categories (a), (c), (d), (e), and (f) of Paragraph 5.  For the purposes of this paragraph, except as provided above, and absent a court order to the contrary, "Highly Confidential" Information shall not be disclosed to individuals named as parties in this action, even if that individual is designated as a testifying expert in this litigation.

7.    For the purposes of this Protective Order, a consultant shall be restricted to a person who is retained or employed as a bona fide consultant or expert for purposes of this litigation, whether full or part time, by or at the direction of counsel for a party.  The name, business address, curriculum vitae ("CV") and affiliation of each such consultant or expert must be disclosed to the producing party at least five (5) court days prior to such person's review of material designated under this Order.  The CV shall contain a list of all present employers/clients as well as all past employers/clients for the 36 months preceding the date of employment in this case.  During that five-day period, counsel for the designating party shall have the opportunity to oppose the proposed disclosure.  Any party opposing disclosure shall within such five-day period provide the other party with a written objection, setting forth in reasonable detail the specific grounds for such opposition.  If no written objection is received by 5:00 p.m., Eastern time, on the fifth day following the date of disclosure of the identity of the proposed consultant or expert, then the party seeking to disclose may do so and failure to object shall constitute waiver of the specific objection.  However, after the five-day period has expired without objection, a party may still move the Court to allow it to object to a consultant or expert if it can show:  (a) there is new, material information relating to the consultant or expert that was not available to the moving party within the five-day objection period; and (b) had the moving party been aware of the information at the time, the moving party would have objected to the consultant or expert.  In such a

1  case, the objecting party shall, within ten (10) court days of coming into possession

2  of such new, material information relating to the consultant or expert, send to the

3  other party by electronic mail its portion of a joint stipulation. Within five (5) court

4  days of receipt of such portion of the joint stipulation, the party seeking to disclose

5  shall send its portion of the joint stipulation to the objecting party by electronic mail.

6  Within two (2) court days of receipt of both portions of the joint stipulation, the

7  objecting party shall submit the joint stipulation to the Court and a hearing shall be

8  scheduled at the Court's earliest convenience. In the event such resolution by the

9  Court is necessary, no additional confidential material shall be disclosed to the

10 consultant or expert pending resolution of the issue by the Court.

11     8.     Each person to be examined as a witness, may be so examined during a

12 deposition or other pretrial proceeding concerning any information or material

13 designated under this Protective Order which that person had lawfully received or

14 authored prior to and apart from this action. During examination, any such witness

15 may be shown information or material designated under this Protective Order by a

16 party which appears on its face or from other documents or testimony to have been

17 received or authored by that witness, or communicated to that witness under

18 circumstances that do not constitute a violation of the Protective Order.

19     9.     Each person set forth in Paragraph 5 who is not (i) a party to this

20 litigation, counsel for such parties, or staff and supporting personnel of such parties

21 or attorneys; or (ii) the Court or Court personnel to whom material designated under

22 this Protective Order is to be disclosed, shall, prior to receiving such material, be

23 furnished with a copy of this Protective Order, and a copy of the Notification of

24 Protective Order, which the person shall read and sign (attached as Exhibit A).

25 Counsel for the party seeking to disclose material designated under this Protective

26 Order to any such person pursuant to this paragraph shall be responsible for

27 permanently retaining the executed originals of all such Notifications. Copies of

28

1  any such Notification shall be provided to counsel for the other parties or affected

2  nonparties upon execution of the Notification.

3     10.    The recipient of any material designated under this Protective Order

4  shall use reasonable efforts under the circumstances to maintain the confidentiality

5  of such information.

6     11.    Any third party may obtain protection of this Protective Order by

7  complying with Paragraphs 3 and 4 of this Protective Order regarding designating

8  materials as confidential. A party making a discovery request to a non-party in this

9  action shall notify the third party that the protections of the Protective Order are

10  available to such third party.

