**Ira P. Rothken (SBN #160029)**
ROTHKEN LAW FIRM
3 Hamilton Landing, Suite 280
Novato, CA 94949
Telephone: (415) 924-4250
Facsimile:   (415) 924-2905

Attorneys for Defendants
Gary Fung and Isohunt Web Technologies, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLUMBIA PICTURES INDUSTRIES, INC., et al. | ) **Case No. CV 06-5578 SVW(JCx)** ) |
| Plaintiffs, | ) **DEFENDANTS' OPPOSITION TO** ) **PLAINTIFFS' SUPPLEMENTAL** ) **BRIEF PURSUANT TO THE COURT'S** |
| vs. | ) **AUGUST 25, 2009 ORDER RE** ) **PLAINTIFFS' MOTION FOR** |
| GARY FUNG, et al., | ) **SUMMARY JUDGMENT ON** ) **LIABILITY** |
| Defendants. | ) |
| _____ | ) Courtroom: 6 ) Hon. Stephen V. Wilson |

1    In response to plaintiffs' Supplemental Brief Pursuant to the Court's August 25, 2009
2    Order, defendants Gary Fung and isoHunt Web Technologies, Inc. (hereinafter "Fung")
3    submit this Opposition thereto.  Plaintiffs have failed to satisfy the Court's requirements as to
4    jurisdiction and direct infringements legally related to defendants' sites.  Plaintiffs have not
5    proved the involvement of Fung's system in even a single infringing file transfer taking place
6    entirely in the United States. Nor have plaintiffs eliminated the possibility of an offsite user's
7    fair use or the need for a volitional element where required.[1] This is not surprising as any and
8    all potential infringement occurs offsite way outside the knowledge and control of Fung.
9    Indeed, the mere downloading of a torrent file, in essence a small text file, does not equate to
10   direct copyright infringement in the United States.

11   Assuming, arguendo, subject matter jurisdiction, given the evidentiary contortions
12   plaintiffs have gone through to try to tether **offsite** direct infringements to Fung's sites clearly
13   demonstrates there still must be a triable issue of material fact on secondary copyright
14   infringement. Indeed, even if inducement claims were allowed in the absence of a "copying
15   device" the record is at best ambiguous on intent as it relates to the US given that such bad
16   intent was denied by Mr. Fung and communications cited for such proposition were in essence
17   made extraterritorially by a Canadian in Canada subject to a different legal rubric – such
18   hybrid questions of fact should be heard by a jury.

19   Instead of satisfying the Court's requirements, plaintiffs argue fallaciously. Plaintiffs
20   conflate downloading a non-copyrighted dot-torrent file from Fung's site with an exchange of

---

[1] See e.g. Perfect 10, Inc. v. Google, Inc., 416 F. Supp. 2d 828, 852 n. 17 (C.D. Cal. 2006), aff'd in part, reversed in part, 508 F.3d 1146 (9th Cir. 2007) ("local browser caching . . . is an automatic process of which most users are unaware, and its use likely is 'fair'").A volitional element has been added where the "defendants' system is merely used to create a copy by a third party." Religious Tech. Ctr. v. Netcom On-Line Commun. Servs., 907 F. Supp. 1361, 1370 (N.D. Cal. 1995). Netcom's limitation on direct liability in the Internet context has been approved as correct and followed by most courts and commentators. See, e. g., 3-12B Nimmer on Copyright §12B.01[A][1] (2006); see also, CoStar Group, Inc. v. LoopNet, Inc., 373 F.3d 544, 551 (4th Cir. 2004) ("Netcom made a particularly rational interpretation of §106 when it concluded that a person had to engage in volitional conduct - specifically, the act constituting infringement - to become a direct infringer…").

infringing materials that occurs without any connection to defendants' site.[2]  Plaintiffs conflate operations of torrent sites and trackers.[3]  Evidence about Geniac and Mascierelli evades the Court's requirements.[4]  Probabilistic claims are vaporous; plaintiffs pretend that every dot-torrent file is "always good" and that, upon download, infringement is "automatic."[5] Plaintiffs falsely argue that discovery orders could have provided the proof the Court requires. Plaintiffs imagine that Fung's system was designed to produce evidence of offsite activity for their benefit in litigation, but such a system never was in existence.  In any event, subject matter jurisdiction cannot be established through a discovery sanction.

