1  **Ira P. Rothken (SBN #160029)**
2  ROTHKEN LAW FIRM
3  3 Hamilton Landing, Suite 280
   Novato, CA 94949
4  Telephone: (415) 924-4250
   Facsimile:   (415) 924-2905
5
6  **Kirk J. Retz (#170208)**
7  LAW OFFICES OF KIRK J. RETZ, APC
   21535 Hawthorne Blvd., #200
8  Torrance, CA  90503
9  Telephone: (310) 540-9800
   Facsimile:   (310) 540-9881
10
11 Attorney for Defendants
   Gary Fung and IsoHunt Web Technologies, Inc.
12

13             UNITED STATES DISTRICT COURT
14            CENTRAL DISTRICT OF CALIFORNIA
15
   COLUMBIA PICTURES          ) **Case No. CV 06-5578 SVW(JCx)**
16 INDUSTRIES, INC., et al.    )
17                             ) **DEFENDANTS' MOTION TO**
              Plaintiffs,      ) **STRIKE AND OBJECTIONS TO**
18                             ) **DECLARATION OF JANE**
19    vs.                      ) **SUNDERLAND IN SUPPORT OF**
                               ) **PLAINTIFFS' SUPPLEMENTAL**
20 GARY FUNG, et al.,          ) **BRIEF IN SUPPORT OF SUMMARY**
21                             ) **JUDGMENT**
              Defendants.      )
22                             )
                               ) Courtroom: 6
23 _____ ) Hon. Stephen V. Wilson
24
25
26
27
28

                              – 1–
**DEFENDANTS' OBJECTION TO SUNDERLAND DECL'N (IN RE COURT'S AUG 25, 2009 ORDER)**
Columbia Pictures, *et al.* v. Fung, et al.
U.S. Dist. Ct., Central Dist Cal., No. CV 06-5578 SVW(JCx)

1    Defendants move to strike the entire "DECLARATION OF JANE

2  SUNDERLAND PURSUANT TO THE COURT'S AUGUST 25, 2009 [ORDER]

3  RE PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON LIABILITY"

4  ("Sunderland declaration") on the grounds that the substantive statements therein

5  are not made on personal knowledge, do not set out facts that would be admissible

6  in evidence and do not show that the affiant is competent to testify on the matters

7  stated. Fed. R. Civ. P. 56(e). Statements made therein are hearsay, inadmissible

8  under Federal Rule of Evidence 802 and other Rules of Evidence and should not be

9  considered on a motion for summary judgment.   FDIC v New Hampshire Ins Co,

10  953 F.2d 478, 484 (9th Cir 1991); Guthrie v. Darosa, 1998 U.S. Dist. LEXIS 6004,

11  C-96-0222-VRW (N. D. Cal. 1998).

12    In the alternative, defendants object to the following specific parts of the

13  Sunderland declaration.

14    1.    Defendants object to the entire Sunderland declaration on the grounds of

15  lack of relevance.  (FRE 401). Plaintiffs have failed to address the jurisdictional

16  issue raised by the Court, namely, that "plaintiffs have the burden of alleging and

17  proving that the infringement occurred in the United States"  (Court's Order of

18  August 25, 2009 at 4:4-5) and that "in order for U.S. copyright law to apply, at least

19  one alleged infringement must be completed entirely within the United States." *Id.*,

20  at 3:23-4:2, quoting from Allarcom Pay Television, Ltd. v. General Instrument

21  Corp., 69 F.3d 381, 387 (9th Cir. 1995).

22    Plaintiffs do not satisfy the requirements set forth by the Court. There is a

23  complete lack of admissible evidence in the Sunderland declaration relating thereto.

24    2.    Even as to what it purports to say, the Sunderland declaration is devoid

25  of merit. The witness does not declare that Twentieth Century Fox has never

26  prepared, promulgated or authorized any BitTorrent distribution of any material

27  from or purporting to be from its motion pictures or television programs. Such a

28  declaration would cover trailers and would also cover "spoofs" and other "anti-

— 1—

**DEFENDANTS' OBJECTION TO SUNDERLAND DECL'N (IN RE COURT'S AUG 25, 2009 ORDER)**
Columbia Pictures, *et al.* v. Fung, et al.
U.S. Dist. Ct., Central Dist Cal., No. CV 06-5578 SVW(JCx)

piracy" files promulgated by plaintiffs and their agents to frustrate infringers.  The declarant leaves open the possibility that his company has prepared and promulgated a BitTorrent trailer (advertisement) for its works, which has become embodied in a dot-torrent file on defendant's websites.  The declarant leaves open the possibility that promulgations have been made that are not "free and unrestricted" but that have insignificant restrictions or purported charges associated therewith.

       3.      Defendants further object in that such information was not provided in discovery and thus defendants are unfairly prejudiced by the same and such should be excluded from consideration in the instant motion for summary judgment.


Dated:      September 22, 2009

                    ROTHKEN LAW FIRM

                    Ira P. Rothken, Esq.,

– 2–