1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

COLUMBIA PICTURES
INDUSTRIES, INC., *et al.*,

    *Plaintiffs*,

  v.

GARY FUNG, *et al.*,

    *Defendants*.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. CV 06-05578 SVW (JCx)

**JOINT PLEADING REGARDING
PROPOSED MODIFICATIONS TO
THE PERMANENT INJUNCTION
PURSUANT TO THE COURT'S
JULY 1, 2013 ORDER (ECF NO.
524)**

Date:     August 5, 2013
Time:     1:30 p.m.
Ctrm:    6
Judge:   Hon. Stephen V. Wilson

1
2
# TABLE OF CONTENTS
3
4
JOINT INTRODUCTION ........................................................................2

JOINT REQUEST ..................................................................................2

PLAINTIFFS' STATEMENT. .................................................................5

DEFENDANTS' STATEMENT. .............................................................13

JOINT CONCLUSION ...........................................................................21
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# JOINT INTRODUCTION

By Order dated July 1, 2013, the Court instructed the parties to submit a joint pleading discussing proposed "modifications to the permanent injunction that would make it consistent with the Ninth Circuit's decision." Order, July 1, 2013 (ECF No. 524). As noted below, the parties have reached an agreement with respect to some but not all of the modifications to the injunction mandated by the Ninth Circuit. This joint pleading advises the Court on the areas of agreement and presents argument from each party on the provisions of the injunction in dispute. Copies of Plaintiffs' proposed form of injunction are attached as Exhibit A (version showing in redline all changes from the injunction, ECF No. 395, issued by this Court on May 20, 2010) and Exhibit B (clean version). Copies of Defendants' proposed form of injunction are attached as Exhibit C (version showing in redline all changes from the injunction, ECF No. 395, issued by this Court on May 20, 2010) and Exhibit D (clean version).

# JOINT REQUEST

## I.      Modifications to the Injunction Agreed to by the Parties.

The parties have reached agreement as to modifications to two provisions of the injunction to make the injunction consistent with the Ninth Circuit decision. The two agreed provisions are Paragraphs 1(f)(ii) and 3(j). The agreed proposed injunction language is below.

### A.      Proposed Language to Modify Paragraph 1(f)(ii).

The Ninth Circuit identified one sub-part of the definition of "Infringement-Related Terms" in paragraph 1(f)(ii) that needed to be modified to specifically name the terms at issue rather than describe them generally as "terms that are widely known to be associated with copyright infringement." *Columbia Pictures Indus., Inc. v. Fung*, 710 F.3d 1020, 1048 (9th Cir. 2013). The Ninth Circuit added that plaintiffs "can request modification in the future to add, upon competent proof, specific other terms as well." *Id*.

JOINT PLEADING REGARDING PROPOSED MODIFICATIONS TO THE PERMANENT INJUNCTION PURSUANT TO THE COURT'S JULY 1, 2013 ORDER (ECF No. 524)

2

In accordance with these instructions, the parties have reached agreement on language for a revised Paragraph 1(f)(ii) and agreed to add a Paragraph 1(f)(iii) to provide for the possibility of future modifications of Paragraph 1(f)(ii).  The revised injunction provisions, as agreed by the parties, are as follows:

(f)    "Infringement-Related Terms" shall mean:

*    *    *

(ii)    the following terms: "warez," "Axxo," "Jaybob," "DVD Rips," "Cam," "Telesync," "Telecine," "Screener," "PPV," or "R5";

(iii)    Plaintiffs may request that this Court modify (ii) above to include additional terms upon competent proof that such terms should be included in Paragraph 1(f)(ii).

This revised language is reflected in all versions of the parties' proposed revised injunction attached hereto as Exhibits A through D.

**B.    Proposed Language to Modify Paragraph 3(j).**

The Ninth Circuit directed modification to Paragraph 3(j), which prohibits "soliciting or targeting a user base generally understood, in substantial part, to be engaging in infringement" in order to provide additional specificity as to the nature of the enjoined conduct.  710 F.3d at 1048.

In accordance with these instructions, in lieu of the above-quoted language, the parties have agreed to prohibitions on specific conduct covered, and have agreed to add language providing for the possibility of future modifications of Paragraph 3(j).  The revised injunction provision, as agreed by the parties, is as follows:

(j)    engaging in any of the following activities with regard to the "Sites" defined below:

(i)    using the names of any of the Sites in meta tags on any web pages;

JOINT PLEADING REGARDING PROPOSED
MODIFICATIONS TO THE PERMANENT
INJUNCTION PURSUANT TO THE COURT'S
JULY 1, 2013 ORDER (ECF No. 524)

3

1         (ii)      bidding on, purchasing or using the names of any of the Sites as

2                  keywords in any advertising campaigns;

3         (iii)     placing advertisements on any of the Sites; and

4         (iv)     advertising by referring to any of the Sites by name.

