UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:06-cv-5578-SVW-JC | Date | August 7, 2013 |
|---|---|---|---|
| Title | Columbia Pictures Industries, Inc., et al. v. Gary Fung, et al. | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| N/A | N/A | |

**Proceedings:**   IN CHAMBERS ORDER Re REPORT AND RECOMMENDATION and MOTION FOR CONTEMPT [271] [272] [273] [454]

### I. INTRODUCTION

On June 3, 2013, this Court received the Ninth Circuit's mandate affirming this Court's grant of summary judgment in Plaintiffs' favor as to liability and modifying, in part, the permanent injunction (the "Injunction") entered by this Court. On July 1, 2013, this Court held a status conference with the parties to discuss the three remaining issues in this case: 1) the modifications to the Injunction required by the Ninth Circuit; 2) Plaintiffs' intent to seek monetary damages as to Defendants' alleged infringements of Plaintiffs' copyrighted works; and 3) Plaintiffs' motion for contempt. After the status conference, the Court ordered additional briefing on each of these issues.

This Order addresses the concerns raised by the parties in their briefs, and lays out a schedule as to the remaining issues in this case for the monetary damages and contempt motion. This Court has further considered the parties' positions regarding the modifications to the Injunction, and has entered a new permanent injunction based on its consideration of the Ninth Circuit's decision and the parties' arguments in a separate Order.

### II. MONETARY DAMAGES

At the July 1, 2013 status conference, Plaintiffs indicated that they planned on pursuing statutory damages as to each of their copyrighted works that Defendants allegedly infringed. At that time, Plaintiffs represented that, if this Court adopted Magistrate Judge Chooljian's September 17, 2007 report

:

Initials of Preparer    PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:06-cv-5578-SVW-JC | Date | August 7, 2013 |
|---|---|---|---|
| Title | Columbia Pictures Industries, Inc., et al. v. Gary Fung, et al. | | |

and recommendation, it would be able to conclusively establish liability for each work that "appeared" on Defendants' trackers.

### A. The Magistrate Judge's Report and Recommendation

On June 8, 2007, Magistrate Judge Chooljian ordered Defendants to preserve "server data" for *both* their websites *and* their trackers. In response, Defendants began producing server data from their *websites*, for at least the initial 27 days after the June 8, 2007 Order. However, Defendants failed to produce the required server data related to their *trackers*, and on September 19, 2007, Magistrate Judge Chooljian submitted a Report and Recommendation that recommended sanctioning Defendants by deeming it "conclusively established for purposes of this action that each of plaintiffs' copyrighted works for which a dot torrent file has appeared on defendants' [trackers] has been, and continues to be, directly infringed by users of defendants' [trackers]." In essence, this sanction would demonstrate *liability* for *every* one of plaintiffs' copyrighted works that "appeared" on the tracker websites.[1]

The Magistrate Judge recommended this sanction because Defendants had not produced the server data for their *trackers*. However, as this Court held—and the Ninth Circuit affirmed—Plaintiffs can establish liability as to any particular copyright solely by demonstrating that one of Defendants' users downloaded a Dot-Torrent file from one of Plaintiffs' *websites*. As Plaintiffs concede, they can discover the relevant information—that is, which users downloaded Dot-Torrent files from one of Defendants' websites—*without* the server data from the trackers that gave rise to the September 19, 2007 Report and Recommendation. Accordingly, the Court finds the recommended *evidentiary* sanction unnecessary. See Realnetworks, Inc. v. DVD Copy Control Ass'n, Inc., 264 F.R.D. 517, 529 (N.D. Cal. 2009) (finding evidentiary sanctions unwarranted where there were other sources of discovering the evidence at issue).[2] Instead, Plaintiffs will be able to prove that a particular user downloaded a Dot-Torrent file from one of their websites with server data from the websites themselves.[3]

---

[1] Plaintiffs can demonstrate that a particular work "appeared" on a website either via screenshots—images preserved by Plaintiffs of what Defendants' trackers displayed at a given date and time—or with other information produced during discovery, such as comments posted by Defendants' users that "reveal actual downloads of the content file associated with a dot torrent file."

[2] The Ninth Circuit left open the question of whether or not Plaintiffs could prove copyright liability solely by demonstrating that a particular work used Defendants' *trackers* but did *not* download a Dot-Torrent file from one of Defendants' *websites*. If Plaintiffs planned on pursuing such a theory of

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:06-cv-5578-SVW-JC | Date | August 7, 2013 |
|---|---|---|---|
| Title | Columbia Pictures Industries, Inc., et al. v. Gary Fung, et al. | | |

