JENNER & BLOCK LLP
STEVEN B. FABRIZIO (admitted *pro hac vice*)
601 Thirteenth Street, N.W.
Suite 1200 South
Washington, D.C. 20005
Telephone: (202) 639-6000
Facsimile: (202) 661-4823
E-Mail: SFabrizio@jenner.com

GIANNI P. SERVODIDIO (admitted *pro hac vice*)
919 Third Avenue
37th Floor
New York, NY 10022
Telephone: (212) 891-1600
Facsimile: (212) 891-1699
E-Mail: GServodidio@jenner.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLUMBIA PICTURES INDUSTRIES, INC., *et. al.* <br><br> Plaintiffs, <br> v. <br> GARY FUNG, *et. al.* <br><br> Defendants. | Case No. **CV-06-05578 SVW (JCx)** <br><br> **PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON WILLFUL AND INNOCENT INFRINGEMENT UNDER 17 U.S.C. § 504(C)(2)** <br><br> Date: September 23, 2013 <br> Time: 1:30 PM <br> Ctrm: 6 <br><br> Judge: The Hon. Stephen V. Wilson |

## BACKGROUND

This Court, in a liability decision affirmed by the Ninth Circuit, determined that "Defendants' intent to induce infringement [was] overwhelming and beyond reasonable dispute." *Columbia Pictures Indus., Inc. v. Fung*, No. CV-06-05578 SVW (JCx), 2009 WL 6355911 (C.D. Cal. Dec. 21, 2009), *aff'd*, 710 F.3d 1020 (9th Cir. 2013). Because intentional infringement is "willful" under the Copyright Act, the Court's liability findings establish, as a matter of law, that Defendants' infringement was "willful." 17 U.S.C. § 504(c)(2); *Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 674 (9th Cir. 2012) (infringement is "willful" if it is committed intentionally or with reckless disregard for the rights of others). Of this, there can be no credible dispute. Other courts that have considered the issue have held that the facts that support inducement liability also mandate a finding that the infringement was willful.

Defendants, however, continue to insist that the issue of whether their infringement was willful is a triable issue for the jury. Going even further, Defendants plan to argue to the jury that their infringement was "innocent," and thus eligible for reduced statutory damages. Defendants' positions are simply incompatible with the factual findings already made by this Court and affirmed by the Ninth Circuit. Defendants should not be permitted to reargue these issues at trial. (The Court has ordered a trial on damages to begin on November 5, 2013.)

Accordingly, pursuant to Federal Rule of Civil Procedure 56, Plaintiffs hereby move for summary judgment that, under 17 U.S.C. § 504(c)(2), Defendants' copyright infringement was "committed willfully" and Defendants cannot assert a defense of "innocent" infringement.

## ARGUMENT

Plaintiffs have elected statutory damages. Under the Copyright Act, for "all infringements . . . with respect to any one work," the copyright owner is entitled to

statutory damages "in a sum of not less than $750 or more than $30,000." 17 U.S.C. § 504(c)(1). But if "that infringement was committed willfully," statutory damages may be increased "to a sum of not more than $150,000." *Id.* § 504(c)(2). Conversely, if the infringer can establish that its infringement was "innocent," *i.e.*, that it "was not aware and had no reason to believe that his or her acts constituted an infringement of copyright," statutory damages may be reduced "to a sum of not less than $200." *Id.*; *see, also, e.g.*, *Los Angeles News Service v. Reuters Television Intern., Ltd.*, 149 F.3d 987, 995 (9th Cir. 1998). A finding of "willfulness" is important not only because it increases the high end of the statutory damages range, but also because the infringer's conduct is a central consideration affecting a jury's assessment of statutory damages. *See, e.g.*, *Muppets Studio, LLC v. Pacheco*, No. CV 12-7303 JGB (FFMx), 2013 WL 2456617, at *1 (C.D. Cal. June 6, 2013).

As explained below, this Court's findings in its summary judgment order, which were affirmed in pertinent part by the Ninth Circuit, established conclusively that Defendants' infringement was "willful" and that the "innocent" infringement defense therefore cannot apply. Independently, the innocent infringement defense is precluded by statute where, as here, Plaintiffs properly affixed notices of copyright to their copyrighted works.

I.  **DEFENDANTS ARE "WILLFUL" INFRINGERS.**

    A.  **Infringement is "Willful" if it is Committed Intentionally or with Reckless Disregard for the Rights of Others.**

"[A] finding of willfulness in the copyright context can be based on either intentional behavior, or merely reckless behavior." *Washington Shoe*, 704 F.3d at 674 (quotation marks and alterations omitted). "[T]o prove 'willfulness' under the Copyright Act, the plaintiff must show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of reckless disregard for, or willful blindness to, the copyright holder's rights." *Id.* (quotation marks omitted).

