JENNER & BLOCK LLP
STEVEN B. FABRIZIO (admitted *pro hac vice*)
601 Thirteenth Street, N.W., Suite 1200 South
Washington, D.C.  20005
Telephone:  (202) 639-6000  Facsimile:  (202) 661-4823
E-Mail:  sfabrizio@jenner.com

GIANNI P. SERVODIDIO (admitted *pro hac vice*)
919 Third Avenue, 37th Floor
New York, NY 10022
Telephone:  (212) 891-1600  Facsimile:  (212) 891-1699
E-Mail:  gps@jenner.com; svalkonen@jenner.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLUMBIA PICTURES INDUSTRIES, INC., *et. al.*<br><br>  Plaintiffs,<br>  v.<br>GARY FUNG, *et. al.*<br><br>  Defendants. | Case No.  **CV-06-05578 SVW (JCx)**<br><br>**PLAINTIFFS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON WILLFUL AND INNOCENT INFRINGEMENT UNDER 17 U.S.C. § 504(C)(2)**<br><br>Date: September 23, 2013<br>Time: 1:30 PM<br>Ctrm: 6<br><br>Judge: The Hon. Stephen V. Wilson |

Pursuant to Rule 56-1, plaintiffs submit the following Statement of Uncontroverted Facts and Conclusions of Law in support of their Motion for Summary Judgment on Willful and Innocent Infringement under 17 U.S.C. § 504(c)(2).

## UNCONTROVERTED FACTS

1. Defendants intentionally and purposefully induced copyright infringement, and fostered a community that encouraged – indeed, celebrated – copyright infringement. *See Columbia Pictures Indus., Inc. v. Fung*, No. CV-06-05578 SVW (JCx), 2009 WL 6355911 (C.D. Cal. Dec. 21, 2009), *aff'd*, 710 F.3d 1020 (9th Cir. 2013).[1]

2. All motion pictures and television programs published by Plaintiffs are published with copyright notices which contain the symbol ©, the year of publication, and the identity of the copyright owner. Ruvalcaba Decl. ¶ 4.

3. For all motion pictures and television programs published by Plaintiffs, these copyright notices are electronically or photomechanically incorporated into the programs. These notices are permanent and cannot be deleted or altered under normal conditions of use. Ruvalcaba Decl. ¶ 5.

4. For all motion pictures and television program published by Plaintiffs, these copyright notices appear when the programs are performed in their entirety, in

---

[1] Beyond this recitation of the Court's decision in the first phase of the case, these uncontroverted facts do not include the facts that were already established at the first phase of the case. The Court has already determined that there is no genuine dispute as to any of those facts, and the Court's prior decision (along with the Ninth Circuit's affirmance) is now the law of the case. *See* Mem. In Support of Mot. for SJ, at 5-6. Rather, beyond this recitation of the Court's decision, these uncontroverted facts include only new matter which the Court did not already adjudicate during the first phase of the case. Plaintiffs incorporate by reference the facts that were already established at the first phase.

a manner that is immediately apparent under reasonable examination. Ruvalcaba Decl. ¶ 6.

5. For all motion pictures and television programs published by Plaintiffs, these copyright notices are located:
   a. With or near the title;
   b. With the cast, credits, and similar information;
   c. At or immediately following the beginning of the work; or
   d. At or immediately preceding the end of the work.

Ruvalcaba Decl. ¶ 7.

6. When any motion picture or television program published by Plaintiffs is distributed to the public for private use in a physical format (such as a CD or DVD), the copyright notice is always included on the housing or container of the work. This copyright notice is permanently legible under normal conditions of use, and is immediately apparent under reasonable examination. Ruvalcaba Decl. ¶ 8.

## **CONCLUSIONS OF LAW**

7. Defendants' liability for induced infringement necessarily establishes that Defendants acted intentionally and purposefully. *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 936-37 (2005) ("one who distributes a device with the *object* of promoting its use to infringe copyright … is liable for the resulting acts of infringement by third parties"); *id.* at 937 ("The inducement rule . . . premises liability on *purposeful*, culpable expression and conduct") (all emphases added).

8. Because Defendants acted intentionally and purposefully, they are willful infringers under 17 U.S.C. § 504(c)(2). *See Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 674 (9th Cir. 2012) ("[T]o prove 'willfulness' under the Copyright Act, the plaintiff must show (1) that the

    defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of reckless disregard for, or willful blindness to, the copyright holder's rights." (quotation marks omitted)); *Arista Records LLC v. Usenet.com, Inc.*, No. 07 Civ. 8822 (HB), 2010 WL 3629587, at *5-6 (S.D.N.Y. Sept. 16, 2010) (holding that finding of induced infringement necessarily established willful infringement); *Arista Records LLC v. Lime Group, LLC*, No. 06-cv-05936 (S.D.N.Y.), Order, April 26, 2011 (Dkt. #712) (same).

9. Because Defendants acted intentionally and purposefully, they are not innocent infringers under 17 U.S.C. § 504(c)(2). *See* 17 U.S.C. § 504(c)(2) (innocent infringement requires showing that defendants were "not aware and had no reason to believe that [their] acts constituted an infringement of copyright").

10. Plaintiffs' copyright notices comply with "Form of Notice" requirements. *See* 17 U.S.C. § 401(b) ("Form of Notice" – copyright notice must contain the symbol ©, the date of publication, and the copyright owner).

11. Plaintiffs' copyright notices comply with "Position of Notice" requirements. *See* 17 U.S.C. § 401(c) ("Position of Notice" – compliance with Register of Copyright's regulations "will satisfy this requirement"); 37 C.F.R. § 201.20(c), (h) (setting forth notice requirements enumerated in ¶¶ 2-6, *supra*).

12. Defendants had access to Plaintiffs' copyrighted works containing notices of copyright. *BMG Music v. Gonzalez*, 430 F.3d 888, 892 (7th Cir. 2005) ("[The infringer] had 'access' to records and compact disks bearing the proper notice. . . . [T]he statutory question is whether 'access' to legitimate works was available rather than whether infringers earlier in the chain attached copyright notices to the pirated works. [The infringer] readily could have

learned, had she inquired, that the music was under copyright."); *Maverick Recording Co. v. Harper*, 598 F.3d 193, 197 (5th Cir. 2010) (same).

13. Because Plaintiffs' copyright notices comply with statutory requirements, Defendants are ineligible to claim the innocent infringement defense. 17 U.S.C. § 401(d) ("If a notice of copyright in the form and position specified by this section appears on the published copy or copies to which a defendant in a copyright infringement suit had access," innocent infringement defense is barred); *Maverick*, 598 F.3d at 199 (when proper notices affixed, "the infringer's knowledge or intent" is irrelevant, and innocent infringement defense is foreclosed "as a matter of law").

Dated: August 23, 2013

Respectfully submitted,

JENNER & BLOCK LLP

By: /s/ Steven B. Fabrizio
     Steven B. Fabrizio

STEVEN B. FABRIZIO
GIANNI P. SERVODIDIO
  JENNER & BLOCK LLP

KAREN R. THORLAND
FARNAZ M. ALEMI
  MOTION PICTURE ASSOCIATION OF
  AMERICA
15301 Ventura Boulevard
Building E
Sherman Oaks, CA 91403

*Attorneys for Plaintiffs*