JENNER & BLOCK LLP
STEVEN B. FABRIZIO (admitted *pro hac vice*)
601 Thirteenth Street, N.W., Suite 1200 South
Washington, D.C. 20005
Telephone: (202) 639-6000  Facsimile: (202) 661-4823
E-Mail: sfabrizio@jenner.com

GIANNI P. SERVODIDIO (admitted *pro hac vice*)
919 Third Avenue, 37th Floor
New York, NY 10022
Telephone: (212) 891-1600  Facsimile: (212) 891-1699
E-Mail: gservodidio@jenner.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLUMBIA PICTURES INDUSTRIES, INC., *et. al.*<br><br>Plaintiffs,<br>v.<br><br>GARY FUNG, *et. al.*<br><br>Defendants. | Case No. **CV-06-05578 SVW (JCx)**<br><br>**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON AFFIRMATIVE DEFENSES OF FAIR USE AND FAILURE TO MITIGATE**<br><br>Date: September 23, 2013<br>Time: 1:30 PM<br>Ctrm: 6<br><br>Judge: The Hon. Stephen V. Wilson |

Plaintiffs respectfully move this Court, under Rule 56, for summary judgment on two of Defendants' affirmative defenses: "fair use" and "failure to mitigate" damages.

## BACKGROUND

In their Answer, Defendants indiscriminately asserted 40 separate affirmative defenses. Answer, Dkt. 36, at 5-7. Most of those affirmative defenses were frivolous. *E.g.,* Answer, Dkt. 36, at ¶¶ 14 (Affirmative Defense #14, that "[t]he Court lacks subject matter jurisdiction" over a copyright claim), 25 (Affirmative Defense #25, that "Plaintiffs' claims are barred by reason of accord and satisfaction"), 35 (Affirmative Defense #35, that "the copyright registrations upon which plaintiffs rely in bringing this action were not certified or executed by an authorized signatory with knowledge").

At a February 20, 2007 hearing on the scope of the liability phase of the case, this Court observed that 40 was "a rather unusual number of defenses" and cautioned Defendants that "they will be examined and I can assure you that this Court is vigilant with regard to its responsibility as to Rule 11." Transcript, Hearing, Feb. 20, 2007, Dkt. 55 ("Feb. 20, 2007 Hearing"), at 4:25-5:10. Defendants thereafter dismissed 22 affirmative defenses. *See* Notice of Dismissal, Dkt. 160.

Defendants, however, declined to withdraw Affirmative Defense #21 (that "Plaintiffs have failed to mitigate their damages, if any") and Affirmative Defense #28 (that "[t]he disputed use of the works at issue were fair use"). Plaintiffs recently requested that Defendants withdraw the defenses – or at least explain the basis of the failure to mitigate defense. Defendants declined to do so.

Both affirmative defenses should be rejected as a matter of law. First, any fair use defense is procedurally barred because the Court expressly directed that affirmative defenses related to liability must be addressed in the liability phase of

the case. Defendants did not assert fair use in opposition to Plaintiffs' motion for summary judgment on liability, and cannot now relitigate liability issues. The defense, moreover, is foreclosed by *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004 (9th Cir. 2001) ("*Napster*"), which, on indistinguishable facts, held that peer-to-peer uploading and downloading of copyrighted works is infringement and not fair use. Second, failure to mitigate, by its terms, relates to a plaintiff's failure to mitigate its *actual* damages. Failure to mitigate is simply not a defense to a claim for *statutory* damages, which are the only damages Plaintiffs are seeking. Additionally, on its merits, the defense is legally baseless.

