JENNER & BLOCK LLP
STEVEN B. FABRIZIO (admitted *pro hac vice*)
601 Thirteenth Street, N.W., Suite 1200 South
Washington, D.C. 20005
Telephone: (202) 639-6000  Facsimile: (202) 661-4823
E-Mail: sfabrizio@jenner.com

GIANNI P. SERVODIDIO (admitted *pro hac vice*)
919 Third Avenue, 37th Floor
New York, NY 10022
Telephone: (212) 891-1600  Facsimile: (212) 891-1699
E-Mail: gservodidio@jenner.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLUMBIA PICTURES INDUSTRIES, INC., *et. al.*<br><br>Plaintiffs,<br>v.<br>GARY FUNG, *et. al.*<br><br>Defendants. | Case No. **CV-06-05578 SVW (JCx)**<br><br>**PLAINTIFFS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON AFFIRMATIVE DEFENSES OF FAIR USE AND FAILURE TO MITIGATE**<br><br>Date: September 23, 2013<br>Time: 1:30 PM<br>Ctrm: 6<br><br>Judge: The Hon. Stephen V. Wilson |

Pursuant to Rule 56-1, plaintiffs submit the following Statement of Uncontroverted Facts and Conclusions of Law in support of their Motion for Summary Judgment on Affirmative Defenses of Fair Use and Failure to Mitigate.

## UNCONTROVERTED FACTS

1. Defendants intentionally and purposefully induced copyright infringement. *See Columbia Pictures Indus., Inc. v. Fung*, No. CV-06-05578 SVW (JCx), 2009 WL 6355911 (C.D. Cal. Dec. 21, 2009), *aff'd*, 710 F.3d 1020 (9th Cir. 2013).[1]

2. Defendants' Request for Production No. 130, served on August 19, 2013, states as follows: "All documents concerning YOUR discovery of and YOUR efforts to halt or reduce infringements of the ALLEGED WORKS."

3. Defendants' Interrogatory No. 20, served on August 19, 2013, states as follows: "For each work identified in YOUR response to Interrogatory No. 10, describe in detail each and every instance in which YOU stated or otherwise gave notice to Defendants (in writing, orally, pursuant to a DMCA Notice, or otherwise), prior to the commencement of this litigation, that YOU objected to the inclusion, exploitation or availability of the work on Defendants' websites."

---

[1] Beyond this recitation of the Court's decision in the first phase of the case, these uncontroverted facts do not include the facts that were already established at the first phase of the case. The Court has already determined that there is no genuine dispute as to any of those facts, and the court's prior decision (along with the Ninth Circuit's affirmance) is now the law of the case. *See* Mem. In Support of Mot. for SJ, on Willful and Innocent Infringement, Dkt. 562, at 5-6. Rather, beyond this recitation of the Court's decision, these uncontroverted facts include only new matter which the Court did not already adjudicate during the first phase of the case. Plaintiffs incorporate by reference the facts that were already established at the first phase.

## CONCLUSIONS OF LAW

4. Defendants have forfeited their fair use defense because they failed to raise it at the liability phase of this case. *See* Feb. 20, 2007 Hearing Tr., Dkt. 55, at 11:6-8 (directing Defendants to raise affirmative defenses at the liability phase); Order, Feb, 22, 2007, Dkt. 56, at 1 (directing Defendants to conduct discovery into affirmative defenses at the liability phase); *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 969 (9th Cir. 2006) (trial courts have broad discretion to enforce scheduling orders).

5. Defendants' fair use defense fails on its merits. *See A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1014-19 (9th Cir. 2001) (holding that unauthorized uploading and downloading of copyrighted works through a peer-to-peer network is not a fair use).

6. Defendants' failure to mitigate defense fails because such a defense is unavailable in copyright cases involving statutory damages. *See, e.g.*, *Malibu Media, LLC v. Doe*, No. 1:1-CV-30, 2013 WL 4048513, at *2 (N.D. Ind. Aug. 9, 2013); *Malibu Media, LLC v. Batz*, No. 12-cv-01953-WYD-MEH, 2013 WL 2120412, at *3 (D. Colo. Apr. 5, 2013); *Arista Records, Inc. v. Flea World, Inc.*, 356 F.Supp.2d 411, 422 (D.N.J. 2005).

7. Defendants' failure to mitigate defense fails because Defendants have no plausible theory under which Plaintiffs failed to mitigate damages. *See, e.g.*, *Napster*, 239 F.3d at 1026 (rejecting argument that "plaintiffs knowingly provided consumers with technology designed to copy and distribute MP3 files over the Internet and, thus, waived any legal authority to exercise exclusive control over creation and distribution of MP3 files"); *Sony BMG Music Entertainment v. Tenenbaum*, 672 F. Supp. 2d 217, 232-37 (D. Mass. 2009) (rejecting argument that plaintiffs acquiesced to copyright infringement by taking insufficient steps to halt file-trading); *Home Design Services, Inc. v.*

**PLS' SUF IN SUPPORT OF MOT. FOR SUMM. JDMT.**

*Trumble*, No. 09-cv-00964-WYD-CBS, 2011 WL 843900, at *3 (D. Colo. Mar. 8, 2011) (rejecting failure to mitigate defense because copyright owner had no duty to preemptively warn individuals not to violate copyright law).

| | |
|---|---|
| Dated: August 26, 2013 | Respectfully submitted, |
| | JENNER & BLOCK LLP |
| | By: /s/ Steven B. Fabrizio |
| | Steven B. Fabrizio |
| | |
| | STEVEN B. FABRIZIO |
| | GIANNI P. SERVODIDIO |
| | JENNER & BLOCK LLP |
| | |
| | KAREN R. THORLAND |
| | FARNAZ M. ALEMI |
| | MOTION PICTURE ASSOCIATION OF AMERICA |
| | 15301 Ventura Boulevard |
| | Building E |
| | Sherman Oaks, CA 91403 |
| | |
| | *Attorneys for Plaintiffs* |