Michael S. Elkin (admitted *pro hac vice*)
melkin@winston.com
Thomas Patrick Lane (admitted *pro hac vice*)
tlane@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York  10166
Telephone:  (212) 294-6700
Facsimile:   (212) 294-4700

Ira P. Rothken (SBN: 160029)
ira@techfirm.net
Jared R. Smith (SBN: 130343)
jared@techfirm.net
**ROTHKEN LAW FIRM**
3 Hamilton Landing, Suite 280
Novato, CA 94949
Telephone:  (415) 924-4250
Facsimile:   (415) 924-2905

Jennifer A. Golinveaux (SBN: 203056)
jgolinveaux@winston.com
Thomas J. Kearney (SBN: 267087)
tkearney@winston.com
**WINSTON & STRAWN LLP**
101 California Street
San Francisco, CA  94111-5802
Telephone:  (415) 591-1000
Facsimile:   (415) 591-1400

Erin R. Ranahan (SBN: 235286)
eranahan@winston.com
**WINSTON & STRAWN LLP**
333 South Grand Avenue, Suite 3800
Los Angeles, CA 90071-1543
Telephone:  (213) 615-1700
Facsimile:   (213) 615-1750

Attorneys for Defendants,
GARY FUNG and ISOHUNT WEB TECHNOLOGIES, INC.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA  90071-1543

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

COLUMBIA PICTURES INDUSTRIES, INC., et al.,

                    Plaintiffs,

          v.

GARY FUNG, et al.,

                    Defendants.

**Case No. CV 06-5578-SVW (JCx)**

**DEFENDANTS' *EX PARTE* APPLICATION FOR AN ORDER REQUIRING PLAINTIFFS TO IDENTIFY WORKS FOR WHICH THEY ARE SEEKING STATUTORY DAMAGES SUFFICIENTLY IN ADVANCE OF TRIAL SO THAT DEFENDANTS CAN PREPARE THEIR CASE AND MODIFYING PRE-TRIAL AND TRIAL DATES**

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that pursuant to Local Rule 7-19, Defendants hereby apply to the Court *ex parte* for an order requiring Plaintiffs to amend their complaint to identify works for which they are seeking statutory damages sufficiently in advance of trial so that Defendants can prepare their case, and modifying pretrial and trial dates. This *ex parte* application is brought on the grounds that the Court's prior bifurcation order should not be used to deny Defendants' due process. Further, Defendants seek to move the trial date because lead trial counsel, Michael Elkin and Thomas Lane, have a Financial Industry Regulatory Authority ("FINRA") arbitration scheduled in New York at the same time. [Declaration of Thomas P. Lane ("Lane Decl.") ¶ 2.]

Defendants have repeatedly sought to reach agreement with Plaintiffs on a workable schedule, including one that would require Plaintiffs to identify the works at issue in time to allow Defendants to meaningfully investigate the value of, ownership of, and their appropriate affirmative defenses for, such works. Plaintiffs have refused to commit to a timeframe for doing so, clearly intending to run the clock on Defendants' legitimate discovery efforts to avoid their corresponding burdens with respect to works for which Plaintiffs are seeking close to a billion dollars in damages.

Defendants further request that the Court modify the trial schedule to either forbid summary judgment motions altogether, or if they are allowed, the Court should set a deadline for motions for summary judgment that is after discovery yet before trial. Plaintiffs have filed two motions for summary judgment within the last three days (Dkt. Nos. 561-566), which both, to the extent they are permitted at all, are premature because they require that Plaintiffs identify the works to Defendants before the affirmative defenses at issue or willfulness can be determined. Defendants also seek adequate time to conduct basic and critical discovery into the works (including about damages, ownership and affirmative defenses) once they are identified, and an expert schedule. Defendants also seek to move the trial date as lead trial counsel are

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1    scheduled to be in a FINRA arbitration in New York at the same time.

2        Defendants are without fault in creating the need for *ex parte* relief.  Despite

3    delaying in identifying their works, Plaintiffs' counsel have refused to discuss any

4    changes to the scheduling order.  [Declaration of Jennifer A. Golinveaux

5    ("Golinveaux Decl.") (Dkt. No. 567-7) ¶ 6.]  This Application is based on the attached

6    Memorandum, [Proposed] Order, the Lane Declaration, the Declaration of Jared

7    Smith ("Smith Declaration") (Dkt. No. 567-1), the Golinveaux Declaration (Dkt. No.

8    567-7), and the exhibits attached thereto and the related pleadings in this case.  The

9    names, addresses, and telephone numbers of Plaintiffs' counsel are as follows:

Steven B. Fabrizio
SFabrizio@jenner.com
Jenner & Block LLP
1099 New York Avenue, N.W.
Suite 900
Washington, DC 20001-4412
Tel (202) 639-6040
Fax (202) 661-4823

Gianni P. Servodidio
gps@jenner.com
Jenner & Block LLP
919 Third Avenue, 37th Floor
New York, NY 10022
Telephone: (212) 891-1600
Facsimile: (212) 891-1699

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

*Defendants' Ex Parte Application*

1    Counsel for Plaintiffs received notice on August 25, 2013 that Defendants

2  would file this *ex parte* application seeking the described relief.  Counsel for Plaintiffs

3  indicated that Plaintiffs would oppose this *ex parte* application.

4

5  Dated:  August 28, 2013                    WINSTON & STRAWN LLP

6

7                                             By:  */s/ Erin R. Ranahan*

8                                             WINSTON & STRAWN LLP
                                                 Michael S. Elkin
9                                                Thomas Patrick Lane
                                                 Jennifer A. Golinveaux
10                                               Erin R. Ranahan
                                                 Thomas Kearney
11

12                                            ROTHKEN LAW FIRM
                                                 Ira P. Rothken
13                                               Jared R. Smith

14                                            *Attorneys for Defendants*
                                              GARY FUNG and ISOHUNT WEB
15                                            TECHNOLOGIES, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

# TABLE OF CONTENTS

**PAGE(S)**

I.    INTRODUCTION ................................................................................... 1

II.    FACTUAL BACKGROUND ................................................................. 3

    A.    The Court Bifurcated The Case With Respect To Liability And Damages ............................................................................. 3

        1.    Plaintiffs Objected To Any Discovery Not Directly Bearing on Liability As Premature During The Liability Phase .................. 3

    B.    Despite Affirming Liability Based On Inducement, The Ninth Circuit Makes Clear Causation Must Be Carefully Assessed In Damages Phase ............................................................................. 5

    C.    The Court Recently Commences Damages Phase And Sets Damages Trial ............................................................................. 6

    D.    Despite Being Provided Discovery, Plaintiffs Continue Their Refusal To Identify The Works At Issue to Avoid Their Own Discovery Obligations And Burden of Proving Their Case ...................... 8

III.    DEFENDANTS' *EX PARTE* SHOULD BE GRANTED ................................ 9

    A.    Plaintiffs Must Prove Statutory Damages At Jury ...................... 9

    B.    Plaintiffs Must Amend Their Complaint To Identify Works ................. 10

    C.    Defendants Must Be Permitted Time Between Being Provided The Works And Trial To Conduct Discovery And Investigate Their Defenses ............................................................................. 14

        1.    Defendants Need Time To Investigate And Obtain Discovery About Plaintiffs' Alleged Damages From Specific Works ............................................................................. 14

        2.    Plaintiffs' Bear The Burden of Proving Ownership, And Defendants Must Be Permitted To Test These Claims Through Discovery ...................................................... 15

    D.    The Court Should Issue an Amended Scheduling Order ...................... 19

        1.    If Summary Judgment Motions Are Permitted, A Deadline Should Be Included In The Schedule ............................ 20

