Michael S. Elkin (admitted *pro hac vice*)
melkin@winston.com
Thomas Patrick Lane (admitted *pro hac vice*)
tlane@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York  10166
Telephone:  (212) 294-6700
Facsimile:   (212) 294-4700

Ira P. Rothken (SBN: 160029)
ira@techfirm.net
Jared R. Smith (SBN: 130343)
jared@techfirm.net
**ROTHKEN LAW FIRM**
3 Hamilton Landing, Suite 280
Novato, CA 94949
Telephone:  (415) 924-4250
Facsimile:   (415) 924-2905

Jennifer A. Golinveaux (SBN: 203056)
jgolinveaux@winston.com
Thomas J. Kearney (SBN: 267087)
tkearney@winston.com
**WINSTON & STRAWN LLP**
101 California Street
San Francisco, CA  94111-5802
Telephone:  (415) 591-1000
Facsimile:   (415) 591-1400

Erin R. Ranahan (SBN: 235286)
eranahan@winston.com
**WINSTON & STRAWN LLP**
333 South Grand Avenue, Suite 3800
Los Angeles, CA 90071-1543
Telephone:  (213) 615-1700
Facsimile:   (213) 615-1750

Attorneys for Defendants,
GARY FUNG and ISOHUNT WEB TECHNOLOGIES, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| COLUMBIA PICTURES INDUSTRIES, INC., et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>GARY FUNG, et al.,<br><br>　　　　Defendants. | **Case No. CV 06-5578-SVW (JCx)**<br><br>**DEFENDANTS' SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFFS'** ***EX PARTE*** **APPLICATION FOR EVIDENTIARY SANCTIONS FOR VIOLATION OF THE COURT'S JUNE 8, 2007 ORDER—FEES REQUESTED** |

Defendants respectfully request leave to file this supplemental brief in opposition to Plaintiffs' *Ex Parte* Application (Dkt. No. 558), in order to correct the record with respect to statements made in Plaintiffs' reply (Dkt. No. 573).[1]

## INTRODUCTION

Plaintiffs do not dispute that at *no time* in the past seven years did they ever suggest to Defendants that damages discovery, from either party, was proper or should commence, or that Plaintiffs expected ongoing liability productions through the damages phase. Though Defendants immediately cooperated in producing all preserved website server data that Plaintiffs requested—as soon as Plaintiffs requested such data in connection with their damages case—Plaintiffs continue their quest to avoid the merits and burdens of their claims, asking this Court for unnecessary and unjustified evidentiary sanctions. Given Plaintiffs' persistence in prosecuting discovery in this case, and the frequency of Plaintiffs' requests for sanctions even when Defendants are fully cooperating, it is simply not credible that Plaintiffs would have sat silently for more than six years if they genuinely believed Defendants were violating their obligations in not making bi-weekly productions of web server data.

As Plaintiffs well know, neither side understood liability phase discovery to continue after the close of that phase, and *neither side* produced any documents during that period. At best, Plaintiffs are seeking to exploit a misunderstanding—perpetuated by their own representations and inaction—about the expectations of ongoing productions after the close of the liability phase, which Plaintiffs now seek to leverage into a windfall of close to a billion dollars in statutory damages. Plaintiffs' reply papers misrepresent the record and the Court should deny Plaintiffs' requests.

**(1) Plaintiffs Do Not Dispute And Thereby Concede That The Bifurcation of This Case Extended To Discovery**

Plaintiffs clearly seek to obtain the benefits of the bifurcation of this case without affording those benefits to Defendants, relying on Judge Wilson's phasing of

---

[1] Had Plaintiffs followed Local Rule 37, each side would be able to present their positions in the joint stipulation and in a five page reply. Plaintiffs replied in eleven pages. In the spirit of Rule 37, Defendants limit this supplemental reply to five pages.

