Michael S. Elkin (admitted *pro hac vice*)
melkin@winston.com
Thomas Patrick Lane (admitted *pro hac vice*)
tlane@winston.com
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
Telephone:   (212) 294-6700
Facsimile:    (212) 294-4700

Ira P. Rothken (SBN: 160029)
ira@techfirm.net
Jared R. Smith (SBN: 130343)
jared@techfirm.net
ROTHKEN LAW FIRM
3 Hamilton Landing, Suite 280
Novato, CA 94949
Telephone:   (415) 924-4250
Facsimile:    (415) 924-2905

Robb C. Adkins (SBN: 194576)
radkins@winston.com
Jennifer A. Golinveaux (SBN: 203056)
jgolinveaux@winston.com
Thomas J. Kearney (SBN: 267087)
tkearney@winston.com
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5802
Telephone:   (415) 591-1000
Facsimile:    (415) 591-1400

Erin R. Ranahan (SBN: 235286)
eranahan@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue, Suite 3800
Los Angeles, CA 90071-1543
Telephone:   (213) 615-1700
Facsimile:    (213) 615-1750

Attorneys for Defendants,
GARY FUNG and ISOHUNT WEB TECHNOLOGIES, INC.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA  90071-1543

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

COLUMBIA PICTURES INDUSTRIES, INC., et al.,

Plaintiffs,

v.

GARY FUNG, et al.,

Defendants.

**Case No. CV 06-5578-SVW (JCx)**

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON WILLFUL AND INNOCENT INFRINGEMENT**

**TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................1

II.     PROCEDURAL AND FACTUAL HISTORY ............................3

III.    INDUCEMENT AND WILLFULNESS ARE DISTINCT LEGAL
        THEORIES ........................................................................5

        A.      Inducement and Willfulness Have Distinct Legal Standards ..................6

        B.      Inducement and Willfulness Require Distinct Factual Inquiries ..............7

        C.      The Facts Do Not Support Summary Judgment as to Willfulness ...........8

        D.      Plaintiffs' Cited Cases Fail to Support Their Argument.........................10

        E.      Summary Judgment as to Willfulness Is Inappropriate ..........................11

IV.     PLAINTIFFS' MOTION FAILS BECAUSE THERE EXIST GENUINE
        ISSUES OF DISPUTED FACT AS TO WILLFULNESS ...............................12

        A.      Plaintiffs' Motion Lacks Evidentiary Support Because Plaintiffs
                Have Failed to Identify the Works at Issue................................................12

        B.      Willfulness Should Be Assessed Separately as to Each Alleged
                Work ...........................................................................................14

V.      PLAINTIFFS' ARGUMENTS CONCERNING INNOCENT
        INFRINGEMENT FAIL ................................................................15

VI.     PLAINTIFFS' MOTION SHOULD BE DENIED BECAUSE IT IS
        PROCEDURALLY IMPROPER ......................................................17

        A.      Plaintiffs' Motion Violates the Scheduling Order and Is Untimely ........17

        B.      Plaintiffs' Motion Is in Essence an Improper Request for an
                Advisory Opinion.....................................................................17

VII.    IN THE ALTERNATIVE, THE COURT SHOULD DENY OR
        CONTINUE PLAINTIFFS' MOTION UNDER RULE 56(D) BECAUSE
        PLAINTIFFS HAVE FAILED TO PROVIDE NECESSARY
        DISCOVERY ..............................................................................18

        A.      Standard for Relief Under Rule 56(d)....................................................18

        B.      Defendants Are Entitled to Rule 56(d) Relief.........................................19

VIII.   CONCLUSION .............................................................................20

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

## I.     INTRODUCTION

Plaintiffs' Motion for Summary Judgment on Willful and Innocent Infringement ("Motion") is an improper attempt by Plaintiffs to short circuit their burden of proof for seeking enhanced statutory damages at trial. Despite having only ever identified forty-four of the thousands of works for which Plaintiffs claim they will seek damages, Plaintiffs claim that it is "undisputed" that Defendants acted willfully for purposes of enhanced damages as to each and every one of the as-yet-unnamed works and infringements they intend to pursue. Some of these purported infringements may have taken place years after the Court's original summary judgment finding on inducement liability. But willfulness is a species of causation that cannot be adjudicated in this case other than on a work by work basis, since enhancement of a particular statutory damage requires a showing of willful infringement of the work at issue. Because Plaintiffs have yet to identify the works in suit, it is impossible to determine whether any particular infringement was willful–or even committed. Plaintiffs' Motion offends basic notions of fairness and due process, and flies in the face of the Ninth Circuit's admonition against adopting a "loose" theory of causation when evaluating damages for inducement liability. Not only is Plaintiff's Motion premature, given that Defendants do not know what works or alleged infringements are at issue to defend against, or whether a finding of willfulness is appropriate regarding any particular alleged infringement, but it is also procedurally improper, filed years after the Court's deadline for filing dispositive motions, and without Plaintiffs ever having sought leave to do so during the recent briefing and hearing regarding the schedule for the damages phase of this case.

