1   JENNER & BLOCK LLP
    STEVEN B. FABRIZIO (admitted *pro hac vice*)
2   KENNETH L. DOROSHOW (admitted *pro hac vice*)
3   601 Thirteenth Street, N.W.
    Suite 1200 South
4   Washington, D.C.  20005
5   Telephone:  (202) 639-6000
    Facsimile:  (202) 661-4823
6   E-Mail:  SFabrizio@jenner.com
7
8   GIANNI P. SERVODIDIO (admitted *pro hac vice*)
    919 Third Avenue
9   37th Floor
    New York, NY 10022
10  Telephone:  (212) 891-1600
11  Facsimile:  (212) 891-1699
    E-Mail:  GServodidio@jenner.com
12
13  *Attorneys for Plaintiffs*
14
15              UNITED STATES DISTRICT COURT
16              CENTRAL DISTRICT OF CALIFORNIA
17
18  COLUMBIA PICTURES
    INDUSTRIES, INC., *et. al.*          Case No.  **CV-06-05578 SVW (JCx)**
19
20              Plaintiffs,             **PLAINTIFFS' REPLY BRIEF IN
        v.                              SUPPORT OF MOTION FOR
21  GARY FUNG, *et. al.*                SUMMARY JUDGMENT ON
                                        WILLFUL AND INNOCENT
22                                      INFRINGEMENT UNDER 17 U.S.C.
23              Defendants.             § 504(C)(2)**
24
25                                      Date: September 30, 2013
                                        Time: 1:30 PM
26                                      Ctrm: 6
27
28                                      Judge: The Hon. Stephen V. Wilson

The issue presented in this motion could not be more straightforward. This Court has already found, and the Ninth Circuit has affirmed, that the "evidence of Defendants' *intent* to induce infringement is overwhelming and beyond reasonable dispute." *Columbia Pictures Indus., Inc. v. Fung*, No. CV-06-05578 SVW (JCx), 2009 WL 6355911, at *11 (C.D. Cal. Dec. 21, 2009) (emphasis added), *aff'd* 710 F.3d 1020 (9th Cir. 2013). These findings establish conclusively, as a matter of both law and logic, that Defendants acted willfully and, therefore, that they cannot claim the status of "innocent" infringers. Defendants' opposition brief offers nothing to overcome this inescapable result and, instead, reveals only that Defendants wish to re-litigate the settled facts of this case with arguments and defenses that this Court has already rejected. Plaintiffs are thus entitled to summary judgment on the issues of Defendants' willfulness and their asserted defense of "innocent" infringement.

## I.   The Court's Prior Findings Establish Defendants' Willfulness And Lack Of Innocence As A Matter Of Law.

### A.   Defendants Fail To Identify A Meaningful Distinction Between Their Inducement Of Infringement And Their "Willfulness."

This Court has already concluded that Defendants' inducement of infringement was both "intentional" and "purposeful." *See* 2009 WL 6355911, at *11 (Defendants had the "intent" to induce copyright infringement); *id.* at *15 (Defendants engaged in "purposeful, culpable conduct in inducing third party infringement"). The Ninth Circuit affirmed this Court's decision, holding that "Fung offered his services with the *object* of promoting their use to infringe copyrighted material. *No reasonable jury could find otherwise.*" *Columbia Pictures Indus., Inc. v. Fung*, 710 F.3d 1020, 1035 (9th Cir. 2013) (emphasis added).

Try as they might, Defendants fail to show how these unequivocal findings of their intentionality do not also necessitate a finding of their willfulness for purposes of Section 504(c)(2) of the Copyright Act. That is because it is logically impossible

1    to do so, as previous courts have already found in indistinguishable circumstances.

