JENNER & BLOCK LLP
STEVEN B. FABRIZIO (*pro hac vice*)
   sfabrizio@jenner.com
KENNETH L. DOROSHOW (*pro hac vice*)
   kdorowshow@jenner.com
1099 New York Avenue, N.W.
Suite 900
Washington, D.C.  20001
Telephone:  (202) 639-6000
Facsimile:  (202) 661-4823

GIANNI P. SERVODIDIO (*pro hac vice*)
   gps@jenner.com
919 Third Avenue
38th Floor
New York, NY 10022
Telephone:  (212) 891-1600
Facsimile:  (212) 891-1699

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLUMBIA PICTURES INDUSTRIES, INC., *et. al.*<br><br>       *Plaintiffs,*<br><br>    v.<br><br>GARY FUNG, *et. al.*<br><br>      *Defendants.* | Case No. CV-06-05578 SVW (JCx)<br><br>**PLAINTIFFS' REPLY BRIEF RE DEFENDANTS' CONTEMPT PURSUANT TO THE COURT'S AUGUST 7, 2013 ORDER (ECF No. 554)** |

1    The Court's August 7 Order was clear:  The parties were to address whether it

2  was feasible for Defendants to direct all Dot-Torrent files downloaded by "*foreign*

3  *computers*" from the "Main Isohunt Site" to Defendants' own trackers in order to

4  ensure that "American computers were not participating in the swarm" downloading

5  process.  Aug. 7, 2013 Order ("Aug. 7 Order") at 5-6 (ECF No. 554) (emphasis

6  added).  The Court expressly framed this question to track Plaintiffs' pending

7  motion, which seeks to hold Defendants in contempt for their ongoing violation of

8  the Injunction by inducing *foreign users* of the Main Isohunt Site to download Dot-

9  Torrent files for Plaintiffs' copyrighted works and distribute the associated content

10  files to U.S. users in violation of the U.S. Copyright Act.  *Id.*; *see also* Pls.' August

11  2010 Mot. for Contempt (ECF No. 454).

12    In the one sentence Defendants devote to the actual question posed by the

13  Court, Defendants concede that "technically Defendants 'could' require users to

14  only be directed towards Isohunt trackers."  Defs.' Response Br. Re Contempt Mots.

15  Pursuant to the Court's Aug. 7, 2013 Order, Sept. 16, 2013 ("Defs.' 9/16 Br.") at 2

16  (lines 27-28) (ECF No. 606).  That is the complete answer to the question posed by

17  the Court.  Beyond that one sentence, Defendants spend the rest of their brief

18  attempting to confuse the issue and rearguing points this Court and the Ninth Circuit

19  already have rejected.

20    Notably, Defendants do not – and cannot – dispute that the scope of the

21  ongoing infringing conduct at issue is massive.  As Plaintiffs' explained, with a

22  trivial exception, all of the more than 13 million Dot-torrent files available on the

23  Main Isohunt Site always – and only – use non-Fung Trackers which freely allow

24  Defendants' foreign users to join in swarms with U.S. users and thereby distribute

25  infringing content files into the United States.  Pls.' Br. Re. Defs.' Contempt

26  Pursuant to Court's Aug. 7, 2013 Order ("Pls.' 9/9 Br.") at 6-7 (ECF No. 587); Decl.

27  of Professor Ellis Horowitz ("Opening Horowitz Decl.") ¶¶ 21-23 (ECF No. 587).

28

In ordering the instant briefing, the Court stated that "[w]hether or not Defendants are in violation of the Injunction is ultimately a question of feasibility." *See* Aug. 7 Order at 5.  The briefing has confirmed that the issue of the "feasibility" of Defendants' compliance with the Injunction is not disputed.  Defendants readily could have complied with the Injunction by requiring all Dot-Torrent files on the Main Isohunt Site to use the Fung Trackers and ensuring that there were no U.S. users involved in the "swarm" process of distributing the file.  Order Granting Mot. For Permanent Inj., dated May 20, 2010 (ECF No. 426), *modified* Aug. 5, 2013 (ECF No. 551) ("Inj.") ¶ 10.  Alternatively, as they acknowledge, Defendants could have readily applied their "filter" to *all* downloads of Dot-Torrent files from the Main Isohunt Site  – downloads by both U.S. and non-U.S. users.  *See* Supp. Decl. of Gary Fung, dated September 16, 2013 ¶ 4 (ECF. No. 606-1) ("Sept. 2013 Fung Decl.") ("Because isoHunt Lite and the Main isoHunt site use the same search back-end, search filtering works exactly the same way on each site"); *see also id.* ¶¶ 2-10; Defs.' 9/16 Br. at 5.  Indeed, as Defendants describe it, they are already using the filter on the Main Isohunt Site, but have deliberately chosen to filter only downloads by users with U.S. IP addresses.  Defs.' 9/16 Br. at 5-6.

