JENNER & BLOCK LLP
STEVEN B. FABRIZIO (*pro hac vice*)
  sfabrizio@jenner.com
Kenneth L. Doroshow (*pro hac vice*)
  kdoroshow@jenner.com
1099 New York Avenue, N.W.
Suite 900
Washington, D.C.  20001
Telephone:  (202) 639-6000
Facsimile:  (202) 661-4823

GIANNI P. SERVODIDIO (*pro hac vice*)
  gps@jenner.com
919 Third Avenue
38th Floor
New York, NY 10022
Telephone:  (212) 891-1600
Facsimile:  (212) 891-1699

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| COLUMBIA PICTURES INDUSTRIES, INC., *et. al.*<br><br>*Plaintiffs*,<br><br>v.<br><br>GARY FUNG, *et. al.*<br><br>*Defendants*. | Case No. CV-06-05578 SVW (JCx)<br><br>The Hon. Stephen V. Wilson<br><br>**SUPPLEMENTAL DECLARATION OF ELLIS HOROWITZ** |

## DECLARATION OF ELLIS HOROWITZ

I, Ellis Horowitz, declare as follows:

1. My name is Ellis Horowitz and I currently hold the position of Professor of Computer Science and Electrical Engineering at the University of Southern California ("USC"). I am a past Chair of USC's Computer Science Department and have substantial experience with the computer science principles discussed in this declaration.

2. I have previously submitted several declarations in this matter, including most recently a declaration in support of Plaintiffs' Brief Regarding Defendants' Contempt Pursuant to the Court's August 7, 2013 Order (ECF No. 554) (the "September 9, 2013 Declaration"). Further details of my qualifications can be found in my declaration in support of Plaintiffs' Motion for Summary Judgment, dated September 6, 2007 ("September 2007 Declaration") at Paragraphs 3-6 (ECF No. 310). My latest resume was also attached as Exhibit A to the September 2013 Declaration.

3. I am submitting this declaration as a supplement to my September 2013 Declaration and in further support of Plaintiffs' Brief Regarding Defendants' Contempt. The conclusions described herein are based on my specialized knowledge, education, and experience as applied to the facts and circumstances of this case. If called upon as a witness, I would testify as to the matters contained herein:

## **SUMMARY OF CONCLUSION**

4. In my initial September 9, 2013 Declaration, I described that Defendants operate two versions of the Isohunt website accessible at http://www.isohunt.com: one for users with non-U.S. IP addresses (*i.e.,* foreign users), which I have previously referred to as the "Main Isohunt Site"; and one for users with U.S. based IP addresses, which I have previously referred to as "Isohunt Lite." Sept. Decl. ¶¶ 4 & 10 n.2. I made a distinction between the "Main Isohunt

Site" and "Isohunt Lite," because functionally and conceptually the U.S. and non-U.S. versions of the http://www.isohunt.com website operates differently in certain key respects for the purpose of my current analysis: Defendants purport to apply a form of keyword filtering to block dot-torrent files matching a list of Plaintiffs' copyrighted works for U.S. users who access the http://www.isohunt.com site but do not apply this filtering for non-U.S. users who access this site. Users with U.S. IP addresses are also presented with a very different user interface than users accessing with non-U.S. IP addresses. Thus, functionally, as relevant to the current motion for contempt, http://www.isohunt.com operates very differently (functionally like two different sites) depending upon whether the user accesses with a U.S. IP address or a non-U.S. IP address. My objective in referring to Isohunt Lite as the site accessed by U.S. users and Main Isohunt as the site accessed by foreign users was to make the issues more readily understandable to the Court.

5.   In Defendants' recently filed brief they refer to both the U.S. and non-U.S. versions of Isohunt accessible at http://www.isohunt.com as the "Main Isohunt Site." Defendants now refer to the version of Isohunt accessible at the URL http://www.isohunt.com/lite as "Isohunt Lite."[1] *See* Defs.' Response Br. Re Contempt Mots. ("Defs.' Br.") at 1, 4 (ECF No. 606). Defendants' current

---

[1] Defendants launched the website accessible at http://www.isohunt.com/lite in mid-2010. Supp. Decl. of Gary Fung ("Supp. Fung Decl."), dated Sept. 16, 2013 ¶¶ 2-4 (ECF No. 606-1). This version of Isohunt purported to filter Plaintiffs' copyrighted works. Defendants initially redirected all visitors of Isohunt accessing with U.S. IP addresses to this URL. *Id*. In November 2010, Defendants claim to have stopped this practice. *Id.* ¶ 8. After that date, U.S. users could directly access Isohunt at http://www.isohunt.com. *Id.* For U.S. users, Defendants purported to filter search results to eliminate dot-torrent files associated with Plaintiffs' copyrighted works. Defendants also purported to eliminate certain features for U.S. users, such as "Top Searches" and Defendants' "browse" functionality. *Id.* ¶¶ 7-9. Defendants have not discontinued the version of Isohunt available at http://www.isohunt.com/lite. It is still accessible by U.S. and non-U.S. users. *Id.* ¶ 8.

