JENNER & BLOCK LLP
STEVEN B. FABRIZIO (*pro hac vice*)
   sfabrizio@jenner.com
KENNETH L. DOROSHOW (*pro hac vice*)
   kdoroshow@jenner.com
1099 New York Avenue, N.W.
Suite 900
Washington, D.C. 20001
Telephone: (202) 639-6000
Facsimile: (202) 661-4823

GIANNI P. SERVODIDIO (*pro hac vice*)
   gps@jenner.com
919 Third Avenue
38th Floor
New York, NY 10022
Telephone: (212) 891-1600
Facsimile: (212) 891-1699

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLUMBIA PICTURES INDUSTRIES, INC., *et. al.* <br><br> *Plaintiffs,* <br><br> v. <br><br> GARY FUNG, *et. al.* <br><br> *Defendants.* | DISCOVERY MATTER <br><br> The Honorable Jacqueline Chooljian <br><br> Case No. CV-06-05578 SVW (JCx) <br><br> **SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF PLAINTIFFS'** ***EX PARTE*** **APPLICATION FOR EVIDENTIARY SANCTIONS FOR VIOLATION OF THE COURT'S JUNE 8, 2007 ORDER— FEES REQUESTED** <br><br> <u>FILED UNDER SEAL, PURSUANT TO PROTECTIVE ORDER DATED JANUARY 11, 2007</u> |

During the September 13, 2013 hearing, the Court inquired as to what the website data recently produced by Defendants, reflecting downloads from May 2008 to April 2010 (the "Late-Produced Website Data"), revealed about the volume of infringing downloads of Plaintiffs' copyrighted works by Defendants' users in the United States. The Court indicated that, if it granted Plaintiffs' request for evidentiary sanctions, this information might enable the Court to better fashion a sanction for Defendants' admitted spoliation of website data from July 2007 to May 2008 (the "Despoiled Website Data"). By extrapolating from actual data from the Late-Produced Website Data, the Court could satisfy itself as to the reasonableness of the requested evidentiary sanctions related to the missing Despoiled Website Data.

As they indicated they would do at the hearing, Plaintiffs hereby submit the additional information that was the subject of the Court's inquiry.

## REQUESTED DATA

Plaintiffs have conducted a preliminary analysis of the Late-Produced Website Data and have calculated the average number of times dot-torrent files for Plaintiffs' works-in-suit were downloaded by Defendants' users in the United States on a monthly basis.[1]

As set forth in Exhibit A, the results of this analysis demonstrate that: (i) the Top 25 most downloaded dot-torrent files for Plaintiffs' works-in-suit were downloaded ███████████████ by users in the United States; (ii) the Top 50 most downloaded dot-torrent files for Plaintiffs' works-in-suit were downloaded ███████████████ by users in the United States; (iii) the Top 100 most

---

[1] On September 16, 2013, Plaintiffs filed a list of 4,145 works for which they intend to seek monetary relief at the upcoming November 5, 2013 damages trial. *See* Notice of Filing of List of Works in Suit Pursuant to the Court's August 7, 2013 Order (ECF No. 604).

downloaded dot-torrent files for Plaintiffs' works-in-suit were downloaded ▓▓▓ ▓▓▓▓▓▓▓▓▓▓ by users in the United States. Additionally, just the Top 50 most downloaded dot-torrent files for Plaintiffs' works were downloaded a total of approximately ▓▓▓▓▓▓▓▓▓▓ by United States users in less than a two-year period.[2]

Based on the foregoing, Plaintiffs have requested as their Evidentiary Sanction No. 2 that it be established that "each dot-torrent file corresponding to one of Plaintiffs' copyrighted works that has appeared on a Fung Website [from July 2007 through May 2008] . . . was downloaded at least 2,000 times per month by users of the Fung Websites in the United States." *Ex Parte* Application at 10-11.

