Michael S. Elkin (admitted *pro hac vice*)
melkin@winston.com
Thomas Patrick Lane (admitted *pro hac vice*)
tlane@winston.com
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
Telephone:   (212) 294-6700
Facsimile:   (212) 294-4700

Ira P. Rothken (SBN: 160029)
ira@techfirm.net
Jared R. Smith (SBN: 130343)
jared@techfirm.net
ROTHKEN LAW FIRM
3 Hamilton Landing, Suite 280
Novato, CA 94949
Telephone:   (415) 924-4250
Facsimile:   (415) 924-2905

Jennifer A. Golinveaux (SBN: 203056)
jgolinveaux@winston.com
Thomas J. Kearney (SBN: 267087)
tkearney@winston.com
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5802
Telephone:   (415) 591-1000
Facsimile:   (415) 591-1400

Erin R. Ranahan (SBN: 235286)
eranahan@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue, Suite 3800
Los Angeles, CA 90071-1543
Telephone:   (213) 615-1700
Facsimile:   (213) 615-1750

Attorneys for Defendants,
GARY FUNG and ISOHUNT WEB TECHNOLOGIES, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| COLUMBIA PICTURES INDUSTRIES, INC., et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>GARY FUNG, et al.,<br><br>          Defendants. | Case No. CV 06-5578-SVW (JCx)<br>*[Hon. Jacqueline Chooljian]*<br><br>**DISCOVERY MATTER**<br><br>**DEFENDANTS' *EX PARTE* APPLICATION TO COMPEL PLAINTIFFS' RESPONSES TO DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Discovery Cutoff: None Set<br>Pretrial Conference Date: 10/28/13<br>Trial Dates: 11/5/13 |

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to Local Rule 7-19, Defendants hereby apply to the Court *ex parte* for an order compelling Plaintiffs to immediately respond to certain of Defendants' requests for production of documents and interrogatories so that Defendants may obtain discovery that is critical to defend against the more than $600 million in damages Plaintiffs are now seeking at trial. Specifically, Defendants seek an order compelling Plaintiffs to immediately provide complete responses and productions to the following discovery requests:

(1)    Requests relating to Identification and Plaintiffs' Alleged Ownership of the Works at Issue (Requests for Production 95-101; Interrogatory 10);

(2)    Requests Identifying Acts of Alleged Infringement (Requests for Production 102-111; Interrogatories 11-16)

(3)    Requests relating to Computation of Damages (Requests for Production 112-129; Interrogatories 16-19); and

(4)    Requests Relating to Affirmative Defenses (Requests for Production 130-131; Interrogatories 20-22)

This *ex parte* application is brought on the grounds that Plaintiffs have failed to adequately identify the 4,145 alleged works for which they now seek damages, have failed to provide *any* evidence of ownership as to approximately 1,442 of those works, and have provided inadequate proof of ownership as to hundreds or thousands of the remaining works. Given the rapidly approaching trial date of November 5, 2013, which was set last month at Plaintiffs' specific request, Plaintiffs have provided repeated  assurances that they would produce documents at the same time their written responses were due—by September 19, 2013—but have failed to produce the vast majority of requested documents. Moreover, Plaintiffs have refused to respond or produce documents in response to many of Defendants' requests for basic categories of information that go to the heart of their case. Where Plaintiffs have responded or agreed to produce documents, they have done so only partially, agreeing to produce

1  only narrow subsets of documents that favor Plaintiffs, and refusing to provide other

2  responsive documents which are critically necessary to Defendants' preparation of

3  their defense.

4          Plaintiffs' failure to even provide adequate proof of ownership of many of their

5  works at this point, less than seven weeks before trial, deprives Defendants of a

6  meaningful opportunity to investigate their defenses and whether Plaintiffs even have

7  standing to seek statutory damages for certain works. Plaintiffs' failure to provide

8  basic information about the 4,145 works they placed at issue only last week severely

9  prejudices Defendants and prevents them from adequately preparing for trial.

10         Defendants are without fault in creating the need for *ex parte* relief. Plaintiffs

11  pushed for a rapid trial date and are now delaying discovery, apparently hoping to

12  prevent Defendants from ever having the chance to obtain necessary discovery to

13  defend themselves against the massive damages Plaintiffs are seeking. Plaintiffs'

14  counsel also refused to promptly meet and confer about these issues last week citing

15  "scheduling" issues, and only agreed to do so four days later after Defendants

16  informed them of this *ex parte* application earlier today. Declaration of Thomas

17  Kearney ("Kearney Dec.") ¶¶ 2-3. Plaintiffs represented that the discovery would be

18  produced last week and Defendants cannot allow Plaintiffs to continue to delay in

19  light of the upcoming trial date. Even assuming that the Court enters the parties'

20  stipulation on motion procedures that was filed earlier today, *see* Dkt. 611, to have

21  filed a noticed discovery motion would have meant at the very earliest a hearing date

22  of October 29, only seven days before trial is set to commence.

23         This Application is based on the attached Memorandum, the [Proposed] Order,

24  the Declaration of Thomas Kearney, and the exhibits attached thereto and the related

25  pleadings in this case. The names, addresses, and telephone numbers of Plaintiffs'

26  counsel are as follows:

27

28

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Winston & Strawn LLP**
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Steven B. Fabrizio
SFabrizio@jenner.com
Jenner & Block LLP
1099 New York Avenue, N.W., Suite 900
Washington, DC 20001-4412
Tel (202) 639-6040
Fax (202) 661-4823

Gianni P. Servodidio
gps@jenner.com
Jenner & Block LLP
919 Third Avenue, 37th Floor
New York, NY 10022
Telephone: (212) 891-1600
Facsimile: (212) 891-1699

Dated: September 23, 2013          WINSTON & STRAWN LLP

                                   By:  */s/ Erin R. Ranahan*
                                        Michael S. Elkin
                                        Thomas Patrick Lane
                                        Erin R. Ranahan
                                        Jennifer A. Golinveaux
                                        Thomas J. Kearney

                                   ROTHKEN LAW FIRM
                                        Ira P. Rothken
                                        Jared R. Smith

                                   *Attorneys for Defendants*
                                   GARY FUNG and ISOHUNT WEB
                                   TECHNOLOGIES, INC.

