JENNER & BLOCK LLP
STEVEN B. FABRIZIO (*pro hac vice*)
  sfabrizio@jenner.com
KENNETH L. DOROSHOW (*pro hac vice*)
  kdoroshow@jenner.com
1099 New York Avenue, N.W.
Suite 900
Washington, D.C. 20001
Telephone: (202) 639-6000
Facsimile: (202) 661-4823

GIANNI P. SERVODIDIO (*pro hac vice*)
  gps@jenner.com
919 Third Avenue
38th Floor
New York, NY 10022
Telephone: (212) 891-1600
Facsimile: (212) 891-1699

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLUMBIA PICTURES INDUSTRIES, INC., *et. al.* <br><br> *Plaintiffs*, <br><br> v. <br><br> GARY FUNG, *et. al.* <br><br> *Defendants*. | Case No. CV-06-05578 SVW (JCx) <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION TO COMPEL PLAINTIFFS' RESPONSES TO DISCOVERY** <br><br> Pretrial Conference Date: Oct. 28, 2013 <br><br> Trial Date: Nov. 5, 2013 |

Defendants' *Ex Parte* Application illustrates litigation at its worst. There has been no meet-and-confer on the discovery issues Defendants raise – **no discussion at all** – as required by Local Rule 37-1. Several of the complaints Defendants raise are precisely the sort of issues that discussion among counsel could resolve or narrow. Plaintiffs request that Defendants' *Ex Parte* Application be dismissed without prejudice pending the parties' conferring, as L.R. 37-1 requires and as Plaintiffs have been doing with Defendants regarding deficiencies in Defendants' production of documents. To the extent disputes remain after the parties confer, Defendants can re-file their application focused on the remaining disputes, so the Court does not have to parse through Defendants' current litany of complaints, many of which will almost certainly no longer be applicable. Indeed, as Defendants are fully aware, but have not disclosed in their *Ex Parte* Application, with their initial production of documents on September 19, 2013, Plaintiffs expressly advised Defendants that: "Plaintiffs' search for responsive documents is ongoing and Plaintiffs intend to make additional supplemental productions." As such, Plaintiffs will be producing additional documents today and later during this week that will obviate many of the issues raised in Defendants' Application.

Alternatively, Plaintiffs request that the Court order that Plaintiffs' merits response to the *Ex Parte* shall be due on Wednesday, October 2, 2013, and further order Defendants to properly meet-and-confer for the remainder of this week.

## BACKGROUND

Written responses to Defendants' document requests and interrogatories were due on September 19, 2013 – ***just two business days before Defendants' filed their Ex Parte.*** The responses were due on September 19 because Defendants delayed weeks after Judge Wilson's order setting the damages trial before even serving discovery requests. On September 19, Plaintiffs not only timely served their written responses to Defendants' discovery requests, but also produced substantial volumes

of material. Plaintiffs, in fact, produced approximately 3.5 terabytes of data and documents on September 19.[1]

In the late evening on Thursday, September 19 – one hour after Plaintiffs served their written discovery responses – Defendants' counsel demanded an immediate meeting to discuss claimed deficiencies in Plaintiffs' production even before Defendants received physical possession of the more than 3.5 terabytes of materials Plaintiffs had produced, and apparently before Defendants' counsel realized that Plaintiffs had in fact produced substantial volumes of documents with their written responses. (Plaintiffs produced their materials on a hard drive and a CD that was sent by overnight delivery, for morning delivery the next day to Defendants' counsel.)

Plaintiffs were immediately responsive to Defendants' counsel. Indeed, Plaintiffs' team was responding to Defendants' inquiries about when and how Plaintiffs produced actual documents between midnight and 3am ET on September 19 (technically the early morning of September 20 ET) – promptly upon receiving Defendants' inquiries. Plaintiffs informed Defendants' counsel that in fact substantial volumes of documents were being produced with Plaintiffs' written responses and that a hard drive containing those documents was scheduled for next-day delivery.

Plaintiffs further advised that they were not available for a meet-and-confer the very next day because of counsel's schedule (lead counsel for Plaintiffs would

---

[1] Plaintiffs, in contrast, served their discovery requests immediately following Judge Wilson's ordering setting a damages trial date, and thus Defendants' responses to Plaintiffs' discovery requests were due more than two weeks ago, on September 9, 2013. Defendants produced only a handful of documents with their responses and objected to most everything else. Plaintiffs have been meeting-and-conferring with Defendants since – as the Rules require – in an effort to resolve or narrow disputes. That effort, which is ongoing, has in fact narrowed the areas of dispute.

