Michael S. Elkin (admitted *pro hac vice*)
melkin@winston.com
Thomas Patrick Lane (admitted *pro hac vice*)
tlane@winston.com
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

Ira P. Rothken (SBN: 160029)
ira@techfirm.net
Jared R. Smith (SBN: 130343)
jared@techfirm.net
ROTHKEN LAW FIRM
3 Hamilton Landing, Suite 280
Novato, CA 94949
Telephone: (415) 924-4250
Facsimile: (415) 924-2905

Jennifer A. Golinveaux (SBN: 203056)
jgolinveaux@winston.com
Thomas J. Kearney (SBN: 267087)
tkearney@winston.com
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5802
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

Erin R. Ranahan (SBN: 235286)
eranahan@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue, Suite 3800
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Attorneys for Defendants,
GARY FUNG and ISOHUNT WEB TECHNOLOGIES, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLUMBIA PICTURES INDUSTRIES, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GARY FUNG, et al.,<br><br>Defendants. | Case No. CV 06-5578-SVW (JCx)<br><br>**DISCOVERY MATTER**<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' OPPOSITION TO *EX PARTE* APPLICATION TO COMPEL DISCOVERY RESPONSES**<br><br>Discovery Cutoff: None Set<br>Pretrial Conference Date: 10/28/13<br>Trial Dates: 11/5/13 |

Plaintiffs oppose Defendants' *Ex Parte* Application to Compel Responses to Discovery on procedural grounds, claiming that Defendants violated Local Rule 37-1 and should have gone to greater lengths to meet and confer regarding Plaintiffs' meager discovery responses.[1] But of course *ex parte* applications are not governed by Local Rule 37-1, and if Defendants had filed a discovery motion under that Rule, they could not have expected a hearing date until October 28, 2013, just five court days before trial is set to commence on November 5.

After assuring Judge Wilson and Defendants that they would produce documents last week when they provided their written discovery responses—and after pressing for an early trial date—Plaintiffs objected across the board to nearly all categories of discovery, clearly intending to run the clock on Defendants' time to take discovery before trial. Now, they claim that they "produced the majority of ownership documents" last week despite having produced copyright registrations for barely half of their 4,145 alleged works, barely a third of which even identify one of the Plaintiffs as registrant, and despite having produced no additional chain of title documents other than a handful of assignments.

Similarly, Plaintiffs argue that they have adequately identified their alleged works because "the copyright registration number, the date of registration, and the name of the copyright registrant" is "right on the face of the copyright registration certificates." But that information cannot be used to determine the ownership of Plaintiffs' works in the majority of cases where the name of the copyright registrant does not match any Plaintiff.

Plaintiffs' assertion that they have "no obligation" to even identify the direct infringements for which they intend to seek damages—which Judge Wilson ordered as part of Plaintiffs' *prima facie* case, Dkt. 554 at 4—on the ground that it is "work

---

[1] Plaintiffs also complain that the discovery requests and responses were not recited verbatim in Defendants' Application pursuant to Local Rule 37. Of course, all of the requests and responses were attached to the accompanying Declaration of Thomas Kearney.

1

DEFENDANTS' RESPONSE TO PLAINTIFFS' OPPOSITION TO *EX PARTE* APPLICATION TO COMPEL DISCOVERY RESPONSES

product," is absurd. The time for Plaintiffs to respond to contention interrogatories is now, so that Defendants are afforded the opportunity to investigate the alleged infringements and present evidence on their defenses or to challenge Plaintiffs' claims at trial. Plaintiffs are not allowed to sandbag Defendants on the eve of trial by identifying thousands or tens of thousands of alleged acts of direct infringement by third parties that Defendants have had no opportunity to investigate.

Under the current trial schedule, Defendants had no choice but to raise the pervasive issues with Plaintiffs' discovery responses on an *ex parte* basis. While Plaintiffs' request for an extension until October 2 to oppose Defendants' Application is impractical in light of the schedule, Defendants do not object to following the provisions set forth in the parties' joint stipulation as to briefing schedules for *ex parte* applications. *See* Dkt. 611. On that schedule, Plaintiffs' opposition to Defendants' Application is due by 3 p.m. on Friday, September 27, 2013, and Defendants' Reply is due on October 1. In the meantime, Defendants are happy to discuss with Plaintiffs their failure to provide nearly any of the requested discovery, and remove any issues from the Court's consideration that can be resolved.

Dated: September 24, 2013        WINSTON & STRAWN LLP

By: */s/ Erin R. Ranahan*
Michael S. Elkin
Thomas Patrick Lane
Erin R. Ranahan
Jennifer A. Golinveaux
Thomas J. Kearney

ROTHKEN LAW FIRM
Ira P. Rothken
Jared R. Smith

*Attorneys for Defendants*
GARY FUNG and ISOHUNT WEB TECHNOLOGIES, INC.