Michael S. Elkin (admitted *pro hac vice*)
melkin@winston.com
Thomas Patrick Lane (admitted *pro hac vice*)
tlane@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York  10166
Telephone:  (212) 294-6700
Facsimile:   (212) 294-4700

Ira P. Rothken (SBN: 160029)
ira@techfirm.net
Jared R. Smith (SBN: 130343)
jared@techfirm.net
**ROTHKEN LAW FIRM**
3 Hamilton Landing, Suite 280
Novato, CA 94949
Telephone:  (415) 924-4250
Facsimile:   (415) 924-2905

Erin R. Ranahan (SBN: 235286)
eranahan@winston.com
**WINSTON & STRAWN LLP**
333 South Grand Avenue, Suite 3800
Los Angeles, CA 90071-1543
Telephone:  (213) 615-1700
Facsimile:   (213) 615-1750

Jennifer A. Golinveaux (SBN: 203056)
jgolinveaux@winston.com
Thomas J. Kearney (SBN: 267087)
tkearney@winston.com
**WINSTON & STRAWN LLP**
101 California Street
San Francisco, CA  94111-5802
Telephone:  (415) 591-1000
Facsimile:   (415) 591-1400

Attorneys for Defendants,
GARY FUNG and ISOHUNT WEB TECHNOLOGIES, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| COLUMBIA PICTURES INDUSTRIES, INC., et al.,<br><br>      Plaintiffs,<br><br>   v.<br><br>GARY FUNG, et al.,<br><br>      Defendants. | **Case No. CV 06-5578-SVW (JCx)**<br><br>**DEFENDANTS SUPPLEMENTAL BRIEF IN SUPPORT OF *EX PARTE* APPLICATION FOR AN ORDER REQUIRING PLAINTIFFS TO IDENTIFY WORKS FOR WHICH THEY ARE SEEKING STATUTORY DAMAGES SUFFICIENTLY IN ADVANCE OF TRIAL SO THAT DEFENDANTS CAN PREPARE THEIR CASE AND MODIFYING PRE-TRIAL AND TRIAL DATES (DKT. NO. 570)**<br><br>Pretrial Conference: October 28, 2013<br>Trial Date: November 5, 2013 |

Defendants submit this Supplemental Brief to update the Court regarding recent developments relevant to their pending *Ex Parte* Application (Dkt. 570) ("*Ex Parte* Application"), which seeks identification of the works at issue sufficiently in advance of trial to allow Defendants the opportunity to obtain necessary discovery to prepare their defense, and a continuance of the current trial and pre-trial deadlines.[1]

Just last week, Plaintiffs finally purported to "identify" the works in suit as required by the Court. But rather than provide a meaningful identification of the works, Plaintiffs merely provided a list of 4,145 titles along with the name of a Plaintiff that claims that work. Plaintiffs did not identify any corresponding copyright registrations (required to recover statutory damages) or even dates of registration or any chain of title documents; or any of the alleged *infringements* to allow Defendants to investigate Plaintiffs' alleged ownership of the works and potential defenses to the alleged infringements. And some of these titles are common words like "Loser" "Passenger," "Psych," and "Enough." Then, last Thursday, Plaintiffs served their discovery responses objecting to key categories of discovery and—despite having agreed to produce ownership documents with their responses—only provided registration certificates for approximately half of their 4,145 claimed works, a handful of copyright recordation documents, and nothing else.

While Defendants now have a pending *ex parte* application on file with Judge Chooljian on the discovery issues [Dkt. 616], Defendants provide this supplement to their pending *Ex Parte* Application with the Court in light of the serious implications on the schedule with trial just five weeks away.[2]

### I. Plaintiffs Have Refused And Delayed Critical Discovery

Despite repeated assurances that they would provide documents last Thursday

---

[1] The Court indicated on September 9, 2013 that an order on Defendants' *Ex Parte* Application would be forthcoming (Dkt. 590).
[2] Just today, Plaintiffs also indicated that they intend to object to the vast majority of 30(b)(6) deposition topics relating to damages and the newly identified works and noticed by Defendants for the first week of October, indicating that they will seek a protective order, leading to further delay.

