JENNER & BLOCK LLP
STEVEN B. FABRIZIO (*pro hac vice*)
  sfabrizio@jenner.com
KENNETH L. DOROSHOW (*pro hac vice*)
  kdoroshow@jenner.com
1099 New York Avenue, N.W., Suite 900
Washington, D.C.  20001
Telephone:  (202) 639-6000
Facsimile:  (202) 661-4823

GIANNI P. SERVODIDIO (*pro hac vice*)
  gps@jenner.com
919 Third Avenue
38th Floor
New York, NY 10022
Telephone:  (212) 891-1600
Facsimile:  (212) 891-1699

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLUMBIA PICTURES INDUSTRIES, INC., *et. al.*<br><br><br>*Plaintiffs,*<br><br>v.<br><br>GARY FUNG, *et. al.*<br><br><br>*Defendants.* | Case No. CV-06-05578 SVW (JCx)<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS SUPPLEMENTAL BRIEF IN SUPPORT OF *EX PARTE* APPLICATION FOR AN ORDER REQUIRING PLAINTIFFS TO IDENTIFY WORKS FOR WHICH THEY ARE SEEKING STATUTORY DAMAGES SUFFICIENTLY IN ADVANCE OF TRIAL SO THAT DEFENDANTS CAN PREPARE THEIR CASE AND MODIFYING PRE-TRIAL AND TRIAL DATES (DKT. NO. 570)**<br><br>Pretrial Conference Date: Oct. 28, 2013<br>Trial Date: Nov. 5, 2013 |

1    Defendants' self-styled "Supplemental Brief" (Docket No. 618), filed late last

2    night, is effectively a second *ex parte* application asking to delay the damages trial.

3    Plaintiffs oppose for the following reason:

4    Since the day this Court set the damages trial for November 5, 2013 – a

5    timeframe Defendants affirmatively agreed to in open court – Defendants have set

6    about to delay the trial.  Both with this Court and the Magistrate Judge, Defendants

7    have adopted a "do anything, say anything" effort to force an adjournment of the

8    trial.  The reason is obvious:  After more than seven years of litigation, Defendants

9    want to put off their day of reckoning as long as possible because they are still, on a

10   daily basis, profiting handsomely from massive copyright infringement of Plaintiffs'

11   copyrighted works.

12   Defendants' current Supplemental Brief, like the pending *ex parte* application

13   before the Magistrate Judge that Defendants repeatedly make reference to, is a

14   collection of half truths that cannot withstand scrutiny.

15   1.   <u>Plaintiffs Timely Served/Filed the Works-In-Suit List.</u>  In briefing leading

16   to the September 9, 2013 hearing, Plaintiffs told the Court that they would be able to

17   identify the works-in-suit by mid-September.  That is exactly what Plaintiffs did.  In

18   fact, Plaintiffs served a copy of the works-in-suit on Defendants on Sunday,

19   September 15, 2013, and filed the list with the Court on September 16, 2013.

20   Of particular note, Plaintiffs would have been able to prepare the works-in-

21   suit list even earlier had Defendants not violated the Court's 2007 Order, which had

22   directed Defendants to produce website server log data on a bi-weekly basis starting

23   in June 2007.  The process of identifying the works-in-suit begins with identifying

24   the Dot-Torrent files for Plaintiffs' works that were downloaded from Defendants'

25   websites by users in the United States.  That requires Defendants' website server

26   data.  Yet, Defendants refused to produce the data, concealing even that they

27   preserved it, for more than six years, in violation of Court Order.  When Defendants

28   finally revealed the existence of the data on August 16, 2013 (which they did only to

1

1  forestall a motion for evidentiary sanctions), Defendants further delayed producing it

2  to Plaintiffs.  Plaintiffs did not receive the data until August 29, 2013.  For context,

3  Defendants took as much time to simply copy and produce a data file as Plaintiffs

4  did to conduct their entire works-in-suit analysis.  Between August 29, when

5  Plaintiffs finally received the website server data, and September 15, Plaintiffs

6  works diligently – around the clock (expending over 2,000 lawyer and paralegal

7  hours) – to prepare the works-in-suit list as quickly as humanly possible, given the

8  hurdles erected by Defendants.

