JENNER & BLOCK LLP
STEVEN B. FABRIZIO (*pro hac vice*)
  sfabrizio@jenner.com
KENNETH L. DOROSHOW (*pro hac vice*)
  kdoroshow@jenner.com
1099 New York Avenue, N.W.
Suite 900
Washington, D.C. 20001
Telephone: (202) 639-6000
Facsimile: (202) 661-4823

GIANNI P. SERVODIDIO (*pro hac vice*)
  gps@jenner.com
919 Third Avenue, 37th Floor
New York, NY 10022
Telephone: (212) 891-1600
Facsimile: (212) 891-1699

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLUMBIA PICTURES INDUSTRIES, INC., *et. al.*<br><br>Plaintiffs,<br>v.<br>GARY FUNG, *et. al.*<br><br>Defendants. | Case No. **CV-06-05578 SVW (JCx)**<br><br>**PLAINTIFFS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON COPYRIGHT OWNERSHIP, CAUSATION, AND DIRECT INFRINGEMENT**<br><br>Date: October 28, 2013<br>Time: 1:30 PM<br>Ctrm: 6<br><br>Judge: The Hon. Stephen V. Wilson |

Pursuant to Rule 56-1, plaintiffs submit the following Statement of Uncontroverted Facts and Conclusions of Law in support of their Motion for Summary Judgment on Copyright Ownership and Direct Infringement.

## UNCONTROVERTED FACTS

1. Plaintiffs own the copyright for each of the works in suit identified in Exhibit 1 of the attached declarations of Rani Cherkoori, Steve Kang, David Kaplan, Alfred Perry, Marsha Reed, and Ronald Wheeler (the "MSJ Works"). Cherkoori Decl. ¶ 4 & Ex. 1 (demonstrating ownership of each Columbia Pictures Industries, Inc. and TriStar Pictures, Inc. work); Kang Decl. ¶ 4 & Ex. 1 (demonstrating ownership of each Universal City Studios LLLP and Universal City Studios Productions LLLP work); Kaplan Decl. ¶ 4 & Ex. 1 (demonstrating ownership of each Warner Bros Entertainment, Inc. work); Perry Decl. ¶ 4 & Ex. 1 (demonstrating ownership of each Paramount Pictures Corporation work); Reed Decl. ¶ 4 & Ex. 1 (demonstrating ownership of each Disney Enterprises, Inc. work); Wheeler Decl. ¶ 4 & Ex. 1 (demonstrating ownership of each Twentieth Century Fox Film Corporation work).

2. A dot-torrent file corresponding to each of the MSJ works was downloaded from Defendants' websites by users in the United States. Ward Decl. ¶¶ 5-21, Ex. 1 (demonstrating that the listed Dot-Torrent files were downloaded by Defendants' websites by users in the U.S.); Aul Decl. ¶¶ 3-15 (demonstrating that the Dot-Torrent files identified in Ex. 1 of the Ward Declaration each correspond to a full-length copy of one of the MSJ Works).

## CONCLUSIONS OF LAW

3. Plaintiffs own the copyrights for each of the MSJ works. 17 U.S.C. § 410(c) ("In any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the

certificate."); *United Fabrics Intern., Inc. v. C&J Wear, Inc.*, 630 F.3d 1255, 1257 (9th Cir. 2011) (same); *Lumiere (Rights) Ltd. v. Baker & Taylor, Inc.*, No. 95-36192, 116 F.3d 484, 1997 WL 303244, at *3 (9th Cir. 1997) (unpublished table opinion) (transfer of copyright ownership can be established by written document signed by owner or agent); Nimmer on Copyright § 12.11[C] (noting that "[o]nce plaintiff . . . submit[s] the certificate that he himself filed, or prov[es] his chain of title from the previous registrant[], the burden shifts to the defendant to establish the invalidity of plaintiff's title from the author").

4. Users of Defendants' websites directly infringed each of the MSJ Works in violation of the U.S. Copyright Act.  17 U.S.C. § 106(1), (3) (copyright owner has exclusive right to distribute and reproduce copyrighted work); *Columbia Pictures Industries, Inc. v. Fung*, 710 F.3d 1020, 1034 (9th Cir. 2013) ("Both uploading and downloading copyrighted material are infringing acts");  In Chambers Order Re Report And Recommendation And Motion For Contempt, at 4, (Aug. 7, 2013), Dkt. # 554 ("Plaintiffs will need to prove that, for each work, they 1) owned the copyright; and 2) that an *American* user downloaded a Dot-Torrent file of that work from one of Defendants' websites."); Order, July 3, 2013, Dkt. # 527, at 3 n.2 ("for BitTorrent files downloaded from Defendants' websites, no causation dispute exists: Defendants have caused the infringement").

5. Defendants caused and are liable for their users' direct infringement of each of the MSJ Works.  *Fung*, 710 F.3d at 1037 ("[I]f one provides a service that could be used to infringe copyrights, with the manifested intent that the service actually be used in that manner, that person is liable for the infringement that occurs through the use of the service"); In Chambers Order Re Report And Recommendation And Motion For Contempt, at 4, (Aug. 7,

2013), Dkt. # 554 ("Plaintiffs will need to prove that, for each work, they 1) owned the copyright; and 2) that an *American* user downloaded a Dot-Torrent file of that work from one of Defendants' websites."); Order, July 3, 2013, Dkt. # 527, at 3 n.2 ("for BitTorrent files downloaded from Defendants' websites, no causation dispute exists: Defendants have caused the infringement").

Dated: September 30, 2013

Respectfully submitted,

JENNER & BLOCK LLP

By: /s/ Steven B. Fabrizio
    Steven B. Fabrizio

STEVEN B. FABRIZIO
GIANNI P. SERVODIDIO
KENNETH L. DOROSHOW
  JENNER & BLOCK LLP

KAREN R. THORLAND
FARNAZ M. ALEMI
  MOTION PICTURE ASSOCIATION OF AMERICA
15301 Ventura Boulevard
Building E
Sherman Oaks, CA 91403

*Attorneys for Plaintiffs*