JENNER & BLOCK LLP
STEVEN B. FABRIZIO (*pro hac vice*)
sfabrizio@jenner.com
KENNETH L. DOROSHOW (*pro hac vice*)
kdoroshow@jenner.com
1099 New York Avenue, N.W.
Suite 900
Washington, D.C. 20001
Telephone: (202) 639-6000
Facsimile: (202) 661-4823

GIANNI P. SERVODIDIO (*pro hac vice*)
gps@jenner.com
919 Third Avenue, 37th Floor
New York, NY 10022
Telephone: (212) 891-1600
Facsimile: (212) 891-1699

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

COLUMBIA PICTURES INDUSTRIES, INC., *et. al.*

Plaintiffs,

v.

GARY FUNG, *et. al.*

Defendants.

Case No. CV-06-05578 SVW (JCx)

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE***

Date: October 28, 2013
Time: 1:30 PM
Ctrm: 6

Judge: The Hon. Stephen V. Wilson

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .......... ii

LEGAL STANDARD .......... 2

ARGUMENT .......... 2

I. Defendants Should Be Precluded From Rearguing Facts Contrary to the Court's Existing Rulings. .......... 2

A. Defendants Should Be Precluded From Rearguing That They Induced Infringement .......... 3

B. Defendants Should Be Precluded From Rearguing That They Caused Infringements That Occurred When Users Downloaded Dot-Torrent Files From Defendants' Websites .......... 9

C. Defendants Should Be Precluded From Attempting to Shift Responsibility to Plaintiffs .......... 10

II. Defendants Should Be Precluded From Presenting Argument or Evidence That Parties Other Than Defendants Are Responsible for the Copyright Infringement for Which This Court Has Held Defendants Liable. .......... 13

A. Defendants Should Be Precluded From Attempting to Shift Responsibility to Other Pirate Websites .......... 14

B. Defendants Should Be Precluded From Attempting To Shift Responsibility To Other BitTorrent Participants .......... 15

CONCLUSION .......... 16

## TABLE OF AUTHORITIES

**CASES**

*Arista Records LLC v. Lime Group LLC*, 784 F. Supp. 2d 398 (S.D.N.Y. 2011) .......... 7

*Arista Records LLC v. Lime Group LLC*, 785 F. Supp. 2d 423 (S.D.N.Y. 2011) .......... 14

*Columbia Pictures Industries, Inc. v. Fung*, 710 F.3d 1020 (9th Cir. 2013) .. *Passim*

*Columbia Pictures Industries, Inc. v. Fung*, No. CV 06-5578 SVW(JCX), 2009 WL 6355911 (C.D. Cal. Dec. 21, 2009) .......... *Passim*

*Corbis Corp. v. Amazon.com, Inc.*, 351 F. Supp. 2d 1090 (W.D. Wash. 2004) ..... 11

*Ellis v. Navarro*, No. C 07–5126 SBA (PR), 2012 WL 3580284 (N.D. Cal. Aug. 17, 2012) .......... 2

*Fidelity National Title Insurance Co. of California v. National Westminster Bank, United States*, 134 F.3d 377, 1998 WL 31512 (9th Cir. 1998) (unpublished table opinion) .......... 6

*Home Design Services, Inc. v. Trumble*, No. 09-cv-00964-WYD-CBS, 2011 WL 843900 (D. Colo. Mar. 8, 2011) .......... 12

*Ingle v. Circuit City*, 408 F.3d 592 (9th Cir. 2005) .......... 6, 10, 13

*Perez-Farias v. Global Horizons, Inc.*, No. CV–05–3061–RHW, 2013 WL 2251559 (E.D. Wash. May 22, 2013) .......... 6-7

*Realnetworks, Inc. v. DVD Copy Control Ass'n*, 641 F. Supp. 2d 913 (C.D. Cal. 2009) .......... 14

*Rush v. Denco Enterprises, Inc.*, No. EDCV 11–0030 DOC (DTBx), 2012 WL 3206674 (C.D. Cal. Aug. 3, 2012) .......... 7, 10, 13

*Sony BMG Music Entertainment v. Tenenbaum*, 672 F. Supp. 2d 217 (D. Mass. 2009) .......... 13

