Michael S. Elkin (admitted *pro hac vice*)
melkin@winston.com
Thomas Patrick Lane (admitted *pro hac vice*)
tlane@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York  10166
Telephone:   (212) 294-6700
Facsimile:   (212) 294-4700

Ira P. Rothken (SBN: 160029)
ira@techfirm.net
Jared R. Smith (SBN: 130343)
jared@techfirm.net
**ROTHKEN LAW FIRM**
3 Hamilton Landing, Suite 280
Novato, CA 94949
Telephone:   (415) 924-4250
Facsimile:   (415) 924-2905

Jennifer A. Golinveaux (SBN: 203056)
jgolinveaux@winston.com
Thomas J. Kearney (SBN: 267087)
tkearney@winston.com
**WINSTON & STRAWN LLP**
101 California Street
San Francisco, CA  94111-5802
Telephone:   (415) 591-1000
Facsimile:   (415) 591-1400

Erin R. Ranahan (SBN: 235286)
eranahan@winston.com
**WINSTON & STRAWN LLP**
333 South Grand Avenue, Suite 3800
Los Angeles, CA 90071-1543
Telephone:   (213) 615-1700
Facsimile:   (213) 615-1750

Attorneys for Defendants,
GARY FUNG and ISOHUNT WEB TECHNOLOGIES, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| COLUMBIA PICTURES INDUSTRIES, INC., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>GARY FUNG, et al.,<br><br>    Defendants. | **Case No. CV 06-5578-SVW (JCx)**<br><br>**DEFENDANTS GARY FUNG AND ISOHUNT WEB TECHNOLOGIES, INC.'S NOTICE OF MOTIONS AND MOTIONS *IN LIMINE* NOS. 1-9; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing Date:      October 28, 2013<br>Time:                  1:30 p.m.<br>Pretrial Conference: October 28, 2013<br>Trial Date:            November 5, 2013 |

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on October 28, 2013, or as soon thereafter as this matter may be heard before the Honorable Stephen V. Wilson of the United States District Court for the Central District of California, at 312 North Spring Street, Room 6, Los Angeles, California, 90012, Defendants Gary Fung and IsoHunt Web Technologies, Inc. ("Defendants") will and hereby do move for an order restricting the parties, all counsel and witnesses from mentioning, directly or indirectly, before jurors and prospective jurors, certain evidence and matters set forth below.  These items should not be permitted for any purpose because even assuming there were some limited relevance, the probative value of the evidence is outweighed by potential prejudice to the jury, waste of time, and/or unnecessary confusion of the issues.  Fed. R. Evid. 401-403.  Due to these and the other evidentiary infirmities described herein, the Court should grant Defendants' Motions *in Limine* Nos. 1-9 ("Motion").[1]

The nine matters that are the subject of this Motion are as follows:

(1)   To exclude evidence of infringement and liability for works other than for the 44 works at issue in the Court's December 21, 2009 Summary Judgment Order (Dkt. 391) ("MSJ Order") through the time of the MSJ Order;

(2)   To exclude evidence of damages as to works not pled in conformity with the Copyright Act, traditional notions of due process and the Federal Rules of Civil Procedure, and to limit damages consistent with due process;

(3)   To preclude evidence of allegedly infringing videos for which Plaintiffs have failed to demonstrate ownership of the copyright and a U.S. copyright registration;

(4)   To preclude evidence of infringing videos for which Plaintiffs have failed to identify an infringing download by a U.S. user;

(5)   To preclude evidence of the incidence/number of separate infringements of works given that Plaintiffs' election of statutory damages requires only one

---

[1] For the convenience of the Court, in the interest of efficiency and to avoid unnecessary duplication, Defendants consolidate these nine separate motions herein.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

infringement by a U.S. user per work;

(6)    To preclude evidence relating to press articles, blogs and third party communications regarding infringement;

(7)    To preclude mention of rulings or sanctions, including any monetary or other discovery sanctions and alleged violation of court orders;

(8)    To preclude evidence responsive but not timely produced in response to required disclosures or Defendants' discovery requests including expert disclosures; and

(9)    To preclude any instruction of willfulness for infringement of any work for which Plaintiffs have failed to provide in discovery or offer any evidence of Defendants' knowledge that such work was infringed and subsequent failure to block the allegedly infringing dot torrent file.

This Motion is based on this Motion and Notice of Motions, the Declaration of Thomas Kearney ("Kearney Decl."), the exhibits attached thereto, the supporting documents filed concurrently herewith, previously filed documents incorporated by reference herein, and upon such oral argument and submissions that may be presented at or before the hearing on this Motion.  Pursuant to Local Rule 7-3, this Motion is made following the conference of counsel that took place on multiple days in September 2013.

Dated:  September 30, 2013          WINSTON & STRAWN LLP


By:  */s/ Erin R. Ranahan*
          Michael S. Elkin
          Thomas Patrick Lane
          Jennifer A. Golinveaux
          Erin R. Ranahan
          Thomas J. Kearney

ROTHKEN LAW FIRM
          Ira P. Rothken
          Jared R. Smith

*Attorneys for Defendants*
GARY FUNG and ISOHUNT WEB TECHNOLOGIES, INC.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

2

# TABLE OF CONTENTS

**Page(s)**

I.    INTRODUCTION ...................................................................................... 1

II.   ARGUMENT............................................................................................. 1

    A.   Where Evidence Is More Prejudicial than Probative, or a Waste of Time, The Court May Exclude Such Evidence ......................................... 1

    B.   The Court Should Grant Defendants' Motions In Limine To Exclude The Following Evidence From Trial ........................................... 2

        1.   The Court Should Exclude Evidence of Infringement and Liability for Works Other Than The 44 Works at Issue in the MSJ Order Through the Time of the MSJ Order............................ 3

        2.   The Court Should Exclude Evidence of Damages as to Works Not Pled in Conformity with the Copyright Act, Traditional Notions of Due Process, and the Federal Rules of Civil Procedure and Should  Limit Damages Consistent with Due Process ...................................................................... 5

        3.   Plaintiffs Should Be Precluded From Presenting Evidence of Infringing Videos for which Plaintiffs Have Not Demonstrated Ownership of Copyright And a Timely Obtained U.S. Copyright Registration....................................... 8

        4.   Plaintiffs Should Be Precluded From Submitting Evidence of Infringing Videos for which Plaintiffs Have Failed to Identify a Download by a U.S. User............................................. 11

        5.   Plaintiffs Should Be Precluded From Introducing Evidence of the Incidence/Number of Separate Infringements of Works Given That Plaintiffs' Election of Statutory Damages Only Requires One Infringement by a U.S. User Per Work ......... 13

        6.   Plaintiffs Should Be Precluded From Submitting Evidence Relating to Press Articles, Blogs and Third Party Communications Regarding Infringement ................................ 16

        7.   To Preclude Defendants From Mentioning  Discovery Rulings, Including Any Monetary or Other Discovery Sanctions/Alleged Violation of Court Orders ............................. 17

        8.   To Preclude Plaintiffs From Presenting Evidence Responsive But Not Timely Produced in Response to Required Disclosures or Defendants' Discovery Requests Including Expert Disclosures..................................................... 20

        9.   To Preclude Any Instruction of Willfulness for Infringement of any Work for Which Plaintiffs Have Failed to Provide in Discovery or Offer any Evidence of Defendants' Knowledge that Such Work was Infringed and Subsequent Failure to Remove the Allegedly Infringing File............................................. 23

i

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

III.    CONCLUSION ................................................................................................ 24

**Winston & Strawn LLP**
**333 S. Grand Avenue**
**Los Angeles, CA 90071-1543**

DEFENDANTS' NOTICE OF MOTIONS AND MOTIONS *IN LIMINE* NOS. 1-9

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*3Com Corp. v. Realtek Semiconductor Corp.*
   2008 WL 783383 (N.D. Cal. Mar. 24, 2008) .......................................................... 19

*Agence France Presse v. Morel*
   2013 WL 146035 (S.D.N.Y. Jan. 14, 2013) ............................................................ 14

*AMC Film Holdings LLC v. Rosenberg*
   2005 WL 2105792 (E.D.N.Y. Aug. 31, 2005) ........................................................ 11

*Big E. Entm't, Inc. v. Zomba Enters., Inc.*
   453 F. Supp. 2d 788 (S.D.N.Y. 2006) ...................................................................... 9