11     12.    Nothing contained in this Protective Order shall affect the right of any

12  party to make any objection, claim any privilege, or otherwise contest any request

13  for production of documents, interrogatory, request for admission, subpoena, or

14  question at a deposition or to seek further relief or protective order from the Court as

15  permitted by the Federal Rules of Civil Procedure. Nothing in this Protective Order

16  shall constitute an admission or waiver of any claim or defense by any party.

17     13.    In the event that any material designated under this Protective Order is

18  used, described, characterized, excerpted or referenced in, or attached to, any Court

19  proceeding or submission in connection with this litigation: (i) it shall not lose its

20  confidential status through such use; (ii) the parties shall take all steps reasonably

21  required to protect its confidentiality during such proceeding; and (iii) the party shall

22  seek prior approval by the Court to file such material under seal pursuant to Local

23  Rule 79-5, except that upon the default of the filing party to so request, any party

24  may do so. Envelopes used to seal such material shall carry the notation:

25  "SUBJECT TO PROTECTIVE ORDER – FILED UNDER SEAL" and shall

26  comply with all requirements of the Court for filing material under seal. Envelopes

27  so marked shall be delivered sealed to the Clerk of the Court and the contents

28

*[handwritten annotation at top: ( if the court approves the filing under seal]*

1  thereof shall not be made available for public inspection.  Counsel for the

2  designating party shall have the opportunity to oppose any request for public

3  inspection.  Where possible, only confidential portions of filings with the Court shall

4  be sought to be filed under seal.  The parties shall cooperate in good faith in an

5  effort to ascertain whether the confidentiality designations of materials filed with the

6  Court can be waived.  As soon as practicable, but in no event later than five court

7  days, the filing party shall file with the Court, for its public file, a copy of the filed

8  materials with the material designated under this Protective Order redacted.

9    14.    A party shall not be obligated to challenge the propriety of material

10  designated under this Protective Order at the time the designation is made, and

11  failure to do so shall not preclude a subsequent challenge thereto.  In the event that

12  any party to this litigation disagrees at any state of these proceedings with such

13  designation, such party shall provide to the designating person or entity a letter, sent

14  by electronic mail, detailing its objection to the designation.  The designating person

15  or entity shall respond by letter, sent by electronic mail, within three (3) court days.

16  If not resolved, the objecting party shall, within ten (10) court days of the

17  designating person or entity's letter response (or the lapse of the time period for

18  such response) send to the designating person or entity by electronic mail its portion

19  of a joint stipulation.  Within five (5) court days of receipt of such portion of the

20  joint stipulation, the designating person or entity shall send its portion of the joint

21  stipulation to the objecting party by electronic mail.  Within two (2) court days of

22  receipt of both portions of the joint stipulation, the objecting party shall submit the

23  joint stipulation to the Court and request from the Court a hearing at the Court's

24  earliest convenience.  The burden of proving that information has been properly

25  designated under this Protective Order is on the person or entity making such

26  designation.

27

28

*[handwritten annotation at bottom: or, if the court is not inclined to grant a request to file under seal, will be afforded an opportunity either to withdraw the submission (if the designating party is the party seeking to submit such material), and/or to brief or further brief the issue.]*

Case No. CV-06-05578 SVW (JCx)
(PROPOSED) STIPULATED
PROTECTIVE ORDER

15.    Nothing in this Protective Order shall preclude any party to this litigation or its counsel:  (a) from showing a document designated under this Protective Order to an individual who either prepared or reviewed the document prior to the filing of this action; or (b) from disclosing or using, in any manner or for any purpose, any information or documents from the party's own files which the party itself has designated under this Protective Order.

16.    Nothing in this Protective Order shall prevent disclosure beyond the terms of this Protective Order if the party designating material consents in writing to such disclosure, or if a court orders such disclosure.  A party requested to disclose material designated under this Protective Order to a nonparty pursuant to a validly served subpoena, civil investigative demand, discovery procedure permitted under the Federal Rules of Civil Procedure, or other formal discovery request shall object to its production to the extent permitted by applicable law and notify the requesting nonparty of the existence of this Protective Order and that the material requested by the nonparty has been designated under this Protective Order, and shall further give notice of such request, by facsimile and next business day delivery, upon the party which designated the material as soon as is reasonably possible, but in all instances no later than three (3) days prior to the date on which such confidential material is to be produced to the nonparty.