Trackers servers, the subject of the Magistrate's discovery Order that is teed up for review by this Court enjoy the highest level of DMCA immunity as a de facto networking switch.  Moreover, the Magistrate Judge ordered that the essential evidence, IP addresses, should be masked or redacted, rendering them valueless for purposes of this inquiry.  In discovery, Fung erroneously produced some IP addresses without masking, which mistake plaintiffs shamelessly exploit herein; but even such erroneously-produced IP addresses fail to provide the required proof.

## Legal Principles

The Court stated that: "Since this jurisdictional question is an essential element of a copyright infringement claim, plaintiffs have the burden of alleging and proving that the infringement occurred in the United States." (Court's Order of August 25, 2009 at 4:4-5.) The Court stated that: "in order for U.S. copyright law to apply, at least one alleged infringement must be completed entirely within the United States." (Id., at 3:23-4:2, quoting from *Allarcom Pay Telev'n, Ltd. v. Gen'l Instr't Corp.*, 69 F.3d 381, 387 (9th Cir. 1995).) See *L. A. News Serv. v. Reuters TV Int'l*, 149 F.3d 987, 990-991 (9th Cir. 1998) (citing *Allarcom*:

---

[2] See, e.g, Plaintiffs' Supp. Br. at 1:18-22 (claiming that plaintiffs' "presented unrebutted evidence" in support of totally fallacious propositions); Id., at 1:21-24; 1:23-27; 1:27-28; 2:1-3; 2:4-6; 2:6-9:2:10-11.3:10-17; 4:4-11.
[3] Plaintiffs similarly conflated the two class of operations in their opening papers in support of Summary Judgment. Fung protested against the improper conflation in the Opposition MPA at 2:10-15 and 37:27-38:9.
[4] As shown in the Pozza declaration re Supp. Br. at 3:25-27, plaintiffs will not produce the actual evidence they hold or explain their failure to produce evidence.
[5] See Fung's Opposition to Plaintiffs' Facts 5 through 7 and Objections to Declarations, all originally filed in Opposition to Motion for Summary Judgment.

"the infringement not completed until the signals were received in Canada. 69 F.3d at 387").

For secondary liability to arise, a primary act of infringement must be based on a violation of a right of copyright ownership set forth in 17 U.S.C. § 106. *Subafilms, Ltd. v. MGM-Pathe Communications Co.*, 24 F.3d 1088, 1092 (9th Cir. 1994) (en banc), *cert. denied*, 513 U.S. 1001, 115 S. Ct. 512, 130 L. Ed. 2d 419 (1994). Plaintiffs never specify which right of copyright ownership they claim has been violated. Apparently it is the distribution right under §106(3); an infringer's violation of the reproduction right, e.g., by ripping a DVD, would not be materially connected to defendants' activities. Rather, it is only when there is a file exchange that defendants' sites could be involved. Mere "making available" content files are not enough to be considered direct copyright infringement. A violative distribution, the file exchange, requires at a minimum an "actual dissemination" involving two or more unauthorized participants. *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1162-63 (9th Cir. 2007); *ICG-Internet Commerce Group, Inc. v Wolf*, 519 F Supp 2d 1014, 1018-1019 (D.C. Ariz, 2007).

## Argument

### 1. Plaintiffs' Probabilistic Arguments Fail to Address the Court's Inquiry and Are Without Scientific or Methodological Merit.