5         For purpose of this provision, "Sites" shall mean:  The Pirate Bay,

6         Torrentspy, Aimster, Kazaa, Grokster, Morpheus, Newzbin, BT

7         Junkie,Torrentreactor.net, kat.ph, torrents.net, SurftheChannel.com,

8         Kino.to, Movie2k.to, and/or Dl4all.com.

9         (v)      Plaintiffs may request that this Court modify the injunction to

10                 include additional websites upon competent proof that such

11                 websites should be added to Paragraph 3(j)

12 This revised language is reflected in all versions of the parties' proposed revised

13 injunction attached hereto as Exhibits A through D.

14     Below, the parties separately address the remaining areas of disagreement.

## II.    Plaintiffs' Statement.

The Ninth Circuit expressly affirmed virtually all aspects of the permanent injunction entered by this Court, directing only four discrete changes. *Fung*, 710 F.3d at 1047-49.  In addition to directing modifications to Paragraphs 1(f)(ii) and 3(j), as discussed above, the Ninth Circuit ruled that certain specific language in Paragraph 3(l) was too vague, and provided clear guidelines as to precisely how Paragraph 3(l) should be modified. *Id*. at 1047-48.  The Ninth Circuit also ruled that "insofar as the injunction can be interpreted to prohibit Fung from seeking legitimate employment" it must be amended to "appropriately…limit the employment prohibition." *Id*. at 1049.  Otherwise, the Ninth Circuit affirmed the injunction in all respects, expressly finding that Defendants' challenges to *all* other provisions of the injunction were "without merit." *Id*. at 1047 n.22.

The parties made progress in narrowing their disputes.  As the Court will see, the most significant remaining disputes do not concern the Ninth Circuit decision at all, but rather Defendants' wholesale attempt to reargue and rewrite entire portions of the injunction that were expressly affirmed by the Ninth Circuit or that Defendants never raised on appeal.  Respectfully, the Court should not entertain such modifications.

For the reasons set forth below, Plaintiffs respectfully request that the Court adopt Plaintiff's proposed injunction attached hereto as Exhibits A (redline version) and B (clean version).

### A.    The Court Should Adopt Plaintiffs' Proposed Modifications to Paragraph 3(l).

As entered by this Court, Paragraph 3(l) prohibits "indexing or providing access to Dot-torrent or similar files harvested or collected from well-known infringing source sites, such as 'The Pirate Bay.'"  As to Paragraph 3(l), the Ninth Circuit stated:

1    Paragraph 3(1) must be amended to omit the vague words "well-

2    known infringing source sites, such as," and to specify the particular

3    infringing sites covered—with the caveat, again, that Plaintiffs can

4    seek to amend the list in the future.

5  *Id.* at 1048.  Thus, the Ninth Circuit did not take issue with the prohibition on

6  indexing Dot-torrent files from well-known infringing source sites, or with the

7  prohibition on indexing Dot-torrent files from "The Pirate Bay," which is

8  identified by name in Paragraph 3(l).  The Ninth Circuit's only objection was that

9  the phrase "well-known infringing source sites" was vague.  The Court instructed

10  that covered sites should be identified by name (as was done for The Pirate Bay).

11  *Id.*

12    In accordance with these instructions, Plaintiffs propose to do just as

13  directed by the Ninth Circuit.  Plaintiffs propose language that removes the phrase

14  "well-known infringing source sites, such as" and identifies by name the other

15  sites covered by Paragraph 3(l).  The revised Paragraph 3(l) proposed by Plaintiffs

16  is as follows:

17    (l)    indexing or providing access to Dot-torrent or similar files harvested

18        or collected from the following sites or services:  The Pirate Bay,

19        Torrentspy, BT Junkie, Torrentreactor.net, kat.ph, or torrents.net;

20        (i)    Plaintiffs may request that this Court modify the injunction to

21            include additional source websites upon competent proof that

22            such websites should be added to Paragraph 3(l).

23  This proposed language fully addresses the Ninth Circuit's ruling.

24    The five sites Plaintiffs propose to be added are all undeniably well-known

25  infringing BitTorrent sites.  Each is an adjudicated infringer or has been the

26

27

28

JOINT PLEADING REGARDING PROPOSED
MODIFICATIONS TO THE PERMANENT
INJUNCTION PURSUANT TO THE COURT'S
JULY 1, 2013 ORDER (ECF No. 524)

1  subject of a court order blocking access to the site in other countries.[1]  That should

2  be more than sufficient.  Defendants' seeming objection to these sites as "well-

3  known infringing source sites" is inexplicable.  These are the same sites that are

4  included by name in the revised Paragraph 3(j) – which Defendants have agreed to

5  – as sites whose users are "generally understood…to be engaging in

6  infringement."  *See supra* at 2-3.  Notably, the Ninth Circuit never questioned the

7  "well known infringing source site" standard this Court adopted in Paragraph 3(l);

8  it merely directed that sites meeting that standard should be named in the

9  provision.  Plaintiffs also have added a provision per the Ninth Circuit's express

10  instruction that "Plaintiffs can seek to amend the list in the future."  *Id.*

11       Defendants previously had objected to including any sites in Paragraph 3(l)

12  unless the sites had been <u>adjudicated</u> to be infringing by a U.S. court for <u>hosting</u>

13  content, which would have excluded The Pirate Bay (not adjudicated in a U.S.