    However, the fact that the tracker server data is not *necessary* to Plaintiffs' monetary damages claim does not excuse Defendants' failure to turn over the tracker server data in accordance with Magistrate Judge Chooljian's June 8, 2007 Order.  When Magistrate Judge Chooljian issued her Order, there was a question of whether or not, in order to prove that Defendants' induced infringement of one of their copyrighted works, Plaintiffs would be required to show *both* that 1) a user downloaded a Dot-Torrent file from one of Defendants' websites; *and* 2) that the user employed one of Defendants' trackers in downloading the copyrighted work.  Had this Court, or the Ninth Circuit, adopted this theory of liability, the tracker server data would have been necessary to Plaintiffs' claims.  Additionally, the tracker server data would have been necessary had Plaintiffs attempted to pursue a theory of liability based on Dot-Torrent files that *solely* used Defendants' trackers, but not Dot-Torrent files downloaded from Defendant's websites.  Moreover, the tracker server data may be relevant to liability based on downloading of Dot-Torrents: according to Plaintiffs, the tracker server data includes information indicating that an individual actually downloaded a Dot-Torrent file from one of Defendants' websites (although Defendants dispute this).  Finally, the failure to produce the data was a violation of Magistrate Judge Chooljian's June 8, 2007 Order, and the fact that the evidence is no longer necessary does not excuse Defendants' failure to comply with the Order.

    Thus, for the reasons put forward in this Order, the Court DENIES Magistrate Judge Chooljian's recommended evidentiary sanction, but REMANDS the Report and Recommendation to her for imposition of an appropriate sanction consistent with this Order.

---

infringement, the tracker data would likely be needed to demonstrate that one of Defendants' trackers had been used in the transfer of one of Plaintiffs' copyrighted works.  However, Plaintiffs' have indicated that they will *not* be pursuing liability under this theory of inducing infringement; thus, the recommended evidentiary sanction is unnecessary.

    [3] In response to this Court's Order, Plaintiffs represent that they believe that the failure to produce website server data after this initial 27 day period violates Magistrate Judge Chooljian's June 8, 2007 Order, and that they intend on brining a separate motion asking Magistrate Judge Chooljian for evidentiary sanctions on this purported failure.  However, this issue is not presently before this Court, as Plaintiffs have yet to file their motion before Magistrate Judge Chooljian.  If Plaintiffs do so, and if Magistrate Judge Chooljian recommends an evidentiary sanction based on the alleged failure to comply with the June 8, 2007 Order as the *website* server data, the Court will consider those recommendations at a future date.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:06-cv-5578-SVW-JC | Date | August 7, 2013 |
|---|---|---|---|
| Title | Columbia Pictures Industries, Inc., et al. v. Gary Fung, et al. | | |

### B. Monetary Damages Trial

In light of this Court's rejection of the Magistrate Judge's recommended evidentiary sanctions, Plaintiffs will need to prove that, for each work, they 1) owned the copyright; and 2) that an *American* user downloaded a Dot-Torrent file of that work from one of Defendants' websites.  The Court sets the following trial dates at which monetary liability will be tried as to each of Plaintiffs' copyrighted works:

- Pretrial Conference …………………………………… October 28, 2013 at 1:30 p.m.
- Jury Trial ……………………………………………. November 5, 2013 at 1:30 p.m.

Plaintiffs are further ORDERED to file a statement with the Court, and to serve this statement upon Defendants, that lists all works for which they intend to seek monetary damages (including any of the original 44 listed in the Complaint).  Trial will be limited only to the works listed in this additional statement.

### III. THE CONTEMPT MOTIONS

On August 2, 2010, Plaintiffs filed a motion for contempt, arguing that Defendants were in violation of this Court's permanent injunction.  (Dckt. 454.)  On June 3, 2013, this Court received the Ninth Circuit's mandate, which affirmed this Court's liability determination and ordered changes to the permanent injunction.

In their contempt motion, Plaintiffs identified two features of Defendants' operations that they argue violate the Injunction—one involving the "Main Isohunt Site," and the other involving "Isohunt Lite."  The parties dispute whether or not this Court can hold Defendants in contempt of a motion subsequently modified by the Ninth Circuit; however, this Court need not decide this issue to proceed.  For the reasons explained below this Court DENIES the motion to contempt as to the Isohunt Lite Site, and ORDERS additional briefing as to the contempt of the Main Isohunt Site.

### A. The Main Isohunt Site

After this Court's entry of the permanent injunction, Defendants continued to operate the "Main Isohunt Site," but blocked any computer with an American IP address from accessing it.  Thus, while non-U.S. computers[4] can access the Main Isohunt site, American computers cannot.  Moreover, any

---

[4] For purposes of this Order, the Court referes to any computer with a foreign IP address as a

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:06-cv-5578-SVW-JC | Date | August 7, 2013 |
|---|---|---|---|
| Title | Columbia Pictures Industries, Inc., et al. v. Gary Fung, et al. | | |

American computer that contacts Defendants' trackers are prohibited from uploading or downloading content to or from other computers hooked into Defendants' network.