### B. This Court and the Ninth Circuit Have Already Determined That Defendants' Copyright Infringement Was Intentional.

In *Fung*, this Court found that Defendants actively induced copyright infringement. 2009 WL 6355911, at *19. That holding necessarily means that Defendants' infringement was intentional. *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 936-37 (2005) ("one who distributes a device with the *object* of promoting its use to infringe copyright … is liable for the resulting acts of infringement by third parties"); *id.* at 937 ("The inducement rule . . . premises liability on *purposeful*, culpable expression and conduct") (all emphases added).

In fact, this Court repeatedly found that Defendants' infringement was "intentional" and "purposeful" – that Defendants "celebrated" copyright infringement. *E.g.*, *Fung*, 2009 WL 6355911, at *11 ("Defendants disseminated a message '*designed* to stimulate others' to commit infringements"); *id.* ("Box Office Movies" feature "evidences Defendants' *intent* to encourage their users' infringement); *id.* at *12 (Fung's public statements and admissions evidence "Fung's *intent* in creating the Defendant websites to aid others' infringement"); *id.* at *14 (technical features evidence "Defendants' *intent* to induce copyright infringement"); *id.* at *14 n.24 (failure to implement a copyright filter evidence "defendants' *intent* to induce infringement"); *id.* at *15 (adopting a business model that profits from infringement "is further evidence of Defendants' *intent* to assist infringing uses"); *id.* (Defendants engaged in "*purposeful*, culpable conduct in inducing third party infringement"); *id.* at *12 ("Defendants … foster[ed] a community that *encouraged – indeed, celebrated –* copyright infringement") (all emphases added).

The Court based these findings on overwhelming evidence that was either uncontroverted or beyond reasonable dispute. By way of example, the Court found:

- Defendant Fung "personally engaged in a broad campaign of encouraging copyright infringement," including making public statements such as

"'they accuse us for [sic] thieves, and they r[sic] right. Only we r [sic] 'stealing' from the lechers (them) and not the originators (artists).'" *Id.* at *12.

- Through their "Box Office Movies" feature – which "essentially involved Defendants' periodic posting of a list of the top 20 highest-grossing films then playing in United States" – "Defendants engaged in direct solicitation of infringing activity." *Id.* at *11.

- Defendants' websites "included a feature that collects users' most commonly searched-for titles," which "almost exclusively contained copyrighted works." *Id.*

- Defendant Fung personally "posted a link to a torrent file for the recent film *Lord of the Rings: Return of the King* on the Isohunt site and stated, 'if you are curious, download this.'" *Id.* at *12. "Additionally, Fung created a promotional page inviting users to upload torrent files for *Matrix Reloaded,* another recent film." *Id.*

- Defendant Fung "posted on his website a message telling the website's users that they should 'try Peer Guardian,' a software application that can be used to frustrate copyright enforcement against file sharers." *Id.*

- Defendant Fung "personally posted messages in the Isohunt discussion forums in which he provided technical assistance to users seeking copyrighted works." *Id.*

- Defendants' moderators "assisted users seeking to download files or provided links to other websites containing the requested items," *id.* at *13, and even thanked users who posted copyrighted films. *Id.*

- Defendants instituted "technical features in their web-sites" that assisted users in locating "specific web pages containing terms like 'seinfeld-

4

videos,' which one would infer contains infringing content from the television show *Seinfeld*." *Id.* at *14.

- "Defendants' business model depends on massive infringing use"; Defendant Fung even "acknowledge[d] that the availability of popular works is what attracts users to the sites." *Id.*

The Court ultimately held that "evidence of Defendants' *intent* to induce infringement is overwhelming and beyond reasonable dispute." *Id.* at *11; see also id.* at *7 ("inducement requires that the defendant has undertaken *purposeful* acts"); *id.* at *14 n.22 ("secondary copyright liability … generally regulates *intentional* behavior") (all emphases added). Thus, this Court's conclusions in its summary judgment order leave no doubt that Defendants' infringement was *intentional*.

The Ninth Circuit affirmed these conclusions in all respects. It held that, to establish inducement, Plaintiffs were required to show that Defendants had the intent to infringe copyright. 710 F.3d at 1032. And it held that Plaintiffs had satisfied that standard as a matter of law: "Fung offered his services with the *object* of promoting their use to infringe copyrighted material. No reasonable jury could find otherwise." *Id.* at 1035 (emphasis added). The Ninth Circuit further agreed with this Court that "the record is replete with instances of Fung *actively encouraging* infringement . . . . [I]t would have been objectively obvious to a reasonable person that the material solicited and assisted was both copyrighted and not licensed to random members of the public, and that the induced use was therefore infringing." *Id.* at 1043 (emphasis added).