Defendants are improperly seeking widespread discovery (discovery that is incompatible with the November 5, 2013 trial ordered by the Court) in pursuance of affirmative defenses that are unsustainable as a matter of law. Defendants likewise intend to unduly complicate and prolong the jury trial with such defenses. Accordingly, Plaintiffs request that the Court grant the requested summary judgment on these two affirmative defenses.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(a), a plaintiff may move for summary judgment with respect to a defendant's affirmative defenses. *See* Fed. R. Civ. P. 56(a) ("A party may move for summary judgment, identifying each claim *or defense* – or the part of each claim *or defense* – on which summary judgment is sought") (emphasis added). "[T]he defendant bears the burden of proof" for affirmative defenses; therefore, when the plaintiff "move[s] for summary judgment, it [becomes] incumbent on [the defendant] to produce evidence cognizable under Federal Rule of Civil Procedure 56(c) & (e) supporting the defense." *Continental Airlines, Inc. v. Intra Brokers, Inc.*, 24 F.3d 1099, 1103 (9th Cir. 1994). "When a plaintiff seeks summary judgment on affirmative defenses, he or she may satisfy the Rule 56 burden by showing that there is an absence of evidence to support an

                                                                        AND FAILURE TO MITIGATE**

essential element of the non-moving party's case." *Powell v. Union Pacific R. Co.*, 864 F. Supp. 2d 949, 962 (E.D. Cal. 2012) (quotation marks and alterations omitted). The plaintiff, however, is not required to "negate elements of the affirmative defenses by submitting affidavits or other evidence." *Id.*

## ARGUMENT

### I. Defendants' Fair Use Defense Should Be Rejected.

Plaintiffs are entitled to summary judgment on fair use because Defendants failed to raise the defense during the liability phase of the case. At the initial scheduling conference, the Court bifurcated the case into liability and damages phases. The parties subsequently sought guidance from the Court as to the scope of the liability phase – including, specifically, how affirmative defenses should be handled – and the Court very explicitly directed that affirmative defenses must be raised in the liability phase, in opposition to summary judgment: "Well, it seems to me you have to deal with the affirmative defenses. . . . [O]therwise the summary judgment exercise is without much value." Feb. 20, 2007 Hearing, at 11:6-8; *see also id.* at 10:11-12 (Court questioning "the value of such a motion or ruling" on liability that does not address affirmative defenses).[1]

Immediately after the Court clarified that any affirmative defenses were to be raised in the liability phase, and as a direct result of the Court's ruling, the Magistrate Judge ordered that "discovery at [the liability] stage should proceed regarding all theories of liability (*i.e.* inducement, contributory infringement, vicarious infringement) *and affirmative defenses relative thereto*." Order, Feb, 22, 2007, Dkt. 56, at 1-2 (emphasis added).

---

[1] The Court's ruling could not have been clearer and, in fact, came in the context of the Court rejecting Plaintiffs' initial suggestion that affirmative defenses be postponed until after summary judgment on liability. Feb. 20, 2007 Hearing, at 9:19 – 11:14.

Defendants failed to pursue a fair use defense at any point in the liability phase. They are foreclosed from doing so now. Indeed, to permit Defendants to pursue their fair use defense at this late stage would undermine the very purpose of the bifurcation that the Court ordered in this case. Fair use is a defense to copyright infringement. *See* 17 U.S.C. § 107 ("the fair use of a copyrighted work . . . is not an infringement of copyright"). It thus relates directly to liability, not damages.

The Court has already found Defendants to be liable for copyright infringement, *Columbia Pictures Industries, Inc. v. Fung*, No. CV 06-5578 SVW(JCx), 2009 WL 6355911, at *19 (C.D. Cal. Dec. 21, 2009), a finding that the Ninth Circuit has affirmed. 710 F.3d 1020 (9th Cir. 2013). And this Court has made clear that the trial on damages will be limited to the remaining questions of whether "Plaintiffs . . . 1) owned the copyright; and 2) [whether] an American user downloaded a Dot-Torrent file of that work from one of Defendants' websites," Order, Aug. 7, 2013, Dkt. 554, at 4, questions that do not include fair use or other affirmative defenses relating to liability. Defendants should not be permitted to reopen the issue of their liability through the defense of fair use. *See Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087-88 (9th Cir. 2002) (trial courts have broad discretion to enforce scheduling orders).