        2.    An Expert Schedule Should Be Established ................................ 22

    E.    Defendants' Lead Trial Lawyers Are Scheduled for Trial in New York on the Scheduled Trial Date ................................................. 22

IV.    CONCLUSION .................................................................................. 23

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

i

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

AMC Film Holdings LLC v. Rosenberg
  2005 WL 2105792 (E.D.N.Y. Aug. 31, 2005) .................................................... 18

Big E. Entm't, Inc. v. Zomba Enters., Inc
  453 F. Supp. 2d 788 (S.D.N.Y. 2006), aff'd 259 Fed. App'x 413 (2d Cir.
  2008) .................................................................................................................... 16

Cohorst v. BRE Properties, Inc.
  2011 WL 7061923 (S.D. Cal. Nov. 14, 2011) ...................................................... 9

Coles v. Wonder
  283 F.3d 798 (6th Cir. 2002) ............................................................................... 18

Columbia Pictures Indus., Inc. v. Fung
  710 F.3d 1020 (9th Cir. 2013) ("Fung II") .......................................................... 5

Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.
  259 F.3d 1186 (9th Cir. 2001) .............................................................................. 9

Durham Indus., Inc. v. Tomy Corp.
  630 F.2d 905 (2d Cir. 1980) ................................................................................. 16

E. W. Sounds, Inc. v. Phoenix
  2012 WL 4003047, at *3 n.2 (C.D. Cal. Sept. 10, 2012) .................................... 17

Ediciones Quiroga, S.L. v. Fall River Music, Inc.
  1996 WL 148363 (S.D.N.Y. Apr. 2, 1996) .......................................................... 17

EZ-TIXZ, Inc. v. HITTIX, Inc.
  919 F. Supp. 728 (S.D.N.Y. 1996) ....................................................................... 16

F.W. Woolworth Co. v. Contemporary Arts, Inc.
  344 U.S. 228 (1952)............................................................................................. 10

Feist Publ'ns., Inc. v. Rural Tel. Serv. Co., Inc.
  499 U.S. 340 (1991)............................................................................................. 15

Feltner v. Columbia Pictures Television, Inc.
  523 U.S. 340 (1998)............................................................................................... 9

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Flava Works, Inc. v. Clavio
    2012 WL 2459146 (N.D. Ill. June 27, 2012)........................................................11

Flynn v. Health Advocate, Inc.
    2004 WL 51929 (E.D. Pa. Jan 13, 2004)............................................................11

Gee v. CBS, Inc.
    471 F. Supp. 600 (E.D. Pa. 1979), aff'd 612 F.2d 572 (3d Cir. 1979)..............10

Hamil Am., Inc. v. GFI
    193 F.3d 92 (2d Cir. 1999) ...............................................................................16

In re Napster, Inc. Copyright Litig.
    191 F. Supp. 2d 1087 (N.D. Cal. 2002)..................................................16, 17, 18

Jaso v. The Coca Cola Co.
    435 Fed. Appx. 346 (2011) ...............................................................................10

Jim Marshall Photography, LLC v. John Varvatos of Cal.
    2013 WL 3339048 (N.D. Cal. June 28, 2013)....................................................17

Kwan v. Schlein
    634 F.3d 224 (2d Cir. 2011) .............................................................................10

L.A. News Serv. v. Reuters Television Int'l
    149 F.3d 987 (9th Cir. 1998) ..............................................................................9

La. Pac. Corp. v. James Hardie Bldg. Prods., Inc.
    2012 WL 5520394 (N.D. Cal. Nov. 14, 2012)....................................................12

Logic Leasing & Fin. Co. v. Admin. Info. Mgmt. Grp., Inc.
    979 F.2d 1535 (5th Cir. 1992) ..........................................................................18

McCormick v. Cohn
    1992 WL 687291 (S.D. Cal. July 31, 1992) aff'd, 17 F.3d 395 (9th Cir.
    1994) .................................................................................................................17

Microsoft Corp. v. Ricketts
    2007 WL 1520965 (N.D. Cal. May 24, 2007)......................................................9

Mindlab Media, LLC v. LWRC Int'l, LLC
    2013 WL 1688309, at *2 (C.D. Cal. Apr. 15, 2013)..........................................17

Morris v. Bus Concepts, Inc.
    259 F.3d 65 (2d Cir. 2001) ...............................................................................19

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

iii

Motta v. Samuel Weiser, Inc.
 768 F.2d 481 (1st Cir. 1985).................................................................18

Nintendo of Am., Inc. v. Dragon Pac. Int'l
 40 F.3d 1007 (9th Cir. 1994) ..............................................................9

Peer Int'l Corp. v. Pausa Records, Inc.
 909 F.2d 1332 (9th Cir. 1990) ...............................................9, 10, 15

Richtek Tech. Corp. v. UPI Semiconductor Corp.
 2011 WL 166198 (N.D. Cal. Jan. 18, 2011)........................................12

Righthaven LLC v. Pahrump Life
 2011 WL 7402998 (D. Nev. Apr. 28, 2011) .......................................17

Sharp v. Patterson
 2004 WL 2480426 (S.D.N.Y. Nov. 3, 2004) ......................................11

Silberman v. Innovation Luggage, Inc.
 2003 WL 1787123 (S.D.N.Y Apr. 3, 2003) ........................................16

Southern v. All Points Delivery Systems, Inc.
 2006 WL 521501 (N.D. Okla. Mar. 2, 2006) ......................................10

Starr v. Baca
 652 F.3d 1202 (9th Cir. 2011) ............................................................11

Techniques, Inc., v. Rohn
 592 F. Supp. 1195 (S.D.N.Y. 1984) ....................................................16

Trill Entm't, LLC v. B C D Music Grp., Inc.
 2008 WL 2354424 (M.D. La. June 9, 2008) .......................................17

Twin Peaks Prods., Inc. v. Publ'ns. Int'l, Ltd.
 996 F.2d 1366 (2d Cir. 1993) .............................................................15

UMG Recordings, Inc., et al. v. MySpace, Inc. et al.
 Case No. 06-07361 ("MySpace")........................................................14

UMG Recordings, Inc., et al. v. Veoh Networks, Inc.
 Case No. CV 07-5744 ("Veoh").........................................................14

Urbont v. Sony Music Entertainment
 863 F. Supp. 2d 279 (S.D.N.Y. 2012) ................................................10

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

iv

Van Der Zee v. Greenidge
    2006 WL 44020 (S.D.N.Y. 2006) ................................................................ 10, 15

Warran v. Fox Family Worldwide, Inc.
    328 F.3d 1136 (9th Cir. 2003) ................................................................... 16

STATUTES

17 U.S.C. § 204(a) ............................................................................................ 18

17 U.S.C. § 410(c) ............................................................................................ 16

17 U.S.C. §501(b) ............................................................................................. 18

17 U.S.C. § 504(c) ............................................................................................. 9

17 U.S.C. § 504(c)(2) (2010) ........................................................................... 21

OTHER AUTHORITIES

Fed. R. Civ. P. Rule 8 ................................................................................ 11, 12

Fed. R. Civ. P. 8(a)(2) ...................................................................................... 10

Fed. R. Civ. P. 12(b)(6) .................................................................................... 11

Fed. R. Civ. P. 16 .............................................................................................. 19

Fed. R. Civ. P. 26(a) ......................................................................................... 14

Fed. R. Civ. P. 26(a)(1)(A)(iii) ........................................................................ 14

Fed. R. Civ. P. 26(a)(2)(D) ............................................................................... 22

Fed. R. Civ. P. 26(f) .......................................................................................... 19

Fed. R. Civ. P. 30(b)(6) .................................................................................. 4, 5

U.S. Const. Amend. 7 .......................................................................................... 9

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Since this action was filed in 2006, it has been about the 44 works that Plaintiffs identified in their Complaint.  That was until last month, seven years into litigation, when Plaintiffs indicated that they intended to expand the scope of the case on a substantial level—to an unidentified "3,000-5,000  works," taking a case that was at most about $6 million of maximum statutory damages to a case about close to a billion dollars.  While this Court has recognized that Plaintiffs must identify the works for which they seek these damages, it has not set a deadline to do so.  Plaintiffs have interpreted this to mean they have no obligation to identify the works in time to allow Defendants to conduct any meaningful discovery into the value, ownership and other affirmative defenses regarding those works.  Plaintiffs have refused to commit to any time—let alone a reasonable time—for naming the works, though in copyright cases, Plaintiffs are required to put Defendants on notice of what works are at issue in their complaint—and not on the eve of trial.