1

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

the case when objecting that Defendants' discovery was premature, and yet now asking the Court to ignore the phasing when it comes to Defendants' production. Significantly, prior production and discovery motion practice was related to Plaintiffs' assertions that they had insufficient evidence for their summary judgment motion regarding liability ("MSJ").² The scope of the *ex parte* applications and the correspondence (and lack of correspondence) confirm that Plaintiffs were entirely focused on tracker log data production for Plaintiffs' MSJ, with no reference to further production of website server log data. [Rebuttal Decl. of Jared Smith ¶¶ 4-6.] The lone statement Plaintiffs can locate where Plaintiffs sought to expand the R & R to website data was filed *after* Plaintiffs' *ex parte* applications were submitted, *after* this Court proposed the R & R, and was made only in Plaintiffs' *objections* to the R & R as "an independent reason" why the Court should modify the R & R. [*Id.*] While Plaintiffs also claim this was "raised during oral argument" at a 2007 hearing, the request was gratuitous and not supported by the record. [*Id.* at ¶ 6.] And when this Court did not accept Plaintiffs' retroactive invitation to broaden the proposed R & R to deal with this website data, Plaintiffs never filed a separate motion or *ex parte* application claiming Defendants' production was inadequate until now.

Defendants had no reason to question Plaintiffs' representation that Plaintiffs had sufficient website server log data. Defendants, while recognizing ongoing preservation duties, relied on the phasing, understanding—as did Plaintiffs—that liability phase discovery closed with Plaintiffs' summary judgment briefing on liability. Defendants do not assert that Plaintiffs' representation that it had sufficient web server data for the liability phase invalidated the Server Log Order, but rather that the understanding confirmed the fact that the production required by the liability phase ceased, and thus there was no need to file a stipulation given that Judge Wilson's

---

² *See* Smith Decl. (Dkt. No. 567-1) ¶ 3 (Dkt. No. 49-50)("Plaintiffs are hereby entitled to seek discovery necessary for filing a motion for summary judgment…") and ¶ 16, 8/25/09 Order (Dkt. 358), p. 4, n.2. (noting Order regarding Plaintiffs' summary judgment motion "should not be construed as an invitation to the parties to engage in additional discovery.")

2

phasing ended discovery for liability. Because it was not clear what evidence Plaintiffs would seek to prove causation and damages until the Court's recent July and August 2013 Orders (Dkt. Nos. 554, 527), it makes perfect sense that Plaintiffs made no request for any additional data until after that order.

Plaintiffs' claim that Defendants "never advised the Court" before or at the August 5, 2013 hearing about Defendants' preservation, and did not "allude" to it until August 16, 2013 (Opp. 5:26-27, 5:28-6:1), ignoring that Defendants *made clear* to the Court and Plaintiffs weeks before in their brief filed on July 25, 2013, that Defendants had preserved website server log data (Dkt. No. 546, 4:1-3) ("Defendants have preserved the website server data and will produce it to the extent it is shown to be relevant in the damages phase"). There was no further discussion about such data at all (by Plaintiffs or Defendants) at the August 5 hearing because Judge Wilson made clear he was denying the R & R and did not hear any oral argument about it, and recognized in his subsequent order that any "issue" regarding Plaintiffs' "alleged" claim that Defendants were in violation of the order regarding the website server data was "not presently before this Court, *as Plaintiffs have yet to file their motion before Magistrate Judge Chooljian*." (8/7/13 Order (Dkt. 554) (emphasis added).) Plaintiffs should not be allowed to wait seven years to assert that Defendants' production was insufficient, and then complain about prejudice for not having sought it sooner.

**(2)    Plaintiffs Ignore Alternate Sources of Evidence And Their Requested Remedies Are Unjustified and Unnecessary**

Plaintiffs concede that their requested evidentiary sanction #1 (direct infringement)" and requested sanction #2 (scale of infringement)" are *not* now appropriate in light of the fact that Defendants substantially preserved and promptly produced the data as soon as it was requested, and Plaintiffs admit they have sufficient data to make these requests unnecessary, withdrawing these requests for the website server log data that has been produced.[3] [Reply 10:4-6.] Even apart from the fact that the missing data from 2007 to 2008 was lost as a result of the routine, good-faith

---

[3] Besides attorney speculation, there is no evidence Defendants engaged in bad faith.