Because Plaintiffs have so far identified only forty-four of the thousands of works for which they intend to seek damages, their Motion is replete with untestable allegations in the guise of "undisputed facts" that are not "facts" at all. Plaintiffs nonetheless ask the Court to bypass the necessary fact-intensive inquiry of determining whether a particular infringement is willful, and instead issue a blanket

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

ruling that a finding of inducement liability for copyright infringement *per se* equates to a finding of willful copyright infringement for a limitless number of works before they are even named, *regardless* of any particular facts concerning the alleged infringements, and even if they occurred years after the finding of inducement liability. This is precisely the sort of "loose" causation theory the Ninth Circuit explicitly warned against when assessing damages, noting in particular that "proving that an entity had an unlawful purpose at a particular time in providing a product or service does not infinitely expand its liability in either temporal direction." *Columbia Pictures Indus., Inc. v. Fung*, 710 F.3d 1020, 1038 (9th Cir. 2013) ("*Fung II*"). Plaintiffs cite no authority for the proposition that inducement equates to willfulness at all, and certainly not regarding works and infringements that were not even at issue when this Court decided inducement, and infringements that may have taken place years afterward. Of course, no such authority exists. The Copyright Act offers no support for Plaintiffs' Motion. The two out-of-district cases Plaintiffs do misleadingly cite are entirely distinguishable. Further, the notice-and-takedown procedures that Defendants model after the Digital Millennium Copyright Act ("DMCA") create triable facts on willfulness sufficient to defeat summary judgment, even if Defendants were found not entitled to the DMCA safe harbor itself.

Until and unless Plaintiffs identify the works and infringement they intend to place at issue—and provide essential discovery on those works and infringements—any holding on willfulness would be premature at best. Plaintiffs have yet to provide that information, and indeed have provided *no* facts, disputed or otherwise, concerning any additional works. And even as to the forty-four works at issue during the initial summary judgment ruling, the Ninth Circuit made clear that there must be a more specific finding of causation to justify damages for each alleged infringement, and thus enhancing damages in the abstract would violate the Ninth Circuit's directive. Plaintiffs' motion is procedurally improper, substantively lacking, and should be denied.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

## II.    PROCEDURAL AND FACTUAL HISTORY

Exactly seven years ago, on September 6, 2006, Plaintiffs filed this copyright infringement lawsuit against Defendants. Dkt. 1 (Complaint). Plaintiffs served their First Amended Complaint ("FAC") on September 26, 2006. Dkt. 13 (FAC). Exhibit A to Plaintiffs' FAC was a list of 44 works, purportedly owned by Plaintiffs, that were allegedly at issue in the Complaint. *Id.* The FAC referred to the Exhibit A list as a "representative" list of works, but did not identify any other works at issue. *Id.* The FAC has never been amended and is still the operative complaint in this matter.

On November 6, 2006, the Court bifurcated this case into liability and damages phases for the purposes of discovery, summary judgment and trial. Dkt. 33 (11/6/06 Status Conference Minute Order). On August 13, 2007, the Court set a final deadline of September 6, 2007 for filing summary judgment motions. Dkt. 209 at 2. Plaintiffs filed their motion for summary judgment on liability on the deadline date. Dkt. 249 (Notice of Motion for Summary Judgment on Liability). The Court has not issued a subsequent scheduling order setting any deadlines for discovery or additional dispositive motions.

During the liability phase, Plaintiffs objected to and refused to respond to discovery they claimed related to damages, including in response to Defendants' Interrogatories and Document Requests. Smith Dec. ¶¶ 3-4, 6-7, Exs. B, D. In response to Defendants' Interrogatories, Plaintiffs resisted requests that they claimed were "beyond the scope" of the "core liability issues as reflected by the representative list of copyrighted works annexed as Exhibit A to the First Amended Complaint." *Id.* at ¶ 7 & Ex. D. Plaintiffs denied Defendants discovery on any but the 44 representative works, objecting to prior requests, interrogatories and 30(b)(6) topics as outside the liability phase scope, but proper for damages. *Id.* ¶ 4, Ex. B (Plaintiffs' Responses to Defendants' Requests for Production of Documents, Set 2); *id.* ¶ 7, Ex. D (Plaintiffs' Objections to Defendants' First Set of Interrogatories). Plaintiffs also objected to Defendants' discovery "to the extent that they seek discovery

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

concerning the total number of infringing works claimed by the plaintiffs in this case and/or damages" and that "remedial issues such as these will be deferred until after summary judgment proceedings on the core issue of defendants' secondary liability." *Id.* Exs. B, D.

Plaintiffs also objected to the following five topics in connection with an *ex parte* application regarding Defendants' 30(b)(6) notice. Smith Dec. Ex. F (Plaintiffs' *Ex Parte* App. For Protective Order Re Rule 30(b)(6) Depositions). Plaintiffs successfully resisted discovery that they claimed would not to be appropriate *until* the damages phase:

- *Topic 10*: Any and all information related to primary infringement that occurred in relation to use of or arising out of Defendants' Websites.

- *Topic 12*: Any and all information related to copyrighted works that were downloaded in an unauthorized manner using any torrent file found via Defendants' Websites.

- *Topic 13*: Any and all information related to Internet Files referenced by torrent files obtained using the Defendants' Websites that MPAA and/or Plaintiffs or their representatives actually listened to or viewed or analyzed.

- *Topic 28*: Any and all information related to communications, documents, information, and data related to the number of downloads of plaintiffs' copyrighted works arising out of torrent files downloaded using Defendants' Websites.

- *Topic 29:* Any and all information related to plaintiffs['] copyright registrations for the copyrights mentioned in the complaint or at issue in this case.

*Id.* at 9-10.