2    *See Arista Records LLC v. Usenet.com,Inc.*, No. 07 Civ. 8822 (HB), 2010 WL

3    3629587, at *5 (S.D.N.Y. Sept. 16, 2010); *Arista Records LLC v. Lime Group LLC*,

4    No. 06-cv-05936 (S.D.N.Y.), Order, April 26, 2011 (Dkt. #712); Pltfs' Br. at 6-7.[1]

5         Defendants maintain that inducement and willfulness are "distinct legal

6    standards" that require "distinct factual inquiries," Defs' Opp. Br. at 5-8, but

7    nowhere do they explain how these supposed distinctions – assuming they exist –

8    make any difference here.  Indeed, if there were any difference in the legal

9    standards, it would be that the standard for willfulness is *easier* to meet than the

10   standard for inducement.  *Compare, e.g., Metro-Goldwyn-Mayer Studios Inc. v.*

11   *Grokster, Ltd.*, 545 U.S. 913, 936-37 (2005) ("one who distributes a device with the

12   object of promoting its use to infringe copyright, as shown by clear expression or

13   other affirmative steps taken to foster infringement," is liable for inducement) *with*

14   *Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 674 (9th Cir. 2012)

15   ("a finding of 'willfulness' in the copyright context can be based on either

16   'intentional' behavior, or merely 'reckless' behavior . . . .") (quotation marks and

17   alteration omitted).[2]  Having satisfied the requisite "intent" standard for inducement,

18   it follows necessarily that Defendants' conduct was "willful" as well.

19        Ignoring this inevitable conclusion, Defendants posit that "one who has been

20   notified that his conduct constitutes copyright infringement, but who reasonably and

21

22   [1]  Defendants suggest that these cases were unique to their "particular facts and
     circumstances," Defs' Opp. Br. at 10, but nowhere do they identify how any such

23   "facts or circumstances" meaningfully distinguish those cases from the present one.

24   [2]  Defendants challenge the Ninth Circuit's articulation of the willfulness standard in

25   *Washington Shoe* as mere dicta, Defs' Opp. Br. at 7, but this challenge is not a
     serious one.  As is evident from the Ninth Circuit's opinion and the many cases cited

26   therein, the Court articulated a standard of willfulness that is well established in this

27   Circuit and elsewhere, as an essential part of its holding.  704 F.3d at 674.

28

**PLTFS' REPLY BRIEF IN SUPPORT OF MSJ ON
WILLFUL AND INNOCENT INFRINGEMENT**

1  in good faith believes the contrary," *might* be liable for inducement but not for

2  willfulness.  Defs' Opp. Br. at 8 (quotation omitted).  But Defendants offer neither

3  reasoning to explain, nor case law to illustrate, why this is so – or how a person

4  acting "reasonably and in good faith" could simultaneously be liable for inducement

5  but not for willfulness.  Inducement requires intentional conduct; willfulness can be

6  established through a showing of reckless (*i.e.*, non-intentional) conduct.  In any

7  event, this Court has already rejected Defendants' suggestion that their claims to

8  "reasonable" or "good faith" actions could somehow, on the record of this case,

9  overcome the finding of Defendant's unambiguous intent to foster infringement:

10      [T]o the extent that Defendants subjectively believe that their users
11      have not engaged in copyright infringement, Defendants' ostrich-like
        refusal to discover the extent to which its system was being used to
12      infringe copyright is merely another piece of evidence of Defendants'
13      *purposeful, culpable conduct*.

14  2009 WL 6355911, at *15 (emphasis added).

15      Neither can Defendants take refuge in those cases that found willfulness to be

16  a question of fact for the jury.  Defs' Opp. Br. at 11 (citing cases).[3]  In each of those

17  cases, it was "not beyond peradventure that a reasonable jury would conclude" that

18  the defendant had not acted willfully.  *Island Software & Computer Serv. v.*

19  *Microsoft Corp.*, 413 F.3d 257, 263-64 (2d Cir. 2005) (summary judgment denied

20  where there was no "conclusive evidence of [defendant's] actual knowledge" of

21  infringing activities and "possible explanations" of defendant's conduct were

22

23

24  [3]  Notably, in one of the cases that Defendants cite, the Court actually *granted*
25  summary judgment to the plaintiff on the question of willful infringement, having
    found that the defendant "knowingly allowed others to upload and download" the
26  copyrighted works.  *Sega Enters. Ltd. v. MAPHIA*, 948 F. Supp. 923, 936 (N.D. Cal.
27  1996).