Rather than providing the Court with a straightforward response to its question, Defendants resort to a game of semantics regarding which Fung website *U.S. users* currently access.  Defendants assert that U.S. users no longer access the "Isohunt Lite" site as they once did, but rather now access the "Main Isohunt" Site. Defs.' 9/16 Br. at 6.  That is irrelevant for purposes of Plaintiffs' contempt motion. As the Court knows, and clearly framed the issue to be briefed, Plaintiffs' motion for contempt focuses on *non-U.S. users* of the Main Isohunt Site – because those foreign users violate U.S. copyright law when they distribute infringing copies of Plaintiffs' works to U.S. users in the swarms.  *E.g.*, Aug. 7 Order at 4-6.

Defendants appear to be trying to create confusion by arguing that "Defendants have been filtering Plaintiffs' titles from *U.S. users* on the Main

isoHunt Site to comply with the Injunction since 2010."  Defs.' 9/16 Br. at 1 (original emphasis modified).  Defendants make this argument to suggest that they are complying with the Injunction by filtering on the Main Isohunt Site.  Defs.' 9/16 Br. at 1, 9.  That, however, is false.  To be clear:  Defendants admit that they are applying the filtering on the Main Isohunt Site *only* for U.S. users and *not for non-U.S. users*.  That fact is undisputed.  Defs.' 9/16 Br. at 1, 4-6, 9-11, 15 (filtering is only applied for U.S. users).  When a user with a U.S. IP address accesses the Main Isohunt Site, Defendants apply the copyright filter (and otherwise limit the inducing features of the site that the U.S. user sees).  However, when a user with a non-U.S. IP address accesses the Main Isohunt Site – *i.e.*, the users at issue in Plaintiffs' contempt motion – Defendants do not apply any filter and continue to actively induce those non-U.S. users to infringe Plaintiffs' copyrighted works through the same features that the Court identified in its liability decision.  Supp. Decl. of Ellis Horowitz, dated Sept. 23, 2013 ("Supp. Horowitz Decl.") ¶¶ 8-15 (confirming that Defendants apply no filtering to search results for foreign users of the Main Isohunt Site); *see also* Pls.' 9/9 Br. at 3-4, 8.

## ARGUMENT

### I.    Defendants Have Conceded Technical Feasibility.

With their September 9 brief, Plaintiffs submitted a detailed declaration from Professor Ellis Horowitz outlining the simple steps Defendants could take to comply with the Injunction.  Defendants would need to:  (i) insert the addresses for the Fung Trackers into the Dot-Torrent files and remove all other tracker addresses; and (ii) "register" the Dot-Torrent files with the Fung Trackers.  Opening Horowitz Decl. ¶¶ 20-22.  Professor Horowitz testified that this would take Defendants less than one day's worth of programming time.  *Id.*; *see also* Pls.' 9/9 Br. at 2, 9-11.

Defendants have not refuted Professor Horowitz's testimony.  Rather, Defendants' sole rejoinder consists of the unsubstantiated assertion in their brief

1   (not even in the supporting Fung Declaration) that they "cannot control" what

2   happens on the third party trackers listed in Dot-Torrent files.  Defs.' 9/16 Br. at 2,

3   10-11.  However, Defendants can control the tracker addresses that are inserted into

4   Dot-Torrent files downloaded from the Main Isohunt Site and, in fact, they already

5   do so, as described at length in Professor Horowitz's declaration.  *See* Opening

6   Horowitz Decl.  ¶¶ 12, 15-19.  As such, Defendants' refusal to use the Fung

7   Trackers in this manner has nothing to do with technical feasibility.  *Id*.

8          Nor can Defendants avoid a finding of contempt based on the unsubstantiated

9   assertion that Plaintiffs' seek redress for "hypothetical conduct."  Defs.' 9/16 Br. at

10  10-11.  The unrebutted record evidence establishes that:  (i) virtually all of the more

11  than 13 million Dot-Torrent files indexed on the Main Isohunt Site use *non-Fung*

12  *Trackers*; and (ii) because of that, for all Main Isohunt Dot-Torrent files, there are

13  U.S. users in the swarms such that Defendants' foreign users distribute infringing

14  files into the U.S.  *See* Pls.' 9/9 Br. at 6-8; Decl. of Thomas Sehested in Supp. of

15  Pls.' Mot. for Contempt, dated Aug. 2, 2010 ¶ 10 (ECF No. 454-12); Opening

16  Horowitz Decl. ¶ 14.  Defendants themselves acknowledge massive ongoing

17  infringement:  they claim to have filtered over 3 million Dot-Torrent files

18  corresponding to Plaintiffs' works – but Defendants only filter them for users

19  downloading the Dot-Torrent from *a U.S. IP address*.  *See* Sept. 2013 Fung Decl.