definitions of Isohunt Lite and Main Isohunt appear to be technically accurate, although they add a certain confusion to the discussion that, in my view, is unnecessary. The "clarification" Defendants make (that U.S. users can access a filtered version of Main Isohunt) simply does not matter for purposes of Plaintiffs' motion for contempt, which is focused exclusively on Defendants' treatment of non-U.S. users who access Main Isohunt.

6. Nevertheless, for purposes of my present declaration, to avoid creating still further confusion, I have adopted the same definitions as Defendants, although, again, the nomenclature used to reference the Defendants' website is immaterial for the present analysis. Accordingly, I will refer to the website located at http://www.isohunt com as the "Main Isohunt Site" and will refer to the website located at http://www.isohunt.com/lite as "Isohunt Lite." I will also refer to both websites, collectively, as the "Fung Websites."

7. I have been asked by Plaintiffs to analyze whether Defendants currently apply keyword filtering to exclude Plaintiffs' copyrighted works for non-U.S. users of the Fung Websites. As set forth below, the answer to this question is "no." Non-U.S. users of the Fung Websites can freely access and download dot-torrent files associated with Plaintiffs' copyrighted works without any filtering. In addition, when non-U.S. users access the Main Isohunt Site, the general appearance of the website appears essentially unchanged from 2007, and continues to include various features I discussed in my September 2007 Declaration.

## ANALYSIS

**A.  Defendants Do Not Apply A Keyword Filter For Non-U.S. Users Of Isohunt.**

8. In order to assess whether Defendants apply a keyword filter for users located outside of the U.S., I accessed the Fung Websites using both a U.S. and non-

1  U.S. IP addresses and ran several keyword searches for certain works owned by
2  Plaintiffs.[2] The results of these searches are described below.
3       9. On September 22, 2013, I accessed the Main Isohunt Site using my
4  home internet connection, which is assigned a U.S.-based IP address by my internet
5  service provider (*i.e.,* my cable company). In particular, I opened my internet
6  browser and typed in http://www.isohunt.com into the address bar. Once the Main
7  Isohunt Site loaded, I ran a search for the term "Pirates of the Caribbean." In
8  response (as shown below), I received a search results page with 26 "hits" with links
9  to the corresponding dot-torrent files. The search results included several dot-
10 torrent files whose titles indicate that they are associated with Plaintiffs' copyrighted
11 works, suggesting that the filter is not blocking all dot-torrent files for Plaintiffs'
12 works. *See* Ex. A.



21      10. I next accessed Isohunt Lite using a U.S. IP address by typing in
22 http://www.isohunt.com/lite into my home computer's internet browser. I ran the
23 same search for "Pirates of the Caribbean" on Isohunt Lite and received the exact

---

[2] I am informed by Plaintiffs' counsel that the specific works discussed in this declaration were included on Plaintiffs' list of copyrighted works provided to Defendants and thus, pursuant to the Injunction, should be filtered by the Fung Websites.

same search results as my search on the Main Isohunt Site described above, both in terms of number of "hits" and the order in which the results appeared. *See* Ex. B.

11. Finally, I accessed the Main Isohunt Site using a non-U.S. IP address. In order to do so, I created a virtual private network ("VPN") with a computer located in the Netherlands, which was assigned a non-U.S. IP address. By using a VPN, the Main Isohunt Site would not see my U.S. IP address, but rather a Netherlands IP address. As a result of this connection, I was able to access the Main Isohunt Site in the same manner as any normal foreign user of the Main Isohunt Site.

12. Using the VPN connection, I re-accessed the Main Isohunt Site and ran the same search for "Pirates of the Caribbean." Unlike my initial searches, this time I received over 4,000 search results, the overwhelming majority of which appear to be associated with Plaintiffs' works. A screen shot of this search result is shown below:



*See* Ex. C.

13. While still using my VPN connection, I also re-accessed Isohunt Lite and ran the same search for "Pirates of the Caribbean." In response, I received the exact same 4,000 results:

5



See Ex. D.

14. I repeated this process (*i.e.*, first searching the Fung Websites using a U.S. IP address and then searching the Fung Websites with a non-U.S. IP address) for several other titles of Plaintiffs' works, including "Grey's Anatomy" and "Big Momma's House." In all cases, when I accessed the Fung Websites using a U.S. IP address and ran searches for Plaintiffs' works, I received a limited number of search results. When I accessed the Fung Sites using a non-U.S. IP address and ran the same searches, I received search results with significantly more "hits" that corresponded to Plaintiffs' works. *See* Exs. E-L.