As reflected by the Late-Produced Website Data, if Defendants had complied with the Server Log Order, the Despoiled Website Data would have evidenced millions of additional downloads of Plaintiffs' works by Defendants' users in the United States from July 2007 to May 2008. Plaintiffs' Evidentiary Sanction No. 2, which seeks to establish 2,000 downloads per month for this time period, is entirely consistent with (and, in fact, more conservative than) the actual volume of downloads as reflected in the Late-Produced Website Data.

If the Court were to grant the sanction as Plaintiffs have proposed, Plaintiffs would identify dot-torrent files for Plaintiffs' copyrighted works that appeared on the Fung Websites between June 2007 and May 2008. For each such dot-torrent file, by virtue of the proposed Sanction No. 2, it would be conclusively established

---

[2] Given Defendants' untimely production of the Late-Produced Website Data, Plaintiffs have not had the opportunity to fully analyze this data to identify all dot-torrent files for Plaintiffs' copyrighted works. Because there are often multiple dot-torrent files for each of Plaintiffs' works, it is possible, and indeed likely, that the numbers outlined herein underestimate the total downloads of dot-torrent files in the United States during the infringement period.

that the dot-torrent file was "downloaded at least 2,000 times per month by users of the Fung Websites in the United States."

The data provided herein is of course also highly relevant to the Court's consideration of Plaintiffs' requested Evidentiary Sanction No. 1. For each dot-torrent file for Plaintiffs' copyrighted works available on the Fung Websites between July 2007 and May 2008, Plaintiffs' requested Sanction No. 1 would deem direct infringement by a U.S. user to be conclusively established. Judge Wilson has ruled that Plaintiffs establish direct infringement by showing the downloading by a Fung Website user in the U.S. of a dot-torrent file for one of Plaintiffs' copyrighted works. *See* August 7, 2013 Order at 2-4 (ECF No. 554). The actual data, as reflected in the Late-Produced Website Data, demonstrates the reasonableness of Plaintiffs' requested Evidentiary Sanction No. 1. Dot-torrent files for Plaintiffs' works were downloaded *thousands of times* by Defendants' users in the United States. Had Defendants produced the Despoiled Website Data as ordered by this Court, that data would have conclusively proven downloads of dot-torrent files for Plaintiffs' works by users in the United States – and, thus, direct infringement under the standard set by Judge Wilson. The requested Evidentiary Sanction No. 1 only asks the Court to put Plaintiffs in the same position they would have been in had Defendants complied with the Server Log Order.

//
//
//
//
//
//
//
//
//

Dated: September 19, 2013

Respectfully submitted,

JENNER & BLOCK LLP

By: _____
　　Steven B. Fabrizio

STEVEN B. FABRIZIO
GIANNI P. SERVODIDIO
KENNETH L. DOROSHOW
　JENNER & BLOCK LLP

KAREN R. THORLAND
FARNAZ M. ALEMI
　MOTION PICTURE ASSOCIATION OF
　AMERICA
15301 Ventura Boulevard
Building E
Sherman Oaks, CA 91403

*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2013, a copy of Plaintiffs' Supplemental Brief in Further Support of Plaintiffs' *Ex Parte* Application for Evidentiary Sanctions for Violation of the Court's June 8, 2007 Order [REDACTED], along with a redacted version of the accompanying exhibit, were sent electronically to the attorneys listed below.

| | |
|---|---|
| Ira P. Rothken<br>Jared R. Smith<br>Robert L. Kovsky<br>Rothken Law Firm LLP<br>3 Hamilton Landing<br>Suite 224<br>Novato, CA  94949 | Erin R. Ranahan<br>Winston and Strawn LLP<br>333 South Grand Avenue 38th Floor<br>Los Angeles, CA 90071-1543 |
| Jennifer A. Golinveaux<br>Robb Christopher Adkins<br>Thomas James Kearney<br>Winston and Strawn LLP<br>101 California Street Suite 3900<br>San Francisco, CA 94111-5802 | Michael S. Elkin<br>Thomas P. Lane<br>Winston and Strawn LLP<br>200 Park Avenue<br>New York, NY 10166 |

*Attorneys for Defendants*

    /s/Aaron Wright
      Aaron Wright