3

# TABLE OF CONTENTS

PAGE(S)

I.    INTRODUCTION ............................................................................... 1

II.   PLAINTIFFS HAVE FAILED TO ADEQUATELY IDENTIFY THEIR
      ALLEGED WORKS AND HAVE FAILED TO PROVIDE EVIDENCE
      OF OWNERSHIP FOR MANY OF THE WORKS ............................ 3

      A.   Plaintiffs' List Does Not Adequately Identify Their Alleged Works ........ 3

      B.   Plaintiffs Have Failed to Provide Adequate Evidence of Ownership
           for Their Alleged Works ............................................................ 6

III.  PLAINTIFFS HAVE FAILED TO ADEQUATELY IDENTIFY THE
      ACTS OF DIRECT INFRINGEMENT FOR WHICH THEY SEEK TO
      HOLD DEFENDANTS LIABLE .......................................................... 9

IV.   PLAINTIFFS REFUSE TO RESPOND TO DISCOVERY THAT THEY
      CONCEDE IS DIRECTLY RELEVANT TO THE COMPUTATION OF
      STATUTORY DAMAGES ................................................................. 13

V.    PLAINTIFFS REFUSE TO RESPOND TO DISCOVERY RELEVANT
      TO DEFENDANTS' AFFIRMATIVE DEFENSES OF FAIR USE AND
      FAILURE TO MITIGATE DAMAGES ............................................... 17

VI.   CONCLUSION ................................................................................. 18

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

# TABLE OF AUTHORITIES

**PAGE(S)**

CASES

*Adobe Sys., Inc. v. Tilley*
  2010 WL 309249 (N.D. Cal. Jan. 19, 2010)......................................................13

*Autodesk, Inc. v. Flores*
  2011 WL 337836 (N.D. Cal. Jan. 31, 2011)......................................................13

*Axiom Worldwide, Inc. v. HTRD Group Hong Kong Ltd.*
  2013 WL 3975675 (M.D. Fla. July 31, 2013)....................................................14

*Capitol Records, Inc. v. Thomas-Rasset*
  692 F.3d 899 (8th Cir. 2012) ...........................................................................14

*Chase Bank USA, N.A. v. NAES, Inc.*
  2010 WL 2161786 (D. Nev. May 4, 2010) .......................................................17

*Kelly v. Arriba Soft Corp.*
  336 F.3d 811 (9th Cir. 2003) ..............................................................................8

*Lanard Toys Ltd. v. Novelty Inc.*
  511 F. Supp. 2d 1020 (C.D. Cal. 2007) (Snyder, J.) ...........................................8

*LGS Architects, Inc. v. Concordia Homes of Nev.*
  434 F.3d 1150 (9th Cir. 1996) ............................................................................8

*Microsoft Corp. v. Ricketts*
  2007 WL 1520965 (N.D. Cal. May 24, 2007)...................................................13

*Muppets Studio, LLC v. Pacheco*
  2013 WL 2456617, at *1 (C.D. Cal. June 6, 2013)............................................13

*Neuberger Berman Real Estate Income Fund, Inc. v. Lola Brown Trust No. 1B*
  230 F.R.D. 398 (D. Md. 2005) .........................................................................17

*Nexon Am. Inc. v. Kumar*
  2012 WL 1116328 (C.D. Cal. Apr. 3, 2012).....................................................13

*Perfect 10, Inc. v. Google, Inc.*
  653 F.3d 976 (9th Cir. 2011) ..............................................................................8

ii

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Winston & Strawn LLP**
**333 S. Grand Avenue**
**Los Angeles, CA 90071-1543**

*Sony BMG Music Entm't v. Tenebaum*
  719 F.3d 67 (1st Cir. 2013) ........................................................................ 14

*St. Louis, I.M. & S. Ry. Co. v. Williams*
  251 U.S. 63 (1919) .................................................................................... 14

*Symantec Corp. v. Logical Plus, Inc.*
  2010 WL 2330388 (N.D. Cal. June 4, 2010) ............................................. 13

*Van Der Zee v. Greenidge*
  2006 WL 44020 (S.D.N.Y. 2006) .............................................................. 13

**STATUTES**

17 U.S.C. § 412(2) .......................................................................................... 9

17 U.S.C. § 504(c) ........................................................................................ 10

DEFENDANTS' *EX PARTE* APPLICATION TO COMPEL DISCOVERY RESPONSES

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

As the Court knows, this case is currently set for a trial on damages in just over a month. Last week Plaintiffs identified for the first time 4,145 works for which they intend to seek statutory damages of up to $150,000 per work, which exposes Defendants to potential damages of well over $600 million. Nonetheless, Plaintiffs have failed to provide even the most basic discovery regarding the newly alleged works or alleged infringements, making it impossible for Defendants to investigate the ownership and value of the copyrights, or the nature of the alleged direct infringements.

Despite repeated assurances that they would provide documents last Thursday along with their written responses to discovery, Plaintiffs have produced only a relative handful of responsive documents: 2,101 Copyright Office registration and recordation documents (enough to account for roughly half of the works for which Plaintiffs seek damages), and 1,988 dot-torrent files (and apparently corresponding content files).[1] Plaintiffs produced no other documents. Notably, although Plaintiffs have produced numerous dot-torrent files, they have produced *no* documents identifying any particular acts of direct infringement, *no* documents reflecting the IP address for the alleged downloader of the dot-torrent file as required by Judge Wilson, *no* documents regarding Defendants' alleged willfulness, and *no* documents relevant to any computation of statutory damages. In nearly every instance where Plaintiffs have agreed to produce some limited subset of the requested discovery, their responses make clear that they intend to cherry-pick and provide only discovery *favorable* to their case, while refusing to provide discovery that would allow Defendants to test Plaintiffs' claims.