1  be on a plane traveling for much of the next day).  Moreover, having just advised
2  Defendants that a very substantial volume of documents had been produced and
3  would be received the next morning, Plaintiffs believed that Defendants would at
4  least want to inventory the documents actually produced before insisting on an
5  immediate meeting to discuss alleged deficiencies in the production.

6       Those communications in the very late evening of Thursday, September 19
7  (continuing into the very early morning of September 20) were the only (and last)
8  communications the parties had about Plaintiffs' production of documents and
9  interrogatory responses.  (Exhibit A hereto contains the portion of the email thread
10 reflecting those communications that is omitted from the Kearney Declaration.)
11 Defendants never renewed their request for a meet-and-confer after receiving
12 Plaintiffs' actual production of documents.  The parties never spoke, even in
13 passing, about the substance of Defendants' complaints about Plaintiffs' production.
14 Until yesterday evening, Plaintiffs believed Defendants were reviewing the
15 materials produced and would respond further with specific concerns after receiving
16 Plaintiffs' supplemental productions this week (as required by the L.R. 37-1).

17      Yesterday evening, after hours East Coast time, in the context of a completely
18 separate discussion about an exchange of trial exhibits and witness lists, Defendants'
19 counsel for the first time noted that Defendants' were filing an *Ex Parte*
20 Application.  The full substance of that communication was as follows: "Also,
21 Defendants plan to file an ex parte application regarding Plaintiffs' inadequate
22 discovery responses later today seeking to compel key categories of information
23 including adequate identification of the alleged works and infringements, ownership
24 and chain of title, and actual damages information.  Please call me if you wish to
25 discuss." *See* Ex. B hereto.

26      Plaintiffs' counsel responded immediately that any resort to motions to
27 compel was premature as the parties had not even discussed Defendants' concerns.
28 Plaintiffs' counsel further advised that they were available immediately to have the

required meet-and-confer. Defendants' counsel responded by saying: "I will take your email to mean that Plaintiffs intend to oppose the application." *Id.* Defendants then proceeded to file their *Ex Parte* late last night.

Judge Wilson has ordered that the damages trial in this case will commence on November 5, 2013, and thus the parties are operating under some time constraints. The parties owe it to each other to be responsive. Here, Plaintiffs were responsive, producing large quantities of documents to Defendants on the same day as the service of written responses. Plaintiffs also responded immediately to all of Defendants' late-night demands for information about our production.[2]

Defendants' filing of an *Ex Parte* application to compel, without conferring with Plaintiffs at all, is manifestly tactical. Defendants' filed their *Ex Parte* application two business days after Plaintiffs served their discovery responses – and, indeed, one business day after Defendants received the documents Plaintiffs' produced. Defendants did so without any discussion with Plaintiffs, and without so much as a follow-up email asking for a meet-and-confer. That is simply not good faith compliance with the letter or spirit of L.R. 37-1.

Plaintiffs are still studying Defendants' *Ex Parte*, but even a quick review reveals that several of Defendants' complaints are just factually wrong and could have been resolved with a phone call. By way of illustration only:

---

[2] Defendants' demand for an immediate meet-and-confer, on a document production they had not even reviewed yet, was unreasonable. It also stands in stark contrast to – and, respectfully, must be viewed in context of – Defendants' wholesale lack of responsiveness. Plaintiffs routinely have to wait days, and have been forced to wait weeks, to have Defendants respond to Plaintiffs' inquiries, even to critical emails concerning the scheduling of pretrial meetings mandated under the local rules (which Defendants' counsel could not make on the required date due to scheduling conflicts).

- Defendants complain that Plaintiffs have not produced all of the ownership documents for each of the identified works-in-suit. Defs' Ex Parte at 6-9. But, on the same day their written responses were due, Plaintiffs produced the majority of the ownership documents. *See* Defs' Ex Parte at 6 (acknowledging that Plaintiffs already have produced ownership information for two-thirds of the works in suit). As Defendants know full well, Plaintiffs' production is continuing. Plaintiffs are making another production of ownership documents today, and should complete the production of ownership documents within the next couple of days.[3] Defendants – who did not produce any meaningful documents on September 9, when their documents were due, and who are still telling Plaintiffs it will take *weeks* to produce basic documents – hardly have anything to complain about.
- Defendants complain that Plaintiffs' identification of the works-in-suit fails to identify information "such as the copyright registration number, the date of registration, and the name of the copyright registrant." Defs' Ex Parte at 4.