1

along with their written responses to discovery,[3] Plaintiffs production remains incomplete and deficient in multiple ways.[4]  Plaintiffs have failed to provide even the most basic discovery regarding the newly alleged works or alleged infringements, making it impossible for Defendants to investigate the ownership and value of the copyrights, or the nature of the alleged direct infringements.  Notably, although Plaintiffs have produced numerous dot-torrent files, they have produced *no* documents identifying any particular acts of direct infringement, *no* documents reflecting the IP address for the alleged downloader of the dot-torrent file as required by this Court, *no* documents regarding Defendants' alleged willfulness, and *no* documents relevant to any computation of statutory damages.

### A. Plaintiffs "Identification" of Their Claimed Works Is Deficient In Multiple Respects

Plaintiffs first identified works for which they are seeking statutory damages last week on September 16. Dkt. 604 ("Plaintiffs' List").  Plaintiffs' List identified for the first time 4,145 works for which they intend to seek statutory damages of up to $150,000 per work, which exposes Defendants to potential damages of well over $600 million.  But Plaintiffs' List provides only a bare list of titles and the plaintiff that claims the work.  It omits basic and necessary identifying information about the works—such as the copyright registration number, the date of registration, and the name of the copyright registrant—that would enable Defendants to identify the corresponding works and the underlying copyrights.  For many of the alleged works it is not possible to identify the works from the list of names of the works.

Moreover, despite Defendants requesting such information in discovery,

---

[3] Plaintiffs agreed to produce documents at the same time they provided their written discovery responses last Thursday. Kearney Dec. ¶¶ 4-6 & Ex. 8 (Sept. 9, 2013 email from Plaintiffs' counsel Gianni Servodidio, stating that "We will be producing documents when our responses are due."); *id.* Ex. 2 (Sept. 9, 2013 Hearing Tr. at 9:23-10:4); Dkt. 572 at 11:10-16.
[4] For much of the requested discovery, Plaintiffs also only agree to identify documents that they intend to use on their trial exhibit lists that are not due to be filed until October 7, rather than produce them in discovery. This is a patently inappropriate response and nothing other than an attempt to sandbag Defendants by identifying documents on the eve of trial—and only those that support Plaintiffs' claims.

Plaintiffs have yet to identify *any* direct infringements of their copyrights. Plaintiffs provide *no* information about *any* identifiable acts of direct infringement, such as the source of Plaintiffs' dot-torrent files; or the IP address of the alleged downloader, including whether an "*American* user" downloaded any of those dot-torrent files; or the date on which such a download occurred; or whether the downloader successfully obtained a copy of one of Plaintiffs' works.  This information is critical.  For instance, the IP address may indicate that the downloader was not in the U.S., or that Plaintiffs or their agents were responsible for certain downloads (clearly they were responsible for some as they have now produced copies of dot torrent files in discovery).  The dates of alleged downloads are critical because the Court's summary judgment holding on liability did not address facts subsequent to the decision.

In opposing Defendants pending *ex parte* application to compel discovery, Plaintiffs argue that they have adequately identified their alleged works because "the copyright registration number, the date of registration, and the name of the copyright registrant" is "right on the face of the copyright registration certificates."  But even if Plaintiffs had produced all of the relevant copyright registration certificates (which they have not for hundreds of claimed works) that information cannot be used to determine the ownership of Plaintiffs' works in the majority of cases where the name of the copyright registrant does not match any Plaintiff.[5]  Plaintiffs' List lacks sufficient identifying information to match titles to copyright registrations.