9      2.   Plaintiffs Timely Produced Discovery.  Defendants mislead when they

10  argue that Plaintiffs did not simultaneously produce copyright registration

11  statements with the works-in-suit list on September 16.  Defs' Suppl. Br. at 1-3.  As

12  Plaintiffs advised the Court at the September 9 hearing, after the Court set the

13  November 5 trial (by Order of August 7, 2013), Defendants delayed *weeks* before

14  even serving their damages discovery requests.  As a result, Plaintiffs' written

15  responses to Defendants were only due on September 19, 2013.  On September 19,

16  Plaintiffs timely produced their written responses *and* also a very substantial volume

17  of actual documents (approximately 3.5 terabytes of materials).  Further, with their

18  September 19 production, Plaintiffs expressly advised Defendants that:  "Plaintiffs'

19  search for responsive documents is ongoing and Plaintiffs intend to make additional

20  supplemental productions."  That is precisely what Plaintiffs advised this Court at

21  the September 9 hearing:

22         Again, Your Honor, our discovery is not due to them until September
           19th.  We expect to have the substantial part of the actual documents,
23         not just written responses but the actual documents, produced on
24         September 19th or before and then the rest shortly after.

25  Sept. 9, 2013 Hearing Transcript, Dkt # 595, at 19:22-20:2.

26         That is exactly what Plaintiffs did and are continuing to do.  Plaintiffs made a

27  substantial part of their document production (and produced their full Interrogatory

28

2

**PLAINTIFFS' RESPONSE TO DEFENDANTS'
SUPPLEMENTAL BRIEF**

responses) on September 19. That production included the majority of the copyright registration statements for the works-in-suit and chain of title documents, as well as substantial other materials related to direct infringement. On September 24, Plaintiffs produced further documents, including additional copyright registration statements. And, yesterday, September 25, Plaintiffs produced further documents, including further copyright registration statements and substantially all of the Dot-Torrent downloading data of which Defendants complain (even though Defendants already had the data, as it is just a subset of the website server data Defendants belated produced to Plaintiffs).

By today and tomorrow, Plaintiffs anticipate *completing* their document production in substantial part. Defendants raced to file an *ex parte* application to compel with the Magistrate Judge and the instant *ex parte* application to delay the trial knowing full-well that Plaintiffs' production was substantial and continuing. Had Defendants conduced a meet-and-confer conference with Plaintiffs about their professed concerns (as required by local rules), Plaintiffs would have advised Defendants that Plaintiffs' production is likely to be completed in a matter of days.

Instead, Defendants focus their Supplemental Brief on the initial September 19 production, without mentioning the two additional productions this week, or the imminently forthcoming productions, because it is not convenient for Defendants' efforts to delay the trial to acknowledge that, within a few days from the date Plaintiffs' written responses to Defendants' discovery requests were due, Plaintiffs will have substantially completed their document production.

In short, nearly all of the copyright ownership and direct infringement materials about which Defendants are complaining have been produced already, or will be produced within a matter of days. Defendants apparently have spent more time filing premature *ex parte* motions with this Court and the Magistrate Judge – in an effort to delay the trial – than they have actually reviewing the materials Plaintiffs are timely producing.

PLAINTIFFS' RESPONSE TO DEFENDANTS'
SUPPLEMENTAL BRIEF

Specifically:

- Defendants falsely claim that Plaintiffs "did not identify any corresponding copyright registrations." Defs' Suppl. Br. at 1. But that is simply not true. By the end of today, Plaintiffs will have nearly completed production of copyright registrations for each of the works-in-suit (all of which are also publicly available through the Copyright Office).