*Sweet People Apparel, Inc. v. Zipper Clothing*, No. CV 12–02759–ODW(CWx), 2012 WL 1952842 (C.D. Cal. May 31, 2012) .......... 6

*United States v. Busby*, No. CR 11–00188 SBA, 2013 WL 3296537 (N.D. Cal. June 28, 2013) .......... 2

*United States v. Heller*, 551 F.3d 1108 (9th Cir. 2009) .......... 2

*United States v. Lummi Indian Tribe*, 235 F.3d 443 (9th Cir. 2000) .......... 6

*Viacom International Inc. v. YouTube, Inc.*, 718 F. Supp. 2d 514 (S.D.N.Y. 2010), *vacated on other grounds*, 676 F.3d 19 (2d Cir. 2012) .......... 11-12

**OTHER AUTHORITIES**

Fed. R. Civ. P. 56(a) .......... 10, 13

This Motion *in limine* requests an order precluding Defendants from presenting argument or evidence to the jury in the upcoming damages trial on two discrete issues.

First, Defendants should be precluded from presenting argument or evidence that is contrary to facts that the Court already has found no reasonable jury could reject, and which underlie the Court's grant of summary judgment and a permanent injunction against Defendants.  This includes argument or evidence: (a) that Defendants did not know about or intend the copyright infringement on their websites, (b) that Defendants did not cause infringements resulting from Dot-Torrent files downloaded from Defendants' websites, and (c) that Plaintiffs should be blamed for Defendants' infringements.  Defendants have litigated these issues for more than seven years, and lost each of them based on overwhelming and incontrovertible record evidence.  While these issues have long been settled, Defendants continue to insist that they will relitigate them before the jury in a trial that is supposed to be reserved for damages.

Second, Defendants should be precluded from presenting argument or evidence blaming others for the infringement of Plaintiffs' copyrighted works for which the Court already has held Defendants liable for inducing.  This would include Defendants' persistent attempts to argue: (a) that Defendants' users would have infringed Plaintiffs' content from other pirate websites if Defendants' websites did not exist; and (b) that other participants in the "BitTorrent ecosystem" (*i.e.*, distributors of client applications or operators of third party trackers) share responsibility for the copyright infringement at issue in this case.  These arguments cannot be reconciled with this Court's prior rulings affirmed on appeal, and are contrary to basic legal principles.

The requested *in limine* order is necessary to prevent Defendants from seeking to confuse the jury and complicate and prolong the remaining issues to be

adjudicated at the on trial on damages. Defendants' liability has been established. The appropriate measure of statutory damages for direct infringement of Plaintiffs' copyrighted works is the sole remaining issue. This Motion *in limine* seeks to ensure ensure that the trial on damages proceeds in a straightforward manner.

## **LEGAL STANDARD**

"A motion *in limine* is a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111-12 (9th Cir. 2009) (citation and quotation marks omitted). Motions *in limine* also serve to "streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues." *Ellis v. Navarro*, No. C 07–5126 SBA (PR), 2012 WL 3580284, at *2 (N.D. Cal. Aug. 17, 2012) (quotation marks omitted). Such motions may serve to preclude testimony or evidence that would "distract and possibly confuse the jury with marginally relevant matters and consume time, thereby unnecessarily delaying the proceedings." *Id.* at *7; *see also United States v. Busby*, No. CR 11–00188 SBA, 2013 WL 3296537, at *7 n.8 (N.D. Cal. June 28, 2013) (disputes are resolved through motions *in limine* because such motions "facilitate[] more extensive argument and briefing than would be likely during trial").

## **ARGUMENT**

### I. Defendants Should Be Precluded From Rearguing Facts Contrary to the Court's Existing Rulings.

Based on a full and complete evidentiary record, this Court granted summary judgment, holding Defendants liable for inducement of copyright infringement and rejecting Defendants' DMCA defense. *Columbia Pictures Indus., Inc. v. Fung* ("*Fung I*"), 2009 WL 6355911 (C.D. Cal. Dec. 21, 2009), *aff'd*, 710 F.3d 1020 (9th Cir. 2013). The Court subsequently entered a permanent injunction against Defendants. *See* Modified Order Granting Plaintiffs' Motion for Permanent

Injunction, ECF # 551 ("Inj. Order"). Those decisions were premised on facts that the Court found to be undisputed or incontrovertible. The Ninth Circuit affirmed the Court's decision on liability, on the DMCA defense, and in connection with the permanent injunction. *Columbia Pictures Indus., Inc. v. Fung*, 710 F.3d 1020, 1049 (9th Cir. 2013) ("*Fung II*").