*Bridgeport Music, Inc. v. UMG Recordings, Inc.*
   585 F.3d 268-69 (6th Cir. 2009) ............................................................................. 24

*Campbell Indus. v. M/V Gemini*
   619 F.2d 24 (9th Cir. 1980) ..................................................................................... 1

*Coles v. Wonder*
   283 F.3d 798 (6th Cir. 2002) ................................................................................... 11

*Columbia Pictures Indus., Inc. v. Sandrow*
   1988 WL 28249 (E.D. Pa. Mar. 23, 1988) ............................................................. 24

*Columbia Pictures Indus. v. Fung*
   710 F.3d 1020 (9th Cir. 2013) ................................................................................. 4

*Columbia Pictures Television v. Krypton Broad. of Birmingham, Inc.*
   106 F.3d 284 (9th Cir. 1997) ........................................................................ 14, 16, 24

*Dolman v. Agee*
   157 F.3d 708 (9th Cir. 1998) ............................................................................. 16, 24

*Dream Games of Arizona, Inc. v. PC Onsite*
   561 F.3d 983 (9th Cir. 2009) ................................................................................... 2

*Durham Indus., Inc. v. Tomy Corp.*
   630 F.2d 905 (2d Cir. 1980) ..................................................................................... 9

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

DEFENDANTS' NOTICE OF MOTIONS AND MOTIONS *IN LIMINE* NOS. 1-9

*E.E.O.C. v. GLC Rests., Inc.*
    2007 WL 30269 (D. Ariz. Jan. 4, 2007) ............................................................ 2

*Ediciones Quiroga, S.L. v. Fall River Music, Inc.*
    1996 WL 148363 (S.D.N.Y. Apr. 2, 1996) ...................................................... 10

*EZ-TIXZ, Inc. v. HITTIX, Inc.*
    919 F. Supp. 728 (S.D.N.Y. 1996) ..................................................................... 9

*Faigin v. Kelly*
    184 F.3d 67 (1st Cir. 1999)....................................................................... 19, 20

*Feist Publ'ns., Inc. v. Rural Tel. Serv. Co., Inc.*
    499 U.S. 340 (1991)........................................................................................... 8

*Flynn v. Health Advocate, Inc.*
    2004 WL 51929 (E.D. Pa. Jan 13, 2004) ........................................................... 6

*Gametech Int'l Inc. v. Trend Gaming Sys., LLC*
    2007 WL 1454934 (9th Cir. May 16, 2007).................................................... 1

*Gee v. CBS, Inc.*
    471 F. Supp. 600 (E.D. Pa. 1979)...................................................................... 6

*Hamil Am., Inc. v. GFI*
    193 F.3d 92 (2d Cir. 1999) ............................................................................... 9

*Hickson Corp. v. Norfolk S. Railway Co.*
    260 F.3d 559 (6th Cir. 2001) .......................................................................... 14

*Hochstein v. Microsoft Corp.*
    2009 WL 2022815 (E.D. Mich. July 7, 2009).................................................. 19

*In re Napster, Inc. Copyright Litig.*
    191 F. Supp. 2d 1087 (N.D. Cal. 2002)........................................................... 10

*In re USA Commercial Mortg. Co.*
    2010 WL 4923481 (D. Nev. Nov. 29, 2010)..................................................... 19

*Jaso v. The Coca Cola Co.*
    435 Fed. Appx. 346 (2011)................................................................................ 6

*King Records, Inc. v. Bennett*
    438 F. Supp. 2d 812 (M.D. Tenn. 2006) ......................................................... 14

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

DEFENDANTS' NOTICE OF MOTIONS AND MOTIONS *IN LIMINE* NOS. 1-9

*La. Pac. Corp. v. James Hardie Bldg. Prods., Inc.*
  2012 WL 5520394 (N.D. Cal. Nov. 14, 2012) ........................................................ 7

*Lincoln Diagnostics v. Panatrex, Inc.*
  2009 WL 3010840 (C.D. Ill. Sept. 16, 2009) ...................................................... 21

*Logic Leasing & Fin. Co. v. Admin. Info. Mgmt. Grp., Inc.*
  979 F.2d 1535 (5th Cir. 1992) ................................................................................ 10

*McElgunn v. CUNA Mut. Grp.*
  2009 WL 1578489 (D.S.D. May 31, 2009) .......................................................... 19

*MGM Studios, Inc. v. Grokster, Ltd.*
  545 U.S. 913 (2005) ("*Grokster III*") .................................................................... 4

*Morris v. Bus. Concepts, Inc.*
  259 F.3d 65 (2d Cir. 2001) ...................................................................................... 11

*Motta v. Samuel Weiser, Inc.*
  768 F.2d 481 (1st Cir. 1985) .................................................................................. 10

*Nipper v. Snipes*
  7 F.3d 415 (4th Cir. 1993) ...................................................................................... 20

*Peer Int'l Corp. v. Pausa Records, Inc.*
  909 F.2d 1332 (9th Cir. 1990) ........................................................................ 16, 23

*Perfect 10, Inc. v. Yandex N.V.*
  2013 WL 4777189 (N.D. Cal. Sept. 6, 2013) .................................................... 12

*Phillip M. Adams & Assocs., LLC v. Winbond Elecs. Corp.*
  2010 WL 3767318 (D. Utah Sept. 16, 2010) .................................................... 19

*Psihoyos v. John Wiley & Sons, Inc.*
  2013 WL 1285153 (S.D.N.Y. Mar. 29, 2013) .................................................... 24

*Reyes v. City of Glendale*
  2009 WL 2579614 (C.D. Cal. Aug. 19, 2009) .................................................... 21

*Riggs v. Peschong*
  2009 WL 604369 (D.N.H. Mar. 5, 2009) ...................................................... 18, 19

*Robert Stigwood Grp. Ltd. v. O'Reilly*
  530 F.2d 1096 (2d Cir. 1976) ................................................................................ 12

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

DEFENDANTS' NOTICE OF MOTIONS AND MOTIONS *IN LIMINE* NOS. 1-9

*Sega Enters. Ltd. v. MAPHIA*
    948 F. Supp. 923 (N.D. Cal. 1996) .......................................................... 24

*Sharp v. Patterson*
    No. 03 Civ. 8772, 2004 WL 2480426 (S.D.N.Y. Nov. 3, 2004) ............................ 6

*Silberman v. Innovation Luggage, Inc.*
    2003 WL 1787123 (S.D.N.Y Apr. 3, 2003) ...................................................... 9

*Southern v. All Points Delivery Sys., Inc.*
    2006 WL 521501 (N.D. Okla. Mar. 2, 2006) ................................................ 6, 23

*Starr v. Baca*
    652 F.3d 1202 (9th Cir. 2011) ................................................................... 6

*Subafilms, Ltd. v. MGM-Pathe Commc'ns Co.*
    24 F.3d 1088 (9th Cir. 1994) (en banc) ...................................................... 12

*Techniques, Inc., v. Rohn*
    592 F. Supp. 1195 (S.D.N.Y. 1984) ........................................................... 10

*Trill Entm't, LLC v. B C D Music Grp., Inc.*
    2008 WL 2354424 (M.D. La. June 9, 2008) ................................................ 10

*Twin Peaks Prods., Inc. v. Publ'ns. Int'l, Ltd.*
    996 F.2d 1366 (2d Cir. 1993) ..................................................................... 8

*UMG Recordings, Inc. v. MP3.COM, Inc.*
    109 F. Supp. 2d 223 (S.D.N.Y. 2000) ......................................................... 15

*United States v. Ellis*
    147 F.3d 1131 (9th Cir. 1998) ................................................................... 2

*United States v. W.R. Grace*
    504 F.3d 745 (9th Cir. 2008) ..................................................................... 2

*Urbont v. Sony Music Entm't*
    863 F. Supp. 2d 279 (S.D.N.Y. 2012) ......................................................... 6

*Video Views, Inc. v. Studio 21, Ltd.*
    925 F.2d 1010 (7th Cir. 1991) ................................................................... 24

*Warran v. Fox Family Worldwide, Inc.*
    328 F.3d 1136 (9th Cir. 2003) ................................................................... 9