17.    If a party inadvertently fails to designate material and/or information, it shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.  As soon as the receiving party is notified in writing of the inadvertent production, the information must be treated as if it had been timely designated under this Protective Order, and the receiving party must endeavor in good faith to obtain all copies of the document

1  which it distributed or disclosed to persons not authorized to access such

2  information by Paragraph 5 above, as well as any copies made by such persons.

3      18.    Inadvertent production of any document produced in response to

4  discovery requests in this action by any party or non-party, that a party or non-party

5  later claims should have been withheld on grounds of a privilege, including the

6  attorney-client privilege or work product doctrine (collectively referred to

7  hereinafter as an "Inadvertently Produced Privileged Document") will not be

8  deemed to waive any privilege or work product protection. A party or non-party

9  may request the return of any document that it inadvertently produced by identifying

10  the Inadvertently Produced Privileged Document and stating the basis for

11  withholding such document from production. If a party or non-party requests the

12  return, pursuant to this paragraph, of such an Inadvertently Produced Privileged

13  Document then in the custody of one or more parties, the possessing parties shall

14  within five (5) business days destroy or return to the requesting party or non-party

15  the Inadvertently Produced Privileged Document and all copies thereof and shall

16  make reasonable efforts to expunge from any other document or material

17  information solely derived from the Inadvertently Produced Privileged Document.

18  A party may move the Court for an order compelling production of the document,

19  but said party may not assert as a ground for the entering such an order the fact or

20  circumstances of the inadvertent production. Nothing in this Order, shall preclude a

21  party from arguing that the production of the allegedly inadvertently produced

22  document was not inadvertent or that conduct since production of the allegedly

23  inadvertently produced document constitutes a waiver.

24      19.    All counsel for the parties who have access to information or material

25  designated under this Protective Order acknowledge they are bound by this

26  Protective Order and submit to the jurisdiction of the Court for purposes of

27  enforcing this Protective Order.

28

1    20.    Entering into, agreeing to, and/or producing or receiving information or

2  material designated under this Protective Order, or otherwise complying with the

3  terms of this Protective Order shall not:

4        a.    operate as an admission by any party that any particular

5  information or material designated under this Protective Order contains or reflects

6  trade secrets, proprietary or commercially sensitive information, or any other type of

7  confidential information;

8        b.    operate as an admission by any party that the restrictions and

9  procedures set forth herein constitute or do not constitute adequate protection for

10  any particular information designated under this Protective Order;

11        c.    prejudice in any way the rights of any party to object to the

12  production of documents they consider not subject to discovery;

13        d.    prejudice in any way the rights of any party to object to the

14  authenticity or admissibility into evidence of any document, testimony or other

15  evidence subject to this Protective Order;

16        e.    prejudice in any way the rights of any party to seek a

17  determination by the Court whether any information or material should be subject to

18  the terms of this Protective Order;

19        f.    prejudice in any way the rights of any party to petition the Court

20  for a further protective order relating to any purportedly confidential information;

21        g.    prevent the parties to this Protective Order from agreeing in

22  writing or on the record during a deposition or hearing in this action to alter or

23  waive the provisions or protections provided for herein with respect to any particular

24  information or material with written or on the record consent of the party disclosing

25  such information.

26    21.    This Protective Order shall not be construed to apply to any

27  information that: (a) is available to the public other than through a breach of this

28

1  Protective Order or other duty of confidentiality; (b) a receiving party can

2  demonstrate was already known to the party at the time of disclosure and was not

3  subject to conditions of confidentiality; or (c) a receiving party can demonstrate was

4  developed by that party independently of any disclosure by a designating party or

5  nonparty.