Plaintiffs' probabilistic arguments (Supp. Br. at 1:14-28) rely on the Waterman Supplemental Declaration. Waterman only considers "the probability that the work was not downloaded by at least one of defendant's visitors within the United States." (Waterman declaration at 3:21-23.) The Court's inquiry was not directed at a single United States visitor downloading a dot-torrent file but at an infringing exchange between two United States residents that was facilitated by Fung's website. Waterman's testimony does not address the Court's inquiry.

Plaintiffs falsely state that "evidence from defendants' server logs [shows] that each of the illustrative works named in the complaint was downloaded repeatedly." (Supp. Br. at 1:19-21.) Plaintiffs showed only that non-copyrighted dot-torrent files were downloaded. Plaintiffs assume that downloading a dot-torrent file always "automatically" leads to downloading the suggested corresponding content, but there is no evidence supporting the

assumption. The proportion of dot-torrent files with suggestive names leading to infringing materials could have been investigated; but only plaintiffs and their agents could investigate such facts without violating copyright laws. Plaintiffs refuse to disclose the results of their investigations.

With this gaping hole, all of plaintiffs' evidence is devoid of substantive foundation. See Defendants' Objections to Waterman Supp. Br. at 2:1-22. In any event, probabilistic arguments do not meet the Court's requirements.

**2.   Plaintiffs do not present a single concrete case of infringement entirely within the United States.**

Plaintiffs argues that the court's requirements were satisfied by Mascierelli, Geniac and "firrasaltaher." (Supp. Br. at 1-13.) None of these persons provides the needed showing of infringement entirely within the United States. Fung had nothing to do with Mascierelli's copying of *Family Guy* to his hard drive. There is no evidence that he connected to anyone in the United States through Fung's website when he acted on his infringement plans. The same defects beset claims tied to Geniac. Claims as to "firrasaltaher" are both substantively defective and contrary to elementary principles of evidence; the offered evidence is unreliable hearsay that does nothing to prove facts for which it is ostensibly offered. Please see Objection to Pozza declaration at 1:23-2:11.

**3.   Plaintiffs' "Supplemental Data" Shows the Lack of Merit in Their Arguments.**

Plaintiffs note that, "[d]uring discovery, defendants produced one very small data set that included IP addresses of some of their registered users" and that involved about 300 U.S. residents. (Supp. Br. at 3:4-10.) For these users, plaintiffs were able to obtain a torrent file download history. Despite such data, plaintiffs do not connect any such user to any actual infringement. That is because downloading a dot-torrent file from isoHunt is different from participating in an infringing file exchange.

This set of IP addresses is highly unusual. The data was produced pursuant to the "Server Log Data Order" of the Magistrate Judge on which plaintiffs rely. That Order called for IP addresses to be "masked" or "encrypted" or "redacted." Defendants erroneously produced the instant data without the masking or redaction. Redacted data was thereafter

1  produced but plaintiffs continue to exploit the error.

2  Indeed, over three years ago (the statute of limitations for copyright infringement) in
3  June of 2006 when plaintiffs were asked in interrogatories for the broad type of information
4  that this Court requested in its most recent Order plaintiffs refused to provide it and instead
5  provided a litany of objections. (See for example responses to special interrogatories 1, 5, 6,
6  and 9 attached to the Smith declaration asking for amongst other things allegedly infringing
7  works and torrent files by hash, where and when they were downloaded, and evidence of
8  defendants' specific knowledge of the same).

9  Whether its couched in basic notions of fairness, estoppel, waiver, laches, unfair
10 prejudice, or misconduct, plaintiffs cannot wholesale object to provide such categories of
11 information in interrogatories over three years ago and now suddenly attempt to list it and rely
12 on it without cross examination and scrutiny for a dispositive motion.

13 Plaintiffs have *more* information in hand than defendants were supposed to produce
14 under the Magistrate Judge's Order; but plaintiffs still do not satisfy the Court's requirements
15 as to direct infringement occurring entirely within the United States.