14  court) and virtually all other BitTorrent sites worldwide (as these sites do not <u>host</u>

15  content files).  However, Defendants appear to have abandoned that suggestion.

16       Regardless, the Court should not permit Defendants to re-litigate aspects of

17  this provision left unaffected by the Ninth Circuit decision.  If Defendants wished

18  to challenge the "well-known infringing source sites" standard, to argue it was

19  overly broad or incorrect (as opposed to just too vague), Defendants could have

20  raised that issue with the Ninth Circuit.  They did not.  As the sites added to the list

21  in Plaintiffs' proposed revision have been actually adjudicated to be infringing or

22

23  ───────────────

[1] *See, e.g.*, Trib. di Caligari, 19 apr. 2011, n. 3535/11 (Italian blocking order

24  regarding BT Junkie); *Telenor v. IFPI Danmark*, Case No. 153/2009 (Den. H. May

25  27, 2010) (Danish order blocking access to The Pirate Bay); *Columbia Pictures*

26  *Indus., Inc. v. Bunnell*, No. 06-CV-01093-FMC-JC, Judgment and Permanent

27  Injunction, dated May 5, 2008 (ECF No. 409) (copyright infringement liability

     judgment against Torrentspy defendants).

28

JOINT PLEADING REGARDING PROPOSED
MODIFICATIONS TO THE PERMANENT
INJUNCTION PURSUANT TO THE COURT'S
JULY 1, 2013 ORDER (ECF No. 524)

1  have been the subject of a court order blocking access to the site, they far exceed

2  the standard adopted by this Court.  Defendants, who agreed to the same sites in

3  Paragraph 3(j), cannot credibly dispute that the additional sites are "well-known

4  infringing source sites" – and, indeed, in all of the parties' meet-and-confer

5  discussions, Defendants never so asserted.

6  **B.    The Court Should Adopt Plaintiffs' Proposed Amendment**

7  **Addressing the "Legitimate Employment" Issue.**

8        The Ninth Circuit directed that the injunction be amended "insofar as the

9  injunction can be interpreted to prohibit [individual Defendant Gary] Fung from

10  seeking legitimate employment," including employment "for any technology

11  company whose services others might use to infringe copyright, even if those other

12  companies are not themselves liable for primary or secondary copyright

13  infringement."  710 F.3d at 1049.  Here, the Ninth Circuit did not propose any

14  specific suggestions for how the injunction should be modified to address this

15  issue, "leav[ing] the final wording to the district court."  *Id.*

16        In order to address the Ninth Circuit's opinion, Plaintiffs proposed a number

17  of revisions to the injunction during the meet and confer process with Defendants.

18  In the end, the parties were in agreement as to the structure of the needed revisions

19  – a new Paragraph 13 clarifying that Mr. Fung would not be in violation of the

20  injunction based exclusively on actions of a third party employer – but could not

21  come to agreement on the final language embodying that concept.  Plaintiffs'

22  proposal is as follows:

23        Gary Fung, individually, shall not be deemed to be in violation of this

24        injunction solely as a result of his being a bona fide employee or

25        independent contractor of a third party entity that may be engaged in

26        acts that violate this injunction or whose services might be used by

27        third parties to engage in infringement, provided that Mr. Fung does

28        not personally direct or participate in conduct that violates this

JOINT PLEADING REGARDING PROPOSED
MODIFICATIONS TO THE PERMANENT
INJUNCTION PURSUANT TO THE COURT'S
JULY 1, 2013 ORDER (ECF No. 524)

injunction.  For purposes of this paragraph, Mr. Fung shall not be deemed to be a "a bona fide employee or independent contractor" of a third party entity if Mr. Fung (a) has, or has a right to receive, a direct or indirect ownership interest in the third party entity of 5% or greater, or (b) has a right to receive, directly or indirectly, 5% or greater of the revenues or profits of the third party entity.

As the Court can see from Defendants' proposal, there are only two points of disagreement between the parties.  <u>First</u>, Defendants would delete the clause "provided that Mr. Fung does not personally direct or participate in conduct that violates this injunction."  *See* Ex. C, ¶ 13.  However, this key qualifier is important because otherwise Mr. Fung could himself personally operate Isohunt or a comparable site, without abiding by the injunction, and still argue that he remains in full compliance with the injunction.  Respectfully, that is not what the Ninth Circuit meant by "legitimate employment."  Plaintiffs' proposal ensures that Mr. Fung will never be held in contempt based on the conduct of a bona fide employer; however, Mr. Fung cannot thereby be relieved of his obligation to follow the injunction as to his own <u>personal</u> conduct.  To do so, could permit Mr. Fung to easily circumvent the injunction prohibitions.