Plaintiffs argue that Defendants' continued operation of the Main Isohunt Site violates Paragraph 10 of the Injunction. Paragraph 10 (which was not altered by the Ninth Circuit) provides, in relevant part: "Each download or upload of Plaintiffs' copyrighted material violates Plaintiffs' copyrights if even a single United States-based user is involved in the 'swarm' process of distributing, transmitting, or receiving a portion of a computer file containing Plaintiffs' copyrighted content."

As the Court understands it, the specific process that gave rise to Plaintiffs' original motion for contempt is the "swarming" process of uploading and downloading of copyrighted material. Plaintiffs argue that, when a computer located *outside* the United States downloads a Dot-Torrent file from the Main Isohunt Site, that individual participates in a swarm that includes computers in the United States. However, the *only* way that a foreign computer that has downloaded a Dot-Torrent file from the Main Isohunt Site might participate in a swarm that included an American computer is if the Dot-Torrent file *itself* directed the foreign computer to use a tracker *not operated by Defendants*. Plaintiffs do not dispute that, any time a computer contacts one of Defendants' trackers and asks to participate in a swarm, Defendants' trackers do *not* permit the computer to download or upload content to an American computer.

To give an example, a foreign computer will go to the Main Isohunt Site and download a Dot-Torrent file. The Dot-Torrent file will then direct the foreign computer to various trackers, which will then communicate to the foreign computers which swarm to participate in. If the Dot-Torrent file directs the foreign computer to contact one of *Defendants'* trackers, Defendant will ensure that the foreign computer does not upload or download content to an American computer. However, if the Dot-Torrent file directs the foreign computer to contact a tracker *not* controlled by Defendants, then that tracker *may* tell the foreign computer to share content with an American computer. It is this latter process that Plaintiffs allege violations Paragraph 10 of the Injunction.

Whether or not Defendants are in violation of the Injunction is ultimately a question of feasibility. Plaintiffs argue that *if* Defendants wanted to, they could *require* all Dot-torrent files that are on the Main Isohunt site to *only* use Defendants' trackers. By directing all Dot-Torrent files downloaded from their websites to their trackers, Defendants could ensure that American computers

---

non-U.S., or foreign computer; and any computer with an American IP address as an American computer.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:06-cv-5578-SVW-JC | Date | August 7, 2013 |
|---|---|---|---|
| Title | Columbia Pictures Industries, Inc., et al. v. Gary Fung, et al. | | |

were not participating in the swarm, because Defendants' trackers prevent any such action.  However, the parties have not submitted any evidence as to the *feasibility* of such a proposal.  As Defendants must only take "all *reasonable* steps within his power to insurance compliance" with an injunction, Hook v. Arizona Dep't of Corr., 107 F.3d 1397, 1403 (9th Cir. 1997) (emphasis added), more evidence is required to determine whether or not the failure to implement such technology is in fact a violation of the injunction.

Accordingly, Plaintiffs are ORDERED to file an additional brief along with supporting evidence, no longer than 15 pages, addressing the Court's concerns as to the feasibility of Plaintiffs' proposal according to the following briefing schedule.

  Plaintiffs' opening brief (not to exceed 15 pages) ……………….. September 9, 2013
  Defendants' opposition (not to exceed 15 pages) ……………... September 16, 2013
  Plaintiffs' reply (not to exceed 7 pages) …………………………. September 23, 2013

Hearing on this matter will occur on October 7, 2013 at 1:30 p.m.  In their briefing, the parties should identify what, if any, portions of the Court's description of the swarming process are incorrect, and supply further explanations of how the process works.

  **B.**  **The Isohunt Lite Site**

After this Court found Defendants' liable for inducing copyright infringement, Defendants commenced operation of "Isohunt Lite."  Plaintiffs argue that Isohunt Lite continues to allow users to access dot torrent files for Plaintiffs' copyrighted works—that the filters that Defendants have in place to screen out the titles provided by Plaintiffs are ineffective.  According to Plaintiffs, the ineffective filters violate Paragraph 2(a) of the Injunction, which requires that Defendants from "knowingly engaging" in the "hosting, indexing, linking to, or otherwise providing access to any Dot-torrent or similar files that correspond, point, or lead to any of the Copyrighted works."

However, Plaintiffs acknowledge that they do not know how the filtering technology works; nor have they presented any evidence that the filter employed by Defendants is ineffective.[5]  Therefore, the motion for contempt as to the Isohunt Lite Site is DENIED.  Plaintiffs may renew their motion for

---

  [5] Indeed, Plaintiffs have not so much as served Defendants with a discovery request for the "source code" data that Plaintiffs contend they need to understand how the filtering technology at issue works.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:06-cv-5578-SVW-JC | Date | August 7, 2013 |
|---|---|---|---|
| Title | Columbia Pictures Industries, Inc., et al. v. Gary Fung, et al. | | |

contempt as it relates to the Isohunt Lite Site if they discover additional evidence that would allow this Court to conclude that the filtering technology in fact violates Paragraph 2(a) of the Injunction.

|  | : |
|---|---|
| Initials of Preparer | PMC |