Because both this Court and the Ninth Circuit concluded that these facts were not "genuinely in dispute," the Court may treat them "as established in the case." *See* Fed. R. Civ. P. 56(g). Furthermore, the law of the case doctrine precludes Defendants from attempting to reargue or re-try these factual findings, which underpin the Court's finding of liability. *See, e.g., Ingle v. Circuit City*, 408 F.3d

5

592, 594 (9th Cir. 2005) ("Under the law of the case doctrine, a court is generally precluded from reconsidering an issue previously decided by the same court, or a higher court in the identical case") (internal quotation marks omitted).

### C. The Findings by this Court and the Ninth Circuit Establish, as a Matter of Law, that Defendants Infringement Was "Willful" Under 17 U.S.C. § 504(c)(2).

The facts previously established in this case – that Defendants' infringement was "intentional" and "purposeful" – plainly demonstrate that Defendants' infringement was "willful" under 17 U.S.C § 504(c)(2). *See supra*, at 2-6; *see also Washington Shoe*, 704 F.3d at 674. At the very minimum, the Court's conclusion that Defendants engaged in an "ostrich-like refusal to discover the extent to which its system was being used to infringe copyright," *Fung*, 2009 WL 6355911, at *15 (quotation marks omitted), establishes that Defendants engaged in "reckless disregard for . . . the copyright holder's rights," which is independently sufficient to establish willfulness. *Washington Shoe*, 704 F.3d at 674 (quotation marks omitted).

Two courts previously have considered the relationship between inducement liability and willful infringement and, in each case, the court determined that the finding of inducement established willfulness as a matter of law. In *Arista Records, LLC v. Usenet.com, Inc.*, 633 F. Supp. 2d 124 (S.D.N.Y. 2009), the Court held that the Usenet.com defendants, like the Defendants here, "took active measures" to promote infringing activity, and thereby induced copyright infringement, through their operation of a website that enabled users to download infringing content. *Id.* at 148-49, 155. Based on those findings, the Court held, as a matter of law, that a finding of willfulness automatically followed. *Arista Records LLC v. Usenet.com, Inc.*, No. 07 Civ. 8822 (HB), 2010 WL 3629587, at *5 (S.D.N.Y. Sept. 16, 2010). Likewise, in *Arista Records LLC v. Lime Group LLC*, No. 06-cv-05936 (S.D.N.Y.), Order, April 26, 2011 (Dkt. #712) ("*Limewire*"), the Court held that its prior decision holding the defendants liable for induced infringement "establish[ed], as a

matter of law, that Defendants' conduct was 'willful' within the meaning of Section 504(c)(2)." *Id.* at *2.

This case is indistinguishable from *Usenet.com* and *Limewire*: the Court's findings on induced infringement necessarily mean that Defendants' conduct was willful as well. *Accord Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 518 F. Supp. 2d 1197, 1217 (C.D. Cal. 2007) (noting relationship between inducement infringement and willfulness). Accordingly, Plaintiffs are entitled to summary judgment on the issue of willfulness.

## II. DEFENDANTS' CANNOT ASSERT A DEFENSE OF "INNOCENT" INFRINGEMENT.

### A. The Court's Liability Findings Preclude A Defense of "Innocent" Infringement.

Because Defendants are "willful" infringers, as a matter of law, Defendants cannot establish a defense of "innocent" infringement. To establish innocent infringement, Defendants must show that they were "not aware and had no reason to believe that [their] acts constituted an infringement of copyright." 17 U.S.C. § 504(c)(2). This standard is simply antithetical to the findings of this Court and the Ninth Circuit that Defendants intentionally promoted copyright infringement. *See supra*, at 2-6. Accordingly, the innocent infringement defense cannot apply.

### B. Independently, Because Plaintiffs' Published Works Included Proper Copyright Notices, the Statute Itself Precludes A Defense of "Innocent" Infringement.

Defendants cannot claim the innocent infringement defense for a second and independent reason: Plaintiffs consistently affix notices of copyright to their works. Under 17 U.S.C. § 401(d), if a notice of copyright that meets statutory requirements as to "form and position . . . appears on [a] published copy or copies to which a defendant in a copyright infringement suit had access, then no weight shall be given to such a defendant's interposition of a defense based on innocent infringement in mitigation of actual or statutory damages." Under these circumstances, the innocent

7

matter of law, that Defendants' conduct was 'willful' within the meaning of Section 504(c)(2)." *Id.* at *2.