Even if Defendants' fair use defense were not procedurally barred, it would still be foreclosed as a matter of law by binding precedent in this Circuit. In *Napster,* the Ninth Circuit held that the unauthorized uploading and downloading of copyrighted works through a peer-to-peer network cannot be a fair use. 239 F.3d at 1014-19. In relevant part, the circumstances the Ninth Circuit considered in *Napster* are indistinguishable from those at issue here. Exactly as did the *Napster* defendants, these Defendants operate an online service by which users upload and download unauthorized full-length copies of copyrighted works on a massive scale. The Ninth Circuit had little difficulty concluding, as a categorical matter, that such

conduct is copyright infringement, not fair use. For this reason as well, Plaintiffs are entitled to summary judgment as to the fair use defense.

## II. Defendants' Failure to Mitigate Defense Should Be Rejected.

Defendants have asserted an affirmative defense to the effect that Plaintiffs somehow "failed to mitigate" damages. The Court should reject this affirmative defense both because it has no place in a statutory damages case and because, on its merits, it is baseless.

<u>First</u>, as numerous courts have held, "a copyright plaintiff's exclusive pursuit of statutory damages invalidates a failure-to-mitigate defense." *See, e.g.*, *Malibu Media, LLC v. Doe*, No. 1:1-CV-30, 2013 WL 4048513, at *2 (N.D. Ind. Aug. 9, 2013); *Malibu Media, LLC v. Batz*, No. 12-cv-01953-WYD-MEH, 2013 WL 2120412, at *3 (D. Colo. Apr. 5, 2013) (citing *Moothart v. Bell*, 21 F.3d 1499, 1506-07 (10th Cir. 1994)); *Arista Records, Inc. v. Flea World, Inc.*, 356 F. Supp. 2d 411, 422 (D.N.J. 2005). This is so because "the penalty statute is just that, a penalty. Therefore, mitigation of damages would not apply." *Moothart*, 21 F.3d at 1506.

The rationale for these decisions is obvious and compelling: The very purpose of the failure to mitigate defense is to ensure that the plaintiff is compensated for the *actual* damages he would have sustained, had he diligently attempted to reduce his damages. *See, e.g., Yang Ming Transport Corp. v. Okamoto Freighters Ltd.*, 259 F.3d 1086, 1095 (9th Cir. 2001); *Binder v. Disability Group, Inc.*, 772 F. Supp. 2d 1172, 1184 (C.D. Cal. 2011). In contrast, statutory damages do not reflect – and are not intended to approximate – the actual damages sustained by the plaintiff; instead, they are affixed by a jury largely as a measure of the defendant's culpability and the need to deter others. *Axiom Worldwide, Inc. v. HTRD Group Hong Kong, Ltd.*, No. 8:11-cv-1468-T-33TBM, 2013 WL 3975675, at *10 (M.D. Fla. July 31, 2013) (Copyright Act authorizes statutory damages "so that courts may tailor awards to the scope of the conduct and the culpability of the

**PLAINTIFFS' MSJ RE FAIR USE AND FAILURE TO MITIGATE**

defendant") (alterations and quotation marks omitted). Thus, in a copyright case, a plaintiff may recover statutory damages even if it has not suffered any actual damages in order to "sanction and vindicate the statutory policy of discouraging infringement." *Los Angeles News Service v. Reuters Television Intern., Ltd.*, 149 F.3d 987, 996 (9th Cir. 1998) (quotation marks omitted).

<u>Second</u>, Defendants' failure to mitigate defense, on its merits, must fail as a matter of law in this context. In their recently served discovery requests, Defendants argue that Plaintiffs failed to mitigate damages because they allegedly (i) expended insufficient effort to "discover[] . . . and . . . halt or reduce infringements of the" copyrighted works in suit, and (ii) failed to "[give] notice to Defendants (in writing, orally, pursuant to DMCA Notice, or otherwise), prior to the commencement of this litigation, that [Plaintiffs] objected to the inclusion, exploitation or availability of the work on Defendants' websites." SUF ¶¶ 2, 3.

In other words, Defendants' failure to mitigate defense posits that Plaintiffs cannot collect damages for Defendants' intentional infringement of Plaintiffs' copyrighted works because Plaintiffs did not do enough to stop copyright infringement generally or through Defendants' websites. Apart from being incompatible with the facts, such an argument cannot state a valid defense of failure to mitigate.