Plaintiffs are also using this delay in naming the works to deny Defendants' rightful discovery into Defendants' affirmative defenses and Plaintiffs' ownership.  At most, direct infringement of only 44 works has been properly presented, and Defendants' affirmative defenses relating to works not yet named in this case are fully available to defend against those works, as well as the right to test ownership defects.  And as the Ninth Circuit clearly cautioned, Plaintiffs *must* show causation of the direct infringements by Defendants' inducement.  Defendants must be permitted to attempt to rebut such causation before making a determination about damages.  Defendants simply cannot do so effectively without knowing what works, and which acts, are at issue.  Moreover, Defendants cannot assert their defenses—some of which, like fair use, require fact-intensive inquiries—without knowing *what works* and *as to what alleged acts of direct infringement* the defenses are to apply.  While Plaintiffs repeatedly objected in the liability phase that Defendants' discovery into such works

other than those so-called "representative works" was premature, Plaintiffs also previously acknowledged that this discovery would be proper in the damages phase. It is now clear Plaintiffs' real intent is to run the clock and get to trial while avoiding Plaintiffs' basic discovery obligations.

Beyond simply providing Defendants notice of the works in time to conduct discovery into them, additional scheduling issues also warrant adjustment to the current trial schedule, to account for the multiple summary judgment motions Plaintiffs just filed, to set an expert schedule, and to resolve scheduling trial conflicts amongst counsel.  There will be no meaningful prejudice to either side in adjusting the trial schedule to provide time for due process, the damages phase just began in July 2013, and trial was just set by the Court this month (on the schedule Plaintiffs requested).  The Court set this schedule without Plaintiffs once indicating that they needed any additional time or discovery to begin to identify the works at issue, or intended to file motions for summary judgment.  Plaintiffs have refused to identify the works or agree to set a time for doing so, and have since filed summary judgment motions not contemplated by the Court's schedule—even though the only deadline this Court has set for filing motions for summary judgment expired in 2007.

Because due process, fundamental fairness, and the law demand that Defendants be entitled to investigate and conduct discovery regarding works for which Plaintiffs are seeking up to $150,000.00 in statutory damages per work, Defendants respectfully request that the Court order Plaintiffs to amend their complaint to name the works at issue by a date certain, and allow sufficient time from that identification before trial to allow Defendants the opportunity to prepare their case, as well as adjust the current schedule with respect to summary judgment, an expert disclosure schedule, and to resolve Defendants' counsel's scheduling conflicts.

## II.    FACTUAL BACKGROUND

### A.    The Court Bifurcated The Case With Respect To Liability And Damages

On November 6, 2006, the Court bifurcated this case into liability and damages for the purposes of discovery, summary judgment and trial, whereby Defendants were to "provide all evidence as to" their "state of mind" and "how site works." [Smith Decl. (Dkt. No. 567-1) ¶ 3 (11/6/06 Status Conference Minute Order (Dkt. 33).] On February 20, 2007, the Court further clarified the scheduling order, noting that "Plaintiffs are hereby entitled to seek discovery necessary for filing a motion for summary judgment as to inducement, contributory infringement AND vicarious infringement." [Smith Decl. (Dkt. No. 567-1) ¶ 3 (2/20/07 Orders Modifying Summary Judgment Schedule (Dkt. No. 49-50); Trans. 2/20/09 (Dkt. No. 55)).] The Court clarified its intent, that liability discovery was completed prior to the filing of motions for summary judgment, when it stated in an August 25, 2009 Order that it "**should not be construed as an invitation to the parties to engage in additional discovery**." [Smith Decl. (Dkt. No. 567-1) ¶ 16, 8/25/09 Order (Dkt. 358), p. 4, n.2.] Plaintiffs and Defendants proceeded on the basis that, once Plaintiffs filed their summary judgment motion on September 6, 2007, the liability discovery phase had closed and discovery would reopen pursuant to a future Court order at the appropriate time, if ever, for the damages phase.

### 1.    Plaintiffs Objected To Any Discovery Not Directly Bearing on Liability As Premature During The Liability Phase

During the liability phase, Plaintiffs objected to and refused to respond to discovery they claimed related to damages, including in response to Defendants' Interrogatories and Document Requests. [Smith Decl. (Dkt. No. 567-1) ¶¶ 3-4, Exs. A-C.] In response to Defendants' Interrogatories, Plaintiffs resisted requests that they claimed were "beyond the scope" of the "core liability issues as reflected by the representative list of copyrighted works annexed as Exhibit A to the First Amended

Complaint."  [*Id.* at ¶ 4 and Ex. A.]  Plaintiffs denied Defendants discovery on any but the 44 representative works, objecting to prior requests, interrogatories and 30(b)(6) topics as outside the liability phase scope, but proper for damages.  [Plaintiffs' responses to Requests for Production of Documents Set 2; responses to Interrogatories Set 1.]  Plaintiffs also objected to Defendants' discovery "to the extent that they seek discovery concerning the total number of infringing works claimed by the plaintiffs in this case and/or damages" and that "remedial issues such as these will be deferred until after summary judgment proceedings on the core issue of defendants' secondary liability."  [*Id.* at ¶ 4 and Ex. B.]

Plaintiffs also objected to the following five topics in connection with an *ex parte* application regarding Defendants' 30(b)(6) notice.  [*Id.* at ¶ 4 and Ex. C (Plaintiffs' *Ex Parte* App. For Protective Order Re Rule 30(b)(6) Depositions).] Plaintiffs successfully resisted discovery that they claimed would not to be appropriate *until* the damages phase:

- *Topic 10*: Any and all information related to primary infringement that occurred in relation to use of or arising out of Defendants' Websites.

- *Topic 12*: Any and all information related to copyrighted works that were downloaded in an unauthorized manner using any torrent file found via Defendants' Websites.

- *Topic 13*: Any and all information related to Internet Files referenced by torrent files obtained using the Defendants' Websites that MPAA and/or Plaintiffs or their representatives actually listened to or viewed or analyzed.

- *Topic 28*: Any and all information related to communications, documents, information, and data related to the number of downloads of plaintiffs' copyrighted works arising out of torrent files downloaded using Defendants' Websites.

- *Topic 29:* Any and all information related to plaintiffs['] copyright registrations for the copyrights mentioned in the complaint or at issue in this case.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

4

[*Id.*, Ex. C at 9-10.]

As Plaintiffs argued in resisting this discovery regarding these topics earlier, they "all get at one thing: plaintiffs' knowledge and evidence of direct infringement of their copyrighted works through defendants' sites." [*Id.* at 10.] Plaintiffs recognized that such "issue has obvious relevance to the case as a whole," and noted that they "do not dispute that, at the appropriate time, defendants will have the opportunity to take appropriate discovery as to all works directly infringed by defendants' users for which plaintiffs are seeking to hold defendants liable as secondary copyright infringers." [*Id.*] The time could not be more appropriate than now.