operation of Defendants' electronic information system and does not merit any sanctions, Fed. R. Civ. Proc. 37(e), Plaintiffs have failed to demonstrate that such data is necessary in light of the two years of data Defendants have now provided, or that there are no other reasonable alternatives for such data. For example, if Plaintiffs were truly under the (erroneous) impression that Defendants were not preserving website server log data, Plaintiffs could have, should have, and indeed likely were, collecting their own evidence regarding such data. Defendants' website is public, and features a high powered search engine that would have allowed Plaintiffs to download whatever torrent files they wanted from 2007 on, and use them to check the content of the target file.[4] Plaintiffs and their experts likewise could have (and likely have) spidered Defendants' entire websites whenever they chose for torrent files and obtained related downstream content. Notably, Plaintiffs have not denied that they collected their own evidence, and yet they cannot legitimately claim prejudice of lost data if they have the evidence they need to make their case. And if they do not, Plaintiffs have failed to explain why, especially if they considered it important to obtain certain data in real time or believed that data was not being preserved or was at risk of becoming stale.[5]

Plaintiffs' requested sanctions #3 and #4 are also inappropriate and unnecessary. With sanction #3, Plaintiffs seek to "preclude Defendants" from "presenting any argument to the jury that Plaintiffs have not offered evidence of actual damages caused by copyright infringement through the Fung Websites, or based on the absence of such actual damages evidence." In other words, Plaintiffs seek to avoid their obligations to produce documents and evidence to show their *actual* damages, which is squarely relevant to a claim of statutory damages.[6] The discovery Plaintiffs

---

[4] If production occurred every two weeks, it would not have included IP addresses.
[5] Defendants also object to Plaintiffs' supporting declarations of Steve Fabrizio and Gianni Servodidio (Dkt. Nos. 572-1 and 573-1) as lacking foundation as to Plaintiffs' assertions that they could not do the infringement content analysis on old torrent files and provide no background on whether Plaintiffs have downloaded torrent files in the past and no reason why they did not simply ask for website server log data earlier.
[6] If statutory damages are elected, [t]he [jury] has wide discretion in determining the amount …constrained only by the specified maxima and minima." *Peer Int'l Corp. v.*

4

claim was frustrated does not impact Plaintiffs' ability to present their own evidence that relates to their actual damages, including Plaintiffs' internal information about the value of their asserted (but still unidentified) works. Moreover, Plaintiffs have data regarding number of downloads of torrent files from the substantial production Defendants have made and any alternate sources of evidence Plaintiffs collected. Plaintiffs do not deny that they have the relevant data from Defendants' production, but rather claim that they do not have enough time to analyze despite having electronic versions of the data that can be searched electronically and without any factual support other than sheer speculation by Plaintiffs' litigation counsel.

Regarding Plaintiffs' proposed sanction #4, Plaintiffs seek a "rebuttable presumption" to eviscerate the minimal showing the District Court is requiring, seeking a presumption that "the content file associated with the dot-torrent file" is "a copy of one of Plaintiffs' copyrighted works" because the passage of time has made it "impossible (or more difficult, burdensome or costly)" to download the actual content associated with dot-torrent files. As a preliminary matter, Defendants must first have notice of the works at issue to identify specific problems regarding presumptions from only the name of the file. Further, as with their requested sanctions # 3, Plaintiffs have offered *no* evidence about the degradation of files over time other than sheer attorney speculation, and Plaintiffs cannot claim prejudice by the age of the data when they waited seven years to bring the motion and had alternative available means to collect any evidence they required through spidering, and the data was substantially preserved by Defendants. In the unlikely event that Plaintiffs sat on their hands for six years without collecting any evidence, while at the same time not bothering to seek the data from Defendants, the extreme sanction is also not warranted.

Defendants respectfully request that the Court deny Plaintiffs' *Ex Parte* Application.

---

*Pausa Records, Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990); *see also Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham*, Inc., 259 F.3d 1186, 1194 (9th Cir. 2001); Statutory damages still must "bear some relation to actual damages suffered." *Van Der Zee v. Greenidge*, 2006 WL 44020, at *2 (S.D.N.Y. 2006).

5

Dated: September 4, 2013

WINSTON & STRAWN LLP

By: */s/ Erin R. Ranahan*

WINSTON & STRAWN LLP
   Michael S. Elkin
   Thomas Patrick Lane
   Jennifer A. Golinveaux
   Erin R. Ranahan
   Thomas Kearney

ROTHKEN LAW FIRM
   Ira P. Rothken
   Jared R. Smith

*Attorneys for Defendants*
GARY FUNG and ISOHUNT WEB TECHNOLOGIES, INC.