As Plaintiffs argued in resisting this discovery regarding these topics earlier, they "all get at one thing: plaintiffs' knowledge and evidence of direct infringement of their copyrighted works through defendants' sites." *Id.* at 10. Plaintiffs recognized that such "issue has obvious relevance to the case as a whole," and noted that they "do not

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

4

dispute that, at the appropriate time, defendants will have the opportunity to take appropriate discovery as to all works directly infringed by defendants' users for which plaintiffs are seeking to hold defendants liable as secondary copyright infringers." *Id.* The time could not be more appropriate than now.

On July 1, 2013, the Court held its first Status Conference in this case since the liability phase concluded. There, Defendants explained they would need time to conduct discovery into the works in suit, which Plaintiffs have yet to identify. Dkt. 523 (Defendants' Response Plaintiffs' Request for Scheduling Conference) at 2:3-19. On August 7, 2013, the Court set jury trial for the damages phase for November 5, 2013. Dkt. 554. In the same Order, the Court held that in order to be entitled to statutory damages for works-in-suit, Plaintiffs must establish that (1) they own the copyright in such work; and (2) that an American user downloaded a Dot-Torrent file of that work from one of Defendants' Websites. Dkt. 554 at 5. The Court also ordered that Plaintiffs identify the works for which they are actually seeking damages. To date, Plaintiffs have refused to commit to a timeframe for doing so. Rule 56(d) Declaration of Jennifer Golinveaux ("Rule 56 Dec.") at ¶ 7. Defendants have served interrogatories and document requests seeking core information about Plaintiffs' claims, including the identity and ownership of the works Plaintiffs intend to allege, identification of direct infringements of Plaintiffs' works, evidence of causation, and Plaintiffs' basis for calculating damages. Rule 56 Dec. at ¶¶ 3-5.  Plaintiffs have not yet responded.

## III.   INDUCEMENT AND WILLFULNESS ARE DISTINCT LEGAL THEORIES

Inducement of infringement and willfulness have separate legal standards. While both require intensive inquiry into the facts of the case, different facts are relevant to each, such that a reasonable jury could find inducement without finding willfulness as to particular infringements, and vice versa. Moreover, in light of the fact-intensive nature of the inquiry, summary judgment on the issue of willfulness is inappropriate.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

5

## A.      Inducement and Willfulness Have Distinct Legal Standards

Under an inducement theory, "one who distributes a device [or offers a service] with the object of promoting its use to infringe copyright, as shown by clear expression or other affirmative steps taken to foster infringement, is liable for the resulting acts of infringement by third parties." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 936-37 (2005). Inducement liability thus has four required elements: (1) the distribution of a device or product, (2) acts of infringement, (3) an object of promoting its use to infringe copyright, and (4) causation. *Fung II*, 710 F.3d at 1033.

The Copyright Act provides that where the infringement was committed willfully, "the court in its discretion may award [enhanced] statutory damages . . . for the infringement of *each particular work*." *Sega Enters. Ltd. v. Sabella*, C 93-04260, 1996 WL 780560, *16 (N.D. Cal. Dec. 18, 1996) (citing 17 U.S.C. § 504(c)(2)) (emphasis added); *Propet USA, Inc. v. Shugart*, C-06-0186, 2007 WL 4376201, *2 (W.D. Wash. Dec. 13, 2007) ("the jury may have found [counter-defendant's] infringement willful and, consequently, found [counter-claimant] entitled to as much as $150,000 *for each work found willfully infringed*") (emphasis added). "[N]either negligence nor mere 'dreadful' behavior suffice for a willfulness finding." Patry on Copyright § 22:180 (2013) (citing *Grateful Dead Prods., Inc. v. Auditory Odyssey*, 76 F.3d 386 (9th Cir. 1996) (unpublished opinion)). A plaintiff bears the burden to establish that a defendant acted willfully in infringing his copyright. 17 U.S.C. § 504(c)(2) ("the copyright owner [must] sustain[] the burden of proving . . . that infringement was committed willfully"). While "[n]either the Copyright Act or its legislative history defines 'willful' . . . '[i]t seems clear that as here used 'willfully' means with knowledge that the defendant's conduct constitutes copyright infringement.'" *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1335 n.3 (9th Cir. 1990) (quoting 3 M. Nimmer & D. Nimmer, *Nimmer on Copyright* § 1404[B], at 14-40.2-.3 (1989)); *see Dolman v. Agee*, 157 F.3d 708, 715 (9th Cir. 1998) ("In the

copyright infringement context, 'willful' means acting 'with knowledge that [one's] conduct constitutes copyright infringement") (quoting *Columbia Pictures Television v. Krypton Broad. of Birmingham, Inc.*, 106 F.3d 284, 293 (9th Cir. 1997), *rev'd on other grounds by Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998)).

Plaintiffs' reliance on dicta from *Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 674 (9th Cir. 2012) for the proposition that "a finding of 'willfulness' in [the copyright] context can be based on . . . *merely* 'reckless' behavior" (emphasis added) is misplaced. In *Washington Shoe*, the Ninth Circuit, reversing a district court's Rule 12 dismissal of copyright claims for lack of personal jurisdiction, held that *if allegations* of willful copyright infringement were true, then plaintiff had sufficiently alleged the defendant's minimum contacts with the forum. The court's actual holding is jurisdictional, and rests on the uncontroversial proposition that willfulness implies knowledge. The court's decision did not reach the merits of the copyright claims; did not consider issues or evidence going to damages; and did not determine that the plaintiff had sustained its burden to show willfulness.[1]