28

PLTFS' REPLY BRIEF IN SUPPORT OF MSJ ON
WILLFUL AND INNOCENT INFRINGEMENT

1 consistent with lack of infringing intent).[4]  In stark contrast, this Court and the Ninth

2 Circuit have already held in this case that "[n]o reasonable jury could find

3 otherwise" than that Defendants acted purposefully, with the intent to foster

4 infringement.  710 F.3d at 1035; *see also* 2009 WL 6355911, at *11 ("evidence of

5 Defendants' intent to induce infringement is overwhelming and beyond reasonable

6 dispute").  In light of these findings, Defendants' infringing conduct plainly was

7 "willful" for purposes of the Copyright Act and that, by definition, Defendants

8 cannot establish a defense of "innocent" infringement.  Defendants should not be

9 permitted to re-litigate these fundamental factual findings at trial.

10         B.    <u>The Court's Prior Findings Are Not "Stale."</u>

11       Defendants devote much of their brief to suggesting that they reformed

12 themselves at some point after having been found to be intentional infringers.  Defs'

13 Opp. Br. at 2, 8-10, 12-13.  According to Defendants, this Court's findings of their

14 purposeful, culpable conduct have grown "stale" over time and cannot conclusively

15 establish Defendants' willfulness indefinitely, beyond the point of these supposed

16 reforms.  Defendants' argument misses the mark in at least two respects.

17       First, as Defendants are well aware, Plaintiffs plan to prove damages on the

18 basis of infringements that occurred *before* the Court entered the Injunction – and

19 thus before Defendants implemented any so-called reforms on the Isohunt website.

20 *See* Doroshow Dec., Ex. A, ¶ 4 (the website server data Defendants produced, and

21 on which Plaintiffs' claims of direct infringement are based, ends in May 2010).

22 None of the infringements at issue in the upcoming damages trial – not one –

23

---

24 [4]  *See Hearst Corp. v. Stark*, 639 F. Supp. 970, 980 (N.D. Cal. 1986) (declining to
make finding of willful infringement because case "raises questions of first

25 impression"); *Segrets, Inc. v. Gillman Knitwear Co.*, 207 F.3d 56, 66 (1st Cir. 2000)
(remanding case that had been decided by judge, rather than jury, prior to Supreme

26 Court's determination in *Feltner v. Columbia Picture Television, Inc.*, 523 U.S. 340

27 (1998), that statutory damages must be determined by a jury).

28

1    occurred after the issuance of the Injunction in May 2010.  Thus, whatever

2    subsequent reforms Defendants may claim to have made in connection with their

3    filter *after* the Court entered the Injunction, as a factual matter, they are wholly

4    irrelevant to the infringements at issue here.[5]  The Court's findings of Defendants'

5    "purposeful, culpable conduct," therefore, are fully applicable to all of the

6    infringements on which Plaintiffs are seeking damages.

7         Second, this Court has already rejected these very same arguments, finding

8    that "Defendants' past and present statements and conduct establish that Defendants

9    'fully intend to continue their distribution of the' tools that are central to their

10   inducement of copyright infringement."  *Fung*, Order Granting Plaintiffs' Motion

11   For Permanent Injunction, Dkt. # 426 (May 20, 2010), at 8 (alterations omitted); *see*

12   *also id.* at 3-10 (quoting at length from this Court's order in *Grokster V*).[6]  This

13   conclusion plainly forecloses any suggestion that the Court's earlier findings of

14   Defendants' culpable intent have somehow grown "stale."

15   **II.   Defendants' Arguments Concerning The Works In Suit Are Irrelevant.**

16        Defendants offer a hodgepodge of additional arguments for why, in their

17   view, summary judgment should be denied in favor of further discovery on the

18   issues of willfulness and innocent infringement.  Each of these arguments is wholly

19   irrelevant to the issues presented by Plaintiffs' motion.