20  ¶¶ 6, 10.  Defendants do not filter any these same Dot-Torrent Files for foreign users

21  of the Main Isohunt Site.  Thus, Defendants continue to induce their foreign users of

22  the Main Isohunt Site – the users at issue in this contempt motion – to download

23  millions of Dot-Torrent files for Plaintiffs' copyrighted works and distribute

24

25

26

27

28

PLS.' REPLY BR. RE DEFS.' CONTEMPT
PURSUANT TO THE COURT'S
AUG. 7, 2013 ORDER (ECF No. 554)

1  infringing copies of the content files into the United States.  *See* Opening Horowitz

2  Decl. ¶ 19; Supp. Horowitz Decl. ¶¶ 20-21.  That harm is anything but hypothetical.[1]

3  ## II.   Defendants Are Not Filtering Plaintiffs' Copyrighted Works For Foreign Users Of The Main Isohunt Site.

4

5  In their brief, Defendants seek to deflect attention from their contempt of the

6  Injunction by describing their keyword filtering of Plaintiffs' copyrighted works for

7  *U.S. users* who access the Main Isohunt Site.  However, this is irrelevant to

8  Plaintiffs' contempt motion, which concerns the non-U.S. users of the Main Isohunt

9  Site (who systematically distribute infringing files to U.S. users).

10  As described in the Supplemental Horowitz Declaration, Defendants detect

11  the IP address of the users who access the Main Isohunt Site.  If the user is located

12  in the U.S., Defendants apply their keyword filter for any search results and display

13  a modified user interface.  Supp. Horowitz Decl. ¶¶ 8-15, 20-21.  If the user is

14  located outside the U.S., Defendants do not apply any filtering and the user interface

15  has remained materially the same since the inception of the case (meaning the user

16  sees the inducing features identified by the Court in its liability decision).  *Id.*; *see*

17  *also* Pls.' 9/9 Br. at 3-4, 8.  Defendants do not dispute any of these facts.  *See, e.g.*,

18  Defs.' 9/16 Br. at 13 (distinguishing the "non-US version of Isohunt" accessible by

19  foreign users from the "filtered version" accessible in the U.S.).

20  As this Court noted in its August 7 Order, the present Motion only addresses

21  Defendants' violation of the Injunction when they induce *foreign users* of the Main

22  Isohunt Site to distribute infringing content files into the U.S.  *See* Aug. 7 Order at

23

24  [1] Defendants' claim that certain titles are blocked globally because of alleged

25  "DMCA notice and takedown procedures," Defs.' 9/16 Br. at 1, is irrelevant to any issue before the Court.  There is no indication that those are Plaintiffs' titles and, at

26  any rate, this has no bearing on Defendants' failure to comply with the Injunction. For purposes of the Injunction, Plaintiffs do not identify their works through DMCA

27  notices, but rather pursuant to the express terms of the Injunction.  Inj. ¶ 5.

28

4. With respect to these foreign users, there is no dispute that Defendants do not apply any copyright filter for Plaintiffs' copyrighted works. Nor is there any dispute that when foreign users visit the Main Isohunt Site, Defendants continue to engage in all the same infringement inducing conduct described in the Court's liability decision. Supp. Horowitz Decl. ¶¶ 20-21; *see also* Pls.' 9/9 Br. at 3, 8, 12; Pls.' Br. in Supp. of Aug. 2010 Mot. for Contempt at 3-4 (ECF No. 454). Thus, every foreign user of Defendants' Main Isohunt Site can freely download millions of Dot-Torrent files for Plaintiffs' copyrighted works and distribute the associated content files into the U.S. This plainly violates Paragraph 10 of the Injunction.