15. As a result, based on the above, it is evident that Defendants do not apply a keyword filter for Plaintiffs' works for search results of non-U.S. users of the Fung Websites.

16. As a technical matter, it would not be difficult for Defendants to apply the same filter to non-U.S. IP addresses. Defendants already detect the IP address of each user who accesses any one of the Fung Websites and perform a geo-location analysis of that IP address (which determines the user's country of origin and thus whether to apply a keyword filter). Moreover, Defendants have confirmed that the "search filtering works exactly the same way on each site." Defs.' Br. at 5. To apply the filter to non-U.S. Isohunt users, Defendants would simply need to stop

1  performing this geo-location analysis and require that all users view filtered search
2  results. *See also* Sept. 13, 2013 Decl. ¶ 23.

3      17.    If a user accesses the Fung Websites using a computer with a non-U.S.
4  IP address, Defendants do not apply a keyword filter for Plaintiffs' works. If a user
5  accesses the Fung Websites from a computer with a U.S. IP address, Defendants
6  apply a keyword filter for the search results. These results are fully consistent with
7  the supplemental declaration recently submitted by Gary Fung when he describes
8  how Defendants "filter[] titles from users with U.S. IP addresses" on the Fung
9  Websites. Supp. Fung Decl. ¶ 8; *see also* Defs.' Response Br. Re Contempt Mots.
10 at 4 ("U.S. user searches – including searches on the Main isoHunt site – are filtered
11 based on Plaintiffs' lists of titles.").

12     18.    I do not understand Mr. Fung or Defendants to be claiming that
13 Defendants employ keyword filtering for the non-U.S. users of the Fung Websites.
14 Rather, Mr. Fung is only noting in his declaration that Defendants attempt to filter
15 search results for *U.S. users* regardless of whether the user attempts to search the
16 Main Isohunt Site (http://www.isohunt.com) or Isohunt Lite
17 (http://www.isohunt.com/lite).

18     19.    It is my understanding that Plaintiffs' motion for contempt is focused
19 on whether non-U.S. users of the Main Isohunt Site distribute content items
20 associated with dot-torrent files for Plaintiffs' works to computers located in the
21 U.S. As a result, the technical process by which U.S. users access the Fung
22 Websites has no bearing on the present motion. All that matters is: (1) whether
23 Defendants provide *non-U.S. users* with access to dot-torrent files associated with
24 Plaintiffs' works through the Fung Websites that use non-Fung Trackers; and (2)
25 whether those *non-U.S. users* participate in swarms with U.S. computers. As I have
26 explained above and in my previous declarations, there is no question that
27 Defendants do not apply any form of filtering of Plaintiffs' copyrighted works for
28

7

non-U.S. users and Defendants' non-U.S. users participate in swarms with (and thus distribute Plaintiffs' copyrighted works to) U.S. computers. *See ¶¶* 8-15 *supra*; Sept. 13, 2013 Decl. ¶ 14; Decl. of Ellis Horowitz, dated Apr. 2, 2010 ¶¶ 7-10.

**B.   Defendants Have Not Substantively Changed The Appearance Of the Main Isohunt Site For Non-U.S. Users Since 2007.**

20.   In addition to the findings described above, Defendants also have caused certain features of the Main Isohunt Site to be blocked, but only when U.S. users access the site. When non-U.S. users (as identified by IP address) access the site, they are able to see all of the features that are blocked for users with U.S. IP addresses. For example, when I accessed the Main Isohunt Site using a non-U.S. IP address, I was able to view:

- A list of "Top Searches" that list popular movies and TV shows, such as "Man of Steel," "World War Z," and the TV show "Suits;
- A link to a "Releases" page, which asks users to upload movies and TV shows; and
- A link to a "Browse" page, which allowed me to search through popular categories of movies and TV shows.

These are the same features described in my declaration filed in September 2007 in this case, in connection with Plaintiffs' motion for summary judgment on copyright liability. *See* Sept. 2007 Decl. ¶¶ 35-38, 56-59. Defendants have not substantively altered the graphical interface or features available to non-U.S. users of the Main Isohunt Site.

21.   However, when I accessed the Main Isohunt Site using a U.S. IP address, I could not access these features described in Paragraph 20. Again, I understand this to be fully consistent with the Declaration of Mr. Fung when he describes how Defendants "disabl[ed] such features on the Main isoHunt site for U.S. users." Supp. Fung Decl. ¶ 7.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 22, 2013        _____
                                       Ellis Horowitz