Defendants bring this *ex parte* application to obtain critical discovery in <u>seven</u>

---

[1] Plaintiffs produced approximately 3.5 terabytes of data comprising approximately 14,475 miscellaneous files in various formats, which appear to be the content files corresponding to the various dot-torrent files. Kearney Dec. ¶ 7.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1

critical areas of discovery that Plaintiffs have improperly withheld:

- Identification of the works at issue;
- Plaintiffs' ownership of those works;
- Identification of direct infringements;
- Evidence of causation;
- Evidence of willfulness;
- Evidence directly relevant to the computation of any statutory damages;
- Documents relevant to Defendants' affirmative defenses.

For much of the requested discovery, Plaintiffs also only agree to identify documents that they intend to use on their trial exhibit lists that are not due to be filed with the Court until October 7. This is a patently inappropriate response to discovery and nothing other than an attempt to sandbag Defendants by identifying documents on the eve of trial—and only those documents that support Plaintiffs' claims. Plaintiffs agreed to produce documents at the same time they provided their written discovery responses last Thursday. Kearney Dec. ¶¶ 4-6 & Ex. 8 (Sept. 9, 2013 email from Plaintiffs' counsel Gianni Servodidio, stating that "We will be producing documents when our responses are due."); *id.* Ex. 2 (Sept. 9, 2013 Hearing Tr. at 9:23-10:4); Dkt. 572 at 11:10-16.

With trial currently scheduled for November 5, 2013, Plaintiffs should not be allowed to further delay their production and run the clock on Defendants' legitimate discovery efforts. To the extent Plaintiffs have failed to produce documents relevant to Defendants' defense or investigation of Plaintiffs' case, they should be ordered produced immediately. Plaintiffs are the masters of their own case. If they choose to seek more than $600 million in statutory damages for more than 4,000 works—an amount that, as Judge Wilson pointed out at a recent hearing, far exceeds what Defendants could possibly pay[2]—they must provide basic discovery to allow Defendants to investigate whether Plaintiffs actually own the rights to such works and

---

[2] *See* Kearney Dec. ¶ 5 & Ex. 2 (Sept. 9, 2013 Tr. at 7:23-9:5).

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1    the nature of the alleged infringements, and to allow Defendants to test the actual

2    damages Plaintiffs have suffered if any as a result of the alleged infringement.

3          So that Defendants are not deprived of this fundamental discovery, Defendants

4    respectfully request that the Court grant this application. Defendants sought to meet

5    and confer with Plaintiffs about these issues upon receipt of the responses last week.

6    Plaintiffs' counsel responded that they could not talk last week due to "schedules,"

7    despite the fact that they have at least three partners who appear to be working full

8    time on this case, and refused to commit to a time to do so until after Defendants

9    provided notice of this *ex parte* application. Kearney Dec. ¶ 2 & Ex. 1.

## II.   PLAINTIFFS HAVE FAILED TO ADEQUATELY IDENTIFY THEIR ALLEGED WORKS AND HAVE FAILED TO PROVIDE EVIDENCE OF OWNERSHIP FOR MANY OF THE WORKS

- **Interrogatory 10 and Request 95 (Identification of alleged works). Kearney Dec. Ex. 11-12.**

- **Document Requests 96-101 (Ownership of Works). Kearney Dec. Ex. 12.**

      On August 7, 2013, the Court ordered Plaintiffs to identify the works for which

they intend to seek damages. Dkt. 554 at 4. When Plaintiffs had still failed to do so

three weeks later, Defendants filed an *ex parte* application with Judge Wilson to

require Plaintiffs to do so sufficiently in advance of trial to allow Defendants to

prepare their case. Dkt. 570. Following a hearing on Defendants' application on

September 9, Plaintiffs finally filed their list with the Court last week on September

16. Dkt. 604 (the "List" or "Plaintiffs' List"). But Plaintiffs' List fails to adequately

identify Plaintiffs' alleged works for the following reasons.

### A.   Plaintiffs' List Does Not Adequately Identify Their Alleged Works
- **Interrogatory 10 and Request 95 (Identification of alleged works)**

      In response to Defendants' discovery seeking identification of Plaintiffs'

alleged works, Plaintiffs refer to the List they filed with the Court on September 16.

Defendants' discovery requests sought basic information about the alleged works such

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

3

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1    as which copyrights owned by, or exclusively licensed to, Plaintiffs for which they

2    seek to hold Defendants liable, and copies of the works that Plaintiffs allege were

3    infringed. But Plaintiffs' List simply pairs Plaintiffs in this case with *titles* of alleged

4    works. It omits basic information about the works—such as the copyright registration

5    number, the date of registration, and the name of the copyright registrant—that would

6    have enabled Defendants to identify the corresponding works and the underlying

7    copyrights. For many of the alleged works it is not possible to identify the works from

8    the list of names of the works.

9        For instance, a cursory search of the Internet Movie Database (www.imdb.com)

10   for just the first dozen works on Plaintiffs' 4,145-entry "List of Works in Suit" returns

11   two movies with the title "Bewitched," two movies with the title "Big Daddy," and

12   four movies with the title "Bad Boys." Kearney Dec. ¶ 9 & Exs. 4-6. Plaintiffs' List

13   gives no indication which of these works Plaintiffs claim. The problem persists even

14   when the titles on Plaintiffs' List are matched by hand to Plaintiffs' document

15   production. For example, Plaintiffs have failed to produce copyright registrations or

16   *any* documents concerning the ownership of the film *Alfie* (item 692 on Plaintiffs'

17   List), which is the title of two different feature films according to the Internet Movie

18   Database. Kearney Dec. ¶ 9 & Ex. 7; Dkt. 604 at entry 692. Also according to the

19   Internet Movie Database, there are at least seven movies that share the title

20   "Crossroads," (item 724 on Plaintiffs' List) for which Plaintiffs have similarly failed

21   to provide a copyright registration. Kearney Dec. ¶ 9 & Ex. 8; Dkt. 604 at entry 724.