---

[3] Defendants' attempt to create the impression that Plaintiffs somehow promised to *complete* their entire document production on September 19, the day written responses were due, is misleading at best, as is defense counsel's selective quotation from the transcript of the September 9 hearing before Judge Wilson. *E.g.*, Kearney Decl. ¶¶ 4-6. A more forthright account of the hearing would have included the following exchange in which Plaintiffs made clear that they would begin their production on September 19 and complete it "shortly after":

> **MR. FABRIZIO:** Again, Your Honor, our discovery is not due to them until September 19th. We expect to have the substantial part of the actual documents, not just written responses but the actual documents, produced on September 19th or before and then the rest shortly after.
> **THE COURT:** All right.

Kearney Decl., Ex. 2 at 19:22-20:2. That is precisely what Plaintiffs did and plan to do. Any suggestion to the contrary is misleading.

But, all of that information is right on the face of the copyright registration certificates that Plaintiffs have produced, and continue to produce. Defendants' complaints about television programs being identified by season and episode numbers, which is a more precise way to identify them, rather than episode name, is just a non-issue. In less time than it took Defendants to write their *Ex Parte*, they could have easily looked up the episode names on any number of well-known public databases, such as imdb.com (Internet Movie Database) or even Wikipedia. It is also the exact type of meaningless dispute that could have been resolved through the required meet-and-confer process.

- Defendants' claim that "Plaintiffs have yet to identify any direct infringements of their copyrights," Defs' Ex Parte at 10, is premature. As Plaintiffs have made clear, Plaintiffs will be producing the data – which is all from Defendants' own website server logs – that proves direct infringement of the works in suit. That data will be produced tomorrow. That data will identify innumerable acts of direct infringement by Defendants' U.S. users for each of the works-in-suit. Plaintiffs' analyses, however, are continuing and Plaintiffs expect to identify *additional* acts of infringement (*e.g.*, the same work-in-suit being infringed by Defendants' U.S. users by downloading from Defendants' websites *other* Dot-Torrent files corresponding to the same work-in-suit). As the Court knows, Defendants produced the website server log data just recently – and years late – forcing Plaintiffs to work around the clock to complete the analyses that led to the identification of the works-in-suit. While Plaintiffs plan to produce additional direct infringement data as their analyses are completed, Plaintiffs in fact have no obligation to produce the results of analyses that constitute *their attorney work product* unless and until Plaintiffs decide to waive work produce and rely on the analyses. Just

like Plaintiffs, Defendants have the list of works-in-suit and ***Defendants' own server log data*** reflecting the downloading of dot-torrent files for Plaintiffs' works-in-suit. Defendants can just as easily as Plaintiffs do those searches and identify acts of infringement.

The parties are undoubtedly going to end up with some discovery disputes because they have differences of opinion as to the relevance of certain categories. But, much of Defendants' *Ex Parte* seems concerned with ownership and direct infringement discovery that should be readily resolvable or will be mooted by Plaintiffs' productions this week. The parties, moreover, should be able to narrow or at least focus their disputes as to the remaining issues.[4]

Defendants' desire to bypass the normal discovery rules – rules designed to prevent exactly what Defendants are doing – is improper and should not be allowed. Plaintiffs are following the rules, and Defendants should be required to as well.

## ARGUMENT

Local Rule 37-1 is clear:

> **L.R. 37-1 Pre-Filing Conference of Counsel.** Prior to the filing of any motion relating to discovery pursuant to F.R.Civ.P. 26-37, counsel for the parties shall confer in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible. … Unless relieved by written order of the Court upon good cause shown, counsel for the opposing party shall confer with counsel for the moving party within ten (10) days after the moving party serves a letter requesting such conference. The moving party's letter shall identify each issue and/or discovery request in dispute, shall state

---

[4] Defendants' repeated claim that Plaintiffs seek a large statutory damages award does not justify their unreasonable discovery demands. At best, Defendants have the financial wherewithal to pay a few million dollars (and Defendants' counsel has indicated that it is far less than that). Defendants' principal objective in damages discovery appears to be to force Plaintiffs to spend more than that in discovery and trial preparation. Clearly, the reasonableness of Defendants' discovery demands must be assessed in relation to the realistic amount in dispute.

briefly with respect to each such issue/request the moving party's position (and provide any legal authority which the moving party believes is dispositive of the dispute as to that issue/request), and specify the terms of the discovery order to be sought.