---

[5] A search of the Internet Movie Database (www.imdb.com) for just the first dozen works on Plaintiffs' 4,145-entry "List of Works in Suit" returns two movies with the title "Bewitched," two movies with the title "Big Daddy," and four movies with the title "Bad Boys." Kearney Dec. ¶ 9 & Exs. 4-6. Plaintiffs' List gives no indication which of these works Plaintiffs claim. The problem persists even when the titles on Plaintiffs' List are matched by hand to Plaintiffs' document production.  Plaintiffs also failed to produce copyright registrations or *any* documents concerning the ownership of the film *Alfie* (item 692 on Plaintiffs' List), which is the title of two different feature films according to the Internet Movie Database. Kearney Dec. ¶ 9 & Ex. 7; Dkt. 604 at entry 692.  Also according to the Internet Movie Database, there are at least seven movies that share the title "Crossroads," (item 724 on Plaintiffs' List) for which Plaintiffs have similarly failed to provide a copyright registration. Kearney Dec. ¶ 9 & Ex. 8; Dkt. 604 at entry 724. In light of such pervasive ambiguity, Plaintiffs' List fails to provide adequate notice to Defendants as to what works Plaintiffs are claiming in this case.

Approximately 1,056 of the titles on Plaintiffs' List are television programs, many of which are identified only by season and episode number, that cannot be reliably associated with any of Plaintiffs' copyright registration documents that identify works by name.[6]

### B. **Plaintiffs' Ownership Production Remains Incomplete**

Plaintiffs have failed to provide ***any*** evidence of ownership for hundreds upon hundreds of the 4,145 works on Plaintiffs' List.[7]  And a review of Plaintiffs' initial production indicates that the entity named on Plaintiffs' List matches the copyright registrant for only approximately 848 of Plaintiffs' 4,145 titles.  Declaration of Thomas Kearney (Dkt. 615-1) ("Kearney Dec.") ¶ 17.  Plaintiffs bear the burden of proving their ownership of the works at issue as part of their *prima facie* case, and Defendants should have adequate time to obtain relevant discovery to challenge these rebuttable claims.

### C. **Plaintiffs Have Stonewalled Any Discovery Regarding the Value of Plaintiffs' Alleged Works or Their Alleged Damages**

It is a fundamental requirement of discovery that Plaintiffs must produce all documents and information evidencing their damages.  *See* Fed. R. Civ. P. 26(a)(1)(A)(iii).  The relevance of financial information to claims for copyright infringement has also been repeatedly recognized by courts, including those in the Central District.  *See, e.g.*, *UMG Recordings, Inc., et al. v. Veoh Networks, Inc.*, Case No. CV 07-5744 ("Veoh"); *UMG Recordings, Inc., et al. v. MySpace, Inc. et al.*, Case No. 06-07361 ("MySpace").  Accordingly, Defendants have also sought categories of information concerning the value of Plaintiffs' alleged works and any actual damages suffered by Plaintiffs.  Such information is directly relevant to the computation of statutory damages.  *See, e.g., Van Der Zee v. Greenidge*, 2006 WL 44020, at *2

---

[6] Kearney Dec. ¶ 14.  For example, Plaintiffs may lack standing as to at least episodes of *Friends* and *Psych*, since the copyrights appear to be registered to a different entity than identified on Plaintiffs' List.  *Compare* Dkt. 604 at 64-65 *with* Kearney Dec. Ex. 9; *Compare* Dkt. 604 at 78-83 *with* Kearney Dec. Ex. 10.
[7] On August 7, 2013, the Court held that in order to be entitled to statutory damages for works-in-suit, Plaintiffs must establish that *they own the copyright in such work*. [Dkt. 554].

4
DEFENDANTS' SUPPLEMENTAL BRIEF

(S.D.N.Y. 2006) (factors a court may consider in computing statutory damages include the "revenues lost by the Plaintiffs [and] the value of the copyright"); 4 Nimmer on Copyright § 14.04 [B][1][a] (2005) ("the determination of statutory damages within the applicable limits may turn upon such factors as . . . the revenues lost by the plaintiffs as a result of the defendant's conduct and the infringers' state of mind – whether willful, knowing or innocent").