- Defendants falsely claim that Plaintiffs "did not identify … any of the alleged *infringements*." Defs' Suppl. Br. at 1 *see also id.* at 2 (claiming Plaintiffs "have produced *no* documents identifying any particular acts of direct infringement, *no* documents reflecting the IP address for the alleged downloader) (emphasis in original). That is simply not true. By the end of today, for each of the works-in-suit, Plaintiffs will have produced evidence of downloading of Dot-Torrent files from Defendants' websites by users in the United States. This includes, for each work-in-suit, *inter alia*, identification and production of one of more corresponding Dot-Torrent files, production of a copy of the actual content file (*i.e.*, the work-in-suit) downloaded with the Dot-Torrent file, production (from Defendants' own website data) of multiple instances of Defendants' U.S. users downloading the Dot-Torrent file, and production of the IP addresses and geolocation analysis results, showing downloading users in the United States. Defendants rushed to file their *ex parte* without even bothering to review the data Plaintiffs produced yesterday.[1]

---

[1] Defendants' protestations that they somehow cannot discern the works-in-suit from their titles (Defs' Suppl. Br. at 2 & 3 n.5) is of course fully belied by the fact that, for each work-in-suit, Plaintiffs produced the actual content file (*i.e.*, the copy of the movie or television show) downloaded using the offending Dot-Torrent file.

*(continue…)*

- Defendants complain that, for some works-in-suit, the "copyrights appear to be registered to a different entity than identified on Plaintiffs' List." Defs' Suppl. Br. at 4 n.6. But what Defendants fail to disclose is that in any instance where the claimant on the copyright registration does not match the Plaintiff in suit, Plaintiffs are producing chain of title documentation that reflects Plaintiffs' acquisition of the rights to the work through transfer or assignment. Plaintiffs produced many chain of title documents with the initial September 19 production, will be producing additional chain of title document today, and should complete their production of chain of title documents within the next couple of days. Defendants were in such a rush to try to delay the trial that they filed their *ex parte* without so much as a telephone call to Plaintiffs to discuss what had already been produced and what would soon be produced.

3. <u>Defendants have Not Been Diligent in Preparing for Trial.</u> This Court's Individual Practice Rules leave no room for confusion as to counsel's obligations when seeking a continuance:

> Continuances are granted only upon a showing of good cause, particularly ***focusing upon evidence of diligent work by the party seeking delay*** and of prejudice that may result from the denial of a continuance. Counsel requesting a continuance MUST submit a **DETAILED** declaration as to the reason.

Individual Practice Rules, ¶ 6 (first emphasis added; all other emphases in original). Defendants do not even attempt to comply by showing their own diligence – because they cannot.

Respectfully, Plaintiffs' diligence in producing discovery and meeting pretrial deadlines should also be understood in the context of Defendants' lack of diligence.

---

*(continued from previous page)*

Thus, if Defendants had even looked at the materials produced on September 19, they could not make such claims to the Court.

**PLAINTIFFS' RESPONSE TO DEFENDANTS' SUPPLEMENTAL BRIEF**

As noted, Defendants waited weeks even to serve their requests to begin damages discovery. Plaintiffs, in contrast, served their discovery requests immediately following the Court's order setting a damages trial date. Thus Defendants' responses to Plaintiffs' discovery requests were due almost three weeks ago, on September 9, 2013. To date, Defendants have produced only a handful of documents. While Defendants have acknowledged that they need to produce additional documents (including documents that would greatly expedite Plaintiffs' identification of direct infringements, *e.g.*, Dot-Torrent file databases), Defendants have delayed their production for *weeks*. Copying and producing the required data should have taken no more than a few hours. Defendants appear to be trying to delay Plaintiffs' analyses of direct infringement so as to manufacture a claim that Plaintiffs are tardy in producing the data underlying their direct infringement analyses.

Defendants, furthermore, have been unprepared to have the Pretrial Meeting of Counsel required by Local Rule 16-2. By rule, that meeting was supposed to have happened on September 18. Plaintiffs – for weeks – tried to schedule that meeting with Defendants, but Defendants refused even to respond to multiple emails trying to organize the Rule 16-2 meeting of counsel. Ultimately, because of Defendants' lead counsel's claim of scheduling conflicts, the meeting was set for September 26; however, the meeting was recently adjourned to October 3 because Defendants could not commit to exchange exhibit and witness lists that would not substantially change (thus defeating the purpose of the meeting). Defendants' complaint that "for much of the requested discovery" Plaintiffs would only identify the documents on our exhibit lists – a claim that is patently false in any event – ignores that, but for Defendants' lack of diligence and delays, those exhibit lists would have been exchanged on September 18, even before any discovery was due to Defendants.