The decisions by this Court and the Ninth Circuit establish that Defendants *induced* infringement; that Defendants *caused* infringement; that Defendants are not eligible for a DMCA defense; and that Defendants cannot blame Plaintiffs for their illegal acts. As explained below, the Court should not permit Defendants to relitigate these settled issues.[1]

A. Defendants Should Be Precluded From Rearguing That They Induced Infringement.

In its order granting Plaintiffs' motion for summary judgment, the Court found numerous facts related to Defendants' inducement liability to be undisputed or beyond reasonable dispute. *E.g.*, *Fung I*, 2009 WL 6355911 at *11 ("Plaintiffs present a variety of undisputed evidence"). Defendants should not be permitted to contest these facts before the jury.

Most prominently, the Court has found:

- "Defendants' intent to induce infringement is overwhelming and beyond reasonable dispute." *Fung I*, 2009 WL 6355911 at *11; *see also id.* at *15.

[1] On September 30, 2013, the Court informed the parties that it would grant Plaintiffs' summary judgment motion on the issue of willful and innocent infringement. *See* ECF #561. Accordingly, the Court should preclude Defendants from presenting any evidence or argument that their infringement was innocent or not willful. In addition, Plaintiffs have pending summary judgment motions on the issue of Defendants' affirmative defense of failure to mitigate, ECF # 564, and for ownership and direct infringement, ECF # 621. If the Court grants Plaintiffs' summary judgment motions, then it should also preclude Defendants from making arguments or presenting evidence inconsistent with those rulings.

- "Fung has personally engaged in a broad campaign of encouraging copyright infringement." *Fung I*, 2009 WL 6355911 at *12. For example, "[i]n a statement on the Isohunt website, Fung stated: 'they accuse us for [sic] thieves, and they r[sic] right. Only we r [sic] "stealing" from the lechers (them) and not the originators (artists).'" *Id.* "In an interview with another website Fung stated: 'Morally, I'm a Christian. "Thou shalt not steal." But to me, even copyright infringement when it occurs may not necessarily be stealing.'" *Id.*; *see also id.* at *17.
- "Defendants had actual knowledge of copyright infringement or were willfully ignorant of ongoing copyright infringement." *Fung I*, 2009 WL 6355911 at *17; *see also id.* at *16; *id.* at *17; *id.* at *18.
- "Defendant Fung made statements on the Isohunt website encouraging or assisting infringement." *Fung I*, 2009 WL 6355911 at *12. For example, "[b]y implementing this [Box Office Movies] feature, therefore, Defendants engaged in direct solicitation of infringing activity." *Id*. at *11; *see also id.* at *12.
- "Defendants promoted their users' infringing activities by consciously fostering a community that encouraged – indeed, celebrated – copyright infringement." *Fung I*, 2009 WL 6355911 at *12. For example, "the websites bestowed honors by identifying users as copyright infringers" "such as 'I pir4te, therefore I am' and 'All Day I Dream About W4rez.'" *Id.*
- "Defendants directly assisted users in engaging in infringement." *Fung I*, 2009 WL 6355911 at *12; *see also id*. ("Defendant Fung personally posted messages in the Isohunt discussion forums in which he provided technical assistance to users seeking copyrighted works").
- "Plaintiffs' expert Richard Waterman conducted a study showing that more than 95% of files available through Defendants' websites are copyrighted or

are highly likely to be copyrighted." *Fung I*, 2009 WL 6355911 at *8; *see also id.* at *8 n.15 ("this expert evidence is admissible *and unrebutted*" (emphasis added)); *id.* at *17; *id.* at *4.