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

DEFENDANTS' NOTICE OF MOTIONS AND MOTIONS *IN LIMINE* NOS. 1-9

*WB Music Corp. v. RTV Comm. Grp., Inc.*
    445 F.3d 538 (2d Cir. 2006) .................................................................. 14

*Wicker v. Oregon ex rel. Bureau of Labor*
    543 F.3d 1168 (9th Cir. 2008) ................................................................ 1

**STATUTES**

17 U.S.C. § 204(a) ...................................................................................... 11

17 U.S.C. § 410(c) ....................................................................................... 9

17 U.S.C. § 412(2) .................................................................................. 11, 12

17 U.S.C. § 501(b) ..................................................................................... 10

17 U.S.C. § 504(c)(1) ............................................................................. 13, 14

17 U.S.C. § 504(c)(2) ......................................................................... 16, 24, 25

**OTHER AUTHORITIES**

Fed. R. Civ. P. 8 ....................................................................................... 6, 8

Fed. R. Civ. P. 8(a)(2) ................................................................................. 6

Fed. R. Civ. P. 12(b)(6) ............................................................................... 6

Fed. R. Civ. P. 26 ...................................................................................... 17

Fed. R. Civ. P. 26(a) .................................................................................. 21

Fed. R. Civ. P. 37(c)(1) .......................................................................... 17, 21

Fed. R. Evid. 401 ...................................................................................... 1, 2

Fed. R. Evid. 402 ..................................................................................... 2, 17

Fed. R. Evid. 403 ............................................................................. 1, 2, 18 19, 20

Fed. R. Evid. 602 ...................................................................................... 17

Fed. R. Evid. 901 ...................................................................................... 17

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

DEFENDANTS' NOTICE OF MOTIONS AND MOTIONS *IN LIMINE* NOS. 1-9

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.  INTRODUCTION

Pursuant to Federal Rules of Evidence 401-403, 602 and/or 901, Defendants Gary Fung and IsoHunt Web Technologies, Inc. ("Defendants") move for an *in limine* order precluding Plaintiffs from introducing at trial any testimony or evidence regarding the nine matters set forth herein.[2]  This case will already present challenges due to its complexity and scope particularly in light of the fact that—based upon an initial finding of liability years ago for secondary infringement of 44 works— Plaintiffs are now claiming Defendants infringed more than 4,000 works.  There are a series of potential distractions that could sidetrack the jury from focusing on the issue at hand, namely what damages Plaintiffs are now entitled to based upon that initial finding of liability.  The nine areas identified in this Motion concern evidence that not only provides little, if any, probative value, but the introduction of this evidence would waste the Court's and the jury's time, make issues appear to be more confusing than they are, and is likely to prejudice the jury.  Fed. R. Evid. 403.  For these and all the following reasons, Defendants respectfully request that the Court grant Defendants' Motions *in Limine*.

## II.  ARGUMENT

### A.  Where Evidence Is More Prejudicial than Probative, or a Waste of Time, The Court May Exclude Such Evidence

Rulings on motions *in limine* are committed to the discretion of the trial court. *Campbell Indus. v. M/V Gemini*, 619 F.2d 24, 27 (9th Cir. 1980) (district court has "broad discretion to make . . . evidentiary rulings conducive to the conduct of a fair and orderly trial"); *Gametech Int'l Inc. v. Trend Gaming Sys., L.L.C.*, 232 Fed. App'x 676, 677 (9th Cir. 2007).  District courts can exercise their discretion to exclude evidence where the evidence is not relevant, or where the probative value is outweighed by other considerations.  Fed. R. Evid.  401-403; *Wicker v. Oregon ex rel.*

_____

[2] All further statutory references are to the Federal Rules of Evidence unless otherwise noted.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

*Bureau of Labor*, 543 F.3d 1168, 1177-78 (9th Cir. 2008) (district court did not abuse discretion in excluding conclusive, speculative evidence).  Even if evidence is considered relevant, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury."  Fed. R. Evid. 403; *United States v. Ellis*, 147 F.3d 1131, 1135-36 (9th Cir. 1998) (overruling denial of motion to exclude because evidence's probative value was substantially outweighed by unfair prejudice); *United States v. W.R. Grace*, 504 F.3d 745, 760 (9th Cir. 2008) (affirming district court's exclusion of evidence that was low in probative value and could have confused the jury as more prejudicial than probative under Rule 403); *E.E.O.C. v. GLC Rests., Inc.*, No. CV05-618 PCT-DGC, 2007 WL 30269, at *1 (D. Ariz. Jan. 4, 2007); *Dream Games of Ariz., Inc. v. PC Onsite*, 561 F.3d 983, 993 (9th Cir. 2009) (holding district court did not abuse its discretion in granting plaintiff's motion *in limine* to exclude evidence based on concerns that it might improperly influence the jury on the amount of statutory damages to assess under 504(c)(1) of the Copyright Act of 1976, because the evidence did not provide sufficiently probative information).

Evidence has probative value only if it has any tendency to make the existence of any legally necessary proposition in the case more or less likely.  Fed. R. Evid. 401-402.  Evidence is unfairly prejudicial if it has an "undue tendency to suggest decision on an improper basis."  Fed. R. Evid. 403, Advisory Comm. Notes, 1972 Proposed Rules.  Rule 403 explicitly states that evidence may also be excluded if the waste of time caused by its introduction outweighs its probative value.

**B.**     **The Court Should Grant Defendants' Motions *In Limine* To Exclude The Following Evidence From Trial**

As discussed herein, the probative value of the evidence at issue in this Motion is substantially outweighed by the danger of unfair prejudice, misleading the jury, or confusing the jury, and by raising issues and evidence that are not appropriate to a limited trial on damages based upon the Court's earlier MSJ Order on liability.  The

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

probative value is also substantially outweighed by the tremendous waste of time that would be incurred by the parties, the Court and the jury if the evidence were allowed. Due to the low probative value and the serious risk of prejudicing the jury, and/or to avoid a needless waste of time, for each of the matters set forth below, the Court should exclude the evidence.

**1.      The Court Should Exclude Evidence of Infringement and Liability for Works Other Than The 44 Works at Issue in the MSJ Order Through the Time of the MSJ Order**

Defendants' websites facilitate user searches and access to information—using a similar type of search engine functionality as Yahoo! or Google—and neither store nor transmit any copyrighted material in the process of servicing user requests for search results.  Plaintiffs brought this action seeking to hold Defendants liable for inducing certain alleged direct infringements by Defendants' users through Defendants' system, and now seek maximum statutory damages of up to $150,000 per infringed work, or over $600 million for infringements of 4,145 of their alleged works, first identified (in part, as no copyright registration numbers were identified) to Defendants and the Court on September 16, 2013.  While this Court found in 2009 that Defendants were liable for inducing infringement of 44 works, granting Plaintiffs' motion filed in (and based on a record from) 2007, no damages for any infringements in this case have yet been assessed.

In upholding in part the permanent injunction issued by this Court, the Ninth Circuit held that before any damages could be determined, causation must be more carefully assessed, including consideration of whether Defendants have "rehabilitate[d]" because "proving that an entity had an unlawful purpose at a particular time in providing a product or service does not infinitely expand its liability in either temporal direction." *Columbia Pictures Indus. v. Fung*, 710 F.3d 1020, 1038 (9th Cir. 2013); *see MGM Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 919 (2005)

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

("*Grokster III*") (defendant liable only "for *the resulting acts* of infringement") (emphasis added).  As the Ninth Circuit stated:

> We do not decide the degree to which Fung can be held liable for having caused infringements by users of his sites or trackers. The only issue presently before us is the permanent injunction, which, as in *Grokster III*, does not in this case depend on the "exact calculation of infringing use[ ] as a basis for a claim of damages." 545 U.S. at 941, 125 S.Ct. 2764. We therefore need not further entertain Fung's causation arguments at this time, but leave it to the district court to consider them, in light of the observations we have made, when it calculates damages.

*Fung*, 710 F.3d at 1039.

This more exacting analysis of causation is required by the Ninth Circuit before any damages can be assessed with respect to a particular infringements.  This Court's grant of summary judgment and entry of an injunction was based on a finding of secondary liability only with respect to forty-four works.  Because the Ninth Circuit has made clear that rehabilitation is permissible in these circumstances, and whether Defendants are liable for additional infringements occurring in a subsequent "reformed" timeframe has yet to be addressed by the Court, any evidence of infringements from after this Court's decisions would mislead and confuse the jury, and would also waste time.