6      22.    In the event that information in the possession or control of a person or

7  entity involves the confidentiality rights of a nonparty or its disclosure would violate

8  a protective order issued in another action, the party with possession or control of

9  the information will promptly attempt to obtain the consent of the nonparty to

10  disclose the information under this Protective Order.  If the consent of the nonparty

11  is refused or otherwise cannot be obtained, the party will promptly thereafter notify

12  the party seeking discovery of:  (a) the existence and description (to the extent

13  disclosable) of the information without producing such information and; (b) the

14  identity of the nonparty (provided, however, that such disclosure of the identity of

15  the nonparty does not violate any confidentiality obligations).  The party seeking

16  discovery may then make further application to the nonparty or seek an order

17  compelling discovery.

18      23.    Within sixty (60) days after the final termination of litigation between

19  the parties, all material designated under this Protective Order and all copies thereof

20  (including summaries and excerpts) shall be either returned to the party that

21  produced it or destroyed and a certification of destruction supplied to the producing

22  party; provided, however, that for each party, counsel who is entitled access to such

23  designated material under Paragraph 5 may retain complete and unredacted copies

24  of its work product that contains designated material as well as pleadings and papers

25  filed with the Court or served on the other party.  Reference to designated materials

26  (including such materials in work product or pleadings) shall be made solely in the

27  event of, and only in the event of, further proceedings or litigation between the

28

Case No.  CV-06-05578 SVW (JCx)
(PROPOSED) STIPULATED
PROTECTIVE ORDER

13

1  parties, a dispute over such counsel's performance or a dispute over the use or

2  dissemination of material designated under this Protective Order.  Such retained

3  copies of pleadings and papers shall be maintained in a file accessible only by

4  properly authorized counsel under the provisions of, and bound by, this Protective

5  Order.  This Protective Order shall survive the final termination of this litigation

6  with respect to any such retained confidential material.  The Court is specifically

7  exempted from any return ~~or~~ destruction ⌊or other⌋ requirements contemplated by this

8  provision.

9

10  SO STIPULATED:

11  Dated:  January 8, 2007                    JENNER & BLOCK LLP
                                              STEVEN B. FABRIZIO
12                                            GIANNI P. SERVODIDIO
13                                            SAMI J. VALKONEN

14

15                                    By:_____
16                                         GIANNI P. SERVODIDIO
                                           *Attorneys for Plaintiffs*
17

18

19

20  Dated:  January 8, 2007                    ROTHKEN LAW FIRM LLP

21

22                                    By:_____
23                                         IRA P. ROTHKEN
                                           *Attorney for Defendants*
24

25  IT IS SO ORDERED.

26  Dated:  January _11_, 2007

27

28                                    _____
                                      UNITED STATES ~~DISTRICT~~ JUDGE
                                      JACQUELINE CHOOLJIAN MAGISTRATE

Case No. CV-06-05578 SVW (JCx)
(PROPOSED) STIPULATED
PROTECTIVE ORDER

14

17

EXHIBIT A

## NOTICE OF PROTECTIVE ORDER

I _____, certify that I have read the Stipulated Protective Order (the "Order") entered in *Columbia Pictures Industries, Inc., et al. v. Fung, et al.*, Case No. CV-06-05578 SVW (JCx), U.S. District Court for the Central District of California, on _____, 2007, and that I understand the terms, conditions, and restrictions it imposes on any person given access to Discovery Materials. I recognize that I am bound by the terms of that Order, and I agree to comply with those terms. I will not disclose Discovery Materials to anyone other than persons specifically authorized by the Order and agree to return all such materials that come into my possession to counsel from whom I received such materials. I consent to be subject to the personal jurisdiction of the U.S. District Court for the Central District of California with respect to any proceedings relative to the enforcement of the Order, including any proceeding related to contempt of Court.

I declare under penalty of perjury that the foregoing is true and correct and that this Undertaking is executed this ____ day of _____, 2007,


(Signature)
(Address)
(Phone)
(Employer/Business)
(Job Title/Description)

## PROOF OF SERVICE

I, Vicki S. Henderson, the undersigned, declare that:

I am employed in the County of Los Angeles, State of California, over the age of 18, and not a party to this cause. My business address is 10100 Santa Monica Boulevard, Suite 2200, Los Angeles, California 90067-4120.