### 4. The Sanctions Order Issued by the Magistrate Judge Does Not Satisfy the Court's Requirements.

The Magistrate Judge's Orders do not allude to any concrete incident of direct infringement. There is no finding therein that establishes subject matter jurisdiction. Subject matter jurisdiction is foundational and the court should satisfy itself *sua sponte* of satisfaction of the requirement. *Rincon Band of Mission Indians v County of San Diego*, 495 F2d 1 (9th Cir. 1974), *cert den* 419 US 1008, 1022 (1974). Such jurisdiction cannot be established on a "hypothetical basis." *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 118 S. Ct. 1003, 140 L. Ed. 2d 210, 1998, criticizing *United States v. Troescher*, 99 F.3d 933 (9th Cir. 1996). Subject matter jurisdiction cannot be based on a discovery sanction. *Insurance Corp. of Ireland, Ltd*. *v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 102 S. Ct. 2099, 72 L. Ed. 2d 492 (1982); *United States v. Castillo*, 496 F.3d 947, 952 (9th Cir. 2007) ("a federal court's subject-matter jurisdiction cannot be expanded based on the parties' litigation conduct").

Plaintiffs falsely claim that defendants' violated the Magistrate Judge Orders "to

– 5–

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' SUPP. BR.  PER COURT'S AUG 25, 2009 ORDER**
Columbia Pictures, *et al*. v. Fung, et al. U.S. Dist. Ct., Central Dist Cal., No. CV 06-5578 SVW(JCx)

preserve the very evidence the Court now seeks." Plaintiffs ignore the fact that the Magistrate Judge ordered IP addresses to be masked/redacted and that nothing can be proved without such addresses. Plaintiffs ignore the fact that, even when they obtained IP addresses through Fung's error, they were unable to satisfy the Court's requirements.

Plaintiffs pretend that Fung's systems were operating in a fashion to provide the evidence plaintiffs desire. In fact, Fung's trackers never could obtain Server Log Data in conformity with the Magistrate Judge's Order. See the accompanying declaration of Gary Fung. Plaintiffs could have entered into or pinged the bittorrent swarm and obtained whatever forensic information they wanted to manipulate regarding hashes, IP addresses, and use of torrent files – they chose not to. They cannot create their own necessity for data and then try to harvest it for a discovery sanction.

The Magistrate Judge's Sanctions Order[6] was limited to trackers Torrentbox and Podtropolis. Plaintiffs' attempt to extend the Order to the torrent site isoHunt s devoid of merit. It would be improper to issue an extended order arbitrarily and use the extended order to establish subject matter jurisdiction. The attempt is meaningless because plaintiffs actually got IP addresses of users of isoHunt and have been unable to use them to satisfy the Court's requirements.

**5. Conclusion**

For the foregoing reasons, and for the reasons stated in Fung's original opposition papers, plaintiffs' Motion for Summary Judgment should be denied.

Dated: September 22, 2009  ROTHKEN LAW FIRM

*[signature]*

Ira P. Rothken, Esq.,

---

[6] The Magistrate's "ex parte" Order for discovery sanctions should be reversed, beyond the unfairness of issuing such sanctions order via an "ex parte process" when the initial order overtly promised relief if the defendants felt it too burdensome, the jury should be allowed to hear evidence that plaintiffs could have gotten whatever substantive data tracker servers could have provided on their own using their own resources or by subpoenaing third parties who actually hosted the content files. Distilled down the Magistrate failed to consider amongst other things the necessity of the data, alternative sanctions, the remedies built into the initial order for burden in implementation, and alternatives for obtaining data that is not reasonably accessible or possibly worse namely the notion that one ought not have to create and forensically program data to make documents in response to a request for documents.

– 6–

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' SUPP. BR. PER COURT'S AUG 25, 2009 ORDER**
Columbia Pictures, *et al.* v. Fung, et al. U.S. Dist. Ct., Central Dist Cal., No. CV 06-5578 SVW(JCx)