In the parties' meet-and-confer discussions, Defendants professed that they wanted to delete the "personally participate in or direct" language because, in some undefined way, it might be interpreted to bind a third party employer to comply with the injunction.  That of course is not true.  The persons bound by an injunction are established by Rule 65(d)(2).  Nevertheless, to appease Defendants' professed concern, Plaintiffs had proposed a further clarification, which would provide expressly that "nothing in this injunction requires a third party entity in a bona fide employment relationship with Mr. Fung to itself comply with the terms of this injunction unless such third party entity satisfies the criteria under Rule

1   65(d)(2) of the Federal Rules of Civil Procedure." Without explanation,

2   Defendants rejected Plaintiffs' clarification.

3          The "personally participate in or direct" language does nothing to restrict

4   Mr. Fung from legitimate employment even if his employer's services might be

5   used in a manner that violates the terms of the injunction. It merely clarifies that

6   Fung may not *personally* engage in the proscribed conduct merely because he is

7   acting as an employee rather than as the owner and operator of an infringing site.

8          Second, Defendants would delete the last sentence in Plaintiffs' proposed

9   Paragraph 13. However, Plaintiffs include the last sentence defining the limits of

10  "bona fide" employment to provide a clear and unambiguous line between

11  "legitimate employment" as referenced by the Ninth Circuit and what is effectively

12  ownership. If Mr. Fung has a material ownership interest in a company that may

13  technically "employ" him, that should not excuse him from complying with the

14  injunction. Likewise, if Mr. Fung has a right to receive a material portion of a

15  company's revenues or profit, he is not a bona fide employee in so far as the

16  injunction is concerned; rather, he continues to have the same incentives as an

17  owner to promote copyright infringement.

18         Plaintiffs included a defined threshold to avoid complaints or challenges

19  later by Mr. Fung that he did not understand the line separating "legitimate

20  employment" and ownership. Plaintiffs submit that the 5% threshold level is a

21  reasonable level to define whether Mr. Fung will have the earmarks of ownership,

22  rather than "legitimate employment." If the threshold is set much higher, Mr.

23  Fung will be permitted to profit substantially from conduct prohibited by the

24  injunction. Moreover, he theoretically could operate an Isohunt-like site with a

25  number of co-owners and claim Paragraph 13 immunizes him because he is

26  technically "employed" by the third party company operating the site.

27  **C.     The Court Should Reject Defendants' Efforts to Revise Provisions**

28  **        of the Injunction Affirmed by the Ninth Circuit.**

JOINT PLEADING REGARDING PROPOSED
MODIFICATIONS TO THE PERMANENT
INJUNCTION PURSUANT TO THE COURT'S
JULY 1, 2013 ORDER (ECF No. 524)

10

Defendants have proposed a myriad of other revisions to provisions of the injunction that were expressly affirmed by the Ninth Circuit or that Defendants did not object to on appeal.  Respectfully, the Court should reject Defendants' efforts to reargue injunction provisions that already have been argued extensively and ruled on by this Court.  *E.g.*, *United States v. Thrasher*, 483 F.3d 977, 981-82 (9th Cir. 2007) ("law of the case" doctrine precludes a court from reconsidering an issue previously decided by the same court or a higher court in the same case); *Armstrong v. Schwarzenegger*, 261 F.R.D. 173, 177 (N.D. Cal. 2009) (applying "law of the case" doctrine to foreclose challenge to provisions of injunction upheld on appeal), *aff'd in part*, *rev'd in part*, 622 F.3d 1058 (9th Cir. 2010); *see also* ECF Nos. 395, 403-4, 404, 411, 421-22, 424, 429, 436, 439 (multiple rounds of injunction briefing).

Defendants' proposed changes, moreover, are facially unreasonable:

- Defendants propose to delete virtually all of the first ten pages of the injunction.  *See* Ex. C at 2-11.

- Defendants propose to substantially rewrite the core injunction provision that prohibits them from indexing or providing access to Dot-torrent files for Plaintiffs' copyrighted works.  *See* Ex. C ¶ 2(a), at 12.  Defendants did not even appeal the aspects of Paragraph 2(a) that they now seek to rewrite.  Moreover, Defendants sought to similarly limit Paragraph 2(a) before the Court first entered the injunction and the Court rightly rejected Defendants' efforts.  ECF Nos. 422, 422-1, 422-2 (Defendants' response to proposed injunction ).

- Defendants propose to delete all of Paragraph 2(b) which prohibits Defendants from "assisting with end user reproductions or transmissions of any Copyrighted Works …."  *See* Ex. C ¶ 2(b), at 12.  Again, Defendants never appealed Paragraph 2(b).

JOINT PLEADING REGARDING PROPOSED
MODIFICATIONS TO THE PERMANENT
INJUNCTION PURSUANT TO THE COURT'S
JULY 1, 2013 ORDER (ECF No. 524)

1   • Defendants propose to delete Paragraph 3(k) of the injunction entirely.