This case is indistinguishable from *Usenet.com* and *Limewire*: the Court's findings on induced infringement necessarily mean that Defendants' conduct was willful as well. *Accord Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 518 F. Supp. 2d 1197, 1217 (C.D. Cal. 2007) (noting relationship between inducement infringement and willfulness). Accordingly, Plaintiffs are entitled to summary judgment on the issue of willfulness.

## II. DEFENDANTS' CANNOT ASSERT A DEFENSE OF "INNOCENT" INFRINGEMENT.

### A. The Court's Liability Findings Preclude A Defense of "Innocent" Infringement.

Because Defendants are "willful" infringers, as a matter of law, Defendants cannot establish a defense of "innocent" infringement. To establish innocent infringement, Defendants must show that they were "not aware and had no reason to believe that [their] acts constituted an infringement of copyright." 17 U.S.C. § 504(c)(2). This standard is simply antithetical to the findings of this Court and the Ninth Circuit that Defendants intentionally promoted copyright infringement. *See supra*, at 2-6. Accordingly, the innocent infringement defense cannot apply.

### B. Independently, Because Plaintiffs' Published Works Included Proper Copyright Notices, the Statute Itself Precludes A Defense of "Innocent" Infringement.

Defendants cannot claim the innocent infringement defense for a second and independent reason: Plaintiffs consistently affix notices of copyright to their works. Under 17 U.S.C. § 401(d), if a notice of copyright that meets statutory requirements as to "form and position . . . appears on [a] published copy or copies to which a defendant in a copyright infringement suit had access, then no weight shall be given to such a defendant's interposition of a defense based on innocent infringement in mitigation of actual or statutory damages." Under these circumstances, the innocent

7

infringement defense is categorically unavailable regardless of the defendant's mental state. *Maverick Recording Co. v. Harper*, 598 F.3d 193, 199 (5th Cir. 2010) (when proper notices affixed, "the infringer's knowledge or intent" is irrelevant, and innocent infringement defense is foreclosed "as a matter of law"); 4 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 14.04[B][2][a] at 14-74-75 (defendants "generally cannot remit statutory damages below the mandatory minimum, unless the subject work was unpublished, bore an invalid [copyright] notice, or was inaccessible to that defendant") (footnotes omitted).

In this case, there is no genuine dispute of material fact that Plaintiffs affixed adequate notices of copyright on their published works and that Defendants had access to those published works. First, Plaintiffs' copyrighted works contain notices of copyright that met the statutory requirements as to "form and position" under § 401(d). Those notices satisfied all requirements: they contained the symbol ©, the year of publication, and the identity of the copyright owner, each properly positioned pursuant to the Register of Copyright's regulations. 17 U.S.C. § 401(b)-(c); 37 C.F.R. § 201.20(c), (h); *see also* SUF ¶¶ 2-6, 10-13.

Second, Defendants plainly "had access" to published copies that contained the notice of copyright. The notice of copyright appears on the screen when movies are shown at theaters or television programs are broadcast. SUF ¶¶ 2-5. And, notices are properly affixed to physical media (*e.g.*, DVDs) and in digital files (*e.g.*, iTunes downloads) when Plaintiffs sell copies of their works. SUF ¶¶ 2-6. Courts unanimously have held that such sales are sufficient to satisfy the "access" requirement. *E.g.*, *BMG Music v. Gonzalez*, 430 F.3d 888, 892 (7th Cir. 2005) ("[The infringer] had 'access' to records and compact disks bearing the proper notice. . . . [T]he statutory question is whether 'access' to legitimate works was available rather than whether infringers earlier in the chain attached copyright notices to the pirated works. [The infringer] readily could have learned, had she

inquired, that the music was under copyright."); *Maverick*, 598 F.3d at 197 (same). Accordingly, Defendants "had access" to the notices of copyright.

In sum, there is no genuine dispute of material fact that "a notice of copyright in the form and position specified … appears on the published copy or copies to which [Defendants] … had access." 17 U.S.C. § 401(d). Therefore, even if Defendants were not "willful" infringers, which clearly they are, as a matter of law, based on the statute itself, Defendants could not assert a defense of "innocent" infringement. *Id.*

## CONCLUSION

For the foregoing reasons, the motion for summary judgment should be granted.

Dated: August 23, 2013

Respectfully submitted,

JENNER & BLOCK LLP

By: /s/ Steven B. Fabrizio
    Steven B. Fabrizio

STEVEN B. FABRIZIO
GIANNI P. SERVODIDIO
  JENNER & BLOCK LLP

KAREN R. THORLAND
FARNAZ M. ALEMI
  MOTION PICTURE ASSOCIATION OF
  AMERICA
15301 Ventura Boulevard
Building E
Sherman Oaks, CA 91403

*Attorneys for Plaintiffs*