Courts have uniformly rejected contentions that copyright owners are somehow at fault for the extent of illegal downloads through online services or for the inability to stop it. *See, e.g.*, *Napster*, 239 F.3d at 1026 (rejecting argument that "plaintiffs knowingly provided consumers with technology designed to copy and distribute MP3 files over the Internet and, thus, waived any legal authority to exercise exclusive control over creation and distribution of MP3 files"); *Sony BMG Music Entertainment v. Tenenbaum*, 672 F. Supp. 2d 217, 232-37 (D. Mass. 2009) (rejecting argument that plaintiffs acquiesced to copyright infringement by taking

insufficient steps to halt file-trading); *see also Home Design Services, Inc. v. Trumble*, No. 09-cv-00964-WYD-CBS, 2011 WL 843900, at *3 (D. Colo. Mar. 8, 2011) (rejecting failure to mitigate defense because copyright owner had no duty to preemptively warn individuals not to violate copyright law).

Plaintiffs, moreover, "of course, w[ere] under no obligation to give notice of claimed infringement before filing this suit." *Corbis Corp. v. Amazon.com, Inc.*, 351 F. Supp. 2d 1090, 1099 (W.D. Wash. 2004). The Ninth Circuit held as much in this very case. *Fung*, 710 F.3d at 1043 (liability for copyright infringement "independent of any notifications" from Plaintiffs); *see also Viacom Intern. Inc. v. YouTube, Inc.*, 718 F. Supp. 2d 514, 521 (S.D.N.Y. 2010) (DMCA "does not require use of the notice and take-down procedure . . . copyright owners are not obligated to give notification of claimed infringement in order to enforce their rights") (quoting Senate and House Reports), *vacated in part on other grounds*, 676 F.3d 19 (2d Cir. 2012). That principle applies with even more force here, where the Court has found that Defendants actively promoted – even celebrated – copyright infringement on a massive scale. 2009 WL 6355911, at *11. With Defendants adding countless dot-torrent files for infringing content on an around-the-clock basis, the notion that sending notices on a file by file basis could even begin to affect the staggering scale of infringement on Defendants' websites is fanciful. As the Court may recall, Defendants repeatedly argued in opposition to summary judgment that they could not be liable unless Plaintiffs sent a notice about each dot-torrent file and Defendants failed to respond to the notice. *E.g.*, Defs' Mem. in Opp. to Plfs' Mot. for Summary Judgment on Liability, Dkt. 322, at 30-31, 37. This Court flatly rejected that argument, holding that Defendants were liable regardless of whether Plaintiffs sent "adequate" DMCA notices. 2009 WL 6355911, at *16 n.27; *see also Fung*, 710 F.3d at 1043 (same). Defendants should not be permitted to reopen this already-decided issue at trial.

At bottom, even if Plaintiffs had never sent Defendants any notices on any works, that fact would not support a defense of failure to mitigate. Plaintiffs sued Defendants. That hardly can be deemed a failure by Plaintiffs to protect their copyrights. Accordingly, because Defendants lack any plausible theory under which their failure to mitigate defense could prevail, the Court should grant summary judgment to Plaintiffs. *See Coach, Inc. v. Kmart Corporations*, 756 F. Supp. 2d 421, 430-31 (S.D.N.Y. 2010) (striking failure to mitigate defense in copyright case because defendants advanced no plausible argument that Plaintiffs failed to mitigate damages).

## CONCLUSION

For the above reasons, the motion for summary judgment should be granted.

Dated: August 26, 2013            Respectfully submitted,

JENNER & BLOCK LLP

By: /s/ Steven B. Fabrizio
    Steven B. Fabrizio

STEVEN B. FABRIZIO
GIANNI P. SERVODIDIO
  JENNER & BLOCK LLP

KAREN R. THORLAND
FARNAZ M. ALEMI
  MOTION PICTURE ASSOCIATION OF
  AMERICA
15301 Ventura Boulevard, Building E
Sherman Oaks, CA 91403

*Attorneys for Plaintiffs*

**PLAINTIFFS' MSJ RE FAIR USE
AND FAILURE TO MITIGATE**