**B.  Despite Affirming Liability Based On Inducement, The Ninth Circuit Makes Clear Causation Must Be Carefully Assessed In Damages Phase**

In its decision the Ninth Circuit explained that even though it was adopting a "loose causation" theory, it expected that this Court would deal with those issues specifically when assessing damages, stating:

> We do not decide the degree to which Fung can be held liable for having caused infringements by users of his sites or trackers. The only issue presently before us is the permanent injunction, which, as in *Grokster III*, does not in this case depend on the "exact calculation of infringing use[ ] as a basis for a claim of damages." 545 U.S. at 941, 125 S.Ct. 2764. We therefore need not further entertain Fung's causation arguments at this time, but leave it to the district court to consider them, in light of the observations we have made, when it calculates damages.

*Columbia Pictures Indus., Inc. v. Fung*, 710 F.3d 1020, 1039 (9th Cir. 2013) ("*Fung II*").

Thus, the Ninth Circuit made clear that "causation . . . cannot be assumed" and that Plaintiffs must plausibly link direct infringements of the works to Defendants' inducements. *Fung II*, 710 F.3d at 1038-39. As the Ninth Circuit explicitly cautioned, "proving that an entity had an unlawful purpose at a particular time in

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

5

providing a product or service does not infinitely expand its liability in either temporal direction. . . . [A]n individual or entity's unlawful objective at [a later] time . . . is not a virus that infects all future actions.  People, companies, and technologies must be allowed to rehabilitate . . . lest the public be deprived of the useful good or service they are still capable of producing." *Id.* at 1038.

**C.    The Court Recently Commences Damages Phase And Sets Damages Trial**

The first Status Conference in this case since the liability phase concluded was in July 2013, where Defendants explained they would need time to conduct discovery into the works in suit, which Plaintiffs have yet to identify.  [Defendants' Response Plaintiffs' Request for Scheduling Conference (Dkt. No. 523) at 2:3-19; Golinveaux Decl. (Dkt. No. 567-7) ¶ 10 and Exh. 6 (7/1/13 Trans. 16:2-17:3).]  Specifically, in response to Plaintiffs' Request for Scheduling Order (Dkt. 512), Defendants requested that the schedule for trial on damages:

should include sufficient time to allow Defendants to proceed with discovery relating to damages, including expert discovery, discovery regarding Plaintiffs' ownership of/chain of title regarding each of the copyrights for which Plaintiffs seek damages, and discovery regarding Defendants' affirmative defenses, including affirmative defense #7 (any damage to Plaintiffs was caused by third parties other than Defendants), # 19 (Plaintiffs have not suffered any damage as a result of acts by Defendants), #21 (Plaintiffs have failed to mitigate damages), and #22 (any claim of damages is speculative).  [¶]  Defendants also request that this schedule allow Defendants the opportunity to proceed with discovery relating to Defendants' affirmative defenses where meaningful discovery was not feasible without the alleged infringements identified, including as examples affirmative defense #16 (statute of limitations), #28 (fair use) and #37 (innocent infringement).

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

6

1    [6/25/13 Defendants' Response (Dkt. 523) at 2:4-19.]

2         The Court's determination on the injunction and inducement liability thus far

3    assessed liability based only upon a list of "44 Exemplar" works, and not any

4    identified infringements of the works at issue.  For the first time on July 1, 2013,

5    Plaintiffs' counsel represented that Plaintiffs will be seeking statutory damages for

6    3,000-5,000 as yet unidentified works.  [Golinveaux Decl. (Dkt. No. 567-7) ¶ 10 and

7    Exh. 6 (7/1/13 Trans. ) at 18:11-18.]  Affirmative defenses could not possibly have

8    been determined for the additional works still not named to this day.

9         When asked by the Court at a subsequent hearing, on August 5, 2013, when

10   Plaintiffs would be prepared to go to trial, Plaintiffs proposed November 2013.

11   [Golinveaux Decl. (Dkt. No. 567-7) ¶ 11 and Exh. 7 (8/5/13 Trans. 8:15-9:1).]

12   Plaintiffs did not indicate or request any particular amount of time to conduct

13   discovery in the damages phase to the Court, and made no mention that they required

14   additional discovery,[1] or would be unable to identify the works before trial because

15   their expert needed a certain amount of time to review the data (apparently on the

16   mistaken impression that they would be able to rely on this Court's 2007 Report and

17   Recommendation regarding sanctions to prove their damages case).  Instead, Plaintiffs

18   informed the Court on August 5, 2013 that they would be prepared to go to trial in

19   November 2013, without any reservation.  [*Id.*]

20        Defendants again explained to the Court that they had no particular dispute with

21   the length of time before trial as long as it would provide sufficient time to require

22   Plaintiffs to amend their complaint to name the works at issue and allow Defendants

23   to conduct discovery regarding as of yet unidentified works and regarding their

24   defenses.  [Golinveaux Decl. (Dkt. No. 567-7) ¶ 11 and Exh. 7 at 9:3-11.]  While

25   

---

[1] Plaintiffs have since filed an *ex parte* application seeking evidentiary sanctions to
26   prevent meeting the first element of their burden, and to excuse their failure to identify
     the works at issue by claiming they need additional discovery.  [Dkt. No. 558,
27   Fabrizio Decl. (Dkt. No. 558-1) ¶ 12.]  Defendants have opposed Plaintiffs'
     application as unwarranted and unnecessary.  [Dkt. No. 567.]  As part of that,
28   Plaintiffs have claimed that they are unable to identify their works until three weeks
     after they have certain web server log data that is being produced today.  [*Id.*]

Defendants' counsel did not raise during that hearing any specific scheduling conflict in November 2013--and in particular, and as explained further in Section III(C) below, a FINRA arbitration that has been scheduled since November 2012 for November: 5, 6, 12, 13, 14, 19, 20, 2013--Defendants' counsel did not know the specific dates upon which this Court would be setting trial at that time, and given the scope of the New York FINRA arbitration, Defendants' counsel would have been in a similar situation with any month in 2013 given the extensive number of days set for the FINRA arbitration that has been scheduled throughout the remainder of 2013: September: 18, 19, 20, 24, 25, 27; October: 1, 2, 7, 8, 10, 16, 17, 22, 23, 28, 29, 30; November: 5, 6, 12, 13, 14, 19, 20; and December: 4, 6, 10, 11, 16, 17, 18.  [Lane Decl. ¶ 2.]

On August 7, 2013, the Court set jury trial for the damages phase for November 5, 2013.  [Dkt. 554.]  In the same Order, the Court held that in order to be entitled to statutory damages for works-in-suit, Plaintiffs must establish that (1) *they own the copyright in such work*; and (2) that an American user downloaded a Dot-Torrent file of that work from one of Defendants' Websites.  [8/7/13 Order (Dkt. No. 554) at 5 (emphasis added).]  The Court also ordered that Plaintiffs identify the works for which they are actually seeking damages, though to date, Plaintiffs have refused to commit to a timeframe for doing so.