## B.   Inducement and Willfulness Require Distinct Factual Inquiries

A reasonable jury could find that facts tending to show inducement liability are nevertheless not evidence of willfulness, and vice versa. Among the facts courts have examined to determine whether inducement liability exists are: the scale of infringement; the nature of a defendant's advertising; the nature of a defendant's customer support; a defendant's refusal to take simple steps to stop known infringements; and whether the commercial sense of the enterprise turns on high-

---

[1] Moreover, *In re Barboza*, 545 F.3d 702 (9th Cir. 2008), the source of the "merely reckless behavior" language quoted by the *Washington Shoe* court, used the phrase only in the context of summarizing the standard for willfulness in "our sister circuits." *Id.* at 707. While the *Barboza* court approved a lower court's jury instruction on willfulness, that instruction *did not include the term* "merely reckless." *Id.* Even under the standard for willfulness set by "sister circuits," "merely reckless behavior" is insufficient to show willfulness. Rather, at a minimum, a plaintiff "must show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of 'reckless disregard' for, or 'willful blindness' to, the copyright holder's rights." *Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 263 (2d Cir. 2005) (listing cases).

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

7

volume, infringing use. *Grokster*, 545 U.S. at 939-40. But courts typically examine different factors in determining whether a defendant's conduct is willful. For example, "one who has been notified that his conduct constitutes copyright infringement, but who reasonably and in good faith believes the contrary," may not be a willful infringer. *RCA/Ariola Int'l, Inc. v. Thomas & Grayson Co.*, 845 F.2d 773, 779 (8th Cir. 1988) (quoting 3 M. Nimmer and D. Nimmer, *Nimmer on Copyright* § 14.04[B][3] (1987)). A reasonable jury could nonetheless find such a defendant liable for inducing copyright infringement. Conversely, "courts often award heightened damages [for willfulness] where a defendant is a counterfeiter, . . . or if, after receiving notice of Plaintiff's claims, [the defendant] takes no action to investigate and merely continues its[] infringing behavior." *Schiffer Publ'g, Ltd. v. Chronicle Books, LLC*, No. Civ.A.03-4962, 2005 WL 67077, *5 (E.D. Pa. Jan. 11, 2005). Such facts might not affect a finding of inducement, however.

## C.   The Facts Do Not Support Summary Judgment as to Willfulness

Plaintiffs' untimely Motion is conspicuously devoid of *any* factual allegations post-dating Plaintiffs' initial, authorized summary judgment motion, Dkt. 249 (Sept. 6, 2007). Every one of Plaintiffs' purported "facts" thus reflects Defendants' actions as of nearly six years ago. There can be no dispute that these stale facts shed no light on Defendants' state of mind after that time: "an individual or entity's unlawful objective at [a particular] time . . . is not a virus that infects all future actions." *Fung II*, 710 F.3d at 1038. Nor are Plaintiffs' alleged facts sufficient to show that Defendants' conduct was willful at any time; nor, as the Ninth Circuit recognized, do they suffice to show the causation required to prove damages at this phase of the case. "In the present case, . . . causation, even in the relatively loose sense we have delineated, cannot be assumed, even though fault is unquestionably present." *Id.* at 1038-39. Plaintiffs' alleged facts are thus too stale and lacking to support summary judgment on willfulness, even as to the 44 works Plaintiffs initially identified, since willfulness requires a different and distinct factual inquiry from the question of

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

8

inducement.

In addition, the undisputed material facts concerning numerous events that have occurred since the inception of this case also preclude summary judgment on willfulness:

- On or before October 3, 2007, Defendants blocked all U.S. access to their trackers, located at podtropolis.com and torrentbox.com. This blocking categorically prevented any and all users with a United States IP address from using the trackers to infringe Plaintiffs' copyrighted works. Indeed, the blocking was massively over-inclusive, since it not only prevented infringement of Plaintiffs' works using the trackers, but it also prevented U.S. users from using the trackers to download any works that were licensed, or in the public domain, or whose distribution was authorized. To this day, Defendants continue to block U.S. access to the trackers. Declaration of Gary Fung in Support of Defendants' Opposition to Plaintiffs' Motion for Summary Judgment on Willful and Innocent Infringement ("Fung Dec.") at ¶¶ 2-3.

- In April, 2010, Defendants began redirecting U.S. users to a separate service, "isoHunt Lite." *Id.* at ¶ 4. Only on or about November 1, 2010, once Defendants had ascertained that the isoHunt Lite site was a redundant precaution in light of the filtering on the main isoHunt site, did Defendants stop automatically redirecting U.S. users to isoHunt Lite. *Id.* at ¶ 8.

- On May 21, 2010, pursuant to the Court's Order for Permanent Injunction, Defendants began filtering isoHunt's search results for U.S. users, using lists of works that Plaintiffs provided. *Id.* at ¶ 5. Defendants have maintained and updated the filter as Plaintiffs have provided updated lists. *Id.* at ¶ 6.

- Since April, 2010, U.S. users have not been able to view lists of top downloads or top searches on the isoHunt main site or the isoHunt Lite site. *Id.* at ¶ 9. Nor have U.S. users been provided with a "categories" column in

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

9

isoHunt search results. *Id.*

• Since April, 2010, isoHunt does not suggest searches to U.S. users, and does not auto-complete searches conducted by U.S. users. *Id.* at ¶ 10.

These undisputed facts are directly relevant to Plaintiffs' allegations of inducement and willfulness; are probative of Defendants' intent, knowledge, and state of mind; and create a genuine issue of material fact that precludes summary judgment. By contrast, Plaintiffs have offered *no* facts to support a finding of willfulness as to the infringement of any particular work.