20        A.   Defendants Have Received Plaintiffs' List Of Works In Suit.

21        Defendants contend that summary judgment is premature because, at the time

22   of their opposition, they had not yet received Plaintiffs' list of works in suit.  Defs'

23   _____

24   [5]  As the recent briefing on the issue of Defendants' contempt makes clear,
     Defendants' inducement continues unabated to this day.  Plaintiffs' Brief Re

25   Defendants' Contempt Pursuant To The Court's August 7, 2013 Order, Dkt. # 599.

26   [6]  The Court reaffirmed this ruling just last month in its Modified Order Granting

27   Plaintiffs' Motion for Permanent Injunction.  Dkt. #551 (Aug. 5, 2013).

28

PLTFS' REPLY BRIEF IN SUPPORT OF MSJ ON
WILLFUL AND INNOCENT INFRINGEMENT

1   Opp. Br. at 1-2, 14-15.[7]  Exactly how this relates to the issues of willfulness and

2   innocent infringement is not clear, and Defendants do not, in their briefing, even

3   attempt to make that connection.  Regardless, as Defendants have now received that

4   list from Plaintiffs, Defendants' contention is now moot in any event.[8]  The issues

5   are thus fully ripe for summary judgment now.

6          B.      Willfulness Is Not To Be Assessed Separately As To Each Work.

7          Defendants contend that summary judgment as to willfulness is inappropriate

8   because it is not clear that the infringements of all the works in suit "are so similar

9   as to merit the same analysis."  Defs' Opp. Br. at 14.  This argument defies common

10  sense, and the record of this case.

11         This Court found Defendants liable not for infringing any copyrighted work

12  in particular, but rather for purposefully fostering indiscriminate infringement of

13  copyrighted works on a mass scale.  *E.g.*, 2009 WL 6355911, at *14 (concluding

14  that "Defendants' business model depends on massive infringing use").  Each of the

15  infringements at issue was conducted in the same way:  users of Defendants'

16  websites uploaded and downloaded millions of copies of thousands of Plaintiffs'

17  copyrighted works with abandon, and with Defendants' open encouragement and

18  assistance.  As such, Defendants did not have millions of distinct states of mind for

19  _____

20  [7]  Of course, the only reason Defendants did not receive the list of works in suit
    sooner is that, for *over six years*, in violation of the Court's June 8, 2007 Order,

21  Defendants refused to produce the website server log data necessary to prepare such

22  a list.  Defendants finally produced some of the website data just a little over two
    weeks ago, forcing Plaintiffs to revamp entirely their preparation of the list of works

23  in suit.  Defendants' delay is the subject of a separate application for sanctions
    currently pending before Magistrate Judge Chooljian.

24

25  [8] Defendants' argument that Plaintiffs' motion somehow seeks an advisory opinion,

26  Defs' Opp. Br. at 17-18, is based entirely on Defendant's not having received the
    list of works in suit.  With the list or works now in Defendants' possession, this

27  argument, too, is moot.

28

6

1  each of these millions of acts of infringement.  Instead, Defendants had a single state

2  of mind – to induce infringement – regardless of the particular copyrighted works in

3  question.  *See, e.g., Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*, 658 F.3d

4  936, 944 (9th Cir. 2011) (holding, in secondary infringement case, that "a finding of

5  willfulness requires proof of no element beyond those of contributory copyright

6  infringement"); *Teevee Toons, Inc. v. MP3.com, Inc.*, 134 F. Supp. 2d 546, 546-47

7  (S.D.N.Y. 2001) (holding defendant to be collaterally estopped by finding of willful

8  infringement in earlier case involving different copyrighted works).  The notion that

9  Defendants could credibly distinguish their intent with respect to any one work is,

10  on the record of this case, utterly fanciful.

11      In the end, Defendants' argument that willfulness needs to be established on a

12  work-by-work basis is just a variant of the argument that inducement must be shown

13  on a work-by-work basis.  That argument, however, has been rejected by the Court –

14  as well as by the Supreme Court and the Ninth Circuit.  *Fung*, 2009 WL 6355911, at

15  *19; *Grokster*, 545 U.S. at 941; *Fung*, 710 F.3d at 1035.