### III. Defendants Continue To Mischaracterize Plaintiffs' Motion For Contempt.

Unable to dispute the record evidence, Defendants rehash the same legal arguments considered and rejected by the Ninth Circuit and this Court, *i.e.*, that the Injunction cannot apply to the downloading of Dot-Torrent files by non-U.S. users of the Main Isohunt Site. Defs.' 9/16 Br. at 10-11. However, the Ninth Circuit rejected Defendants' arguments as "wrong as a matter of fact." *Columbia Pictures Industries, Inc. v. Fung*, 710 F.3d 1020,1047 n.22 (9th Cir. 2013). Since Paragraph 10 of the Injunction applies only if there is a U.S. user in the swarm, the Court held that "[t]he injunction explicitly applies only to acts of infringement 'that take place in the United States.'" *Id.*

As discussed in Plaintiffs' July 2013 Reply, the "blocking" of U.S. users from accessing the Main Isohunt Site merely addresses one aspect of the infringing conduct enjoined by this Court, *i.e.*, Defendants' inducement of infringing downloads (*i.e., reproductions*) of content files by U.S. users who access Defendants' sites directly. Pls.' July 2013 Reply Brief Re Contempt Motions ("July 2013 Reply") at 3, 5-6 (ECF No. 549). The Injunction, however, also enjoins Defendants from inducing their non-U.S. users from *distributing* infringing content files to U.S. participants in the swarm (regardless of whether those U.S. swarm

1  members have themselves directly accessed the Main Isohunt Site).  Defendants

2  simply ignore that Defendants' foreign users of the Main Isohunt Site violate U.S.

3  copyright law every time they distribute infringing copies of Plaintiffs' works into

4  the United States to U.S. users.  *See* Pls.' Mot. for Permanent Injunction at 14 (ECF

5  No. 395); Pls.' Supp. Mem. In Support of Mot. for Permanent Injunction at 4-6

6  (ECF No. 423); July 2013 Reply at 5-6 (collecting cases).

7        Given the above, Defendants' contention that Plaintiffs seek to hold them in

8  contempt for the conduct of "third parties" who are not users of their websites,

9  Defs.' 9/16 Br. at 7, is simply inaccurate as a factual matter.  Plaintiffs do not seek

10  to hold Defendants in contempt for the conduct of the U.S. users in the swarms, but

11  rather for the conduct of Defendants' own users of the Main Isohunt Site who

12  distribute Plaintiffs' copyrighted works to those U.S. users in violation of U.S.

13  copyright law.  Defendants were found liable by this Court for inducing their *own*

14  *users* to infringe Plaintiffs' copyrighted works.  *See Columbia Pictures Indus., Inc.*

15  *v. Fung*, No. CV-06-05578 SVW (JCx), 2009 WL 6355911, at *11 (C.D. Cal. Dec.

16  21, 2009), *aff'd* 710 F.3d 1020 (9th Cir. 2013).  This motion addresses Defendants'

17  exact same infringing conduct, *i.e.*, Defendants' inducement of *their own non-U.S.*

18  *users* of the Main Isohunt Site to infringe U.S. copyright law.

19                                **CONCLUSION**

20        For the foregoing reasons, Plaintiffs' motion for contempt should be granted.

21

22

23

24

25

26

27

28

Dated:  September 23, 2013

Respectfully submitted,

JENNER & BLOCK LLP

By:   /s/Steven B. Fabrizio
        Steven B. Fabrizio

STEVEN B. FABRIZIO
GIANNI P. SERVODIDIO
KENNETH L. DOROSHOW
  JENNER & BLOCK LLP

KAREN R. THORLAND
FARNAZ M. ALEMI
  MOTION PICTURE ASSOCIATION
  OF AMERICA
15301 Ventura Boulevard
Building E
Sherman Oaks, CA 91403

*Attorneys for Plaintiffs*

**PLS.' REPLY BR. RE DEFS.' CONTEMPT
PURSUANT TO THE COURT'S
AUG. 7, 2013 ORDER (ECF No. 554)**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 23, 2013, copies of the following documents were sent electronically to the attorneys listed below:  (i) Plaintiffs' Reply Brief Re Defendants' Contempt Pursuant to the Court's August 7, 2013 Order (ECF No. 554); and (ii) the accompanying Supplemental Declaration of Ellis Horowitz, and all exhibits thereto.

Ira P. Rothken
Jared R. Smith
Robert L. Kovsky
Rothken Law Firm LLP
3 Hamilton Landing
Suite 224
Novato, CA  94949

Erin R. Ranahan
Winston and Strawn LLP
333 South Grand Avenue 38th Floor
Los Angeles, CA 90071-1543

Jennifer A. Golinveaux
Robb Christopher Adkins
Thomas James Kearney
Winston and Strawn LLP
101 California Street Suite 3900
San Francisco, CA 94111-5802

Michael S. Elkin
Thomas P. Lane
Winston and Strawn LLP
200 Park Avenue
New York, NY 10166

*Attorneys for Defendants*

 /s/Aaron Wright
Aaron Wright