22   In light of such pervasive ambiguity, Plaintiffs' List fails to provide adequate notice to

23   Defendants as to what works Plaintiffs are claiming in this case.

24       Even with the documents Plaintiffs have produced, it is not possible to identify

25   all of Plaintiffs' alleged works. Plaintiffs have produced 2,101 copyright registrations

26   (for the 4,145 works on Plaintiffs' List). However, Plaintiffs' List lacks sufficient

27   identifying information to match titles to copyright registrations. For example,

28   Plaintiffs' List contains 29 episodes of the television program *Psych*, each of which is

identified only by season and episode. Dkt. 604 at 64-65 (listing season 1, episodes 2-15; season 2, episodes 2, 10, 13, 15; season 3, episodes 1, 3, 5, 6, 7, and 10-15). But while Plaintiffs' documents do contain copyright registrations for episodes of *Psych*, the registered episodes are identified only by name, not season or episode. *See, e.g.*, Kearney Dec. ¶ 10 & Ex. 9 (Bates No. P00005757, Certificate of Registration for work entitled "Shawn vs. The Red Phantom – (Psych)").[3] Similarly, Plaintiffs' List identifies 232 episodes of the television program *Friends* only by season and episode, Dkt. 604 at 78-83, but Plaintiffs' Certificates of Registration identify episodes only by name. *See, e.g.*, Kearney Dec. ¶ 10 & Ex. 10 (Bates No. P00004039, Certificate of Registration for work entitled "Friends (Series): The One with the Sonogram at the End").[4] Based on Defendants' preliminary review of Plaintiffs' September 19, 2013 production, approximately 1,056 of the titles on Plaintiffs' List are television programs that cannot be reliably associated with any of Plaintiffs' copyright registration documents. Kearney Dec. ¶ 14. Plaintiffs of course could have easily addressed this issue by simply providing the corresponding copyright registration number for each alleged work on the List as requested in Interrogatory No. 10. Kearney Dec. ¶ 15 & Ex. 11.

Plaintiffs have also failed to provide copies of their alleged works in response to Document Request No. 95, instead only agreeing to provide allegedly *infringing* copies of their works, *not* copies of the allegedly *infringed* works. Defendants thus have no basis for comparison of the alleged infringements against the claimed work.

Plaintiffs' failure to identify their alleged works deprives Defendants of notice of the claims against them, prevents Defendants from investigating Plaintiffs' claims,

[3] It appears that Plaintiffs may also lack standing as to episodes of *Psych*, since the copyrights are registered to "Universal Network Television LLC" whereas Plaintiffs' List identifies the relevant plaintiff as "Universal City Studios Productions LLLP." *Compare* Dkt. 604 at 64-65 *with* Kearney Dec. Ex. 9.
[4] It appears that Plaintiffs may also lack standing as to episodes of *Friends*, since the copyrights are registered to "Warner Bros. Television, a division of Time Warner Entertainment Company, L.P.," whereas Plaintiffs' List identifies the relevant plaintiff as "Warner Bros. Entertainment Inc." *Compare* Dkt. 604 at 78-83 *with* Kearney Dec. Ex. 10.

DEFENDANTS' *EX PARTE* APPLICATION TO COMPEL DISCOVERY RESPONSES

and violates fundamental due process. Defendants respectfully request that the Court compel Plaintiffs to immediately supplement their response to Interrogatory No. 10 to provide all of the requested information (title, author, the original and subsequent owners, date and place of first publication, exclusive licensee if any, and copyright registration number), and produce copies of each of their alleged works in response to RFP 95.

### B.  Plaintiffs Have Failed to Provide Adequate Evidence of Ownership for Their Alleged Works

- **Document Requests 96-101 (Ownership of works). Kearney Dec. Ex. 12.**

Plaintiffs have failed to provide ___any___ evidence of ownership for approximately one-third of the 4,145 works on Plaintiffs' List. Despite Plaintiffs' agreement to produce documents at the same time as their written responses last Thursday, they have produced only a relative handful of responsive documents: 2,101 Copyright Office registration and recordation documents, enough to account for roughly half of the works for which Plaintiffs seek damages. The *only* documents Plaintiffs produced that concern ownership are the 2,101 registration and recordation documents. Although Plaintiffs failed to identify which of those documents correspond to Plaintiffs' alleged works, Defendants have now reviewed Plaintiffs' production sufficiently to determine that Plaintiffs have provided no evidence of ownership as to approximately 1,442 of the works named on Plaintiffs' List. Kearney Dec. ¶ 18.

In their responses to each of Defendants' discovery requests concerning ownership, Plaintiffs agreed only to provide "documents sufficient to show Plaintiffs' ownership of the Works-in-Suit, including applicable copyright registrations." The narrowed subset of documents Plaintiffs have agreed to provide does not fairly answer *any* of Defendants' requests, and improperly withholds from Defendants the information they need to test Plaintiffs' claims of ownership. Defendants' discovery requests seek basic information to permit them to investigate and test Plaintiffs' claims of ownership, including chain of title documents (RFP No. 96), information

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

6

about owners of the works (RFP Nos. 97, 100, 101), certificates of copyright registration (RFP 98), information about exclusive licensees (RFP No. 99). Such documents are centrally relevant to this case. Under Plaintiffs' formulation, if there was a document that undermined their claim of ownership—such as an assignment— they would not be required to produce it. As Defendants have pointed out previously, it is very unlikely that all of Plaintiffs ownership claims will survive scrutiny. *See* Dkt. 570-1 (Declaration of Thomas Lane) at ¶¶ 3-8. Nor should Plaintiffs be permitted to cherry-pick the documents they consider "sufficient to show [their] ownership," while refusing to produce other relevant documents. Particularly in light of Plaintiffs' intention to seek enhanced statutory damages for willful infringement—of up to $150,000 per work infringed—it is critical that Defendants be provided with relevant evidence that will permit them to test Plaintiffs' claims over ownership. The Court should compel Plaintiffs to respond fully to Defendants' Document Requests Nos. 96-101.