Defendants did not comply with any aspect of L.R. 37-1.

1. Defendants did not "confer in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible." Defendants' demand for an immediate meeting before even reviewing the materials Plaintiffs produced was unreasonable. In any event, Plaintiffs were and are prepared to meet-and-confer. The Rules allow a party 10 days to schedule a meet-and-confer. Plaintiffs have no intention of delaying the meet-and-confer. But they were entitled to expect Defendants to at least see what was produced before demanding that Plaintiffs drop everything to confer immediately. And, in fact, Plaintiffs' counsel expected to hear back from Defendants' counsel after they had received and reviewed Plaintiffs' production. Plaintiffs would have been (and still are) prepared to schedule a meet-and-confer with Defendants within a few days of Plaintiffs' production.

2. Defendants did not comply with the requirement to send Plaintiffs a letter "identify[ing] each issue and/or discovery request in dispute, [and] stat[ing] briefly with respect to each such issue/request the moving party's position." Defendants' demands for an immediate meet-and-confer was just that: a demand to meet, without any identification of any issues with Plaintiffs' production (which, of course, Defendants could not identify, because they made their demand before even receiving Plaintiffs' production).

Finally, Defendants should be required to re-file their Application because it violates the rules for presenting discovery disputes. Local Rule 37.2-1 provides in relevant part:

> The stipulation shall not refer the Court to any other documents. For example, if the sufficiency of an answer to an interrogatory is in issue,

> the stipulation shall contain, **verbatim**, both the interrogatory and the allegedly insufficient answer, followed by each party's contentions as to that particular interrogatory, separately stated.

L.R. 37.2-1 (emphasis added).  Plaintiffs are not contending that Defendants were required to file the *Ex Parte* by way of Joint Stipulation.  However, the filing of an *Ex Parte* does not relieve Defendants of the obligation to set forth verbatim the discovery requests to which they seek to compel responses.  This is not an academic exercise.  On their face, many of the disputed discovery demands are unreasonable, irrelevant, or grossly overbroad.  By not including the actual disputed discovery requests in their brief, but rather only summarizing them (in self-serving ways), Defendants apparently hope to obscure the unreasonableness of many of their individual requests, and obtain orders regarding multiple requests while only partially explaining the full extent of what those requests really seek.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' *Ex Parte* Application without prejudice, with leave to re-file as necessary only after Defendants have complied with the Local Rules on conferring with Plaintiffs' counsel.  Alternatively, Plaintiffs request that they be allowed to file

their opposition to the *Ex Parte* on October 2, 2013, and that Defendants be ordered to meet-and-confer in the interim.

Dated: September 24, 2013               Respectfully submitted,

                                        JENNER & BLOCK LLP

                                        By: /s/ Steven B. Fabrizio
                                            Steven B. Fabrizio

                                        STEVEN B. FABRIZIO
                                        GIANNI P. SERVODIDIO
                                        KENNETH L. DOROSHOW
                                          JENNER & BLOCK LLP

                                        KAREN R. THORLAND
                                        FARNAZ M. ALEMI
                                          MOTION PICTURE ASSOCIATION
                                          OF AMERICA
                                        15301 Ventura Boulevard
                                        Building E
                                        Sherman Oaks, CA 91403

                                        *Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2013, a copy of the foregoing Plaintiffs' Opposition to Defendants' *Ex Parte* Application to Compel Plaintiffs' Responses to Discovery was sent electronically to the attorneys listed below.

Ira P. Rothken
Jared R. Smith
Rothken Law Firm LLP
3 Hamilton Landing
Suite 224
Novato, CA 94949

Erin R. Ranahan
Winston and Strawn LLP
333 South Grand Avenue 38th Floor
Los Angeles, CA 90071-1543

Jennifer A. Golinveaux
Robb Christopher Adkins
Thomas James Kearney
Winston and Strawn LLP
101 California Street Suite 3900
San Francisco, CA 94111-5802

Michael S. Elkin
Thomas P. Lane
Winston and Strawn LLP
200 Park Avenue
New York, NY 10166

*Attorneys for Defendants*

Emily Chapuis

11

PLAINTIFFS' OPPOSITION TO
DEFENDANTS' *EX PARTE* APPLICATION
TO COMPEL PLAINTIFFS' RESPONSES TO
DISCOVERY