It is well established that statutory damages must "bear some relation to actual damages suffered." *Id.*; *Muppets Studio, LLC v. Pacheco*, CV 12-7303 JGB FFMX, 2013 WL 2456617, at *1 (C.D. Cal. June 6, 2013); *Nexon Am. Inc. v. Kumar*, 2:11-CV-06991-ODW, 2012 WL 1116328, at *7 (C.D. Cal. Apr. 3, 2012); *Autodesk, Inc. v. Flores*, 10-CV-01917-LHK, 2011 WL 337836, at *8 (N.D. Cal. Jan. 31, 2011); *Symantec Corp. v. Logical Plus, Inc.*, C 06-7963 SI, 2010 WL 2330388, at *2 (N.D. Cal. June 4, 2010); *Adobe Sys., Inc. v. Tilley*, C 09-1085 PJH, 2010 WL 309249, at *5 (N.D. Cal. Jan. 19, 2010); *Microsoft Corp. v. Ricketts*, C 06-06712 WHA, 2007 WL 1520965, at *4 (N.D. Cal. May 24, 2007). Plaintiffs are attempting to avoid ever providing discovery about the value of and damages for particular works, objecting across the board to such requests and hoping to get to trial before producing any such information. Defendants should be allowed the time to obtain necessary discovery.

### D. Defendants Require The Documents At Issue In Time To Review Before Taking Depositions Plaintiffs Are Also Delaying

Defendants have also noticed Plaintiffs' 30(b)(6) depositions for October 3-11, yet in a meet and confer discussion today, Plaintiffs objected to most of the topics, and indicated they could not proceed on the dates noticed. Defendants should have the chance to obtain and analyze relevant and critical discovery, which given the disputes will require resolution by the Magistrate Judge before Defendants will have the chance to obtain the discovery they need to proceed with the depositions.

## II. The Court Should Adjust The Schedule So That Defendants Are Not Denied Due Process

As addressed in their *Ex Parte* Application [Dkt. 570], Plaintiffs should be

required to formally amend their complaint to identify the thousands of new allegedly infringed works identified for the very first time last week, and the trial schedule should be adjusted to allow sufficient time to complete discovery on those works and infringements. Due process demands that a copyright plaintiff provide notice of the infringements in the complaint as set forth in the cases Defendants cited. [Dkt. 570 at 10:18-14:3]. Plaintiffs did not dispute this requirement in their opposition to Defendants' *Ex Parte* Application. [Dkt. 572.] The Court should adjust the schedule to require Plaintiffs to amend their Complaint, and to allow Defendants to obtain necessary discovery.[8]

### III. Conclusion

Defendants have repeatedly sought to reach agreement with Plaintiffs on a workable schedule. Plaintiffs have refused, clearly intending to try to run the clock on Defendants' legitimate discovery efforts to avoid their corresponding burdens with respect to more than 4,000 works for which Plaintiffs are seeking more than $600 million in damages. With barely five weeks before trial, the current schedule does not allow time to resolve these issues in a manner that does not prejudice Defendants.[9] For the reasons set forth in Defendants' *Ex Parte* Application, in the interest of due process and fundamental fairness, in addition to the scheduling conflicts with respect to the current trial, Defendants respectfully request that the Court reset trial and the pretrial dates until 2014.

As the parties will be before the Court on separate motions on September 30, 2013, Defendants welcome any further questions from the Court about the status and import of these matters at that time.

---

[8] As Defendants also indicated in their *Ex Parte* Application, Defendants' lead trial counsel have a conflict with the current trial date—they have a Financial Industry Regulatory Authority ("FINRA") arbitration previously scheduled in New York at the same time. [Declaration of Thomas P. Lane ("Lane Decl.") ¶ 2 (Dkt. 570-1).]

[9] The scope of the need for expert testimony is also still unclear without an understanding of the evidence Plaintiffs expect to put forth in support of their damages claims.

Dated: September 25, 2013     WINSTON & STRAWN LLP

By: */s/ Erin R. Ranahan*
Michael S. Elkin
Thomas Patrick Lane
Jennifer A. Golinveaux
Thomas J. Kearney
Erin R. Ranahan

ROTHKEN LAW FIRM
Ira P. Rothken
Jared R. Smith

*Attorneys for Defendants*
GARY FUNG and ISOHUNT WEB TECHNOLOGIES, INC.