PLAINTIFFS' RESPONSE TO DEFENDANTS'
SUPPLEMENTAL BRIEF

1     From the outset of the Court's order setting the trial, Defendants' counsel has

2  repeatedly boasted that there is "no way" the trial would go forward on November 5,

3  and Defendants' discovery and pretrial diligence has reflected that attitude.

4  Defendants should not be heard to complain about the shortness of time when they

5  have not been remotely diligent (except of course in filing multiple *ex parte*

6  applications to delay the trial).

7     4.  <u>The "Actual Damages" Discovery Defendants Seek is Overbroad and</u>

8  <u>Irrelevant – And Appears Designed More to Manufacture a Trial Delay than</u>

9  <u>Actually to Prepare for Trial.</u>  The parties appear to have a dispute as to the scope of

10  "actual damages" discovery Defendants are entitled to in a case where Plaintiffs

11  have elected to forgo actual damages in favor of statutory damages.  That dispute is

12  before the Magistrate Judge, on an expedited schedule.  Plaintiffs believe the

13  Magistrate Judge will see Defendants' requests for what they are:  a delaying tactic.

14     Defendants are wrong on the law when they argue that "[i]t is well established

15  that statutory damages must 'bear some relation to actual damages suffered.'"  Defs'

16  Suppl. Br. at 5.  That is categorically untrue.  What is well-settled is that a copyright

17  plaintiff can recover the maximum statutory damages even if that plaintiff has not

18  suffered any actual damages.  *E.g.*, *L.A. News Serv. v. Reuters TV Int'l*, 149 F.3d

19  987, 996 (9th Cir.1998) ("a plaintiff may recover statutory damages whether or not

20  there is adequate evidence of the actual damages suffered by plaintiff or of the

21  profits reaped by defendant").

22     Defendants cite a handful of unpublished district court cases that allowed

23  consideration of actual damages in reaching statutory damages calculations.  Defs'

24  Suppl. Br. at 5.  However, two federal courts of appeals – relying on U.S. Supreme

25  Court precedent – have recently confirmed that statutory damages in copyright cases

26  are ***not*** measured in relation to the plaintiff's actual damages.  *Sony BMG Music*

27  *Entm't v. Tenenbaum*, 719 F.3d 67, 71-72 (1st Cir. 2013) ("the Supreme Court held .

28  . . that statutory damages are not to be measured" in relation to the actual injury

**PLAINTIFFS' RESPONSE TO DEFENDANTS'**
**SUPPLEMENTAL BRIEF**

1   caused) (*citing St. Louis, I.M. & S. Ry. Co. v. Williams*, 251 U.S. 63 (1919)); *Capitol*

2   *Records, Inc. v. Thomas-Rasset*, 692 F.3d 899, 909-10 (8th Cir. 2012) (rejecting

3   district court's conclusion that "statutory damages must still bear some relation to

4   actual damages").

5        Here, Defendants served a request asking for any Plaintiff documents

6   analyzing the actual harm caused by Defendants' websites.  Plaintiffs responded to

7   that request, advising Defendants that, after a reasonable search, Plaintiffs would

8   produce responsive documents and they have since determined that they do not

9   possess any such responsive materials.  That of course is not a surprise.  First,

10   Plaintiffs do not need to commission studies to know that a website distributing tens

11   of million of infringing copies of their copyrighted works is causing Plaintiffs harm.

12   That is akin to studying whether water is wet.  Second, Plaintiffs were not able to

13   conduct "actual harm" studies with experts in this litigation because Defendants

14   violated the 2007 Court Order to produce website server data, and thus denied

15   Plaintiffs the essential data – *i.e.*, data on the volume of infringing downloads – that

16   would have been necessary to conduct such analyses.

17        Because of Defendants' violation of the 2007 Court Order, Plaintiffs have

18   applied to the Magistrate Judge for a recommendation to Your Honor that, as a

19   sanction, Defendants should be precluded from making any argument to the jury

20   regarding Plaintiffs inability to present quantitative evidence of actual harm.