- "Defendant Fung acknowledges that the availability of popular works is what attracts users to the sites." *Fung I*, 2009 WL 6355911 at *14; *see also id.* at *5; *id.* at 15 ("there is no factual dispute that the availability of copyright material was a major draw for users of Fung's websites"); Inj. Order at 7 ("Defendants' very business model, at its core, depends upon copyright infringement"); *id.* ("For years, Defendants operated their websites as popular destinations for copyright infringement and etched their niche in the market for infringement. Defendants were enormously successful in building a user-base of infringers that, by Defendants' own account, number in the millions.").
- "[W]hen Defendants induce infringement, 'Plaintiffs' copyrighted works can be unstoppably and near-instantaneously infringed throughout the computer-literate world with the files obtained by [Defendants'] end-users.'" Inj. Order at 3; *see also id.* at 5 ("“given the multiplicity of infringements of Plaintiffs' works caused by a single user downloading a single dot-torrent file from Defendants' sites …, it would be untenable for Plaintiffs to track and proceed against each infringing end-user”").
- "[T]he availability of free infringing copies of Plaintiffs' works through Defendants' websites irreparably undermines the growing legitimate market for consumers to purchase access to the same works." Inj. Order at 3-4.
- "[E]ven since the Court's Order finding Defendants liable for inducing copyright infringement, Defendants have not taken meaningful steps to mitigate the infringement of Plaintiffs' works. . . . In fact, Defendants have not even ceased all of the active conduct of encouraging and promoting

infringement which the Court specifically identified in its Summary Judgment Order." Inj. Order at 7.

- "Defendant Fung has affirmatively stated that he will not take steps to prevent infringement on his websites unless he is ordered to do so by the Court." Inj. Order at 7.

These established facts, which are the basis upon which the Court found liability and issued its injunction – and which were all affirmed on appeal – are of course also probative of the willfulness of Defendants' conduct and, beyond a legal finding of willfulness, the level of egregiousness of Defendants' infringement and the need to deter Defendants and other would-be pirates from engaging in such conduct. Such factors are a primary consideration for the jury in determining the appropriate level of statutory damages. *See, e.g.*, *Sweet People Apparel, Inc. v. Zipper Clothing*, No. CV 12–02759–ODW (CWx), 2012 WL 1952842, at *5 (C.D. Cal. May 31, 2012) (concluding that defendants engaged in willful misconduct and then holding that "statutory damages of $150,000.00 is appropriate for each of the five copyrights infringed because the conduct at issue is particularly egregious.").

After a court has entered partial summary judgment, the losing party may not re-litigate the bases for the Court's ruling at a subsequent stage in the same case. *See, e.g.*, *Ingle v. Circuit City*, 408 F.3d 592, 594 (9th Cir. 2005) ("Under the law of the case doctrine, a court is generally precluded from reconsidering an issue previously decided by the same court, or a higher court in the identical case" (internal quotation marks omitted)); *United States v. Lummi Indian Tribe*, 235 F.3d 443, 452-53 (9th Cir. 2000) (affirming district court order refusing to reconsider summary judgment decision); *Fidelity Nat. Title Ins. Co. of Cal. v. National Westminster Bank, U.S.*, 134 F.3d 377, 1998 WL 31512, at *4 (9th Cir. 1998) (unpublished table opinion) (affirming district court's exclusion of argument and evidence that became irrelevant in light of summary judgment decision); *Perez-*

*Farias v. Global Horizons, Inc.*, No. CV–05–3061–RHW, 2013 WL 2251559, at *1-2 (E.D. Wash. May 22, 2013) (barring plaintiff from relitigating issue of liability following Ninth Circuit remand to award statutory damages); *Rush v. Denco Enters., Inc.*, No. EDCV 11–0030 DOC (DTBx), 2012 WL 3206674, at *3 (C.D. Cal. Aug. 3, 2012) ("it would be prejudicial to force Plaintiff, who was timely prepared for the summary judgment motion, to eternally relitigate this case after she legitimately prevailed on her dispositive motion.").