This is particularly true in light of the fact that Plaintiffs have to date failed to identify the underlying direct infringements upon which they now assert Defendants are liable for infringing **4,145 claimed works**, many of which Plaintiffs acknowledge will post-date the MSJ Order. Declaration of Thomas Kearney ("Kearney Decl.") ¶ 2.[3] The Court should decline to permit the application of earlier liability findings as

---

[3] At 11:52 p.m. yesterday, Plaintiffs provided an FTP download of documents purporting to identify a number of the direct infringements at issue. Plaintiffs did not identify the contents of that disk until 9:45 a.m. today. Today, however, Plaintiffs stated that they have sent in the mail *additional* dot-torrent files and downloads purportedly corresponding to *additional* infringements.  Defendants have yet to receive the alleged production disk.  Plaintiffs have acknowledged that they have not

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

to 44 works to subsequent infringements of thousands of additional works, which Defendants have not been provided adequate opportunity to investigate.

### 2. The Court Should Exclude Evidence of Damages as to Works Not Pled in Conformity with the Copyright Act, Traditional Notions of Due Process, and the Federal Rules of Civil Procedure and Should Limit Damages Consistent with Due Process

To this day, Plaintiffs' operative complaint in this case alleges that Defendants infringed forty-four of their copyrighted works and identifies only those works. (Dkt. 13). It was not until July 1, 2013 that Plaintiffs indicated their intention to seek statutory damages of *three to five thousand* copyrighted works. (Kearney Decl. ¶ 4 and Ex. A (7/1/13 Trans.) at 18:11-18.) Plaintiffs refused to identify these thousands of works until they provided an initial list of 4,145 works on September 16, 2013, barely six weeks prior to the scheduled damages trial. Dkt. 604 ("Plaintiffs' List"). And Plaintiffs' List still does not sufficiently identify the 4,145 claimed works, as it merely lists titles such as "Losers," "Loser," "Passenger," "Psych," and "Enough," and a corresponding Plaintiff, without even identifying a corresponding copyright registration, which is required for a Plaintiff to recover statutory damages for copyright infringement. (*See* Def. Supp. Br. ISO Ex Parte re Identifying Works (Dkt. 619).) Plaintiffs have yet to amend or seek leave to amend their operative complaint to account for these works.

Plaintiffs should not be allowed to introduce evidence of damages beyond the forty-four works they identified in their complaint and upon which summary judgment on liability was based. Under Rule 8, a complaint must state "claim[s] showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this rule is to ensure that a defendant is afforded notice of the claims asserted so it can properly assess the case and adequately prepare a defense. *Starr v. Baca*, 652 F.3d 1202, 1212-16 (9th Cir. 2011). In the copyright context, because "each act of infringement

yet even identified all infringements they are claiming, and it is still unclear how many infringements have not yet been provided.

DEFENDANTS' NOTICE OF MOTIONS AND MOTIONS *IN LIMINE* NOS. 1-9

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

triggers a separate federal claim for relief" under the Copyright Act, a plaintiff's complaint must identify each work claimed to have been infringed. *Urbont v. Sony Music Entm't*, 863 F. Supp. 2d 279, 288 (S.D.N.Y. 2012) (citing *Kwan v. Schlein*, 634 F.3d 224, 228 (2d Cir. 2011)); *Jaso v. The Coca Cola Co.*, 435 Fed. Appx. 346, 352 (2011) ("*each* act of infringement gives rise to an independent claim") (emphasis in original); *Southern v. All Points Delivery Sys., Inc.*, No. 04-cv-590, 2006 WL 521501, at *1 n.1 (N.D. Okla. Mar. 2, 2006) ("because each alleged infringement forms a separate claim, the Court requests more precision from the parties in future pleadings"); *Gee v. CBS, Inc.*, 471 F. Supp. 600, 643 (E.D. Pa. 1979), *aff'd* 612 F.2d 572 (3d Cir. 1979) (holding a complaint must state, *inter alia*, "which specific original work is the subject of the copyright claim . . . and by what acts and during what time defendant has infringed the copyright").

Plaintiffs' complaint—which identified only forty-four works—is plainly insufficient to give adequate notice to Defendants of their claims for infringement over 4,000 works. *Flynn v. Health Advocate, Inc.*, No. Civ. A. 03-3764, 2004 WL 51929, at *12 n.6 (E.D. Pa. Jan 13, 2004) (dismissing copyright claim under Rule 12(b)(6) because allegations that plaintiff owned "a federal copyright in a collection of works" did not give notice of "what *specific* original work or works are the subject of Plaintiffs' copyright claim") (emphasis in original); *Sharp v. Patterson*, No. 03 Civ. 8772, 2004 WL 2480426, at *14 (S.D.N.Y. Nov. 3, 2004) ("[I]n light of . . . the principle enshrined in Rule 8—namely, to provide defendants fair notice of the claims against them—a plaintiff suing for copyright infringement may not rest on bare-bones allegations that infringement occurred. Rather, [plaintiff] must identify the 'specific original work [that] is the subject of the claim.'"); *see* 6 Patry on Copyright § 19:6 n.3 (2010) (stating that, for example, "if plaintiffs know 669 sound recordings have been infringed, they owe a duty of fair notice to specify each one"); *see also La. Pac. Corp. v. James Hardie Bldg. Prods., Inc.*, 2012 WL 5520394, at *1 (N.D. Cal. Nov. 14, 2012) (holding that plaintiff was required to "identify every trademark which was

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

allegedly infringed"; stating that this requirement "is necessary to provide Defendant with adequate notice" because, where the complaint only identifies some of the allegedly infringed marks, this "leaves Defendant to guess at the others. This is insufficient.").

Any works and infringements at issue should have been identified by Plaintiffs through their complaint to comply with due process.  Separate works implicate specific affirmative defenses, which based on the bifurcation has caused Plaintiffs to seek to foreclose Defendants from asserting certain affirmative defenses, including fair use, implied license, unclean hands and failure to mitigate.  None of these affirmative defenses can be fairly determined before Defendants have been afforded the opportunity to investigate specifics about the alleged infringements.

This is particularly true in this case of *secondary* infringement, as Defendants are not themselves accused of directly infringing any work, but rather of inducing such direct infringements.  While Defendants had the opportunity to adjudicate certain issues regarding the forty-four works, Defendants have not even been put on notice or had the chance to challenge Plaintiffs' claims of liability as to thousands of subsequent alleged infringements or assert their affirmative defenses regarding any infringements at all, let alone beyond the original forty-four works.  Without knowing what specific infringements are at issue, Defendants cannot begin to assess, let alone investigate, these defenses.   Because each allegedly infringed work constitutes a separate and distinct legal claim for statutory damages, failure to identify such works is a failure of notice, and violates due process, Fed. R. Civ. P. 8 and the Copyright Act.  Any evidence of infringements for works beyond the 44 identified in the complaint should therefore be excluded.

Moreover, as this Court has observed, and as Plaintiffs have acknowledged, Plaintiffs are going after a staggering dollar amount in damages (over $600 million) when they can only expect to recover a tiny fraction of that amount from Defendants. (Trans. 9/23/13 Hearing 9:8-10:5 (acknowledging that at best Plaintiffs will be able to

7

recover $1-2 million.)  To allow Plaintiffs to expand this case exponentially in light of these realities would waste the resources of this Court and the parties, as well as the jury's time.  Defendants have recently produced their financial information confirming they could never come close to satisfying a judgment close to what Plaintiffs could potentially collect by trying this case with respect to over 4,000 works.  (Kearney Decl. ¶ 6.)  Given the due process concerns with this eleventh hour expansion, and the practical realities of what Plaintiffs can recover, the Court should exclude such evidence.

### 3.      Plaintiffs Should Be Precluded From Presenting Evidence of Infringing Videos for which Plaintiffs Have Not Demonstrated Ownership of Copyright <u>And</u> a Timely Obtained U.S. Copyright Registration

On August 7, 2013, the Court held that in order to be entitled to statutory damages for works-in-suit, Plaintiffs must establish that they own the copyright in such work. (Dkt. 554 at 4.) To establish copyright infringement, Plaintiffs must prove two elements: (1) ownership of a valid copyright, and (2) copying of constituent original elements of the work. *Feist Publ'ns., Inc. v. Rural Tel. Serv. Co., Inc*., 499 U.S. 340, 361 (1991); *see also Twin Peaks Prods., Inc. v. Publ'ns. Int'l, Ltd*., 996 F.2d 1366, 1372 (2d Cir. 1993) ("To make out a prima facie case of copyright liability, the copyright holder must prove 'ownership of a valid copyright, and . . . copying of constituent elements of the work that are original.'").