On January 8, 2007, I served a true copy of the **(PROPOSED) STIPULATED PROTECTIVE ORDER** on the parties in this cause by placing the above named document in a sealed envelope addressed as set forth below, or on the attached service list. I caused each such envelope, with postage thereon fully prepaid, to be deposited for collection and mailing with the United States Postal Service in accordance with Loeb & Loeb LLP's ordinary business practices.

Ira P. Rothken
ROTHKEN LAW FIRM
3 Hamilton Landing
Suite 224
Novato, CA 94949

I am readily familiar with Loeb & Loeb LLP's practice for collecting and processing correspondence for mailing with the United States Postal Service and Overnight Delivery Service. That practice includes the deposit of all correspondence with the United States Postal Service and/or Overnight Delivery Service the same day it is collected and processed.

I certify that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 8, 2007, at Los Angeles, California.

Vicki S. Henderson

19

**PROOF OF SERVICE**

1

2      I, Vicki S. Henderson, the undersigned, declare that:

3      I am employed in the County of Los Angeles, State of California, over the age

4  of 18, and not a party to this cause.  My business address is 10100 Santa Monica

5  Boulevard, Suite 2200, Los Angeles, California 90067-4120.

6      On September 15, 2009, I served a true copy of the **PLAINTIFFS'**

7  **APPLICATION FOR FILING DOCUMENTS UNDER SEAL** on the parties in

8  this cause

9  [X]    (VIA OVERNIGHT DELIVERY) by placing the above named document in a

10  sealed envelope addressed as set forth below, or on the attached service list and by

11  then causing said envelope to be deposited for collection and overnight delivery via

12  Federal Express in accordance with Loeb & Loeb LLP's ordinary business practices.

13  Ira P. Rothken
    Jared Smith
14  Robert Kovsky
    ROTHKEN LAW FIRM
15  3 Hamilton Landing, Suite 280
    Novato, CA  94949
16
    **Email:  ira@techfirm.com;**
17  **jared@techfirm.com; rlk@sonic.net**

18
    [X]    (VIA EMAIL) I caused the transmission of the above named document to the
19
    email address set forth below.
20
    Ira P. Rothken                         Kirk J. Retz, Esq.
21  Jared Smith                            Retz & Hopkins LLP
    Robert Kovsky                          21535 Hawthorne Boulevard, Suite 200
22  ROTHKEN LAW FIRM                       Torrance, CA  90503
    3 Hamilton Landing, Suite 280
23  Novato, CA  94949                      **Email:  kretz@retzhopkins.com**

24  **Email: ira@techfirm.com;**
    **jared@techfirm.com; rlk@sonic.net**
25

26      I am readily familiar with Loeb & Loeb LLP's practice for collecting and

27  processing correspondence for mailing with the United States Postal Service and

28  Overnight Delivery Service.  That practice includes the deposit of all

1  correspondence with the United States Postal Service and/or Overnight Delivery
2  Service the same day it is collected and processed.

3      I certify that I am employed in the office of a member of the bar of this Court
4  at whose direction the service was made.

5      I declare under penalty of perjury that the foregoing is true and correct.

6      Executed on September 15, 2009, at Los Angeles, California.

                                  Vicki S. Henderson

**PROOF OF SERVICE**

I, Nelson Bolaños the undersigned, declare that:

I am an employee or independent contractor of Nationwide Legal, Inc., a registered California process service (Registration Number 5484 ), having its principal place of business in the County of Los Angeles, State of California, and whose telephone number is (213) 625-9100.  I am over the age of 18 and not a party to the within action; my business address is 316 West 2nd Street, Suite 705, Los Angeles, CA 90012.

On September 15, 2009, I served a true copy of the **PLAINTIFFS' APPLICATION FOR FILING DOCUMENTS UNDER SEAL** by delivering to the office of the addressee(s) in a sealed envelope:

Kirk J. Retz, Esq.
Law Offices of Kirk J. Retz
21535 Hawthorne Boulevard, Suite 200
Torrance, CA  90503

I certify that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 15, 2009, at Los Angeles, California.

_____
Signature

LA1661848.1
203351-10010