2       Again, Defendants did not appeal Paragraph 3(k).  *See* Ex. C ¶ 3(k), at 14.

3   • Defendants propose to rewrite Section 5(e) to require the Court to review

4       and approve each and every new title for Plaintiffs' copyrighted works

5       before Defendants have any obligation to comply with the injunction as to

6       those works.  *See* Ex. C ¶ 5(e), at 16.  The Court already has amended

7       Paragraph 5 to require Plaintiffs to provide additional information to

8       Defendants as to each title.  Order Denying Stay of Injunction, June 11,

9       2010 (ECF No. 445), at 6.  Since that Order, Defendants have not raised a

10      single objection or complaint as to Plaintiffs' title lists.  Moreover, although

11      Defendants raised several aspects of Paragraph 5 on appeal, those

12      challenges were rejected by the Ninth Circuit.  710 F.3d at 1047 n.22.

13  • Defendants propose to modify Paragraph 10, which the Ninth Circuit

14      expressly affirmed.  *Id.*  Moreover, the footnote Defendants propose to add

15      would undo the Ninth Circuit's affirmance on the very issue raised by

16      Defendants on appeal and rejected by the Ninth Circuit.  *See* Ex. C ¶ 10, at

17      18 n.1.

18  The above examples are not exhaustive of Defendants' attempt to reargue the

19  injunction.  *See also* Ex. C, ¶¶ 1(f)(i), 3, 5(a).  Plaintiffs oppose all changes beyond

20  those directed by the Ninth Circuit.

21      Under the guise of addressing the Ninth Circuit decision, Defendants are

22  effectively seeking broad reconsideration of the injunction.  This Court should

23  reject all such reconsideration.[2]

24  _____

25  [2] Paradoxically, if the Court were to modify provisions of the injunction affirmed
    by the Ninth Circuit, unless the Court accepted Defendants' language without any
26  alteration, Defendants might argue that they have a right to appeal such previously
27  affirmed provisions.

28

JOINT PLEADING REGARDING PROPOSED
MODIFICATIONS TO THE PERMANENT
INJUNCTION PURSUANT TO THE COURT'S
JULY 1, 2013 ORDER (ECF No. 524)

## II.   **Defendants' Statement.**

I.   **Defendants' Preliminary Statement**

The Ninth Circuit found "several provisions" of the prior injunction "fail[ed]" to meet the standard of Rule 65(d) of the Federal Rules of Civil Procedure[3] because they were "more burdensome than necessary," "too vague," "too imprecise," and "confusing."   In requiring this Court to modify the prior injunction, the Ninth Circuit held that the injunction must be amended so that it was not an improper barrier to Mr. Fung's legitimate employment.   In multiple other areas, the Ninth Circuit held that additional clarity was required, and that the injunction must be modified to more clearly specify the conduct that is prohibited.[4] *Fung,* 710 F.3d at 1047-48.   Defendants' Proposed Modified Injunction is

---

[3] All further statutory references are to the Federal Rules of Civil Procedure unless otherwise noted.

[4] As the Ninth Circuit explained:

> Rule 65(d) requires "[e]very order granting an injunction" to "state its terms specifically" and to "describe in reasonable detail…the act or acts restrained or required." Fed.R.Civ.P. 65(d)(1)(B)–(C). "'[O]ne basic principle built into Rule 65 is that those against whom an injunction is issued should receive fair and precisely drawn notice of what the injunction actually prohibits.'" *Fortune v. Am. Multi–Cinema, Inc.,* 364 F.3d 1075, 1086–87 (9th Cir.2004)…"The Rule was designed to prevent uncertainty and confusion on the part of those faced with injunctive orders, and to avoid the possible founding of a contempt citation on a decree too vague to be understood." *Id.* (quoting *Schmidt v. Lessard,* 414 U.S. 473, 476, 94 S.Ct. 713, 38 L.Ed.2d 661 (1974)). Generally speaking, "an ordinary person reading the court's order should be able to ascertain from the document itself exactly what conduct is proscribed." 11A Charles A. Wright et al. *Federal Practice & Procedure* § 2955 (2d ed.).

*Columbia Pictures v. Fung,* 710 F.3d 1020, 1048 (9th Cir. 2013) ("*Fung*").

JOINT PLEADING REGARDING PROPOSED
MODIFICATIONS TO THE PERMANENT
INJUNCTION PURSUANT TO THE COURT'S
JULY 1, 2013 ORDER (ECF No. 524)

13

1    consistent with the guidelines provided by the Ninth Circuit and would provide

2    Mr. Fung the freedom to seek legitimate employment, and the certainty and clarity

3    required by Rule 65(d).  [Exs. C-D.]    Plaintiffs' Proposed Modified Injunction

4    remains an improper employment prohibition, as well as uncertain, vague and

5    confusing.  [Exs. A-B.][5]

6          The parties were unable to come to agreement regarding several provisions

7    addressed in Defendants' Proposed Modified Injunction, namely: **(1)** ensuring that

8    consistent with the Ninth Circuit's Order, there is not an overly burdensome

9    employment prohibition placed on Mr. Fung; **(2)** clarifying the extraterritoriality

10   conclusion reached by the Ninth Circuit; **(3)** removing from 1(f) the uncertain

11   terms "commonly understood names" and "common names" of Plaintiff's works

12   in favor of the clear term "titles"; **(4)** clarifying 3(l) consistent with the Ninth

13   Circuit directive; **(5)** bringing greater clarity by removing 2(b) and 3(k) because it

14   is unclear how Defendants could be expected to comply with such provisions; **(6)**

15   removing the unnecessary and confusing language from 3 and 5(a) "without

16   limitation;" **(7)** adding language to clarify 2(a) and 5(e); and **(8)** removing as

17   unnecessary argumentative discussion presented by Plaintiffs in connection with

18   the original injunction.