### D. Despite Being Provided Discovery, Plaintiffs Continue Their Refusal To Identify The Works At Issue to Avoid Their Own Discovery Obligations And Burden of Proving Their Case

Even though Defendants are entitled to a jury trial and discovery into the amount of damages, Plaintiffs instead ask this Court to rubber stamp a decision that would allow (assuming Plaintiffs are seeking statutory damages for their claimed but unidentified "5000" works) Plaintiffs an enormous windfall of close to a billion dollars in statutory damages.  Plaintiffs have indicated (without committing to a specific date) that the earliest they intend to identify the new works is at the end of September, mere weeks before the commencement of trial.  [Golinveaux Decl. (Dkt. No. 567-7) ¶ 6.]  At the same time, Plaintiffs' counsel stated to Defendants that they

would not even have a discussion regarding any changes to the schedule.  [*Id.*]

## III.   **DEFENDANTS' *EX PARTE* SHOULD BE GRANTED**

### A.    **Plaintiffs Must Prove Statutory Damages At Jury**

17 U.S.C. § 504(c) provides statutory damages for copyright infringement of up to $150,000.00 per work infringed.  In *Feltner v. Columbia Pictures Television, Inc.,* 523 U.S. 340 (1998), the Supreme Court held that the Seventh Amendment of the United States Constitution requires a jury trial to determine the amount of statutory damages in a copyright case.  *Id.* at 353.  As the Supreme Court explained in *Feltner*, "[t]he right to a jury trial includes the right to have a jury determine the *amount* of statutory damages, if any, awarded to the copyright owner."  *Id.* (emphasis in original).  This is because it has "long been recognized that 'by the law the jury are judges of the damages.'"  *Id.*  Plaintiffs repeated requests for unwarranted evidentiary sanctions seek to deny Defendants the right to their jury trial in determining the "amount of statutory damages."  *Id.*  "Statutory damages are intended to serve as a deterrent, but that does not justify such a windfall."  *Microsoft Corp. v. Ricketts*, 2007 WL 1520965, at *4 (N.D. Cal. May 24, 2007); *Cohorst v. BRE Properties, Inc.*, 2011 WL 7061923, at *14 (S.D. Cal. Nov. 14, 2011) ("Statutory damages . . . can be unconstitutional in application under . . . [the] U.S. Constitution if they constitute 'excessive fines' or are imposed without due process of law.")

Statutory damages further "compensatory and punitive purposes," and help "sanction and vindicate the statutory policy of discouraging infringement."  *L.A. News Serv. v. Reuters Television Int'l,* 149 F.3d 987, 996 (9th Cir. 1998).  "If statutory damages are elected, [t]he [jury] has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima."  *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990); *see also Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1194 (9th Cir. 2001); *Nintendo of Am., Inc. v. Dragon Pac. Int'l*, 40 F.3d 1007, 1010 (9th Cir. 1994).  The jury is guided by "'what is just in the

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

particular case, considering the nature of the copyright, the circumstances of the infringement and the like . . . .'"  *Peer Int'l Corp.*, 909 F.2d at 1336 (quoting *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 232 (1952)).

Statutory damages still must "bear some relation to actual damages suffered." *Van Der Zee v. Greenidge*, 2006 WL 44020, at *2 (S.D.N.Y. 2006).  Among the factors a court may consider are the "revenues lost by the Plaintiffs [and] the value of the copyright." *Id.* at *2; see 4 Nimmer on Copyright § 14.04 [B][1][a] (2005) ("the determination of statutory damages within the applicable limits may turn upon such factors as . . . the revenues lost by the plaintiffs as a result of the defendant's conduct and the infringers' state of mind – whether willful, knowing or innocent.").

Since 2006, when this case was filed, Plaintiffs have only identified 44 works at issue.  It was not until little more than a month ago that Plaintiffs first indicated that they intended to expand that scope on a massive scale—expanding the maximum potential liability for statutory damages from $6,600,000 to over one hundred times that and close to a billion dollars.  To justify a statutory damages award, Plaintiffs must be required to demonstrate that infringements by United States users actually occurred, *and* that they own the works.

## B.   Plaintiffs Must Amend Their Complaint To Identify Works

A complaint must state "claim[s] showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "[E]ach act of [copyright] infringement triggers a separate federal claim for relief" under the Copyright Act.  *Urbont v. Sony Music Entertainment*, 863 F. Supp. 2d 279, 288 (S.D.N.Y. 2012) (citing *Kwan v. Schlein*, 634 F.3d 224, 228 (2d Cir. 2011)); *Jaso v. The Coca Cola Co.*, 435 Fed. Appx. 346, 352 (2011) ("*each* act of infringement gives rise to an independent claim") (emphasis in original); *Southern v. All Points Delivery Systems, Inc.*, No. 04-cv-590, 2006 WL 521501, at *1 n.1 (N.D. Okla. Mar. 2, 2006) ("because each alleged infringement forms a separate claim, the Court requests more precision from the parties in future pleadings"); *Gee v. CBS, Inc.*, 471 F. Supp. 600, 643 (E.D. Pa. 1979), *aff'd* 612 F.2d

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1  572 (3d Cir. 1979) (holding a complaint must state, *inter alia*, "which specific original

2  work is the subject of the copyright claim . . . and by what acts and during what time

3  defendant has infringed the copyright").

4        In order to satisfy Rule 8's notice requirement, Plaintiffs *must* state the

5  particular claims they allege against Defendants.  To the extent Plaintiffs claim their

6  First Amended Complaint—which identified only 44 works at issue—gave

7  Defendants adequate notice of their claims, they are mistaken.  "[M]erely alleging that

8  Plaintiffs own certain copyrights and that Defendants have infringed on such

9  copyrights . . . is insufficient to meet the Rule 8 requirement" of providing notice.

10  *Flynn v. Health Advocate, Inc.*, No. Civ. A. 03-3764, 2004 WL 51929, at *12 & n.6

11  (E.D. Pa. Jan 13, 2004) (dismissing copyright claim under Rule 12(b)(6) because

12  allegations that plaintiff owned "a federal copyright in a collection of works" did not

13  give notice of "what *specific* original work or works are the subject of Plaintiffs'

14  copyright claim") (emphasis in original); *Sharp v. Patterson*, No. 03 Civ. 8772, 2004

15  WL 2480426, at *12 (S.D.N.Y. Nov. 3, 2004) ("[I]n light of . . . the principle

16  enshrined in Rule 8—namely, to provide defendants fair notice of the claims against

17  them—a plaintiff suing for copyright infringement may not rest on bare-bones

18  allegations that infringement occurred.  Rather, [plaintiff] must identify the 'specific

19  original work [that] is the subject of the claim'"); *see* 6 Patry on Copyright § 19:6 n.3

20  (2010) (stating that, for example, "if plaintiffs know 669 sound recordings have been

21  infringed, they owe a duty of fair notice to specify each one.")

22        It is fundamental that in a copyright case, a plaintiff must identify the works at

23  issue in its complaint to put the defendant on notice to defend against the claim.  A

24  complaint must "contain sufficient allegations of underlying facts to give fair notice

25  and to enable the opposing party to defend itself effectively."  *Starr v. Baca*, 652 F.3d

26  1202, 1216 (9th Cir. 2011); *Flava Works, Inc. v. Clavio*, 2012 WL 2459146, at *2

27  (N.D. Ill. June 27, 2012) ("Although the complaint alleges that videos were posted

28  and distributed on other websites, these broad and conclusory allegations do not point

to a specific copyrighted work that was infringed, and are not enough to put Clavio on notice.") (citation omitted); *Richtek Tech. Corp. v. UPI Semiconductor Corp.*, 2011 WL 166198, at *3 (N.D. Cal. Jan. 18, 2011) (where complaint's allegations "do not identify even a category of works or acts by Maxchip accused of infringement," plaintiff's argument that the complaint put defendant on notice of its copyright infringement contentions was "laughable"); *see also La. Pac. Corp. v. James Hardie Bldg. Prods., Inc.*, 2012 WL 5520394, at *1 (N.D. Cal. Nov. 14, 2012) (holding that plaintiff was required to "identify every trademark which was allegedly infringed"; stating that this requirement "is necessary to provide Defendant with adequate notice" because, where the complaint only identifies some of the allegedly infringed marks, this "leaves Defendant to guess at the others.  This is insufficient.").