### D.    Plaintiffs' Cited Cases Fail to Support Their Argument

The two out-of-circuit cases Plaintiffs cite fail to support their sweeping theory that willfulness "automatically follow[s]" from a finding of inducement liability. Plaintiffs argue that, because two New York district court cases found both inducement and willfulness "as a matter of law," this Court should do the same.[2] But Plaintiffs grossly mischaracterize those holdings, and moreover both cases are easily distinguishable.

The court in *Usenet.com* did not, contrary to Plaintiffs' claim, find that willfulness "automatically followed" from a finding of inducement liability. Rather, the court merely upheld a magistrate judge's willfulness determination based on the court's previous findings. *Arista Records LLC v. Usenet.com, Inc.*, No. 07 Civ. 8822(HB), 2010 WL 3629587, *5 (S.D.N.Y. Sept. 16, 2010). Similarly, the *Limewire* court simply held, without analysis, that its "[previous] findings . . . [also] established . . . that Defendants' conduct was 'willful' within the meaning of Section 504(c)(2)." *Arista Records LLC v. Lime Group LLC*, No. 06 Civ. 5936 (KMW), at p.1 (S.D.N.Y. Apr. 26, 2011) (Dkt. 712). In each of these cases, the court held that, on the particular facts and circumstances of the case, its findings that supported inducement liability were also sufficient to show willfulness. Neither court held that either inducement or

---

[2] Plaintiffs repeat the phrase "as a matter of law" nine times in the nine pages of their Motion—three times in a single paragraph—as if it were a talisman. Of course, summary judgment is judgment "as a matter of law" by definition. Fed. R. Civ. P. 56(a).

willfulness "automatically follow[s]" from the other, "as a matter of law" or otherwise. And neither court stated, or even implied, that inducement and willfulness were synonymous.[3]

Notably, in both cases, the plaintiffs identified all of their works at issue *before* seeking a finding of willfulness and enhanced statutory damages. *See Arista Records LLC v. Usenet.com, Inc.*, No. 07 Civ. 8822, 2010 WL 3629688, *3-4 (S.D.N.Y. Feb. 2, 2010) (878 works identified); *Arista Records LLC v. Lime Group LLC*, No. 06 CV 5936, 2011 WL 1641978, *1 (S.D.N.Y. Apr. 29, 2011) (11,205 works identified).

### E. Summary Judgment as to Willfulness Is Inappropriate

"Generally, a determination as to willfulness requires an assessment of a party's state of mind, a factual issue that is not usually susceptible to summary judgment." *Sega Enters. Ltd. v. MAPHIA*, 948 F. Supp. 923, 936 (N.D. Cal. 1996) . Thus, the determination of willfulness is ordinarily a question of fact for the jury. *Hearst Corp. v. Stark*, 639 F. Supp. 970, 980 (N.D. Cal. 1986). In *Island Software & Computer Serv. v. Microsoft Corp.*, 413 F.3d 257, 260-65 (2d Cir. 2005), the Second Circuit overturned a district court's summary judgment of willfulness even in the face of "strong" evidence of willfulness, noting that there were "possible explanations which would not constitute willfulness on [the defendant's] part." *Id.* at 264. Although "[a] jury could, without doubt, conclude that [the defendant's] statements reveal[ed] willful blindness, or establish[ed] a pattern of conduct so unreasonable as to constitute reckless disregard . . . it is not beyond peradventure that a reasonable jury would conclude otherwise. And that is enough to make summary judgment on the issue of willfulness inappropriate." *Id.*; *see also Segrets, Inc. v. Gillman Knitwear Co., Inc.*, 207 F.3d 56, 66 (1st Cir. 2000) (reversing directed verdict of willfulness and remanding to a jury; although plaintiff's evidence was "strong," "the issue of

---

[3] Plaintiffs cite this Court's decision in *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 518 F. Supp. 2d 1197 (C.D. Cal. 2007) as being in "accord" with the proposition that "induced infringement necessarily mean[s] that Defendants' conduct was willful as well." Mot. at 7. That decision, however, merely noted "the *potential* relationship between inducement and a finding of willfulness." *Grokster*, 518 F. Supp. 2d at 1217 (emphasis added).

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

11

1  willfulness involves witness credibility, resolving conflicts in testimony, and

2  evaluating the weight of the evidence—steps courts are not permitted to take in the

3  directed verdict context").

4        Because a jury may or may not conclude that Defendants were willful with

5  respect to the infringement of any particular work, the question of willfulness here

6  should go to the jury.

7  **IV.   PLAINTIFFS' MOTION FAILS BECAUSE THERE EXIST GENUINE
       ISSUES OF DISPUTED FACT AS TO WILLFULNESS**

8

9        **A.   Plaintiffs' Motion Lacks Evidentiary Support Because Plaintiffs
              Have Failed to Identify the Works at Issue**

10       Preliminarily, although Plaintiffs have stated that they intend to seek statutory

11  damages as to approximately "three to 5,000" additional works, Smith Dec. Ex. E

12  (July 1, 2013 Tr. at 6:4), to date they have identified a total of only *forty-four* works.

13  On its face, then, Plaintiffs' claim that they have identified undisputed facts

14  concerning infringement is inaccurate, for—at least as to Plaintiffs' unidentified

15  works—they have identified no "facts" to dispute. Moreover, Plaintiffs' stale

16  allegations concerning Defendants' "intent" are conspicuously devoid of any factual

17  allegations post-dating Plaintiffs' initial, authorized summary judgment motion, Dkt.