16          C.    Causation Is Irrelevant To Willfulness And Innocent Infringement.

17      Scattered throughout Defendants' brief are assorted references to the Ninth

18  Circuit's discussion of causation.  Defs' Opp. Br. at 1, 2, 8, 12, 13, 20.  Aside from

19  their unsupported assertion that "willfulness is a species of causation," Defs' Opp.

20  Br. at 1, Defendants make no effort to link the Ninth Circuit's causation analysis to

21  the issue of willfulness.  This is unsurprising, as the two are completely unrelated.

22      As framed by the Ninth Circuit, the question of causation concerned only the

23  extent to which downloads of Dot-Torrent files from websites *other than*

24  *Defendants'* could fairly be attributed to Defendants if the actual content

25  downloading process was managed by Defendants' trackers.  710 F.3d at 1038-39.

26  In contrast, the issue of willfulness concerns the Defendants' state of mind as to

27  downloads that *are already* attributable to Defendants – because each of the

28

PLTFS' REPLY BRIEF IN SUPPORT OF MSJ ON
WILLFUL AND INNOCENT INFRINGEMENT

1  infringements at issue emanates from a Dot-Torrent file downloaded from

2  Defendants' websites.  As this Court has repeatedly found, causation is not an issue

3  where, as here, the Dot-Torrent file was downloaded from Defendants' websites.

4  *See. e.g.,* In Chambers Order Re Damages, Dkt. # 527, at 3 n.2 ("for BitTorrent files

5  downloaded from Defendants' websites, no causation dispute exists: Defendants

6  have caused the infringement").  There is, therefore, no connection between these

7  two issues, and Defendants' invocation of the Ninth Circuit's discussion serves no

8  purpose other than to confuse.

9  **III.    Defendants Cannot Meet Their Burden To Show Innocent Infringement.**

10          In contrast to their approach to willfulness, Defendants make no independent

11  attempt to refute that a defense of innocent infringement is incompatible, as a matter

12  of logic and language, with a finding of inducement.  Nor could they, as this Court's

13  finding that Defendants engaged in "purposeful, culpable conduct," 2009 WL

14  6355911, at *15, is the very antithesis of innocent infringement, which requires the

15  defendant to prove that "such infringer was not aware and had no reason to believe

16  that his or her acts constituted an infringement of copyright."  17 U.S.C. § 504(c)(2).

17  As a result, the Court need not address whether the inclusion of copyright notices on

18  Plaintiffs' works is sufficient to defeat Defendants' innocent infringement defense,

19  as the defense is already foreclosed as a matter of law by the Court's finding that

20  Defendants intentionally infringed.

21          But even if the Court were to reach the issue of copyright notices, it should

22  still conclude that the defense is foreclosed here.  Defendants' responses regarding

23  the placement of copyright notices are mere quibbles which, given that Defendants

24  now have the list of Plaintiffs' works in suit, are moot.  With the list of works in

25  hand, Defendants are perfectly able to determine whether those works were

26  published with proper copyright notices.  *See BMG Music v. Gonzalez*, 430 F.3d

27  888, 892 (7th Cir. 2005) (regardless of whether downloaded copies lacked copyright

28

1  notices, "the statutory question is whether 'access' to legitimate works was available

2  rather than whether infringers earlier in the chain attached copyright notices to the

3  pirated works").

4  **IV.    There Is No Basis For Granting Relief Pursuant To Rule 56(d).**

5        Defendants' Rule 56(d) request is frivolous.  As this Court admonished when

6  it rejected an earlier such request by these Defendants, Rule 56 requires Defendants

7  to provide "'specified reasons' that are 'essential' to the opposition."  2009 WL

8  6355911, at *18; *see* Fed. R. Civ. P. 56(d) (Court may defer consideration of

9  summary judgment motion if party opposing motion "shows by affidavit or

10  declaration that, for specified reasons, it cannot present facts essential to justify its

11  opposition").  "The burden is on the party seeking additional discovery to proffer

12  sufficient facts to show that the evidence sought exists, and that it would prevent

13  summary judgment."  *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 454 F.