Plaintiffs have also failed to provide *adequate* evidence of ownership for the majority of their alleged works, and have only agreed to provide discovery that *supports* their claims. But it is very likely that many of the documents Defendants seek—but that Plaintiffs refuse to produce—will contradict Plaintiffs' claims. For example,  a review of Plaintiffs' production indicates that the entity named on Plaintiffs' List matches the copyright registrant for only approximately 848 of Plaintiffs' 4,145 titles. Kearney Dec. ¶ 17.[5] Plaintiffs have provided no other ownership documents for these works. Plaintiffs were well aware that such discrepancies were bound to arise. Indeed, Plaintiffs have already conceded that the copyright registrant likely differs from the alleged owner of the work "more than half" of the time:

---

[5] Based on Plaintiffs' failure to provide *any* evidence of ownership for 1,442 works, this means that Plaintiffs' List of alleged works includes approximately 1,855 works for which the listed Plaintiff is *not* the copyright registrant. Kearney Dec. ¶ 18. In other words, Plaintiffs' List fails to match their copyright registrations approximately 68% of the time.

7

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

THE COURT: How many -- roughly, if you can estimate
. . . of the copyright registrations [are] in a name
other than the named registrant?

MR. FABRIZIO: I would be just guessing, Your Honor. I
really don't even have a good estimate. I would
imagine more than half . . ."

Kearney Dec. ¶ 5 & Ex. 2 (Sept. 19, 2013 Tr. at 10:5-10). Plaintiffs were thus well aware of the need for substantial additional evidence of ownership—assuming such evidence exists.

It is black letter law that, to establish a *prima facie* case of copyright infringement, a plaintiff must prove it owns the allegedly infringed material. *LGS Architects, Inc. v. Concordia Homes of Nev.*, 434 F.3d 1150, 1156 (9th Cir. 1996), *overruling on other grounds recognized by Perfect 10, Inc. v. Google, Inc.*, 653 F.3d 976 (9th Cir. 2011) (copyright plaintiff must prove ownership and violation of at least one of the exclusive rights granted to copyright holders); *Kelly v. Arriba Soft Corp.*, 336 F.3d 811, 817 (9th Cir. 2003) ("the plaintiff must show ownership of the copyright and copying by the defendant"). The Court underscored that requirement in its August 7, 2013 Order: "Plaintiffs will need to prove that, for each work, they . . . owned the copyright . . . Plaintiffs are further ORDERED to file a statement with the Court, and to serve this statement upon Defendants, that lists all works for which they intend to seek monetary damages." Dkt. 554 at 4. Nothing in the Court's Order relieves Plaintiffs of their burden to establish ownership of such works as part of their *prima facie* case, or excuses Plaintiffs from their discovery obligations. *Id.* Plaintiffs may not base copyright claims on works for which they do not own the copyright. "Only the copyright owner, or the owner of exclusive rights under the copyright, as of the time the acts of infringement occur, has standing to bring an action for infringement of such rights." *Lanard Toys Ltd. v. Novelty Inc.*, 511 F. Supp. 2d 1020, 1033 (C.D. Cal. 2007) (Snyder, J.) (quoting Nimmer on Copyright § 12.02[B]).

However, despite having had nearly four years to prepare for the damages phase

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

of this litigation, it appears that Plaintiffs have utterly failed to provide such evidence for more than *three thousand works*. Plaintiffs bear the burden of proving their ownership of the works at issue, as part of their prima facie case. It is past time for them to do so. To the extent Plaintiffs fail to prove they own the works at issue, they lack standing to bring their claims. Further, if Plaintiffs fail to show that their alleged works are registered, they are precluded from an award of statutory damages. 17 U.S.C. § 412(2).

## III. PLAINTIFFS HAVE FAILED TO ADEQUATELY IDENTIFY THE ACTS OF DIRECT INFRINGEMENT FOR WHICH THEY SEEK TO HOLD DEFENDANTS LIABLE

- **Interrogatories 11-15.** Kearney Dec. Ex. 11.

- **Document Requests 102-111.** Kearney Dec. Ex. 12.

These requests seek basic information about the alleged infringements such as identification of acts of direct infringement (Rog 11 and RFPs 102 and 110-111) and Plaintiffs' theories of causation and willfulness (Rogs 12-15 and RFPs 103-109). During the liability phase, Plaintiffs relied on expert testimony and statistical arguments to establish by a preponderance of the evidence standard that copyrights owned by Plaintiffs had likely been infringed by isoHunt users. Given that, and in light of other facts of record, the Court found that isoHunt could fairly be held liable for inducing copyright infringement. But Defendants must still show that their works were actually infringed, and—as the Ninth Circuit has instructed—they must also demonstrate causation. As a threshold matter, such a showing requires that Plaintiffs identify particular acts of direct infringement by users in the U.S., Dkt. 554 at 4, which Defendants must be permitted to investigate and challenge. Defendants will need to investigate the facts and circumstance of direct infringement to determine whether any of the allegedly infringing downloads were made by Plaintiffs or their agents; to determine if particular alleged infringements are fair use; to challenge Plaintiffs' arguments that acts of inducement by Defendants caused particular direct infringements; and to challenge Plaintiffs' arguments that Defendants' acts in

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

9

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1  connection with any alleged direct infringement were willful, as a finding of

2  willfulness enhances statutory damages from a maximum of $30,000 to a maximum of

3  $150,000 per work infringed. 17 U.S.C. § 504(c).

4         But Plaintiffs have yet to identify *any* direct infringements of their copyrights.

5  The Court instructed Plaintiffs that they "will need to prove that, for each work . . . an

6  *American* user downloaded a Dot-Torrent file of that work from one of Defendants'

7  websites." Dkt. 554 at 4 (emphasis in original). Accordingly, Defendants'

8  Interrogatory 11 sought identification of "each and every act of direct infringement

9  from which [Plaintiffs] claim Defendants' liability arises." Instead of identifying "acts

10  of direct infringement," however, Plaintiffs agreed only to produce "documents that

11  will demonstrate the acts of direct infringement." Kearney Dec. ¶ 15 & Ex. 11

12  (Plaintiffs' Response to Interrogatory 11). Their September 19 document production

13  contains 1,988 dot-torrent files, approximately 3.5 terabytes of data comprising

14  approximately 14,475 miscellaneous files that apparently contain the content for those

15  files, and no other documents relating to acts of direct infringement. The documents