21   Plaintiffs believe the Magistrate Judge should make that recommendation to Your

22   Honor and that Your Honor should adopt it.  Otherwise, Defendants will be

23   permitted to benefit from their defiance of Court Orders.  Such a sanction would

24   plainly obviate the disputed discovery regarding actual damages.  But, even if the

25   Court does not grant the evidentiary sanction, the disputed discovery is irrelevant.

26   Plaintiffs are not going to present evidence to the jury of actual quantified harm from

27   Defendants' websites and, absent the sanction, Defendants can seek to argue to the

28   jury that the statutory amount should be lower because Plaintiffs have not presented

1  such quantifiable evidence of harm.  *See* Sept. 9, 2013 Hearing Transcript, Docket

2  No. 595, at 16:4-11 ("THE COURT: …  So if the plaintiff offers no evidence of

3  actual damages, [Defendants] would say -- or ask for an instruction that, among the

4  factors you can consider in the range of statutory damages, are whether or not the

5  actual damages, plaintiff has offered no evidence … of actual damages").

6      All other so-called actual damages discovery Defendants seek (*e.g.*,

7  accounting records showing all revenues earned by Plaintiffs; valuations of

8  Plaintiffs' companies going back 10 years; Plaintiffs' marketing plans for their

9  copyrighted works) are wholly irrelevant – and would be irrelevant even if Plaintiffs

10  were seeking to prove their actual damages at trial.  But here Plaintiffs are not.  They

11  have elected statutory damages, which, as the Court knows, are adjudged largely

12  based on the willfulness of Defendants' conduct and the need to deter Defendants

13  and those like them.  Defendants appear to be seeking such far ranging irrelevant

14  discovery largely to argue for a delay in the trial.

15

16                          **CONCLUSION**

17      Because Plaintiffs have timely produced the list of works-in-suit and

18  discovery, because Defendants have not been diligent, and because the disputed

19  discovery is irrelevant (and, in any event, is a dispute pending before the Magistrate

20

21

22

23

24

25

26

27

28

PLAINTIFFS' RESPONSE TO DEFENDANTS'
SUPPLEMENTAL BRIEF

1    Judge, not this Court), Plaintiffs respectfully submit that Defendants' demands to

2    adjourn the trial should be denied.

3

4    Dated:  September 26, 2013                    Respectfully submitted,

5                                                  JENNER & BLOCK LLP

6

7                                                  By: /s/ Steven B. Fabrizio
                                                        Steven B. Fabrizio

8

9                                                  STEVEN B. FABRIZIO
                                                   GIANNI P. SERVODIDIO
10                                                 KENNETH L. DOROSHOW
                                                     JENNER & BLOCK LLP
11

12                                                 KAREN R. THORLAND
                                                   FARNAZ M. ALEMI
13                                                   MOTION PICTURE ASSOCIATION
                                                     OF AMERICA
14                                                 15301 Ventura Boulevard
                                                   Building E
15                                                 Sherman Oaks, CA 91403
16

17                                                 *Attorneys for Plaintiffs*

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2013, a copy of the foregoing **Plaintiffs' Response to Defendants' Supplemental Brief in Support of *Ex Parte* Application for an Order Requiring Plaintiffs to Identify Works for Which They Are Seeking Statutory Damages Sufficiently in Advance of Trial So That Defendants Can Prepare Their Case and Modifying Pre-Trial and Trial Dates (Dkt. No. 570)** was sent electronically and by U.S. mail to the attorneys listed below.


Ira P. Rothken
Jared R. Smith
Rothken Law Firm LLP
3 Hamilton Landing
Suite 224
Novato, CA  94949

Erin R. Ranahan
Winston and Strawn LLP
333 South Grand Avenue 38th Floor
Los Angeles, CA 90071-1543


Jennifer A. Golinveaux
Robb Christopher Adkins
Thomas James Kearney
Winston and Strawn LLP
101 California Street Suite 3900
San Francisco, CA 94111-5802

Michael S. Elkin
Thomas P. Lane
Winston and Strawn LLP
200 Park Avenue
New York, NY 10166


*Attorneys for Defendants*

Emily Chapuis

PLAINTIFFS' RESPONSE TO DEFENDANTS'
SUPPLEMENTAL BRIEF