Significantly, in another recent case that is indistinguishable from this one on this issue, the court held, on summary judgment, that the infamous peer-to-peer service "Limewire" was liable for inducement of infringement. *Arista Records LLC v. Lime Group LLC*, 784 F. Supp. 2d 398, 424-31 (S.D.N.Y. 2011) ("*Limewire*"). In advance of the trial on statutory damages, the Court granted the plaintiffs' motion *in limine* to preclude argument or evidence at the damages trial that was inconsistent with the undisputed facts and decision rendered during the liability phase of the case. *See Limewire*, No. 06 Civ. 05936 (KMW) (S.D.N.Y. April 4, 2011), ECF # 692 ("Motion *in limine* to Preclude Evidence or Argument Inconsistent With Facts Established at Summary Judgment"); Minute Entry, *Limewire*, No. 06 Civ. 05936 (KMW) (S.D.N.Y. April 27, 2011) ("The Court grants Plaintiffs' request to preclude any evidence or argument inconsistent with the facts established as a matter of law in the May 2010 decision").

Here, this Court has likewise held that the facts recited and relied on in its summary judgment decision are not genuinely in dispute, and the Ninth Circuit agreed. *E.g.*, *Fung I*, 2009 WL 6355911, at *11 ("evidence of Defendants' intent to induce infringement is overwhelming and beyond reasonable dispute"); *id.* at *15; *Fung II*, 710 F.3d at 1035 ("[T]here is more than enough unrebutted evidence in the summary judgment record to prove that Fung offered his services with the object of

promoting their use to infringe copyrighted material. No reasonable jury could find otherwise.").

Notwithstanding these rulings, Defendants have made clear that they will try to present evidence and argument to the jury seeking to re-litigate in the damages trial virtually every aspect of the Court's liability decision. For example, in recent filings, Defendants have argued vigorously that Plaintiffs should be required to identify facts and circumstances relating to Defendants' *liability for inducement* – the very issue decided by this Court and affirmed on appeal. *E.g.*, Defs' Mem. of Points and Authorities in Opp. to Plfs' Mot. for Summary Judgment on Aff. Defenses of Willful and Innocent Infringement ("Willfulness SJ Opp."), ECF # 583, at 13 (claiming that Defendants have been denied "essential discovery" on "[w]hether any evidence exists that Defendants' acts induced such direct infringement"); Defs' Mem. of Points and Authorities in Opp. to Plfs' Mot. for Summary Judgment on Aff. Defenses of Fair Use and Failure to Mitigate ("Affirmative Defenses SJ Opp."), ECF # 584, at 5-6 (same); *see also* Servodidio Decl., ¶ 3, Ex. 2 (Defendants' Interrogatory No. 15, demanding that "for each act of infringement that [Plaintiffs] claim Defendants induced, [Plaintiffs must] state and describe in detail all facts and circumstances upon which [Plaintiffs] base [their] claim of inducement of copyright infringement"). In doing so, Defendants would disregard the Court's liability order, effectively wiping out seven years of litigation.

Accordingly, Plaintiffs request that the Court preclude Defendants from presenting argument or evidence that is contrary to the Court's prior holdings. Absent the requested relief, Defendants will seek to turn the damages trial into a redo of the liability phase of this case. That would defeat the very purpose of summary judgment and needlessly complicate and prolong the damages trial, and risk confusing the jury.

B. Defendants Should Be Precluded From Rearguing That They Caused Infringements That Occurred When Users Downloaded Dot-Torrent Files From Defendants' Websites.

Just as it is settled that Defendants induced infringement, it is also settled that Defendants caused infringements when users downloaded Dot-Torrent files from Defendants' websites. This Court's recent Order has confirmed that "for BitTorrent files downloaded from Defendants' websites, no causation dispute exists: *Defendants have caused the infringement.*" Order, July 3, 2013 (ECF # 527), at 3 n.2 (emphasis added); *see also* Order, Aug. 7, 2013 Order (ECF # 554), at 2 (finding direct infringement established by a showing that "one of Defendants' users downloaded a Dot-Torrent file from one of [Defendants'] *websites*") (emphasis in original).[2] Both this Court and the Ninth Circuit have expressly rejected the argument—still advanced repeatedly by Defendants—that Plaintiffs must, on an individual, work-by-work basis, prove specific conduct by Defendants caused specific acts of infringement of each of these works as the Court held "liability may attach [for inducement] even if the defendant does not induce specific acts of infringement." *See Fung I*, 2009 WL 6355911, at *10 (citing *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 940 n.13 (2005)); *Fung II*, 710 F.3d at 1037 ("[I]f one provides a service that could be used to infringe copyrights, with the manifested intent that the service actually be used in that manner, that person is liable for the infringement that occurs through the use of the service").