There are three ways to become a copyright owner: (1) by being the author; (2) by obtaining a valid transfer of an exclusive right from the author; and (3) by operation of law, e.g. via bankruptcy, marital distribution, or corporate merger. Issuance of a certificate of registration before or within five years of a work's initial publication creates a rebuttable presumption that the recipient is the owner of a valid copyright. 17 U.S.C. § 410(c); *Hamil Am., Inc. v. GFI*, 193 F.3d 92, 98 (2d Cir. 1999) (presumption of ownership created by registration may be rebutted). The presumption

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

8

is modest: "The prima facie status accorded by section 410(c) is slight, since the Copyright Office is merely an office of record. . . . Of necessity, the Office's examination is limited." 5 Patry on Copyright § 17:109. "[A] certificate of registration creates no irrebuttable presumption of copyright validity." *Durham Indus., Inc. v. Tomy Corp.*, 630 F.2d 905, 908 (2d Cir. 1980).

Those claiming ownership by transfer bear the burden of proving a clear chain of title. If none of these methods of obtaining ownership apply, the plaintiff lacks standing. *Warran v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1142-43, 1145 (9th Cir. 2003). It should also be noted that the ownership must be in the copyright itself, and not in an entity that owns the copyright. 6 Patry on Copyright § 21:7. Courts regularly dismiss claims of infringement where plaintiffs fail to sufficiently establish copyright ownership. *See, e.g.*, *Big E. Entm't, Inc. v. Zomba Enters., Inc.*, 453 F. Supp. 2d 788, 800 (S.D.N.Y. 2006), *aff'd* 259 Fed. App'x 413 (2d Cir. 2008) (dismissing plaintiff's claim for copyright infringement where the plaintiff "failed to show undisputed evidence of its copyright ownership"); *Silberman v. Innovation Luggage, Inc.*, 01 Civ. 7109 (GEL), 2003 WL 1787123, at *9-10 (S.D.N.Y Apr. 3, 2003) (dismissing claim for statutory damages where the plaintiff's copyright was registered after the infringing activity); *EZ-TIXZ, Inc. v. HITTIX, Inc.*, 919 F. Supp. 728, 736 (S.D.N.Y. 1996) (same); *Techniques, Inc., v. Rohn*, 592 F. Supp. 1195, 1198 (S.D.N.Y. 1984) (dismissing claim for copyright infringement where the Plaintiffs failed to show that they owned the copyright in question); *Trill Entm't, LLC v. B C D Music Grp., Inc.*, CIV.A.07-559-JJB-SCR, 2008 WL 2354424, at *1-2 (M.D. La. June 9, 2008) (granting defendant's motion for summary judgment where plaintiff failed to produce documents indicating copyright ownership during the discovery period and, therefore, plaintiff failed to demonstrate it has satisfied the jurisdictional requirements necessary to bring an infringement action); *Ediciones Quiroga, S.L. v. Fall River Music, Inc.*, 93 CIV. 3914 (RPP), 1996 WL 148363, at *4 (S.D.N.Y. Apr. 2, 1996) (granting defendant's motion to compel production of documents regarding plaintiff's

DEFENDANTS' NOTICE OF MOTIONS AND MOTIONS *IN LIMINE* NOS. 1-9

copyright ownership); *Logic Leasing & Fin. Co. v. Admin. Info. Mgmt. Grp., Inc.*, 979 F.2d 1535, at *4 (5th Cir. 1992) (affirming dismissal of complaint and entry of default judgment as sanction for discovery abuses where plaintiff failed to produce relevant documents, including documents regarding ownership of the software copyrights) (unpublished).

Further, under the Copyright Act, the "legal or beneficial owner of an exclusive right under a copyright" may "institute an action for any infringement of that particular right committed while he or she is the owner of it." 17 U.S.C. § 501(b). The existence of a copyright certificate with someone else's name on it does not vest anyone other than the author with rights to the work. "In order to show ownership, plaintiffs need to produce chain of title from the listed author to themselves." *In re Napster, Inc. Copyright Litig.*, 191 F. Supp. 2d 1087, 1101 (N.D. Cal. 2002) (ordering plaintiffs to produce "chain of title to demonstrate ownership"); *see also Motta v. Samuel Weiser, Inc.*, 768 F.2d 481, 484 (1st Cir. 1985) ("If a plaintiff is not the author of the copyrighted work then he or she must establish a proprietary right through the chain of title in order to support a valid claim to the copyright."). "Absent this showing, a plaintiff does not have standing to bring an action under the Copyright Act." *Id.* If a plaintiff claims ownership of a copyright through a transfer or series of transfers, the transfers are "not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent." 17 U.S.C. § 204(a); *see also AMC Film Holdings LLC v. Rosenberg,* No. 03 Cv. 3835, 2005 WL 2105792, at *4-5 (E.D.N.Y. Aug. 31, 2005).

Documents relating to the registrations may also reveal a variety of defects. *See, e.g.*, *Coles v. Wonder*, 283 F.3d 798, 802 (6th Cir. 2002) (holding copyright registration invalid where the plaintiff did not submit the required "copy" but only "reconstruction" of work); *Morris v. Bus. Concepts, Inc.*, 259 F.3d 65, 71-72 (2d Cir. 2001), *overruled on other grounds*, *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154

**Winston & Strawn LLP**
333 S. Grand Avenue
Los Angeles, CA 90071-1543

(holding exclusive licensee's copyright registrations invalid where registrations failed to contain all requisite information); 5 Patry on Copyright § 17:89 (2008) ("[W]here the original work is unregistered and the derivative work is registered but the derivative work is owned by a different party, section 411(a) has not been satisfied since there is no full public record on ownership.").

Moreover, no award of statutory damages or attorney's fees as provided by sections 504 and 505 is available unless the allegedly infringed work was registered prior to the alleged infringement or within three months of publication, assuming the work was published. 17 U.S.C. § 412(2).

Plaintiffs' production of chain of title documents is ongoing, with the most recent production having been received only late last night.  Although Plaintiffs said they would produce documents together with their written responses to discovery on September 19, 2013, Plaintiffs only produced copyright registrations corresponding to approximately 2,100 of the 4,145 claimed works on that date.  Only after Defendants filed an *ex parte* application to require Plaintiffs to timely produce the registrations have Plaintiffs continued to trickle out additional chain of title documents, despite having had nearly seven years to organize such evidence. (Kearney Decl., ¶ 7.)  The Court should exclude any evidence of infringement for those works for which Plaintiffs have not produced timely copyright registrations and corresponding ownership information demonstrating proper chain of title of the work, namely that a named Plaintiff owns a copyright registration for the allegedly infringed work that was timely obtained pursuant to 17 U.S.C. § 412(2).

**4.    Plaintiffs Should Be Precluded From Submitting Evidence of Infringing Videos for which Plaintiffs Have Failed to Identify a Download by a U.S. User**

In its August 7, 2013 order setting a jury trial date for damages, this Court instructed Plaintiffs that they "will need to prove that, for each work . . . an *American* user downloaded a Dot-Torrent file of that work from one of Defendants' websites."

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

11

(Dkt. 554 at 4 (emphasis in original).)  This is because, as the Court explained in its order granting summary judgment on liability, "United States copyright laws do not reach acts of infringement that take place entirely abroad."  (Dkt. 391 at 17) (quoting *Subafilms, Ltd. v. MGM-Pathe Commc'ns Co.*, 24 F.3d 1088, 1098 (9th Cir. 1994) (en banc)).  Simply put, as this Court has recognized, Plaintiffs are not entitled to damages for works they have failed to show were downloaded by an American user.  *Id.*; *see, e.g.*, *Perfect 10, Inc. v. Yandex N.V.*, C 12-01521 WHA, 2013 WL 4777189, at *9 (N.D. Cal. Sept. 6, 2013) (Copyright Act did not apply where plaintiff presented no evidence that anyone in the United States had downloaded infringing copies of plaintiff's images using defendant's search engine); *Robert Stigwood Grp. Ltd. v. O'Reilly*, 530 F.2d 1096, 1101 (2d Cir. 1976) (cited by *Subafilms*, 24 F.3d at 1094; holding that no damages could be obtained under the Copyright Act for infringing activities that took place outside the United States).