19         While Plaintiffs have suggested that some of Defendants' proposed

20   modifications are outside the parameters of the Ninth Circuit's direction, each

21   modification Defendants have proposed flows directly from guidance provided by

22   the Ninth Circuit.  As the Ninth Circuit left this Court free to determine the precise

23

24   _____

25   [5] Defendants include in their supporting Declaration greater detail regarding the
     parties meet and confer efforts.   [Ranahan Decl. at ¶¶ 2-5.]  Defendants also

26   include a redline between the parties' proposed injunctions so it is clear what is
     disputed.  [*Id.* at Ex. 1]

27

28

1   language to achieve the required changes, Defendants respectfully request that the

2   Court enter their Proposed Modified Injunction.

3   II.     **Defendants' Proposed Modifications**

4

5   **(1) Defendants Seek To Enforce The Ninth Circuit's Finding That The Injunction Shall Not Prohibit Mr. Fung From Legitimate Employment**

6       The Ninth Circuit agreed with Defendants that the injunction was "unduly

7   burdensome" and "more burdensome than necessary" because:

8           certain provisions of the injunction could be interpreted to prevent

9           Fung from ever working for any technology company whose

10          services others might use to infringe copyright, even if those other

11          companies are not themselves liable for primary or secondary

12          copyright infringement.

13  *Fung* at 1049 (citing *L.A. Haven Hospice, Inc. v. Sebelius*, 638 F.3d 644,

14  664 (9th Cir.2011) ("'[I]njunctive relief should be no more burdensome to

15  the defendant than necessary...").

16      As Defendants pointed out on appeal, companies like "YouTube and

17  Google"   perform the same functions described in the injunction, as such

18  companies "aggregate similar information" and "solicit similar user bases."

19  [Appellants' Brief,  9th Cir. Dkt. 38, at 34 of 40).]   Thus, the "Permanent

20  Injunction would prohibit Fung from seeking employment with YouTube or

21  Google, as well as prohibiting employment with any other large online service

22  provider."  [*Id.*]  As Defendants further noted to the Ninth Circuit, "Google carries

23  out 'hosting, indexing, linking to, or otherwise providing access to…Dot-

24  torrent…files that…lead to…Copyrighted Works,'" and the "prohibition will be

25  for the rest of Fung's life." [*Id.* at 34-35]

26      After considering these very examples and arguments, the Ninth Circuit

27  held that "the permanent injunction should be amended appropriately to limit the

28  employment prohibition," though the Ninth Circuit left to this Court the "final

JOINT PLEADING REGARDING PROPOSED
MODIFICATIONS TO THE PERMANENT
INJUNCTION PURSUANT TO THE COURT'S
JULY 1, 2013 ORDER (ECF No. 524)

wording" to ensure this was achieved.  *Fung* at 1049.  Plaintiffs' proposed Paragraph 13 would impose precisely the type of employment prohibition the Ninth Circuit found unlawful and thus remains more "burdensome than necessary."  *Id.*    It would effectively prevent Mr. Fung from working at a legitimate business in the technology field, including companies like Google or Yahoo, in light of basic search engine functions.  Plaintiffs' proposal could also be interpreted to impose filtering or other obligations upon third party employers of Mr. Fung that have never been adjudicated, thus creating a chilling effect on the extent to which third party prospective employers could hire Mr. Fung in the future.

The parties nearly reached compromise on this Paragraph as set forth below, except that Plaintiffs sought to include the below stricken language, which could essentially be read to require third party employers to comply with the injunction if Mr. Fung was carrying out legitimate job responsibilities.  [Ranahan Decl. Ex., 2.]

> Gary Fung individually, shall not be deemed to be in violation of this injunction merely by virtue of his bona fide employment relationship with a third party entity that may be engaged in acts that violate this injunction or whose services might be used by third parties to engage in infringement~~, provided that Mr. Fung does not personally participate in or direct conduct that violates this injunction~~. For purposes of this paragraph, a bona fide employment relationship might include work performed by Mr. Fung as independent contractor provided that such relationship is substantial similar to a bona fide employment relationship.

If Mr. Fung was employed by a third party like Google or Yahoo, and had any responsibility generally directing or developing search functions for search engines or indices—Plaintiffs could insist that constituted "directing" "conduct" in violation of the injunction.  In other words, the loose and expansive language

proposed by Plaintiffs could mean that Fung or his employer could violate the injunction <u>merely because Fung supervised search functionality of the employer</u>. This could very realistically have a severe chilling effect on Mr. Fung's future employment in violation of the Ninth Circuit's direction, if he came with an injunction attached that could impose obligations upon lawful, DMCA compliant companies that they otherwise would not have.  Indeed, the Court did not generally enjoin BitTorrent search engines or peer to peer technology and related services and systems.