Defendants simply must be provided notice of the works at issue to comply with due process.  It is plainly "insufficient" to leave Defendants "guessing" as to what works Plaintiffs are seeking statutory damages until trial.  There may be works that involve specific affirmative defenses, such as fair use (which cannot be assessed without knowing the work), implied license or unclean hands (for example, if it is Plaintiffs themselves that provided the allegedly infringing content), and failure to mitigate.  While Defendants had the opportunity to adjudicate certain affirmative defenses regarding the 44 works, Defendants have not even been put on notice or had the chance to assert their affirmative defenses regarding any works beyond the original 44 works.  Without knowing what, if any, additional works are at issue, Defendants cannot begin to assess, let alone investigate, these defenses.  Thus, the addition of new works to a copyright complaint is mandatory.  Because each work allegedly infringed constitutes a separate and distinct legal claim for statutory damages, failure to identify such works is a failure of notice, and violates due process and Rule 8.

Knowing full well that Defendants will have produced the data Plaintiffs claim they need to conduct their analysis by Wednesday, August 28, Plaintiffs represent in

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

their attorneys' (not expert) declaration that:

> [e]ven if Defendants were to produce the Website data immediately, it would not be reasonably possible for Plaintiffs to conduct the necessary data analyses and otherwise prepare the related evidence for a trial beginning on November 5, 2013. . . . . **Once Plaintiffs have identified through this process the thousands of copyrighted works they will include in a claim for damages (from a pool of candidates that undoubtedly will be a multiple of that number), Plaintiffs would have to provide the list to Defendants, as the District Court has directed. Plaintiffs then would need to assemble and produce documentation demonstrating their ownership of each of the works in suit. The above process cannot reasonably be completed in the time before trial**.

[Fabrizio Decl. (Dkt. No. 558-1) ¶ 12.) (emphasis added).]

And yet Plaintiffs *never requested* the data they claim they need to make such identification, despite being on notice that the information was preserved.  It is no fault of Defendants that Plaintiffs claim (without factual support) that they are unable to complete their requisite analysis to present evidence to support their case. Defendants are being severely prejudiced by Plaintiffs' delays and refusal to identify the scope of their case and their basis for the massive damages they are seeking. Plaintiffs are seeking $150,000.00 per work, and Plaintiffs represented for the first time a little more than a month ago that they intend to seek to expand the scope of liability in this case from the 44 works named and ultimately name approximately 3,000-5,000, expanding liability as high as $750 million in damages.  With such stakes, Defendants must be permitted a meaningful chance to investigate their defenses with respect to the alleged works and test the basics of ownership and validity of the works at issue.

The Court should require Plaintiffs to amend their complaint by a date certain,

adjust the trial schedule so that Defendants are provided time for appropriate and necessary discovery, and allow Defendants to assert any affirmative defenses that are specific to those additional works.

**C.     Defendants Must Be Permitted Time Between Being Provided The Works And Trial To Conduct Discovery And Investigate Their Defenses**

> **1.     Defendants Need Time To Investigate And Obtain Discovery About Plaintiffs' Alleged Damages From Specific Works**

It is a fundamental requirement of discovery that Plaintiffs must produce all documents and information evidencing their damages.  Indeed, Rule 26(a) requires that a party, without even awaiting a discovery request, to provide not only a computation of damages, but also to produce *all documents and evidentiary material supporting each damages computation*.  Fed. R. Civ. P. 26(a)(1)(A)(iii).  For example, the relevance of financial information to claims for copyright infringement has also been repeatedly recognized by courts, including those in the Central District.  *See, e.g.*, *UMG Recordings, Inc., et al. v. Veoh Networks, Inc.*, Case No. CV 07-5744 ("Veoh"); *UMG Recordings, Inc., et al. v. MySpace, Inc. et al.*, Case No. 06-07361 ("MySpace").[2]

Even where plaintiffs ultimately decide to seek statutory damages instead of actual damages, "[a] court has wide discretion in determining the amount of

---

[2] In the court's March 17, 2008 Order Re MySpace, Inc.'s Fourth Motion to Compel, Magistrate Wistrich granted the defendant's motion to provide documents "reflecting the profitability of the allegedly infringed works."  (3/17/08 Order, p.1).  In its April 10, 2009 Order re Veoh's Renewed Motion to Compel the Production of Documents Relating to Financial Information and Damages, Magistrate Wistrich similarly rejected UMG's relevance arguments, ordering plaintiff UMG to produce a wide range of financial documents, including all documents concerning Plaintiffs' revenues and/or profits; all documents sufficient to show Plaintiffs' revenues and/or profits generated from any allegedly infringed works that Plaintiffs' uploaded to veoh.com; all plans, forecasts, budgets, and comparisons to plans with respect to revenues, costs, and profits.  The financial information sought is therefore undeniably relevant, and like in the *MySpace/Grouper* Actions, should be provided by Plaintiffs here.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

14

statutory damages to be awarded, constrained only by the specified maxima and minima." *Peer Int'l Corp.*, 909 F.2d at 1336.  Statutory damages still must "bear some relation to actual damages suffered."  *Van Der Zee v. Greenidge*, 2006 WL 44020, at *2 (S.D.N.Y. 2006).  Among the factors a court may consider are the "revenues lost by the Plaintiffs [and] the value of the copyright." *Id.* at *2; see 4 Nimmer on Copyright § 14.04 [B][1][a] (2005) ("the determination of statutory damages within the applicable limits may turn upon such factors as . . . the revenues lost by the plaintiffs as a result of the defendant's conduct and the infringers' state of mind – whether willful, knowing or innocent.").

Plaintiffs are attempting to avoid ever having to provide discovery about the value of and damages for particular works, because they have refused to identify them in time for Defendants to complete any meaningful investigations or conduct discovery.

### 2.   Plaintiffs' Bear The Burden of Proving Ownership, And Defendants Must Be Permitted To Test These Claims Through Discovery

On August 7, 2013, the Court set jury trial for the damages phase for November 5, 2013.  [Order, Dkt. 554.]  In the same Order, the Court held that in order to be entitled to statutory damages for works-in-suit, Plaintiffs must establish that *they own the copyright in such work*.  [*Id*. at 4]  To establish copyright infringement, Plaintiffs must prove two elements: (1) ownership of a valid copyright, and (2) copying of constituent original elements of the work.  *Feist Publ'ns., Inc. v. Rural Tel. Serv. Co., Inc.,* 499 U.S. 340, 361 (1991); *see also Twin Peaks Prods., Inc. v. Publ'ns. Int'l, Ltd.*, 996 F.2d 1366, 1372 (2d Cir. 1993) ("To make out a *prima facie* case of copyright liability, the copyright holder must prove 'ownership of a valid copyright, and . . . copying of constituent elements of the work that are original.'")

There are three ways to become a copyright owner: (1) by being the author; (2) by obtaining a valid transfer of an exclusive right from the author; and (3) by operation of law, e.g. via bankruptcy, marital distribution, or corporate merger.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Issuance of a certificate of registration before or within five years of a work's initial publication creates a rebuttable presumption that the recipient is owner of a valid copyright.  17 U.S.C. § 410(c); *Hamil Am., Inc. v. GFI*, 193 F.3d 92, 98 (2d Cir. 1999) (presumption of ownership created by registration may be rebutted).  The presumption is modest: "The prima facie status accorded by section 410(c) is slight, since the Copyright Office is merely an office of record. . . . Of necessity, the Office's examination is limited."  5 Patry on Copyright § 17:109.  "[A] certificate of registration creates no irrebuttable presumption of copyright validity."  *Durham Indus., Inc. v. Tomy Corp.*, 630 F.2d 905, 908 (2d Cir. 1980).