18  391 (Dec. 21, 2009 Summary Judgment Order). Because Plaintiffs fail to allege any

19  new facts, they have also failed to carry their burden to show causation, even as to the

20  forty-four works that they identified in the liability phase of the case. *See Fung II*, 710

21  F.3d at 1038-39 ("causation . . . cannot be assumed, even though fault is

22  unquestionably present").

23       As the Ninth Circuit emphasized, merely "proving that an entity had an

24  unlawful purpose at a particular time in providing a product or service does not

25  infinitely expand its liability in either temporal direction." *Fung II*, 710 F.3d at 1038.

26  Plaintiffs' Motion ignores the Ninth Circuit's ruling, and assumes *sub silentio*—

27  without argument or authority—that this Court's liability holding, which relied on

28  facts and actions that are now more than six years old, automatically applies to *every*

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

12

direct infringement of any of Plaintiffs' works, at any time, even in the absence of any showing of causation. Even more problematically, Plaintiffs have so far failed even to identify thousands of the works for which they eventually intend to allege copyright claims, preventing Defendants from conducting essential discovery on, among other things:

- The identity of the "three to 5,000" as-yet-unidentified works for which Plaintiffs intend to allege claims and seek statutory damages;

- Plaintiffs' ownership of the works they intend to place at issue;

- The alleged direct infringement(s) of such work;

- When each such alleged direct infringement occurred;

- Whether any evidence exists that Defendants' acts induced such direct infringement;

- If so, whether any evidence exists that those inducing acts caused such direct infringement;

- If so, whether any evidence exists that Defendants acted willfully with respect to such infringements;

- The basis on which Plaintiffs purport to calculate the appropriate level of statutory damages for such infringements.

Plaintiffs have yet to respond to Defendants' discovery requests concerning this essential information.[4]

The Ninth Circuit's admonition of the necessity to show causation applies with full force to the forty-four works that Plaintiffs have actually identified: "[i]n the present case, . . . where other individuals and entities provide services identical to those offered by Fung, causation, even in the relatively loose sense we have delineated, ***cannot be assumed***." *Fung II*, 710 F.3d at 1038-39 (emphasis added). The Ninth Circuit panel expressly held that causation must be shown *even* in an instance where "fault is unquestionably present." *Id.*

_____

[4] Notably, Plaintiffs in this Motion do not argue—nor could they—that Defendants' discovery requests are unnecessary or in any way improper.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

**B.      Willfulness Should Be Assessed Separately as to Each Alleged Work**

Courts routinely assess willfulness in the copyright context on a work-by-work basis.[5] Numerous courts have found a defendant's infringements willful with respect to only certain works at issue, but non-willful with respect to others. *See, e.g.*, *Columbia Pictures Indus., Inc. v. Sandrow*, CIV. A. No. 87-3279, 1988 WL 28249, *4 (E.D. Pa. Mar. 23, 1988) (finding "defendants' copyright infringement was not wil[l]ful [for works infringed] prior to the receipt of [plaintiffs'] 'cease and desist' letter" but was willful for works infringed thereafter; awarding damages accordingly);[6] *Psihoyos v. John Wiley & Sons, Inc.*, 11 CIV. 1416, 2013 WL 1285153, *1 (S.D.N.Y. Mar. 29, 2013) (in suit alleging copyright infringement as to four photographs, jury found no infringement as to one photograph, non-willful infringement as to a second photograph, and willful infringement as to the remaining two photographs); *Video Views, Inc. v. Studio 21, Ltd.*, 925 F.2d 1010, 1020-21 (7th Cir. 1991), *overruled on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994) (where jury found that defendant had willfully infringed plaintiff's copyrights in two out of seven films involved in the action, affirming district court's grant of defendant's motion for judgment notwithstanding the verdict because jury's verdict on issue of willfulness was unsupported by the evidence).

Here, Plaintiffs fail to show—or even to argue—that the facts and circumstances surrounding any of the alleged infringements of their unidentified works are so similar as to merit the same analysis. In particular, because Plaintiffs have failed to identify the particular direct infringements for which they seek to hold Defendants liable, Plaintiffs have failed to plead *any* facts to show Defendants' acts, circumstances, or state of mind *at the time the direct infringements occurred*.

---

[5] *See also*, in the trademark context, *adidas America, Inc. v. Payless Shoesource, Inc.*, CV 01-1655, 2008 WL 4279812 (D. Or. Sept. 12, 2008) (noting that the jury at trial separately considered trademark infringement and willfulness for each of 268 separate lots of allegedly infringing shoes; jury ultimately held for plaintiffs with respect to 267 of 268 lots).

[6] The *Sandrow* plaintiffs included, among others, Columbia Pictures Industries, Inc.; Paramount Pictures Corporation; Twentieth Century Fox Film Corporation; Universal City Studios, Inc.; Walt Disney Co.; and Warner Bros. Inc.

14

Plaintiffs thus have *no* facts in the record to support their motion for summary judgment as to any works other than the forty-four representative works identified in their FAC. And, as to the forty-four works they have identified, the evidence they have produced is relevant, at most, to a single, narrow window of time, and is insufficient to establish willfulness because Plaintiffs have failed to show facts supporting the requisite knowledge and intent.