14  Supp. 2d 966, 993 (C.D. Cal. 2006) (quoting *Employers Teamsters Local No. 175 v.*

15  *Clorox Co.*, 353 F.3d 1125, 1129 (9th Cir. 2004) (quotation marks omitted)).  Thus,

16  Defendants "must show: (1) [that they have] set forth in affidavit form the specific

17  facts [they] hope to elicit from further discovery; (2) the facts sought exist; and (3)

18  the sought-after facts are essential to oppose summary judgment."  *Burling v.*

19  *Windsor Equity Group, Inc.*, No. 2:12-cv-05371-SVW, 2012 WL 5330916, at *6

20  (C.D. Cal. Oct. 18, 2012) (quoting *Family Home & Fin. Ctr., Inc. v. Fed. Home*

21  *Mortg. Corp.*, 525 F.2d 822, 827 (9th Cir. 2008)).

22        Defendants have not come close to meeting their burden.  For example,

23  Defendants offer no specific argument as to how, given the nature of the

24  infringement here, their state of mind could vary for different individual works.

25  Neither do they even hint at how any other type of discovery would be relevant to

26  the issues of willfulness or innocent infringement.  Defendants' Rule 56(d) affidavit

27  contains nothing more than the vague assertion that "Defendants anticipate that the

28

1  facts revealed in this discovery will suffice to defeat Plaintiffs' pending summary

2  judgment motions by showing that there are substantial and genuine issues of

3  material fact . . . including . . . Plaintiffs' allegations that Defendants acted

4  willfully."  Golinveaux Dec. ¶ 6.  This conclusory, non-specific statement is not

5  remotely sufficient to stave off summary judgment.  *See Fung*, 2009 WL 6355911,

6  at *18 (rejecting Defendants' request to conduct additional discovery on the ground

7  that discovery sought by Defendants was "utterly irrelevant to the present Order");

8  *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006)

9  (party must identify "the specific facts that further discovery would reveal, and

10  explain why those facts would preclude summary judgment").  The Court "need not

11  grant a Rule 56(d) continuance" in cases such as this one in which further

12  "discovery would be futile."  *Burling*, 2012 WL 5330916, at *6.  Defendants' Rule

13  56(d) request for further discovery, therefore, should be rejected.[9]

## CONCLUSION

15      The motion for summary judgment should be granted.

---

22  [9]  Defendants' claim that Plaintiffs' summary judgment motion is somehow
23  "untimely," Defs' Opp. Br. at 17, can be rejected outright.  The scheduling order on
which Defendants rely as a bar to Plaintiffs' motion was plainly intended to govern
24  only the proceedings of the liability phase, and did not purport to constrain or define
25  motion practice in the damages phase.  The timing of the present motion is thus fully
consistent with that order, as well as the Federal Rules of Civil Procedure.  *See* Fed.
26  R. Civ. P. 56(a), (b) (permitting a party to file a motion for summary judgment on
27  any claim or defense, "at any time until 30 days after the close of all discovery").

1    Dated: September 16, 2013          Respectfully submitted,

2                                       JENNER & BLOCK LLP

3                                       By: /s/ Kenneth L. Doroshow
                                              Kenneth L. Doroshow
4

5                                       STEVEN B. FABRIZIO
                                        KENNETH L. DOROSHOW
6                                       GIANNI P. SERVODIDIO
                                          JENNER & BLOCK LLP
7

8                                       KAREN R. THORLAND
9                                       FARNAZ M. ALEMI
                                          MOTION PICTURE ASSOCIATION OF
10                                        AMERICA
11                                      15301 Ventura Boulevard
                                        Building E
12                                      Sherman Oaks, CA 91403

13
                                        *Attorneys for Plaintiffs*
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLTFS' REPLY BRIEF IN SUPPORT OF MSJ ON
                                        WILLFUL AND INNOCENT INFRINGEMENT