16  are plainly not responsive to Interrogatory 11, for they provide *no* information about

17  *any* identifiable acts of direct infringement, such as the source of Plaintiffs' dot-torrent

18  files; or the IP address of the alleged downloader, including whether an "*American*

19  user" downloaded any of those dot-torrent files; or the date on which such a download

20  occurred; or whether the downloader successfully obtained a copy of one of Plaintiffs'

21  works.[6] This information is critical. For instance, the IP address may indicate that the

22  downloader was not in the U.S., or that Plaintiffs or their agents were responsible for

23  certain downloads. The dates of alleged downloads are critical because the Court's

24  summary judgment holding on liability did not address facts subsequent to the

---

25  [6] For the same reasons, the documents do not, on their face, "demonstrate . . . acts of

26  direct infringement," for Plaintiffs have provided no information about the source of
   these files, who downloaded them or when, or what the relationship is between the
   dot-torrent files and the 14,475 apparent content files. Moreover, if the documents

27  Plaintiffs have provided were sufficient to identify acts of direct infringement—which
   they plainly are not—then Plaintiffs would not have required the website server logs

28  showing download data that they demanded, and Defendants produced.

DEFENDANTS' *EX PARTE* APPLICATION TO COMPEL DISCOVERY RESPONSES

decision.

Plaintiffs have also improperly withheld other critical discovery concerning alleged acts of direct infringement. Defendants' requests seek documents and information in key categories relevant to direct infringement (RFP No. 102), willfulness (RFP No. 108), and causation (RFP No. 111). Plaintiffs have either refused to respond, or have agreed to provide only certain narrow subsets of documents. Where Plaintiffs agree to produce anything, they are cagey, agreeing to produce "documents," but refusing to confirm whether they will agree to provide *all* responsive documents. Because Plaintiffs have withheld this information, Defendants cannot adequately prepare for trial or test Plaintiffs' evidence.

Plaintiffs will likely argue that Defendants should be required to create their own list of alleged infringements from Defendants' server log data. But it is not Defendants' burden to prove direct infringement, nor is it possible for Defendants to do so based upon the information Plaintiffs have provided. The Court should not permit Plaintiffs to sandbag Defendants with supplemental productions on the very eve of trial. Plaintiffs should be ordered to respond immediately to Defendants' discovery requests.

**Interrogatory 11 (seeking identification of Defendants' acts of direct infringement).** Plaintiffs' response to Interrogatory 11 is plainly inadequate to identify any particular acts of direct infringement, for the reasons stated above. It also violates Rule 33(d), which permits a responding party to respond by identifying a party's "business records," *if* "the answer to [the] interrogatory may be determined by examining [such records], *and if* the burden of deriving or ascertaining the answer will be substantially the same for either party." Fed. R. Civ. P. 33(d). Plaintiffs have not produced *any* responsive business records. Nor have Plaintiffs "specif[ied] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could," as Rule 33(d) also requires. Moreover, Plaintiffs have agreed to provide only some, but not all,

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

"documents concerning the direct infringement of the Works-in-Suit."

**Interrogatories 12-15 (seeking additional information regarding Plaintiffs' allegations of direct infringement).** Defendants' Interrogatories Nos. 12, 13, 14, and 15 seek additional information concerning Plaintiffs' allegations of direct infringement, including information directly relevant to causation, which—as the Ninth Circuit has directed—must be addressed in the damages phase. Plaintiffs' categorical refusal to respond to these interrogatories flies in the face of the Ninth Circuit's opinion.

**Document Requests 103-106 (seeking documents regarding Defendants' alleged inducement and Plaintiffs' monitoring of Defendants' websites).** Plaintiffs state they will include documents on their trial exhibit list, *only* to the extent they intend to introduce them at trial. This is an inadequate response. Defendants are entitled to *all* of the documents they have requested, which are directly relevant to the adequacy of Plaintiffs' investigation, the quality and reliability of their evidence and their experts' testimony, not merely those Plaintiffs decide to use to support their case at trial.

**Document Request 107 (seeking documents regarding Defendants' trackers).** In light of Plaintiffs' insistence on obtaining discovery concerning Defendants' trackers during the liability phase, and their expressed intent to seek enhanced damages for willfulness, their categorical refusal to provide any documents concerning the trackers is indefensible. Defendants are also entitled to this information to the extent Plaintiffs may have used data from the trackers to detect downloads of their alleged works, but failed to notify Defendants, thereby failing to mitigate their damages.

**Document Request 108-111 (seeking documents regarding Plaintiffs' allegations of willfulness and downloading of copyrighted works through Defendants' websites).** The Court should order Plaintiffs to produce *all* responsive documents, including all documents not previously produced by Plaintiffs, and not

12

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1    permit Plaintiffs to cherry-pick only a subset of documents.

2    **IV.   PLAINTIFFS REFUSE TO RESPOND TO DISCOVERY THAT THEY**
      **CONCEDE IS DIRECTLY RELEVANT TO THE COMPUTATION OF**
3      **STATUTORY DAMAGES**

4       • **Interrogatories Nos. 16-19.** Kearney Dec. Ex. 11.

5       • **Document Requests Nos. 112-129.** Kearney Dec. Ex. 12.

6    These requests seek basic categories of information concerning the value of

7    Plaintiffs' alleged works and any actual damages suffered by Plaintiffs. As Plaintiffs

8    concede, such information is directly relevant to the computation of statutory

9    damages. *See, e.g., Van Der Zee v. Greenidge*, 2006 WL 44020, at *2 (S.D.N.Y.