Indeed, notwithstanding these unambiguous rulings, Defendants have repeatedly raised the issue of causation in its recent filings to the Court, even in filings addressing legal issues that have nothing to do with causation. *E.g.*,

---

2 As the Court will recall, Plaintiffs affirmatively disclaimed any intent to seek statutory damages in this case based on infringements caused solely by use of the Defendants' trackers. *See* Plaintiffs' Br. Regarding Damages, ECF # 543, at 6.

Willfulness SJ Opp., at 1, 2, 5, 6, 8, 12, 13, 20; Fair Use SJ Opp., at 5, 21. Defendants have openly proclaimed in a recent filing that – even after Plaintiffs show the downloading of Dot-Torrent files for their works from Defendants' websites – Defendants will still seek "to challenge Plaintiffs' arguments that acts of inducement by Defendants caused particular direct infringements." Defs' *Ex Parte* Appl. to Compel Plfs' Responses to Discovery, ECF # 615, at 9.

Accordingly, for the reasons explained above, Plaintiffs request that the Court preclude Defendants from presenting argument or evidence on causation. *Supra*, at 6-7; Fed. R. Civ. P. 56(a); *Ingle*, 408 F.3d at 594 (applying law of the case doctrine); *Rush*, 2012 WL 3206674, at *3 (barring defendant from relitigating previously-established facts); *Limewire*, Minute Entry (April 27, 2011) (granting indistinguishable motion *in limine*). Such an order would prevent Defendants from delaying the trial and confusing the jury.

C. Defendants Should Be Precluded From Attempting to Shift Responsibility to Plaintiffs

Finally, Defendants should be barred from attempting to shift responsibility for their conduct to Plaintiffs. Defendants should be barred from presenting evidence regarding Plaintiffs' alleged failure to send DMCA notices, as well as any other evidence regarding actions Plaintiffs purportedly should have taken to prevent infringement.

During the liability phase, Defendants argued that they could not be liable for any act of infringement unless Plaintiffs had sent a notice about each Dot-Torrent file and Defendants failed to respond to the notice. *E.g.*, Defs' Mem. in Opp. to Plfs' Mot. for Summary Judgment on Liability ("Liability SJ Opp."), ECF # 296, at 30-31, 37. This Court rejected that argument and the Ninth Circuit affirmed, finding that notices were not required at all and that Fung was ineligible for DMCA safe

harbor as a matter of law in any event without regard to notices. *See Fung I*, 2009 WL 6355911 at *15-18; *Fung II*, 710 F.3d at 1039-47.

Notwithstanding these prior rulings, Defendants have made it clear that they will argue that *Plaintiffs* are the ones responsible for the copyright infringement on *Defendants'* websites because Plaintiffs did not send DMCA notices for each of the works in suit. *E.g.*, Affirmative Defenses SJ Opp., at 6 ("Defendants have implemented a robust policy modeled after the DMCA under which Plaintiffs could have provided notice concerning alleged infringements of their works. . . . Such notices would have resulted in Defendants taking down or removing access to Plaintiffs' works, thereby preventing further harm and mitigating Plaintiffs' damages."); *see also, e.g.*, Servodidio Dec, ¶ 3, Ex. 2 (Interrogatory No. 20 (demanding Plaintiffs' identification of "each and every instance in which YOU stated or otherwise gave notice in Defendants (in writing, orally, pursuant to a DMCA Notice, or otherwise), prior to the commencement of this litigation, that YOU objected to the inclusion, exploitation or availability of the work on Defendants' websites")); *id.* (Interrogatory No. 21).