Plaintiffs first identified works for which they are seeking statutory damages on September 16. (Dkt. 604.)  Plaintiffs' List identified for the first time 4,145 works for which they intend to seek statutory damages of up to $150,000 per work, which exposes Defendants to potential damages of well over $600 million.  But Plaintiffs' List provides only a bare list of titles and the plaintiff that claims each work.   Despite Defendants' repeated discovery requests, the only identification Plaintiffs have made of any direct infringements of their copyrights has been by providing a data dump of downloads of dot torrent files by U.S. users. Plaintiffs have stated that there are "an infinite number" of dot-torrent files corresponding to their works, have stated that they have not yet identified all such files, and that they will continue to identify additional direct infringements. Plaintiffs have argued during meet and confer discussions that it is *Defendants'* obligation to figure out which such downloads correspond to the infringements Plaintiffs claim in this case. (Kearney Decl., ¶ 9.)  Unless Plaintiffs provide this information, however, they cannot show that dot-torrent files purportedly

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

12

corresponding to titles on Plaintiffs' List were downloaded by an "*American* user" as opposed to an international user.  (*See* Dkt. 554 at 4 (emphasis in original).)

Plaintiffs should be precluded from introducing evidence of allegedly infringing videos for which Plaintiffs have failed to identify an infringing download by a U.S. user.

**5.      Plaintiffs Should Be Precluded From Introducing Evidence of the Incidence/Number of Separate Infringements of Works Given That Plaintiffs' Election of Statutory Damages Only Requires One Infringement by a U.S. User Per Work**

Though to date, Defendants are unaware of what infringements are actually at issue because Plaintiffs have yet to identify them, Plaintiffs are seeking statutory damages for inducing infringements of 4,145 of their alleged works, and seek statutory damages under 17 U.S.C. § 504(c)(1).  The Copyright Act clearly states that statutory damages are to be calculated according to the number of works infringed. Specifically, the statute provides that the copyright owner may elect "an award of statutory damages for all infringements involved in the action, with respect to any one work . . . ."  17 U.S.C. § 504(c)(1) (emphasis added).  Election of remedies is 'the legal version of the idea that a plaintiff may not have his cake and eat it too.'" *Hickson Corp. v. Norfolk S. Railway Co.*, 260 F.3d 559, 566-67 (6th Cir. 2001) (quoting D. Dobbs, Remedies § 1.5 at 14 (1973)). "The doctrine … does no more than prevent double recovery." *Id.* at 567 (citation omitted).

The incidence of the number of times a particular infringement occurs is not relevant or probative because Plaintiffs are seeking statutory damages.  To obtain statutory damages, Plaintiffs are only required to demonstrate infringement of the work *once* to qualify for the maximum statutory damages for infringement of that work.  *Columbia Pictures Television v. Krypton Broad. of Birmingham, Inc.*, 106 F.3d 284, 294 (9th Cir. 1997), *rev'd on other grounds*, *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998) ("when statutory damages are assessed against

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

13

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

one defendant . . . each work infringed may form the basis of only one award, regardless of the number of separate infringements of that work") (citing *Mason v. Montgomery Data, Inc.,* 967 F.2d 135, 143-44 (5th Cir. 1992)); *see WB Music Corp. v. RTV Comm. Grp., Inc.,* 445 F.3d 538, 540 (2d Cir. 2006) ("[Section] 504(c)(1) disassociates the award of statutory damages from the number of infringements by stating that 'an award' (singular tense) of statutory damages is available 'for all infringements in the action' regarding any one work."); *see also, e.g.*, *Agence France Presse v. Morel*, --- F. Supp. 2d ---, 2013 WL 146035, at *26 (S.D.N.Y. Jan. 14, 2013), *reconsideration granted in part*, 10 CIV. 02730 AJN, 2013 WL 2253965 (S.D.N.Y. May 21, 2013) (where "a single infringer has engaged in any number of infringements for which that infringer is liable individually, . . . [n]either the number of infringements of a particular work nor the number of infringers of that work is relevant to the damages calculation in these circumstances"); *King Records, Inc. v. Bennett*, 438 F. Supp. 2d 812, 867 (M.D. Tenn. 2006) ("it is irrelevant how many instances of actual infringement occurred. It is sufficient that one instance of infringement occurred during the statutory period."); *UMG Recordings, Inc. v. MP3.COM, Inc.*, 109 F. Supp. 2d 223, 224 (S.D.N.Y. 2000) ("for the purpose of computing statutory damages, the relevant unit is not the number of infringements but the number of infringed 'works'").

Plaintiffs argue that when assessing statutory damages, this Court should allow them to introduce the *number* of direct infringements for each of Plaintiffs' alleged 4,145 works—direct infringements by third parties. But Plaintiffs should not be permitted to argue for enhanced statutory damages for Defendants' alleged indirect copyright infringement of one work, based on the number of *direct* infringements by unrelated third parties. This is particularly true where Plaintiffs had still failed to identify the alleged direct infringements mere weeks before trial depriving Defendants of the opportunity to investigate such infringements. Plaintiffs should not be permitted to do an end run around the per-work limitation of Section 504(c) by importing

irrelevant allegations about the number of direct infringements by unrelated third parties despite their election of statutory damages.

It would be an enormous burden on the Court and the parties to permit this evidence; evidence about the incidence of infringements that has been held not relevant when plaintiffs have elected statutory damages, as it is necessarily limited to the damages associated with one work.  Permitting a plaintiff to elect statutory damages allows the plaintiff to forego tedious lines of proof and enables the jury to assess damages *per work*.  If Plaintiffs wanted to make this case about the total number of infringements, they should have sought actual damages.

Plaintiffs will already need to demonstrate at least one of the underlying infringements for each of the more than 4,000 works.  To then permit Plaintiffs to introduce evidence of allegedly thousands of examples of alleged infringements for each of those works, where Defendants must be permitted the chance to rebut the infringements, would make for an unmanageable and unwieldy trial. The probative value is not worth the added burden when Plaintiff will already be able to qualify for statutory damages by demonstrating infringement of one work.

The only provision in the Copyright Act for enhanced statutory damages is in the case of infringement found to be willful. *See* 17 U.S.C. § 504(c)(2). But the number of direct infringements by third party users of isoHunt's services is irrelevant to the determination of willfulness. In the copyright context, "'willfully' means with knowledge that the *defendant's* conduct constitutes copyright infringement.'" *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1335 n.3 (9th Cir. 1990) (quoting 3 M. Nimmer & D. Nimmer, *Nimmer on Copyright* § 1404[B], at 14-40.2-.3 (1989)) (emphasis added); *see Krypton Broad.*, 106 F.3d at 293 (same); *Dolman v. Agee*, 157 F.3d 708, 715 (9th Cir. 1998) (same). Defendants lack the requisite knowledge of the actions of unrelated third parties, which are thus irrelevant to *Defendants'* willfulness. Even if they were relevant, such a showing would require a mini-trial for each of Plaintiffs' 4,145 alleged works. For each alleged direct infringement by a third party

of each of Plaintiffs' alleged works, Plaintiffs would be required to demonstrate both that Defendants knew of the third party's alleged act, and knew that the act constituted copyright infringement.  Its only relevance during the damages phase is to show the amount of actual damages, which Plaintiffs have disclaimed by electing statutory damages.

Evidence and argument concerning Defendants' liability is both irrelevant to the damages phase, and prejudicial to Defendants.  The Court should preclude them from offering this irrelevant evidence.