Plaintiffs' Paragraph 13 reverts to their initial proposal, and is the equivalent of the employment prohibition the Ninth Circuit found unlawful.  [Ex. A, ¶13.] Plaintiffs' proposed restrictions regarding ownership percentages bear no connection to the language of the Ninth Circuit, and are overly broad.  Technology companies routinely offer employees stock options, and the language regarding a 5% or greater "direct or indirect ownership interest" or regarding a right to "receive, directly or indirectly, 5% or greater of the revenues or profits of the third party entity" would prohibit Mr. Fung from entering such common stock arrangements, and legitimate employment in the technology field.   Plaintiffs' addition is also unnecessary because any future employer of Fung will have its own incentives to require compliance with the law or face its own potential liability.   For these reasons, Defendants respectfully request that the Court enter their proposed Paragraph 13.

### (2) Defendants Seek To Clarify The Conclusion Regarding Extraterritoriality Reached by the Ninth Circuit

The Ninth Circuit held that despite certain language in the injunction, it was not "impermissibly extraterritorial."   (*Fung* at 1047, note 22)  Consistent with this statement, Defendants proposed adding a footnote at the end of Paragraph 10 stating:  "As the Ninth Circuit noted in its Order 'the injunction explicitly applies only to acts of infringement 'that take place in the United States.'"" *Columbia*

1  *Pictures Indus.*, 710 F.3d at 1047 n. 22.  Nothing in this Injunction should be

2  interpreted or understood to apply to users residing outside the United States."

3  Plaintiffs' counsel declined to include this footnote or even discuss it, claiming

4  that it fell outside of the Ninth Circuit Order (even though it quotes the Ninth

5  Circuit Order).  Because Plaintiffs have not articulated any good reason to exclude

6  this clarifying footnote, and light of the importance of clarity on this issue given

7  that the injunction does not apply to IsoHunt users abroad, Defendants respectfully

8  request that it be included.

9  **(3) Defendants Seek to Remove Uncertain Phrases From 1(f)(i)**

10  The Ninth Circuit found that the "injunction's definition of a key phrase

11  'Infringement-Related Terms' is too vague to provide the notice required by Rule

12  65(d)."  *Fung* at 1048.  The only remaining disagreement between the parties on

13  definitions concerns (1)(f)(i), where Defendants seek to remove the similarly

14  vague phrases "commonly understood" and "common name" in favor of the titles

15  of Plaintiffs' works as follows:

16  (f) "Infringement-Related Terms" shall mean:

17  (i) terms that refer to the titles ~~or commonly understood names~~ of

18  Plaintiffs' Copyrighted Works (for example, the full title ~~or common~~

19  ~~name~~ of a television series);

20  Although the Ninth Circuit found the phrase "generally understood" to be

21  "too imprecise," Plaintiffs want to leave in "commonly understood."  There is no

22  meaningful difference between the phrases "commonly understood" and

23  "generally understood," and thus the Ninth Circuit Opinion supports removing

24  these phrases.

25  Defendants' proposed revision to 1(f)(i) is also appropriate given that the

26  Ninth Circuit held that Defendants had no obligation to correct Plaintiffs' lists of

27  titles or ascertain alternate titles.  *Fung* at 1048-49.  It is unclear how Defendants

28  could be expected to know what Plaintiffs consider to be "commonly understood"

alternatives to the titles of their works.   During the meet and confer, Plaintiffs refused to consider including what they believed to be "commonly understood names" in the lists provided to Defendants.   [Ranahan Decl. ¶ 4.]   The Court should thus excise the phrases "common name" and "commonly understood" as proposed by Defendants.

### (4) Defendants Seek To Bring Clarity to (3)(l)

The Ninth Circuit also found that paragraph 3(1) requires more specificity. As the Ninth Circuit found, "beyond the specifically named examples, no one reading the injunction can tell what it means…." and that "the injunction must "specify the particular infringing sites covered." *Fung* at 1047-48.   Accordingly, Defendants seek to leave in "Pirate Bay," the specific particular infringing site that to date, the Court has found to be appropriately covered by the injunction.

While Plaintiffs understandably seek to maximize flexibility so they may continue to seek modifications indefinitely, the Ninth Circuit was clear that "Rule 65(d) prefers certainty to flexibility." *Id.* at 1048.   Plaintiffs' proposed revisions add several sites before Plaintiffs have made any showing demonstrating why they should be included, and Defendants should be able to respond.   Defendants do not dispute that Plaintiffs can apply to the Court to add appropriate sites, but the Ninth Circuit did not order that this right must be specifically included in the modified injunction without any showing.   Some meaning should be given to Plaintiffs' requisite showing to justify modification, including why the sites Plaintiffs seek to add contain alleged infringements of *Plaintiffs'* works.   Plaintiffs have no general right to police the Internet for infringements on behalf of third parties' unproven rights to works.