Those claiming ownership by transfer bear the burden of proving a clear chain of title.  If none of these methods of obtaining ownership apply, the plaintiff lacks standing.  *Warran v. Fox Family Worldwide, Inc*., 328 F.3d 1136, 1142-43, 1145 (9th Cir. 2003).  It should also be noted that the ownership must be in the copyright itself, and not in an entity that owns the copyright.  6 Patry on Copyright § 21:7.  Courts regularly dismiss claims of infringement where Plaintiffs fail to sufficiently establish copyright ownership.  *See, e.g.*, *Big E. Entm't, Inc. v. Zomba Enters., Inc*, 453 F. Supp. 2d 788, 800 (S.D.N.Y. 2006), *aff'd* 259 Fed. App'x 413 (2d Cir. 2008) (dismissing plaintiff's claim for copyright infringement where the plaintiff "failed to show undisputed evidence of its copyright ownership"); *Silberman v. Innovation Luggage, Inc*., 01 Civ. 7109 (GEL), 2003 WL 1787123, at *9-10 (S.D.N.Y Apr. 3, 2003) (dismissing claim for statutory damages where the plaintiff's copyright was registered after the infringing activity); *EZ-TIXZ, Inc. v. HITTIX, Inc.*, 919 F. Supp. 728, 736 (S.D.N.Y. 1996) (same); *Techniques, Inc., v. Rohn*, 592 F. Supp. 1195, 1198 (S.D.N.Y. 1984) (dismissing claim for copyright infringement where the Plaintiffs failed to show that they owned the copyright in question).

Indeed, in the *Napster* case, the court stated that: "refusing to allow any discovery on the issue of ownership converts the presumption of ownership into an irrebuttable one."  *In re Napster, Inc. Copyright Litig.*, 191 F. Supp. 2d 1087, 1100

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

(N.D. Cal. 2002). Although this Court need not look further than *Napster*, in case after case, copyright ownership documents are regularly requested and produced. *Jim Marshall Photography, LLC v. John Varvatos of Cal.*, C-11-06702 DMR, 2013 WL 3339048, at *8-9 (N.D. Cal. June 28, 2013) (granting defendant's summary judgment motion where plaintiff failed to satisfy its burden of producing sufficient evidence demonstrating its ownership of the copyrights; citing cases supporting the proposition that a party who obtains copyright ownership through assignment by a third party has the burden of proving the chain of title); *Mindlab Media, LLC v. LWRC Int'l, LLC*, CV 11-3405-CAS FFMX, 2013 WL 1688309, at *2 (C.D. Cal. Apr. 15, 2013) (noting that plaintiff produced documents during discovery with respect to plaintiff's ownership of copyright at issue); *E. W. Sounds, Inc. v. Phoenix*, CV 12-6143 CAS AJWX, 2012 WL 4003047, at *3 n.2 (C.D. Cal. Sept. 10, 2012) (noting that ownership discovery will be produced and "will provide defendant information regarding the basis on which plaintiff claims ownership of copyrights."); *Righthaven LLC v. Pahrump Life*, 2:10-CV-1575 JCM PAL, 2011 WL 7402998, at *1 (D. Nev. Apr. 28, 2011) (issuing order to show cause why the case should not be dismissed for plaintiff's lack of beneficial ownership of the copyright where plaintiff failed to produce any documents showing ownership); *McCormick v. Cohn*, CV 90-0323 H, 1992 WL 687291, at *12 (S.D. Cal. July 31, 1992) *aff'd*, 17 F.3d 395 (9th Cir. 1994) (finding that plaintiff's failure to produce nonprivileged responsive documents relating to copyright ownership violated discovery order); *Trill Entm't, LLC v. B C D Music Grp., Inc.*, CIV.A.07-559-JJB-SCR, 2008 WL 2354424 (M.D. La. June 9, 2008) (granting defendant's motion for summary judgment where plaintiff failed to produce documents indicating copyright ownership during the discovery period and, therefore, plaintiff failed to demonstrate it has satisfied the jurisdictional requirements necessary to bring an infringement action); *Ediciones Quiroga, S.L. v. Fall River Music, Inc.*, 93 CIV. 3914 (RPP), 1996 WL 148363, at *4 (S.D.N.Y. Apr. 2, 1996) (granting defendant's motion to compel production of documents regarding plaintiff's copyright

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

ownership); *Logic Leasing & Fin. Co. v. Admin. Info. Mgmt. Grp., Inc.*, 979 F.2d 1535, at *4 (5th Cir. 1992) (unpublished) (affirming dismissal of complaint and entry of default judgment as sanction for discovery abuses where plaintiff failed to produce relevant documents, including documents regarding ownership of the software copyrights).

Defendants must be provided the time in discovery to rebut this presumption to avoid otherwise turning a rebuttable presumption into one impossible to rebut, and to file any appropriate motions in light of the discovery, and indeed, such investigations have significantly reduced the works at issue in the past.  [*See* Lane Decl. ¶¶ 3-8.]

Further, under the Copyright Act, the "legal or beneficial owner of an exclusive right under a copyright" may "institute an action for any infringement of that particular right committed while he or she is the owner of it."  17 U.S.C. §501(b). The existence of a copyright certificate with someone else's name on it does not vest anyone other than the author with rights to the work.  "In order to show ownership, plaintiffs need to produce chain of title from the listed author to themselves." *Napster*, 191 F. Supp. 2d at 1101 (ordering plaintiffs to produce "chain of title to demonstrate ownership"); *see also Motta v. Samuel Weiser, Inc.*, 768 F.2d 481, 484 (1st Cir. 1985) ("If a plaintiff is not the author of the copyrighted work then he or she must establish a proprietary right through the chain of title in order to support a valid claim to the copyright."). "Absent this showing, a plaintiff does not have standing to bring an action under the Copyright Act." *Id.*  If a plaintiff claims ownership of a copyright through a transfer or series of transfers, the transfers are "not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent." 17 U.S.C. § 204(a); *see also AMC Film Holdings LLC v. Rosenberg*, No. 03 Cv. 3835, 2005 WL 2105792, at *4-5 (E.D.N.Y. Aug. 31, 2005).

Documents relating to the registrations may also reveal a variety of defects. *See, e.g.*, *Coles v. Wonder*, 283 F.3d 798, 802 (6th Cir. 2002) (holding copyright

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

DEFENDANTS' *EX PARTE* APPLICATION

registration invalid where the plaintiff did not submit the required "copy" but only "reconstruction" of work); *Morris v. Bus Concepts, Inc.*, 259 F.3d 65, 72 (2d Cir. 2001) (holding exclusive licensee's copyright registrations invalid where registrations failed to contain all requisite information); 5 Patry on Copyright § 17:89 (2008) ("[W]here the original work is unregistered and the derivative work is registered but the derivative work is owned by a different party, section 411(a) has not been satisfied since there is no full public record on ownership.").

Of course there has been no ownership discovery provided by Plaintiffs for works that are not even identified or for any of the 44 works identified in the first phase.  Chain of ownership production, once complete, will take time for Defendants to analyze for defects, and determine whether there are any that should be eliminated on summary judgment.  Thus, trial should be scheduled at least 60 days after Plaintiffs complete production of their relevant documents to provide Defendants any meaningful opportunity to obtain this discovery, particularly given the volume of works Plaintiffs intend to seek to add.