## V. PLAINTIFFS' ARGUMENTS CONCERNING INNOCENT INFRINGEMENT FAIL

Plaintiffs argue that Defendants cannot establish a defense of innocent infringement because any infringements for which Defendants may be found liable were willful "as a matter of law." Mot. at 7. This argument fails for all of the same reasons Plaintiffs' motion as to willfulness fails, including that Defendants blocked (and continue to block) all access to their trackers for U.S. users, Fung. Dec. ¶¶ 2-3; features of Defendants' website that the Court found contributed to inducement of copyright infringement are no longer available to U.S. users, *id.* ¶¶ 9-10; and Defendants filter isoHunt's search results for U.S. users, using lists of works provided by Plaintiffs, *id.* ¶ 5.

Moreover, Plaintiffs' allegations and declarations fail to state undisputed facts sufficient for summary judgment. The Declaration of Joe Ruvalcaba[7] (Dkt. 561-1) ("Ruvalcaba Dec.") and Plaintiffs' Motion are replete with equivocal statements that fail to allege facts sufficient to support summary judgment. For example, Ruvalcaba declares that Plaintiffs are among "the leading *producers* and *distributors* of filmed entertainment," Ruvalcaba Dec. ¶ 2 (emphasis added), but merely states that works *published* by MPAA members "are published with copyright notices." *Id.* ¶ 4. Ruvalcaba's declaration is silent as to whether Plaintiffs intend to put at issue any works that are *produced* or *distributed* (but not published) by MPAA members. *Id.*

---

[7] Mr. Ruvalcaba's declaration is also not made upon personal knowledge and is thus inadmissible hearsay. *See* Defendants' Statement of Genuine Disputes filed concurrently with this response.

15

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Ruvalcaba's declaration also is silent as to whether works distributed by—but *not* produced by—MPAA members contain statutorily compliant copyright notices. Similarly, Plaintiffs' Motion alleges vaguely that Plaintiffs "*consistently* affix notices of copyright to their works." Mot. at 7:23 (emphasis added). But does "consistently" mean always? Almost always? Usually? Plaintiffs do not say.

Plaintiffs' argument that 17 U.S.C. § 401(d) precludes Defendants from interposing a defense of innocent infringement fails for the additional reason that Plaintiffs fail to show Defendants had access to copies of the work with statutorily compliant copyright notices. *See Denenberg v. LED Techs., LLC*, No. 11-cv-03155, 2013 WL 2153290, *2 (D. Colo. May 17, 2013) (where defendant argued it had obtained infringing pictures from an independent source, "the fact that the [plaintiff's work] had a copyright notice would not provide the kind of notice that precludes the defense of innocent infringement . . . [and] it [was] inappropriate to preclude argument as to innocent infringement during trial"). In an apparent attempt to avoid having to make such a showing, Plaintiffs have altered the quoted text of the Copyright Act in their Motion. Mot. at 7:25 (altering statutory text of 17 U.S.C. § 401(d) to replace definite article "the" with indefinite article "a"). Plaintiffs then proceed to argue from the altered text that no one can be an innocent infringer as long as there is "available," somewhere in the world, "[a] published copy or copies" of the work at issue that bears a copyright notice. In fact, the statutory text could not be clearer: the copyright notice must appear on "**the** published copy or copies to which a defendant . . . had access." 17 U.S.C. § 401(d) (emphasis added); *see Denenberg*, 2013 WL 2153290 at *2; S. REP. 100-352, at 44 (1988), reprinted in 1988 U.S.C.C.A.N. 3706, at 3741 ("the proprietor must prove that the copies **to which the defendant had access** bore such notice") (emphasis added).

It is unsurprising that Plaintiffs' alleged "facts" are vague and equivocal, for the simple reason that Plaintiffs have, to date, identified only forty-four of the "three to 5,000" works for which they intend ultimately to allege infringement and seek

damages. Smith Dec. ¶ 8, Ex. E at 7 (July 1, 2013 Tr. at 6:4). Defendants have had no opportunity to conduct discovery on the unidentified works, so that Plaintiffs' allegations of fact concerning works that they have failed to identify are meaningless and utterly untestable. For example, Plaintiffs state that "Defendants had access to those published works," Mot. at 8:10-11, but they have never actually *identified* "those" published works. Simply put, to the extent Plaintiffs claim there is "no genuine issue of material fact," that is because there *are* no facts. And even with respect to the forty-four works Plaintiffs have identified, Ruvalcaba's declaration fails to state facts sufficient to support summary judgment, for Ruvalcaba fails to identify or even refer to the forty-four previously-identified works; fails to state that he has inspected any of those works; and indeed fails to allege *any* specific facts as to *any* of those works.

## VI.   PLAINTIFFS' MOTION SHOULD BE DENIED BECAUSE IT IS PROCEDURALLY IMPROPER

### A.   Plaintiffs' Motion Violates the Scheduling Order and Is Untimely

Plaintiffs' Motion is also improper and untimely. The Court's operative scheduling order, Dkt. 209, set a deadline of September 6, 2007 for summary judgment motions. The Court has never amended its schedule, nor have Plaintiffs requested such amendment. Indeed, Plaintiffs continue to oppose any such amendment. Dkt. 572. And, although the deadline for dispositive motions is long past, Plaintiffs have failed to seek leave of court to file their Motion, as Rule 16 requires. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").[8]

### B.   Plaintiffs' Motion Is in Essence an Improper Request for an Advisory Opinion

To the extent Plaintiffs have failed to identify the works that are the basis of

---

[8] Since filing this untimely motion, Plaintiffs have filed yet another motion for summary judgment, again in violation of the Scheduling Order and without seeking the Court's leave. Dkt. 565.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

17

SF:360529.24

their copyright claims, their Motion does not concern a "live case or controversy" before the Court. *See Ashcroft v. Mattis*, 431 U.S. 171, 172 (1977) (a "live case or controversy" is one "which calls, not for an advisory opinion upon a hypothetical basis, but for an adjudication of present right upon established facts") (internal quotation marks omitted). Here, Plaintiffs' Motion provides *no* facts, established or otherwise, with respect to *any* of the "three to 5,000" claims that Plaintiffs have yet to identify—and which thus remain hypothetical, not actual, claims. There is no "case or controversy" for the Court to resolve, and the Court should decline Plaintiffs' invitation to issue such a sweeping and unwarranted decision.