10   2006) (factors a court may consider in computing statutory damages include the

11   "revenues lost by the Plaintiffs [and] the value of the copyright"); 4 Nimmer on

12   Copyright § 14.04 [B][1][a] (2005) ("the determination of statutory damages within

13   the applicable limits may turn upon such factors as . . . the revenues lost by the

14   plaintiffs as a result of the defendant's conduct and the infringers' state of mind –

15   whether willful, knowing or innocent"). Statutory damages must "bear some relation

16   to actual damages suffered." *Id.*; *Muppets Studio, LLC v. Pacheco*, CV 12-7303 JGB

17   FFMX, 2013 WL 2456617, at *1 (C.D. Cal. June 6, 2013); *Nexon Am. Inc. v. Kumar*,

18   2:11-CV-06991-ODW, 2012 WL 1116328, at *7 (C.D. Cal. Apr. 3, 2012); *Autodesk,*

19   *Inc. v. Flores*, 10-CV-01917-LHK, 2011 WL 337836, at *8 (N.D. Cal. Jan. 31, 2011);

20   *Symantec Corp. v. Logical Plus, Inc.*, C 06-7963 SI, 2010 WL 2330388, at *2 (N.D.

21   Cal. June 4, 2010); *Adobe Sys., Inc. v. Tilley*, C 09-1085 PJH, 2010 WL 309249, at *5

22   (N.D. Cal. Jan. 19, 2010); *Microsoft Corp. v. Ricketts*, C 06-06712 WHA, 2007 WL

23   1520965, at *4 (N.D. Cal. May 24, 2007).

24   Nonetheless, Plaintiffs refuse to respond to *any* of Defendants' requests seeking

25   this information, despite acknowledging that case law establishes that actual damages

26   are relevant to the computation of statutory damages. *See, e.g.*, Kearney Dec. ¶ 5 &

27   Ex. 2 (Sept. 9, 2013 Tr. at 13:23-14:3) ("MR. FABRIZIO: There are cases that allow

28   juries to consider the absence of actual damages in the consideration of, say, statutory

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

13

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1  damages."). Indeed, Plaintiffs' position in responding to Defendants discovery

2  requests directly contradicts their own arguments as to why *Defendants* should

3  provide financial information during the damages phase, notwithstanding Plaintiffs'

4  decision to elect statutory damages. The *very same case* on which Plaintiffs relied in

5  seeking Defendants' financial information clearly states that the "value of the

6  copyright" and "the revenues lost by the plaintiff" are factors that should be

7  considered in computing *Plaintiffs'* statutory damages. *Compare Axiom Worldwide,*

8  *Inc. v. HTRD Group Hong Kong Ltd.*, No. 11-cv-1468, 2013 WL 3975675, at *8

9  (M.D. Fla. July 31, 2013) ("Under the Copyright Act, courts consider factors such as:

10  . . . the revenues lost by the plaintiff . . . [and] the value of the copyright" in

11  computing statutory damages) *with* Kearney Decl. ¶ 19 & Ex. 13 (email from

12  Plaintiff's counsel, relying on *Axiom Worldwide* for proposition that Defendant's

13  financial information is "directly relevant to the statutory damages calculation"). The

14  Court should not permit Plaintiffs to apply precedent in this cynical and opportunistic

15  fashion, by cherry-picking only factors that favor their discovery requests, while

16  refusing to provide Defendants the same type of "directly relevant" information and

17  documents.

18      Nor do the decisions in *Tenenbaum* and *Thomas-Rasset* support Plaintiffs'

19  denial of Defendants discovery requests. Kearney Dec. Ex. 11 (Plaintiffs' Response to

20  Interrogatory 18, citing *Sony BMG Music Entm't v. Tenebaum*, 719 F.3d 67, 71-72

21  (1st Cir. 2013); *Capitol Records, Inc. v. Thomas-Rasset*, 692 F.3d 899, 907 (8th Cir.

22  2012)). Neither case supports the proposition that evidence of actual damages is

23  irrelevant to a fact-finder's consideration of the appropriate amount of actual damages.

24  Rather, those decisions held only that the jury's statutory damages award in each case

25  did not violate constitutional due process. *See St. Louis, I.M. & S. Ry. Co. v. Williams*,

26  251 U.S. 63, 66-67 (1919) (a statutory damage award violates due process only

27  "where the penalty prescribed is so severe and oppressive as to be wholly

28  disproportioned to the offense and obviously unreasonable"); *Thomas-Rasset*, 692

F.3d at 909 (under Williams, the "*constitutional* inquiry" does not require "a comparison of an award of statutory damages to actual damages caused by the violation") (emphasis added).

Defendants seek discovery in key categories directly relevant to the computation of statutory damages. With but a single exception—Document Request 112, for which Plaintiffs agree to provide a narrow subset of documents concerning "harm," but *no* documents concerning monetary damages—Plaintiffs have categorically refused to respond to any of Defendants interrogatories or produce any documents. The Court should order Plaintiffs to respond to Interrogatories 16-19 and Document Requests Nos. 112-129. In addition:

**Interrogatory 17 (seeking basis for Plaintiffs' statutory damages calculation).** Plaintiffs' objection that they are not required to "formulate[] the amount [of statutory damages] that they will request" is not well taken: Defendants' Interrogatory seeks information about *actual* damages.

**Document Request No. 112:** In response to Defendants request for "All documents that evidence, refer to, or discuss any damages or harm, including without limitation monetary damage . . . ." Plaintiffs agree to provide only "documents concerning harm . . . ." Plaintiffs' careful phrasing, in conjunction with their categorical refusal to provide *any* other discovery concerning damages or financial information, leaves no doubt that Plaintiffs are refusing to provide *any* documents concerning monetary damages, or, for example, documents acknowledging the *lack of* harm suffered by Plaintiffs. And despite Plaintiffs' promises to produce documents at the same time as their written responses, they have failed to produce any responsive documents.

**Document Requests Nos. 117, 119, and 120:** Plaintiffs attempt to limit their responses to the narrow category of documents concerning "harm" (but not monetary damages) that they agree to provide in response to Document Request 112. But that response is itself inadequate for the reasons stated above, and Requests 117, 119, and

15

120 seek different documents, all of which are relevant to the computation of statutory damages.

**Document Requests Nos. 113, 114, and 115:** Plaintiffs agree only to provide an exhibit list that includes only documents upon which Plaintiffs intend to rely at trial. Plaintiffs attempt both to delay identifying documents, and to limit their production to only documents that are favorable to their case, is plainly improper.