As noted above, this Court and the Ninth Circuit have already established that Defendants are not entitled to claim the safe harbor under the DMCA in this case. *Supra*, at 10. Moreover, even if the issue were not foreclosed by the Court's summary judgment ruling, it would still be irrelevant. The argument that Plaintiffs should have submitted DMCA notices presupposes that Plaintiffs were under some kind of obligation to give notice of copyright infringement, and that if they did not adhere to that obligation, they would lose their right to collect damages. But no such obligation exists.[3]

---

[3] It is well settled that Plaintiffs "w[ere] under no obligation to give notice of claimed infringement before filing this suit." *Corbis Corp. v. Amazon.com, Inc.*, 351 F. Supp. 2d 1090, 1107 (W.D. Wash. 2004); *see also Viacom Int'l Inc. v. YouTube,*

*(continue…)*

A jury, unschooled in copyright law, may incorrectly infer from Defendants' arguments that Plaintiffs were under some kind of legal obligation to provide notice, which they violated. Even a curative instruction is unlikely to eliminate the confusion, because the jury will inevitably wonder why any such evidence is being presented in the first instance. Such arguments by Defendants would also result in a wasteful sideshow at trial, forcing Plaintiffs to demonstrate that Defendants did not comply with the DMCA notices that Plaintiffs did in fact send, and that sending countless additional notices would not have made a difference given that Defendants were adding new Dot-Torrent files for Plaintiffs' works in suit to Defendants' websites faster than Plaintiffs could possibly send notices.

Defendants should also be precluded from presenting other irrelevant and confusing variations on the "blame-the-Plaintiffs" theme. For example, Defendants repeatedly argued that they should not be held responsible for their inducement because Plaintiffs somehow did not try hard enough to stop online infringement generally. *E.g.*, Liability SJ Opp., at 35 (blaming Plaintiffs for failing to create a "publicly-accessible website that contains a database of 'dot-torrents leading to known infringing files'" which would allow "entrepreneurs like Fung [to] download the databases . . . and use the databases as filters for 'policing'"); Servodidio Dec, ¶

---

*(continued from previous page)*

*Inc.*, 718 F. Supp. 2d 514, 521 (S.D.N.Y. 2010) (DMCA "does not require use of the notice and take-down procedure . . . copyright owners are not obligated to give notification of claimed infringement in order to enforce their rights" (quoting Senate and House Reports)), *vacated in part on other grounds*, 676 F.3d 19 (2d Cir. 2012); *Home Design Servs., Inc. v. Trumble*, No. 09-cv-00964-WYD-CBS, 2011 WL 843900, at *3 (D. Colo. Mar. 8, 2011) (holding that copyright owner had no duty to preemptively warn individuals not to violate copyright law).

2, Ex. 1 (Defendants' Document Request No. 130 seeks "all documents concerning [Plaintiffs] … efforts to halt or reduce infringements of the ALLEGED WORKS").

This Court properly rejected such arguments earlier in the case. *See Fung I*, 2009 WL 6355911 at *18 ("Nor does inducement liability turn on whether Plaintiffs could have mitigated their damages by making efforts to reduce third party infringement"); *see also Sony BMG Music Entm't v. Tenenbaum*, 672 F. Supp. 2d 217, 232-37 (D. Mass. 2009) (rejecting argument that plaintiffs acquiesced to copyright infringement by taking insufficient steps to halt file-trading). Given that such defenses are unavailable as a matter of law, evidence relating to them would be both irrelevant and confusing to the jury. The Court has already barred Defendants from presenting such defenses, and it should adhere to its decision. Fed. R. Civ. P. 56(a); *Ingle*, 408 F.3d at 594 (applying law of the case doctrine); *Rush*, 2012 WL 3206674, at *3 (barring defendant from relitigating previously-established facts); *Limewire*, Minute Entry (April 27, 2011) (granting indistinguishable motion *in limine*).

## II. Defendants Should Be Precluded From Presenting Argument or Evidence That Parties Other Than Defendants Are Responsible for the Copyright Infringement for Which This Court Has Held Defendants Liable.

Defendants have forewarned that they intend to argue that others besides Plaintiffs also bear legal responsibility for the infringement for which this Court has found Defendants liable. As discussed below, such arguments are irrelevant, prejudicial and risk confusing the jury. Accordingly, the Court should preclude such evidence or argument.