**6.    Plaintiffs Should Be Precluded From Submitting Evidence Relating to Press Articles, Blogs and Third Party Communications Regarding Infringement**

At various times, including in their complaint, Plaintiffs have cited to uncorroborated third party statements about alleged infringement on Defendants' websites and statements made by Gary Fung that have nothing to do with the alleged infringements in this case.  *See* Dkt. 322-2 (Def. Stmt. of Genuine Issues in Opp. to Pl. MSJ) (relying on numerous postings by Fung on the isoHunt site, including responses to user posts (*see, e.g.*, Unconverted Facts 17, 19, 20, 97); Fung's statements during an interview on Slyck.com (Uncontroverted Facts 18, 89, 91) and an interview broadcast on Canadian television (Uncontroverted Fact 23); and statements by third parties on Fung's websites, including statements by various site administrators and moderators (*see, e.g.*, Uncontroverted Facts 36, 38-49, 96); Decl. of Servodidio in Supp. of Pl. Mot. Perm. Inj. (Dkt. 396) (relying on an interview of Fung published in Forbes online magazine (Ex. F); an article posted by a professor at Princeton University reporting on an academic research finding that 99% of BitTorrent files correspond to likely copyright infringing content, including 100% of movie and television show dot-torrent files (Ex. H); and a forum post from Isohunt containing a statement from 8MM, designated a "Forum Mod" (Ex. J)).

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

This evidence is irrelevant to this trial and thus more prejudicial than probative. Where such evidence involves third party statements, it also suffers from other evidentiary infirmities including that Plaintiffs will be unable to authenticate these documents under Rule 901 or properly lay a foundation pursuant to Rule 602. None of the authors of these articles or communications have been disclosed as witnesses in this action in accordance with Rule 26 or in interrogatory responses, and Defendants have not had the opportunity to depose these witnesses or pursue alternate forms of discovery. Fed. R. Civ. P. 37(c)(1). Without such witnesses, Plaintiffs cannot authenticate or lay a proper foundation for these documents.

First, these and similar communications are not relevant to the alleged infringements in this action.  This alone is reason enough to exclude this evidence pursuant to Rule 402.  Further, under Rule 901, Plaintiffs have not (and cannot) authenticate or lay any foundation regarding any of the vague and unsubstantiated assertions.  Because there can be no foundation with respect to the knowledge of these users and the extent to which they have reviewed Defendants' site for infringement (or would even know which videos might be potentially infringing), any such evidence should be precluded.

Further, to the extent this evidence is being relied upon to describe the conduct of Defendants, it would prejudice Defendants because a jury might decide they disagree with Mr. Fung's personal views, and therefore assess damages on that unrelated basis.  Finally, any limited relevance would be outweighed by the prejudice caused when considering that Plaintiffs have not established the credibility of such statements.  Thus, the Court should preclude such communications.

**7.    To Preclude Defendants From Mentioning  Discovery Rulings, Including Any Monetary or Other Discovery Sanctions/Alleged Violation of Court Orders**

At every opportunity Plaintiffs remind the Court of monetary discovery sanctions issued, and pending requests or ultimate findings of evidentiary sanctions or

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1  contempt, against Defendants.  (Kearney Decl. Ex. A (7/1/13 Trans.) 6:12-14, 6:17-

2  24; *id.* Ex. B (9/13/13 Trans.) 34:15-18.)  Under the Federal Rules of Evidence,

3  irrelevant evidence is inadmissible, and relevant evidence may be excluded "if its

4  probative value is substantially outweighed by a danger of . . . unfair prejudice,

5  confusing the issues, [or] misleading the jury . . . ."  Fed. R. Evid. 402, 403.  Here,

6  Defendants seek to exclude discovery rulings and sanctions previously imposed

7  because they are irrelevant.  Even if they were relevant, their minimal probative value

8  is outweighed by the unfair prejudice that would result in presenting them to a jury.

9      "Discovery disputes, court orders, pleadings, and matters extraneous to the

10  issues in this case are not admissible evidence."  *Riggs v. Peschong*, CIV. 06-CV-366-

11  JD, 2009 WL 604369, at *6 (D.N.H. Mar. 5, 2009); *see id.* ("Riggs will be expected to

12  proffer evidence that is relevant and material to the elements of his claims, and the

13  court will not permit excursions into matters that are not relevant and material."); *see*

14  *also, e.g.*, *McElgunn v. CUNA Mut. Grp.*, CIV. 06-5061-KES, 2009 WL 1578489, at

15  *7, 10 (D.S.D. May 31, 2009) (holding that "testimony on discovery issues between

16  the parties and/or alleged bad faith of the company in response to discovery" was an

17  "[i]nappropriate" area of testimony "because it is not relevant").

18      Similarly, where adverse court rulings and sanctions have little or no probative

19  value, courts have granted motions *in limine* or other requests to exclude references to

20  such rulings and any evidence relating thereto.  *E.g.*, *In re USA Commercial Mortg.*

21  *Co.*, 2:07-CV-00892-RCJ, 2010 WL 4923481, at *3 (D. Nev. Nov. 29, 2010)

22  (granting request to exclude any reference to sanctions against the parties during the

23  litigation except insofar as such evidence was relevant to proving counterclaim for

24  contempt); *Phillip M. Adams & Assocs., LLC v. Winbond Elecs. Corp.*, 1:05-CV-64

25  TS, 2010 WL 3767318, at *5 (D. Utah Sept. 16, 2010) (granting sanctions against

26  defendant for spoliation of evidence but ordering that, "due to the danger of

27  prejudicing the jury," plaintiff may not state or imply "that the Court has made a

28  finding of wrongdoing on [defendant's] part" or otherwise "that the Court has

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

18

sanctioned [defendant]"); *Hochstein v. Microsoft Corp.*, 04-73071, 2009 WL 2022815, at *8 (E.D. Mich. July 7, 2009) (granting unopposed motion *in limine* to preclude any reference to plaintiff's motion for sanctions); *3Com Corp. v. Realtek Semiconductor Corp.*, C 03-2177 VRW, 2008 WL 783383, at *2 (N.D. Cal. Mar. 24, 2008) (granting plaintiff's motion *in limine* to preclude defendant from referring to or introducing evidence of the court's prior sanctions order or the fact that sanctions had been granted); *Faigin v. Kelly*, 184 F.3d 67, 80 (1st Cir. 1999) (affirming district court's exclusion from evidence of sanctions order under Rule 403).

As the First circuit explained in *Faigin*, the district court "had solid reasons for concern about the untoward effects of the proffered evidence"—which in that case was a judicial sanctions order:

> A lay jury is quite likely to give special weight to judicial findings merely because they are judicial findings. *See Nipper v. Snipes*, 7 F.3d 415, 418 (4th Cir. 1993) (explaining that "judicial findings of fact present a rare case where, by virtue of their having been made by a judge, they would likely be given undue weight by the jury") (internal quotations marks omitted).  Consequently, courts, recognizing the attendant danger of jury confusion and unfair prejudice, frequently have approved the exclusion of judicial findings, convictions, and similar evidence on Rule 403 grounds.  *See, e.g.*, . . . *Nipper*, 7 F.3d at 418 (upholding exclusion of court order in related civil case) . . . .  We are extremely reluctant to second-guess the district court's battlefield determination that the scenario at hand presented a worrisome potential for such mischief.

184 F.3d at 80 (internal citations omitted).

Here, Plaintiffs should be precluded from referencing or introducing evidence of any orders or pending motions regarding sanctions or contempt.  These matters have little or no probative value to the extent they relate to a time period that exceeds that covered by the summary judgment ruling, and they are too attenuated to support damages for secondary infringement.  In short, these matters are not relevant to the

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

issues being tried to the jury, and any probative value is substantially outweighed by the danger of unfair prejudice as recognized by the *Faigin* court and others.  This Court likewise should preclude any reference to these orders and rulings and any evidence relating thereto.

### 8.    To Preclude Plaintiffs From Presenting Evidence Responsive But Not Timely Produced in Response to Required Disclosures or Defendants' Discovery Requests Including Expert Disclosures

Plaintiffs have informed Defendants that they plan to use, introduce or otherwise refer to an extensive range of materials that they failed to disclose or produce in a timely fashion.  Plaintiffs should not be permitted to use or reference such evidence, including without limitation the materials identified in Dkt. 615 (Defendants' *Ex Parte* Application to Compel Plaintiffs' Responses to Discovery, identifying specific discovery requests and detailing deficiencies in Plaintiffs' responses).