### (5) Defendants Seek To Clarify 2(b) and 3(k) Because it is Entirely Unclear How Defendants Could Be Expected to Comply With Such Provisions

Paragraph 2(b), which purports to prevent Defendants from "assisting with end-user reproductions or transmissions of any of the Copyrighted Works through

a tracker server, or any other server or software that assists users in locating, identifying or obtaining files from other users offering any of the Copyrighted Works for transmission," is vague and unclear in that it does not offer specificity that would provide Defendants notice about how to comply. It too violates the Ninth Circuit's requirement for fair and precisely drawn notice and should be removed.

Paragraph 3(k) as it currently stands, purports to impose obligations upon Defendants not to "transfer[] or redirect[] users of the Isohunt System to **any other service** that, directly or indirectly, provides access to unauthorized copies of Plaintiffs' Copyrighted Works" (emphasis added).  How Defendants could be expected to monitor whether unnamed other services are "directly or indirectly" providing access to Plaintiff's Copyrighted Works is unknown, and this provision violates the Ninth Circuit Order's requirement for specificity.  *Fung,* 710 F.3d at 1048-49 (finding language that fails to give notice "too imprecise").

**(6) Defendants Propose Removing "Without Limitation" from 3 and 5(a) as Unnecessary and Vague**

Defendants also propose removing the superfluous and confusing phrase "without limitation" from 3 and 5(a), as of course there are limitations—the injunction is required to provide notice of the scope.  These terms are unnecessary and only contradict the very purpose of Rule 65.

**(7) Defendants Propose Language to Clarify 2(a) and 5(e)**

Defendants' proposal for 2(a) simply seeks to clarify that it applies to files that contain the title of Copyright Works provided by Plaintiffs—otherwise Defendants are left guessing to which files it applies—and with 5(e) to tie the compliance time to the Court actually making a determination that titles are properly subject to the Injunction, rather than Plaintiffs' notice.  Plaintiffs refused to discuss these provisions, claiming they fall outside the Ninth Circuit Opinion. [Ranahan Decl. ¶ 5.]   But clarity and the notice sufficient for Defendants to

comply were squarely addressed in the Ninth Circuit Opinion, which specifically rejected terminology left undefined. *Fung* at 1048-49. ("too vague" where no one reading injunction can reasonably ascertain what is required). Defendants' proposed modifications should be accepted.

**(8) Plaintiffs' Argument Presented in Connection With the Original Injunction Is Unnecessary to the Modified Injunction**

The parties were required to negotiate and agree to a modified injunction, not re-litigate whether Plaintiffs should be entitled to an injunction in the first place. Defendants do not agree to include arguments advanced by Plaintiffs that no longer have any relevance as to whether an injunction will issue in the first instance. The preliminary statement and background should be stricken and condensed to account for the relevant context as set forth in Defendants' Proposed Modified Injunction.

## JOINT CONCLUSION

For the foregoing reasons, Plaintiffs and Defendants respectfully submit that the Court should adopt their respective proposed modified injunctions.

JOINT PLEADING REGARDING PROPOSED
MODIFICATIONS TO THE PERMANENT
INJUNCTION PURSUANT TO THE COURT'S
JULY 1, 2013 ORDER (ECF No. 524)

1    Dated: July 22, 2013

2                     Respectfully submitted,

3

4      By: /s/ Steven B. Fabrizio        By: /s/ Michael S. Elkin

          Steven B. Fabrizio             Michael S. Elkin

5

6    STEVEN B. FABRIZIO         MICHAEL S. ELKIN

   JENNER & BLOCK LLP       THOMAS P. LANE

7    1099 New York Avenue NW    WINSTON & STRAWN LLP

   Suite 900                    200 Park Avenue

8    Washington, DC 20001      New York, NY 10166

9

10    GIANNI P. SERVODIDIO    ERIN R. RANAHAN

   JENNER & BLOCK LLP       WINSTON & STRAWN LLP

11    919 Third Avenue         333 S. Grand Avenue

12    37th Floor                 38th Floor

   New York, NY 10022       Los Angeles, CA 90071

13

14    KAREN R. THORLAND     JENNIFER A. GOLINVEAUX

15    FARNAZ M. ALEMI        ROBB C. ADKINS

   MOTION PICTURE ASSOCIATION   THOMAS J. KEARNEY

16     OF AMERICA            WINSTON & STRAWN LLP

17    15301 Ventura Boulevard    101 California Street

   Building E                Suite 3900

18    Sherman Oaks, CA 91403    San Francisco, CA 94111

19

20    *Attorneys for Plaintiffs*

                        IRA P. ROTHKEN

21                         JARED R. SMITH

                        ROBERT L. KOVSKY

22                         ROTHKEN LAW FIRM

                        Three Hamilton Landing

23                         Suite 280

24                         Novato, CA 94949

25                         *Attorneys for Defendants*

26

27

28

JOINT PLEADING REGARDING PROPOSED
MODIFICATIONS TO THE PERMANENT
INJUNCTION PURSUANT TO THE COURT'S
JULY 1, 2013 ORDER (ECF No. 524)

22