### D.    The Court Should Issue an Amended Scheduling Order

Pursuant to Federal Rule of Civil Procedure 16, the court must issue a scheduling order after receiving the parties' Rule 26(f) report or "after consulting with the parties' attorneys and any unrepresented parties at a scheduling conference or by telephone, mail, or other means."  Among other requirements, the schedule "must limit the time to . . . file motions."  *Id.* 16(b)(1)(B).  "A schedule may be modified only for good cause and with the judge's consent.  *Id.* 16(b)(4).  Following a new case status conference, on November 6, 2006 the Court issued a scheduling order setting summary judgment motion deadlines, Dkt. No. 33.  The Court modified the scheduling order February 20, 2007 (Dkt. No. 49, "Modified Scheduling Order"), and again on June 1, 2007 (Dkt. No. 122, "Final Scheduling Order").  Pursuant to the Final Scheduling Order, summary judgment motions were to be filed by August 20, 2007; opposition papers were due September 17, 2007, with replies due by October

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

15, 2007.  Finally, the Court issued a further order on August 13, 2007 (Dkt. 209) pursuant to Plaintiffs' *ex parte* request (Dkt. 218) filed August 6, 2007, modifying the summary judgment schedule (and page limits) as follows:

> (1)    Summary judgment Motions due by 9/6/2007.
>
> (2)    Opposition memoranda shall be due on 10/3/07.
>
> (3)    Reply memoranda shall be due on 10/29/07.
>
> Hearing on summary judgment motions shall be on 11/19/2007 at 01:30 PM before Judge Stephen V. Wilson. The page limit for memoranda of points and authorities in support of, and in opposition to, the parties' motions for summary judgment shall be 40 pages, excluding indices and exhibits.

### 1.    If Summary Judgment Motions Are Permitted, A Deadline Should Be Included In The Schedule

The Court in this action thus set a deadline for filing motions for summary judgment of September 6, 2007.  (Dkt. 209.)  Any motion for summary judgment should have been raised in the liability phase, and filed in 2007.  The Court has not ordered that summary judgment motions may be filed in the damages phase, and indeed the current schedule did not contemplate or set any deadline for the filing of such motions.  Plaintiffs should have sought leave to file a summary judgment motion in this phase, or made clear to the Court *three* weeks ago when the Court asked about scheduling the damages trial that it should allow sufficient time for any such motions. Plaintiffs informed the Court on August 5, 2013 that they were ready to go to trial in November 2013, without reservation, making no indication that Plaintiffs intended to file any motion for summary judgment, or would need a protracted amount of time to even identify what works were at issue.

Plaintiffs have now filed multiple motions for summary judgment (Dkt. Nos. 561-566), and Defendants also want the opportunity to file any appropriate motions with respect to certain defenses that will first require identification of and discovery

1  about those works.  Thus, if the Court is going to allow summary judgment motions in

2  this phase, it should set a deadline for them to be filed at least 60 days after Plaintiffs

3  amend their complaint or otherwise identifiy the works at issue.  The Court should not

4  permit summary judgment motions at all unless it adjusts the schedule accordingly.

5      As will be explained further in opposition to Plaintiffs' motion for summary

6  judgment, Plaintiffs' motion for summary on willfulness is untimely, and if permitted

7  in this damages phase, is premature.  When copyright holders elect to pursue statutory

8  (as opposed to actual) damages in a copyright infringement case, Section 504(c)(2) of

9  the Copyright Act grants the court the discretion to increase the damages award "to a

10  sum of not more than $150,000" per work if the court determines the infringement

11  was willfully committed.  17 U.S.C. § 504(c)(2) (2010).  The owner of the copyright

12  bears the burden of proving an infringement was willful.  *Id.*  Willfulness is thus not a

13  theory of damages.  Rather, by statute, if the court finds that a defendant acted

14  willfully in infringing a copyright, then the court *may* increase a statutory damages

15  award.  Plaintiffs' motion for summary judgment on willfulness is a liability issue not

16  previously presented.  Plaintiffs could *and should* have moved for summary judgment

17  on willfulness, if at all, during the liability phase.

18      Moreover, willfulness is a species of causation that cannot be adjudicated in this

19  case other than on a work by work basis, as enhancement of a particular statutory

20  damage requires a showing of willful infringement of the work at issue.  So far, this

21  case has been limited to only 44 works, and Defendants did not learn until last month

22  that Plaintiffs intended to substantially expand the scope of this action by seeking

23  statutory damages for somewhere between 3,000-5,000 works.  Because Plaintiffs

24  have yet to identify the works in suit, it is impossible to determine whether any

25  particular infringement was willful or even committed.  Further, any prior liability

26  findings Plaintiffs want to be extended to a finding of willfulness here would at best

27  only relate to the 44 works, making it premature to even assess willfulness unless and

28  until Plaintiffs identify what, if any, additional works for which they are claiming

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

21

1    willfulness.

2                    **2.      An Expert Schedule Should Be Established**

3          Under the Federal Rules, usually the Court sets expert discovery deadlines,

4    Alternatively, Rule 26(a)(2)(D) says that in the absence of a "stipulation or a court

5    order" expert disclosures must be made at least 90 days before the date set for trial or

6    for the case to be ready for trial; or for rebuttal experts, 30 days.  It would have been

7    impossible to comply with the default schedule when trial was set on the 90th day from

8    trial.  Because Plaintiffs have declined to discuss this concern (or any other scheduling

9    issues), the Court should clarify deadlines for expert discovery, disclosure and rebuttal

10   reports.

11              **E.    Defendants' Lead Trial Lawyers Are Scheduled for Trial in New
                       York on the Scheduled Trial Date**
12

13         Michael S. Elkin and Thomas P. Lane are lead trial counsel for Defendants.

14   They have extensive trial experience in copyright cases, which is why Defendants

15   hired them to take the lead in the damages trial.  Defendants also seek to adjust the

16   trial schedule because they have a previously scheduled FINRA arbitration that is

17   scheduled to go forward at the same time as the Court set trial here.  [Lane Decl. ¶ 2.]

18          Defendants' counsel here, Thomas P. Lane and Michael S. Elkin, are also lead

19   trial counsel in a 100+ hearing day FINRA arbitration.  Mr. Elkin represents Tradition

20   Financial Services, and Mr. Lane represent individual parties John Fowler, John

21   Puckhaber, Rob Johnson, and Michael Farinacci.  The FINRA arbitration began in

22   April 2012, and there have been 42 days of trial so far with sixty days scheduled for

23   2013, in New York, which were scheduled in November 2012 (nearly a year ago), and

24   include:  September: 18, 19, 20, 24, 25, 27; October: 1, 2, 7, 8, 10, 16, 17, 22, 23, 28,

25   29, 30; November: 5, 6, 12, 13, 14, 19, 20; and December: 4, 6, 10, 11, 16, 17, 18.  As

26   the dates, if any, for 2014 have not yet been set, Defendants' counsel respectfully

27   requests that trial be rescheduled to accommodate the trial conflict of Defendants'

28   counsel.  Given this pre-existing scheduling conflict, Defendants also respectfully

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1   request that trial be re-set to allow participation by Defendants' lead trial counsel.

2   [Lane Decl. ¶ 2.]

3   **IV.     CONCLUSION**

4        For the foregoing reasons, Defendants respectfully request that the Court grant

5   Defendants' *Ex Parte* Application.

6

7   Dated:  August 28, 2013                    WINSTON & STRAWN LLP

8

9                                              By:  */s/ Erin R. Ranahan*

10                                             WINSTON & STRAWN LLP
                                                   Michael S. Elkin
11                                                 Thomas Patrick Lane
                                                   Jennifer A. Golinveaux
12                                                 Erin R. Ranahan
                                                   Thomas Kearney
13

14                                             ROTHKEN LAW FIRM
                                                   Ira P. Rothken
15                                                 Jared R. Smith

16                                             *Attorneys for Defendants*
                                               GARY FUNG and ISOHUNT WEB
17                                             TECHNOLOGIES, INC.

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' *EX PARTE* APPLICATION

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543