## VII.   IN THE ALTERNATIVE, THE COURT SHOULD DENY OR CONTINUE PLAINTIFFS' MOTION UNDER RULE 56(d) BECAUSE PLAINTIFFS HAVE FAILED TO PROVIDE NECESSARY DISCOVERY

In the alternative, the Court should deny Plaintiffs' Motion under Federal Rule of Civil Procedure 56(d).

### A.   Standard for Relief Under Rule 56(d)

"If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time . . . to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). "Where . . . a summary judgment motion is filed . . . before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule 56([d]) motion fairly freely." *Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003); *Portland Retail Druggists Ass'n v. Kaiser Found. Health Plan*, 662 F.2d 641, 643 (9th Cir. 1981) ("sufficient time [must] be afforded for discovery necessary to develop facts essential to justify [a party's] opposition to the motion") (internal quotation marks omitted); *Int'l Raw Materials, Ltd. v. Stauffer Chem. Co.*, 898 F.2d 946, 949 (3rd Cir. 1990) (where essential facts are in the moving party's exclusive possession, "a continuance of a

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

18

motion for summary judgment for purposes of discovery should be granted almost as a matter of course") (internal quotation marks omitted); *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001) ("the Supreme Court has restated [Rule 56(d)] as requiring, rather than merely permitting, discovery where the nonmoving party has not had the opportunity to discover information that is essential to its opposition") (internal quotation marks omitted). Denial of a party's Rule 56(d) application "is especially inappropriate where . . . the material sought is also the subject of outstanding discovery requests." *Burlington*, 323 F.3d at 775 (quoting *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir. 1986)).

### B.  Defendants Are Entitled to Rule 56(d) Relief

"[W]here, as in the present litigation, no discovery whatsoever has taken place, the party making a Rule 56([d]) motion cannot be expected to frame its motion with great specificity as to the kind of discovery likely to turn up useful information, as the ground for such specificity has not yet been laid." *Burlington*, 323 F.3d at 774. Plaintiffs have for years insisted that the time was not yet ripe for *any* discovery into matters implicated in the second phase of the case. Plaintiffs repeatedly objected to and refused to respond to discovery requests that they claimed were "beyond the scope" of the "core liability issues as reflected by the representative list of copyrighted works annexed as Exhibit A to the First Amended Complaint." Smith Dec. Exs. B, D.

Plaintiffs' failure to identify the works at issue—let alone provide discovery concerning such works—has precluded Defendants from presenting "facts essential to . . . its opposition." Fed. R. Civ. P. 56(d). In keeping with fundamental due process and basic notions of fairness, pursuant to Rule 56(d), and for all the reasons set forth above, the Court should deny Plaintiffs' untimely and unfounded Motion. In the alternative, Defendants respectfully request that the Court continue the Motion until such time as Defendants have been permitted to conduct essential discovery, and issue an order for discovery as set forth in Defendants' Ex Parte Request for Scheduling Order, Dkt. 570. Defendants have served interrogatories and document requests

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

19

seeking core information about Plaintiffs' claims, including the identity and ownership of the works Plaintiffs intend to allege, identification of direct infringements of Plaintiffs' works, evidence of causation, and Plaintiffs' basis for calculating damages. Rule 56 Dec. at ¶¶ 3-5.  Plaintiffs have not yet responded.[9]

## VIII.  CONCLUSION

Despite having identified only about one percent of the works for which Plaintiffs' claim they will seek damages and having failed to provide Defendants with necessary discovery, Plaintiffs ask the Court to grant summary judgment with respect to willful and innocent infringement. The Court should decline Plaintiffs' invitation to short-circuit the fact-intensive inquiry required to determine whether Defendants' particular acts were willful or innocent infringement, and should not permit Plaintiffs to proceed with obtaining a windfall of statutory damages without the necessity of carrying their burden of proof. Plaintiffs' Motion is procedurally infirm and legally unfounded; it offends basic notions of fairness and due process, and ignores the Ninth Circuit's cautions about the need to show causation. It should be denied.


Dated:  September 6, 2013          WINSTON & STRAWN LLP


                                   By:  */s/ Erin R. Ranahan*
                                        Michael S. Elkin
                                        Thomas Patrick Lane
                                        Jennifer A. Golinveaux
                                        Erin R. Ranahan
                                        Thomas J. Kearney

                                   ROTHKEN LAW FIRM
                                        Ira P. Rothken
                                        Jared R. Smith

                                   *Attorneys for Defendants*
                                   GARY FUNG and ISOHUNT WEB
                                   TECHNOLOGIES, INC.

---

[9] The court may "issue any other appropriate order" where facts necessary to oppose summary judgment are unavailable, Fed. R. Civ. P. 56(d)(3), or "[i]f a party fails to properly support an assertion of fact," *id.* 56(e)(4). The choice among possible orders "should be designed to encourage proper presentation of the record." Adv. Comm. Note to Fed. R. Civ. P. 56(e)(4) (2010).

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

20