**Document Request No. 118:** This request seeks information about license and other negotiations, which is relevant to the valuation of Plaintiffs' works, and thus to the computation of statutory damages. Plaintiffs agree only to provide "documents sufficient to show Plaintiffs' ownership of the Works-in-Suit." This is an insufficient response to Defendants' request for relevant information.

**Document Requests Nos. 116 and 121 - 126:** Plaintiffs do not dispute the relevance of these requests—nor could they, in light of their arguments that *Defendants'* financial information (which Defendants have agreed to provide) is "directly relevant to the statutory damages calculation," *see* Kearney Decl. 15 & Ex. 12. Instead, Defendants object that the Requests are "unduly burdensome." But Plaintiffs are the masters of their case, and it is they who have elected to pursue claims for 4,145 works. They should not now be permitted to refuse discovery because of the burden of producing the documents that would enable Defendants to defend this case.

**Document Requests Nos. 127-129**. These documents seek information relevant to the harm, if any, suffered by Plaintiffs. For example, to the extent Plaintiffs may have benefitted or attempted to benefit from the publicity afforded by dissemination and widespread recognition of their alleged works, any documents concerning such benefit would be directly relevant to Defendants' defenses, and contradict Plaintiffs' allegations of harm. Such documents would also be directly relevant to Plaintiffs' allegations of willfulness, the computation of Plaintiffs statutory damages, Plaintiffs' failure to mitigate damages, and Defendants' fair use defense.

In light of the upcoming trial date, the Court should order Defendants to

16

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

provide any responsive documents immediately.

## V. PLAINTIFFS REFUSE TO RESPOND TO DISCOVERY RELEVANT TO DEFENDANTS' AFFIRMATIVE DEFENSES OF FAIR USE AND FAILURE TO MITIGATE DAMAGES

- **Interrogatories 20-22.** Kearney Dec. Ex. 11.

- **Document Requests Nos. 130-131.** Kearney Dec. Ex. 12.

Defendants have implemented a robust copyright policy modeled after the DMCA under which Plaintiffs could have provided notice concerning alleged infringements of their works. *See* Dkt. 584.3 (Declaration of Gary Fung in Support of Opposition to Plaintiffs' Motion for Summary Judgment as to Defendants' Affirmative Defenses) at ¶¶ 2-6, 8. Such notices would have resulted in Defendants taking down or removing access to Plaintiffs' works, thereby preventing further harm and mitigating Plaintiffs' damages. Defendants should be permitted to investigate the possibility that Plaintiffs could have minimized the damages from alleged infringements in this way, but that they failed to do so. Information about Plaintiffs DMCA notices (or lack thereof) is also directly relevant to allegations of willfulness and damages. Plaintiffs' pending motions are not a proper basis to object to this discovery. *Chase Bank USA, N.A. v. NAES, Inc.*, 207CV-00975ECRGWF, 2010 WL 2161786, at *4 (D. Nev. May 4, 2010); *Neuberger Berman Real Estate Income Fund, Inc. v. Lola Brown Trust No. 1B*, 230 F.R.D. 398, 404 n.9 (D. Md. 2005). Nor do Plaintiffs' objections based on a seven-year-old irrelevant protective have merit.

**Interrogatory 20 (seeking information regarding Plaintiffs' giving of notice to Defendants of any alleged infringement).** The Court should order Plaintiffs to immediately identify by Bates number all documents to which Plaintiffs' response refers. And, to the extent Plaintiffs have failed to produce or identify responsive documents, Plaintiffs should be precluded from relying on such documents at trial.

**Interrogatory 21 (seeking information regarding Defendants' alleged noncompliance with any DMCA Notice).** To the extent any of the Plaintiffs sent (or failed to send) DMCA notices to the Defendants after commencement of this

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

17

litigation, any and all information about such notices is plainly relevant to, among other things, Plaintiffs' failure to mitigate damages. Such information is also relevant to issues concerning the effectiveness of Defendants' filtering and the adequacy of Plaintiffs' titles lists that are likely to arise at trial, since Plaintiffs may have been aware of direct infringements, or alleged infringements using alternative names or titles of their alleged works, but failed to adequately notify Defendants. The Court should order Plaintiffs to immediately identify by Bates number the documents to which Plaintiffs' response refers, and should preclude Plaintiffs from relying at trial on any documents not so identified.

**Interrogatory 22 (seeking information regarding Plaintiffs' uploading or downloading).** Plaintiffs' response is evasive and non-responsive. The information Defendants seek is critical to allow Defendants to determine of any alleged direct infringements were the result of content posted or downloaded by Plaintiffs or their agents. Plaintiffs should be required to respond immediately to the interrogatory Defendants actually posed.

**Document Requests Nos. 130 and 131.** Documents responsive to these requests are relevant for the same reasons as the information sought by Interrogatories 21 and 22, and Plaintiffs should be required to immediately produce responsive documents.

## VI.   CONCLUSION

Plaintiffs have failed to timely produce documents that Defendants require for their defense, despite repeated assurances that they would produce documents together with their written discovery responses on September 19, 2013. The Court should require Plaintiffs to immediately provide complete responses and produce all responsive documents in response to (1) Requests relating to Identification and Plaintiffs' Alleged Ownership of the Works at Issue (Requests for Production 95-101; Interrogatory 10); (2) Requests Identifying Acts of Alleged Infringement (Requests for Production 102-111; Interrogatories 11-16) (3) Requests relating to Computation

18

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1    of Damages (RFP 112-129; Interrogatories 16-19); and (4) Requests Relating to

2    Affirmative Defenses (Requests for Production 130-131; Interrogatories 20-22).

3

4    Dated: September 23, 2013              WINSTON & STRAWN LLP

5

6

7                                          By:  */s/ Erin R. Ranahan*
                                                Michael S. Elkin
8                                               Thomas Patrick Lane
                                                Erin R. Ranahan
9                                               Jennifer A. Golinveaux
                                                Thomas J. Kearney
10
                                           ROTHKEN LAW FIRM
11                                              Ira P. Rothken
                                                Jared R. Smith
12
                                           *Attorneys for Defendants*
13                                         GARY FUNG and ISOHUNT WEB
                                           TECHNOLOGIES, INC.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

19

SF:361751.14