A. Defendants Should Be Precluded From Attempting to Shift Responsibility to Other Pirate Websites.

Defendants have persistently argued in this case that they should not be held liable because, if their websites did not exist, would-be infringing users would simply have gone elsewhere to infringe. *E.g.* Liability SJ Opp., at 11 ("The nature of BitTorrent technology means that, if Fung's sites went down – but not for legal reasons that might also threaten other sites – numerous other sites would take up the loss. New sites are coming online frequently and existing sites seek to increase traffic. Those seeking to infringe copyrights could use Google and other big-name resources to accomplish their desires.").

This Court properly rejected such arguments and Defendants should not be permitted to present them again during trial on statutory damages. *See Fung I*, 2009 WL 6355911, at 18 ("Inducement liability does not turn on whether other actors would or would not be liable (as with Google and Yahoo)"). This accords with the basic principle that "everybody does it" is not an excuse for the commission of an intentional tort. *See supra*, at 12-13; *cf. Realnetworks, Inc. v. DVD Copy Control Ass'n*, 641 F. Supp. 2d 913, 938 (C.D. Cal. 2009) (rejecting argument that defendant was excused from liability for circumvention of copyright protection under Digital Millennium Copyright Act because others were circumventing copyright protection as well).

In *Limewire*, the court granted plaintiffs' similar motion *in limine* to "preclude Defendants from submitting . . . evidence or making th[e] argument" that "other illegal services would have induced infringement of Plaintiffs' copyrights had Lime Wire had not done so." *Arista Records LLC v. Lime Group LLC*, 785 F. Supp. 2d 423, 424 (S.D.N.Y. 2011). The *Limewire* court observed that in prior cases, "the courts determined that the public policy at issue outweighed the value of recognizing the presence of other infringers in the market." *Id.* at 426. The court

thus held "that, notwithstanding the fact that other infringing services did exist that could have caused losses to Plaintiffs, Defendants should be accountable for losses traceable to Defendants' own infringement." *Id.* Accordingly, the court barred the defendants from arguing "that they are not responsible for the infringement that *did* take place through LimeWire because that same infringement *could* have taken place through another system." *Id.* at 427. Respectfully, the reasoning in *Limewire* is persuasive and should be followed by this Court.

B. <u>Defendants Should Be Precluded From Attempting To Shift Responsibility To Other BitTorrent Participants.</u>

In a variant of the above argument, Defendants alternatively seek to place responsibility for their own intentional infringement on other participants in the so-called "BitTorrent Ecosystem" – arguing that Defendants' infringement should somehow be attributable to the "collective ecosystem" of BitTorrent. *E.g.* Liability SJ Opp., at 4.

This Court has already expressly rejected this argument. *Fung I*, 2009 WL 6355911, at *19. The Ninth Circuit affirmed, expressly rejecting Defendant Fung's attempt to exonerate himself by claiming that he "did not develop and does not provide the client programs used to download media products, nor did he develop the BitTorrent protocol." *Fung II*, 710 F.3d at 1032-33. As the Ninth Circuit explained, Defendants provided a "service used in accomplishing the infringement," and was therefore liable for induced infringement. *Id.* at 1033.

Defendants' argument further reflects their refusal to accept the Court's determination of the appropriate legal standard for proving causation here: if Plaintiffs establish that Dot-Torrent files for Plaintiffs' works were downloaded by Defendants' users from Defendants' websites, then Defendants *caused* those infringements. *See supra*, at 9-10.

That is the controlling standard and, if Plaintiffs meet it, Defendants should not be permitted to confuse the jury by continuing to argue and offer evidence that others are responsible for causing the infringement. That would be an impermissible back-door attack on previous rulings of this Court and the Ninth Circuit. This Court and the Ninth Circuit have held that, regardless of the presence of other infringers, Defendants' conduct establishes their own liability for induced infringement.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion *in limine* should be granted.

Dated: September 30, 2013

Respectfully submitted,

JENNER & BLOCK LLP

By: /s/ Steven B. Fabrizio
Steven B. Fabrizio

STEVEN B. FABRIZIO
GIANNI P. SERVODIDIO
KENNETH L. DOROSHOW
JENNER & BLOCK LLP

KAREN R. THORLAND
FARNAZ M. ALEMI
MOTION PICTURE ASSOCIATION OF AMERICA
15301 Ventura Boulevard
Building E
Sherman Oaks, CA 91403

*Attorneys for Plaintiffs*