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Motions *in limine* are appropriate to preclude the introduction at trial of evidence not produced in discovery. *Reyes v. City of Glendale*, No. CV 05-0253 CAS (MANx), 2009 WL 2579614, at *4 (C.D. Cal. Aug. 19, 2009) ("To the extent that plaintiff seeks to produce new documents or evidence not previously disclosed in the case, the Court finds such evidence should be excluded, except for the purposes of impeachment or rebuttal."), *id.* at *10 (granting motion *in limine* "to the extent it seeks to exclude evidence not previously disclosed in conjunction with the motions for summary judgment or otherwise"); *Lincoln Diagnostics v. Panatrex, Inc.*, No. 07-CV-2077, 2009 WL 3010840, at *5 (C.D. Ill. Sept. 16, 2009) ("any documents relevant to the issue of damages that Defendant did

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

not produce prior to the 'drop dead' date . . . could not be presented by Defendant at trial.").

During the course of fact discovery, Defendants served Plaintiffs with interrogatories and requests for documents specifically directed to key issues of identification of their alleged works; ownership of the alleged works and corresponding registrations; identification of direct infringements by U.S. users; causation; willfulness; damages; and Defendants' defenses of fair use and failure to mitigate damages. Plaintiffs refused to answer nearly all of Defendants' interrogatories; refused to provide documents responsive to the majority of Defendants' document requests (and refused to produce *any* documents in key categories of requests such as damages); and refused to identify direct infringements of their alleged works. *See* Dkt. 615. Plaintiffs also failed to timely provide documents in the few categories of discovery they did agree to produce. Although Plaintiffs had previously agreed to produce documents on the same day their written responses were due, the only ownership documents they produced at that time were copyright registrations and Copyright Office recordation documents for barely half of their 4,145 claimed works, and *nothing else.* Dkt. 615; Kearney Decl., ¶ 10. They have continued to produce documents almost daily since then, and as of late last night continue to represent that their production is "ongoing." Kearney Decl. ¶ 11. During a meet-and-confer discussion on September 26, 2013, a week after Plaintiffs' discovery responses were due, Plaintiffs stated that their production of documents relevant to ownership would be "largely" complete by Monday, September 30, but refused to commit to a date certain for completion of document production for these, or any other documents. Through today, Plaintiffs have also failed to identify all of their alleged works. Plaintiffs have also stated that they will produce a disk containing additional dot-torrent files and purportedly corresponding content files, and have stated that they will continue to identify additional direct infringements. *Id.* 12.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Plaintiffs should not be allowed to use discovery materials that were not timely produced during fact discovery. In all, Plaintiffs failed to timely produce documents in seven categories: identification of works; ownership; identification of acts of infringement; evidence of causation; evidence of willfulness; damages; and documents relevant to Defendants' affirmative defenses. In response to many of Defendants' document requests and interrogatories (Document Requests Nos. 103, 104, 105, 106, 111, 113, 114, and 115, and Interrogatory 14), Plaintiffs stated that they would provide only their required exhibit list to Defendants before trial, and refused to produce documents. In response to Document Requests Nos. 108, 109, and 110, Plaintiffs offered to produce only a limited subset of documents, while again stating that they would provide an exhibit list. Plaintiffs have also refused to commit to a date certain by which their production will be complete, which is unacceptable just weeks before trial.[4]

If Plaintiffs are permitted to introduce at trial this untimely-produced evidence, Defendants will be severely prejudiced. Plaintiffs will have the benefit of relying upon evidence improperly withheld from Defendants, which Defendants have not had adequate opportunity to review, analyze and investigate. At a minimum, Plaintiffs should be precluded from relying on documents they failed to provide either before, or in connection with, their motions for summary judgment concerning ownership and direct infringement, which they have told Defendants they intend to file on September 30, 2013.

**9. To Preclude Any Instruction of Willfulness for Infringement of any Work for Which Plaintiffs Have Failed to Provide in Discovery or Offer any Evidence of Defendants' Knowledge that Such Work was**

---

[4] Plaintiffs have also refused to produce *all* documents concerning ownership of their alleged works. Instead, Plaintiffs agreed to produce a subset of ownership documents: namely, those "sufficient to show Plaintiffs' ownership" of the alleged works. Thus, to the extent there exist documents that may tend to contradict or fail to support Plaintiffs' claims to own the alleged works, it appears Plaintiffs are simply refused to produce such documents.

**Infringed and Subsequent Failure to Remove the Allegedly**
**Infringing File**

In the copyright context, "'willfully' means with knowledge that the defendant's conduct constitutes copyright infringement.'" *Peer Int'l*, 909 F.2d at 1335 n.3; *Krypton Broad.*, 106 F.3d at 293 (same); *Dolman*, 157 F.3d at 715 (same); *see also Sega Enters. Ltd. v. MAPHIA*, 948 F. Supp. 923, 936 (N.D. Cal. 1996) ("Generally, a determination as to willfulness requires an assessment of a party's state of mind . . . ."). A plaintiff bears the burden to establish that a defendant acted willfully in infringing his copyright. 17 U.S.C. § 504(c)(2) ("the copyright owner [must] sustain[] the burden of proving . . . that infringement was committed willfully").

Courts have found a defendant's infringements non-willful with respect to works for which the defendant had no notice of alleged infringements, and willful only with respect to post-notice infringements. *See, e.g., Columbia Pictures Indus., Inc. v. Sandrow*, CIV. A. No. 87-3279, 1988 WL 28249, at *4 (E.D. Pa. Mar. 23, 1988) (finding "defendants' copyright infringement was not wil[l]ful [for works infringed] prior to the receipt of [plaintiffs'] 'cease and desist' letter" but was willful for works infringed thereafter; awarding damages accordingly); *Bridgeport Music, Inc. v. UMG Recordings, Inc.*, 585 F.3d 268-69 (6th Cir. 2009) (holding jury instruction was "correct" when it stated "[a]n infringement becomes a willful infringement if a defendant acquires knowledge that its actions infringe a copyright and the defendant nevertheless continues such infringement").

In cases spanning from 1988 to 2013 juries have found some infringements of works at issue in the case "willful," while finding other works at issue in the case non-willful, assessing willfulness in the copyright context on a work-by-work basis. *See, e.g., Columbia Pictures Indus.*, 1988 WL 28249, at *4; *Psihoyos v. John Wiley & Sons, Inc.*, 11 CIV. 1416, 2013 WL 1285153, at *1 (S.D.N.Y. Mar. 29, 2013) (in suit alleging copyright infringement as to four photographs, jury found no infringement as

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

23

to one photograph, non-willful infringement as to a second photograph, and willful infringement as to the remaining two photographs); *Video Views, Inc. v. Studio 21, Ltd.*, 925 F.2d 1010, 1020-21 (7th Cir. 1991), *overruled on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994) (where jury found that defendant had willfully infringed plaintiff's copyrights in two out of seven films involved in the action, affirming district court's grant of defendant's motion for judgment notwithstanding the verdict because jury's verdict on issue of willfulness was unsupported by the evidence).

To show willful infringement by Defendants, Plaintiffs must demonstrate that Defendants knew that particular acts—here, downloads of specific dot-torrent files and off site specific content files—infringed Plaintiffs' copyrights, and failed to act on that knowledge to remove the files. Because Plaintiffs bear the burden to establish that Defendants acted willfully with respect to any particular infringement of Plaintiffs' alleged works, 17 U.S.C. § 504(c)(2), the Court should decline to instruct the jury that Defendants acted willfully to the extent Plaintiffs fail to establish facts to show Defendants' acts, circumstances, or state of mind at the time the direct infringements occurred, or their knowledge that particular dot-torrent files corresponded to allegedly infringing content, and subsequent failure to block the title.

## III.   CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the Court grant their Motions *in Limine* Nos. 1-9.


Dated:  September 30, 2013          WINSTON & STRAWN LLP


By:  */s/ Erin R. Ranahan*
     Michael S. Elkin
     Thomas Patrick Lane
     Jennifer A. Golinveaux
     Erin R. Ranahan
     Thomas J. Kearney

ROTHKEN LAW FIRM

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Ira P. Rothken
Jared R. Smith

*Attorneys for Defendants*
GARY FUNG and ISOHUNT WEB
TECHNOLOGIES, INC.

SF:362393.2

**Winston & Strawn LLP**
**333 S. Grand Avenue**
**Los Angeles, CA 90071-1543**

25

DEFENDANTS' NOTICE OF MOTIONS AND MOTIONS *IN LIMINE* NOS. 1-9