1  JENNER & BLOCK LLP
2  STEVEN B. FABRIZIO (*pro hac vice*)
     sfabrizio@jenner.com
3  KENNETH L. DOROSHOW (*pro hac vice*)
     kdoroshow@jenner.com
4  1099 New York Avenue, N.W.
5  Suite 900
   Washington, D.C.  20001
6  Telephone:  (202) 639-6000
7  Facsimile:  (202) 661-4823

8
   GIANNI P. SERVODIDIO (*pro hac vice*)
9    gps@jenner.com
10 919 Third Avenue, 37th Floor
   New York, NY 10022
11 Telephone:  (212) 891-1600
   Facsimile:  (212) 891-1699
12

13 *Attorneys for Plaintiffs*

14                    UNITED STATES DISTRICT COURT
15                   CENTRAL DISTRICT OF CALIFORNIA
16

17
   COLUMBIA PICTURES
18 INDUSTRIES, INC., *et. al.*          DISCOVERY MATTER

19                                       The Honorable Jacqueline Chooljian
20           *Plaintiffs*,               Case No. CV-06-05578 SVW (JCx)

21                                       ***EX PARTE* APPLICATION FOR
         v.                              PROTECTIVE ORDER RE RULE
22                                       30(b)(6) DEPOSITIONS – FEES
23 GARY FUNG, *et. al.*                  REQUESTED**

24                                       Trial Date:  November 5, 2013
25           *Defendants*.

26

27

28

## NOTICE OF APPLICATION

**PLEASE TAKE NOTICE** that the above-named Plaintiffs hereby move *ex parte* for an order (i) limiting Defendants' Rule 30(b)(6) deposition topics as set forth in the proposed order, and (ii) awarding Plaintiffs their reasonable costs and attorneys' fees for the filing of this application.  This Court has already granted a protective order to Plaintiffs – and sanctioned Defendants – with regard to many of the same topics in Defendants' deposition notice.  Defendants' brazen attempt to violate the Court's protective order is yet another instance of Defendants' serial disregard of this Court's orders.  Furthermore, numerous topics in Defendants' deposition notice demonstrate Defendants' intent to re-litigate the liability issues that were already resolved by the Court and the Ninth Circuit, or are otherwise irrelevant or overbroad.

Plaintiffs are seeking *ex parte* relief because trial is scheduled to begin on November 5, 2013, and Defendants have noticed at least eight depositions, set to commence on October 8, 2013.  Accordingly, there is no time for this request to be heard on the normal calendar or pursuant to the parties' stipulation regarding *ex parte* filings (ECF # 611).  Given the deposition schedule, Plaintiffs respectfully request that the Court rule hear this application by October 7, 2013 and by no later than October 8, 2013 to the extent the Court requires a hearing.  The parties met and conferred on September 25 and 26 concerning Defendants' latest notice; yet Defendants were unwilling to withdraw or limit the offending deposition topics.  Counsel for the Defendants have received notice of this *Ex Parte* Application pursuant to Local Rule 7-19.1, and have indicated they intend to oppose it.  Plaintiffs have consented that Defendants' opposition to this application can be filed by noon PST on October 3, 2013 with Plaintiffs' Reply due by noon PST on October 4, 2013.

This *Ex Parte* Application is based on this Notice, the accompanying Application; the accompanying Declaration of Gianni P. Servodidio and exhibits; all

pleadings on file with the Court; all matters of which the Court may take judicial notice; and all such additional evidence and argument as may be presented to the Court during any hearing.

Dated:  October 1, 2013                    Respectfully submitted,

                                           JENNER & BLOCK LLP


                                           By: /s/ Gianni P. Servodidio
                                               Gianni P. Servodidio

                                           STEVEN B. FABRIZIO
                                           GIANNI P. SERVODIDIO
                                           KENNETH L. DOROSHOW
                                              JENNER & BLOCK LLP

                                           *Attorneys for Plaintiffs*

EX PARTE APPLICATION
RE RULE 30(b)(6) DEPOSITION

1

## **TABLE OF CONTENTS**

2

EX PARTE APPLICATION ........................................................................... 1

3

BACKGROUND ......................................................................................... 2

4

ARGUMENT ............................................................................................... 6

5

6

I.    Defendants Should Be Precluded From Asking Questions on Irrelevant
      Topics Already Subject To The Protective Order............................................ 6

7

       a.    Defendants Should Be Precluded From Asking Topics Related To
             Plaintiffs' Efforts to Investigate Infringement ........................................ 6

8

9

       b.    Defendants Should Be Precluded From Asking Topics Related To
             Plaintiffs' Efforts to Send DMCA Notices or Prevent Copyright
             Infringement ................................................................................. 9

10

11

       c.    Defendants Should Be Precluded From Asking Questions On the Topic
             Related to Plaintiffs' Alleged Use of  BitTorrent Technology ........... 11

12

13

       d.    Defendants Should Be Precluded From Asking Questions On
             The Topics Related to Plaintiffs' Marketing and Distribution Strategies
             ................................................................................................... 13

14

15

II.   Defendants Should Be Precluded From Asking Questions Foreclosed
      Under the Court's Earlier Rulings .............................................................. 18

16

17

       a.    Defendants Should be Precluded From Posing Questions On
             Inducement Liability and DMCA Defenses ..................................... 18

18

       b.    Defendants Should be Precluded From Posing Questions On
             Affirmative Defenses Relating to Willfulness .................................. 20

19

20

III.  Several of Defendants' Remaining Topics Are Irrelevant Or Overbroad .... 20

IV.   The Court Should Award Plaintiffs Their Costs And Attorneys' Fees ........ 22

21

CONCLUSION .......................................................................................... 23

22

23

24

25

26

27

28

1
2
3
## **TABLE OF AUTHORITIES**

**Page(s)**

4
5
**FEDERAL CASES**

6
*Apple Inc. v. Psystar Corp.*,
   673 F. Supp. 2d 926 (N.D. Cal. 2009)..............................................................21

7
8
*Arista Records LLC v. Lime Group LLC*,
   No. 06 CV 5936(KMW), 2011 WL 1486640 (S.D.N.Y. April 11, 2011) .........21

9
10
*Bauer Bros. LLC v. Nike, Inc.*,
   No. 09cv500–WQH–BGS, 2012 WL 1899838 (S.D. Cal. May 24, 2012)...17-18

11
12
*Columbia Pictures Industries, Inc. v. Fung*,
   No. CV 06-5578 SVW(JCx), 2009 WL 6355911 (C.D. Cal. Dec. 21, 2009)......5

13
14
*Columbia Pictures Industries, Inc. v. Fung*,
   710 F.3d 1020 (9th Cir. 2013) ......................................................................5, 19

15
16
*Corbis Corp. v. Amazon.com, Inc.*,
   351 F. Supp. 2d 1090 (W.D. Wash. 2004) ........................................................11

17
18
*Direct TV, Inc. v. Trone*,
   209 F.R.D. 455 (C.D. Cal. 2002).........................................................................8

19
*Disney Enters., Inc. v. Hotfile Corp.*,
   No. 11-20427-CIV-JORDAN, ECF # 138 (S.D. Fla. 2011) ...........................8, 9

20
21
*Green v. Baca*,
   225 F.R.D. 612 (C.D. Cal. 2005).......................................................................23

22
23
*Greer v. Electronic Arts, Inc.*,
   No. C10–3601 RS (JSC), 2012 WL 6131031 (N.D. Cal. Dec. 10, 2012).... 19, 21

24
25
*Henley v. DeVore*,
   733 F. Supp. 2d 1144 (C.D. Cal. 2010)..............................................................16

26
27
*Home Design Services, Inc. v. Trumble*,
   No. 09-cv-00964-WYD-CBS, 2011 WL 843900 (D. Colo. Mar. 8, 2011) .......11

28

*In re Grand Jury Subpoena (Mark Torf/Torf Environmental Management)*,
   357 F.3d 900 (9th Cir. 2004) ............................................................................ 9

*In re Marciano*,
   708 F.3d 1123 (9th Cir. 2013) ......................................................................... 17

*Ingle v. Circuit City*,
   408 F.3d 592 (9th Cir. 2005) ........................................................................ 6, 8

*Io Group Inc. v. GLBT Ltd.*,
   No. C–10–01282 MMC (DMR), 2011 WL 3443773 (N.D. Cal. Aug. 8,
   2011) ................................................................................................................ 20

*Kas v. Mercedes-Benz USA, LLC*,
   No. CV 11–1032–GHK, 2012 WL 473931 (C.D. Cal. Feb. 1, 2012) ............... 22

*Rush v. Denco Enterprises, Inc.*,
   No. EDCV 11–0030 DOC (DTBx), 2012 WL 3206674 (C.D. Cal. Aug. 3,
   2012) ................................................................................................................ 19

*United States ex rel. Bagley v. TRW, Inc.*,
   212 F.R.D. 554 (C.D. Cal. 2003) ....................................................................... 9

*Viacom Intern. Inc. v. YouTube, Inc.*,
   718 F. Supp. 2d 514 (S.D.N.Y. 2010) .............................................................. 11

*Winding v. NDEX West, LLC*,
   No. 1:10cv02026 AWI DLB, 2011 WL 1080650 (E.D. Cal. 2011) .................. 23

**RULES**

Fed. R. Civ. P. 26(b)(2)(C)(iii) ............................................................................... 17

Fed. R. Civ. P. 26(b)(3)(A) ....................................................................................... 9

Fed. R. Civ. P. 26(c)(1)(G) ...................................................................................... 17

Fed. R. Civ. P. 26(c)(3) ............................................................................................ 23

Fed. R. Civ. P. 37(a)(5) ............................................................................................ 23

**EX PARTE APPLICATION
RE RULE 30(b)(6) DEPOSITION**

### *EX PARTE* APPLICATION

This Application seeks a protective order limiting Defendants' recent Rule 30(b)(6) deposition notice which contains 36 topics, the overwhelming majority of which are irrelevant to any issues in this case.  *See* Ex. A[1] (Defendants' Notice of Deposition of Plaintiffs Pursuant to Fed. R. Civ. P. 30(b)(6)) ("Current Notice").  ***Indeed, many of Defendants' topics are already barred by a prior protective order entered by Your Honor earlier in the case striking many of the same topics from Defendants' first Rule 30(b)(6) deposition notice and sanctioning defendants.***  *See* Ex. B (Plaintiffs' Notice of *Ex Parte* Application and *Ex Parte* Application for Protective Order re Rule 30(b)(6) Depositions – Fees Requested, ECF # 205) (August 1, 2007) ("First Protective Order Application");  Ex. C (Order re Plaintiffs' and MPAA's *Ex Parte* Application for Protective Order Re Rule 30(b)(6) Depositions – Fees Requested, ECF #207) (August 5, 2007) ("Protective Order").

Defendants' Current Notice also contains a number of new topics that are improper for reasons independent of the Protective Order.  For example, Defendants seek discovery on issues that have already been resolved at the liability phase of this case, Current Notice Topics 1, 5, 14, and 36; affirmative defenses that fail as a matter of law, *id.* at Topic 25; and patently irrelevant topics such as the identities of all of Plaintiffs "officers, directors and employees."  *Id.* at Topic 21.

It is plain from the number, breadth, and irrelevance of Defendants' 36 topics that they do not reflect a good-faith effort to gather relevant information.  Rather, they merely seek to increase the burden on Plaintiffs' witnesses, and assist Defendants in their effort to delay a trial set for November 5, 2013.  As explained above, Plaintiffs seek *ex parte* relief because Defendants' Rule 30(b)(6) depositions

---

[1] Throughout this Application, "Ex." refers to an Exhibit to the Declaration of Gianni Servodidio filed herewith.

are set to begin on October 8, 2013 which is the only time they can proceed given the pending November 5, 2013 trial date.[2]  Plaintiffs respectfully request that the Court rule consider this Application prior to October 8 so that Plaintiffs' witnesses are not forced to answer questions on Defendants' irrelevant and inappropriate topics.

### BACKGROUND

This is the third time that Your Honor has had to address an overbroad Rule 30(b)(6) deposition notice served by Defendants or their counsel.  As the Court may recall, this case is closely similar to a case brought by Plaintiffs against another pirate BitTorrent operator captioned *Columbia Pictures Industries, Inc. v. Bunnell*, No. 06-1093 FMC (JCx) (C.D. Cal.) ("*Bunnell*").  Several of Defendants' counsel in this action also represented the *Bunnell* defendants, and Your Honor adjudicated several discovery disputes in *Bunnell* in parallel with this case.

One of those disputes arose out of the *Bunnell* defendants' overbroad Rule 30(b)(6) deposition notice, which contained a staggering 98 topics.  Plaintiffs filed an application for a protective order on the grounds that, *inter alia*, many of the topics were overbroad and irrelevant to any issues in the case, as Your Honor or the District Court had already held as many as four times.  Ex. D.  Your Honor granted Plaintiffs a protective order barring the *Bunnell* defendants from asking questions on numerous topics.  Ex. E.

Within a matter of days of the issuance of the Protective Order in *Bunnell*, these Defendants, represented by the same counsel, served a Rule 30(b)(6)

---

[2] Defendants have filed multiple applications with the Court seeking to adjourn this date and the Court has not given any indication that the trial in this case will be moved.  To the contrary, at a hearing before Judge Wilson on Monday, September 30, 2013, the Court indicated clearly that it intended the damages trial to begin on November 5th, as ordered.

deposition notice in this case, mirroring the deposition notice already subject to the protective order in *Bunnell* with only a transparent attempt to limit the number (but not the subject matter) of the categories.  Ex. F (Defendants' Notice of Deposition of Plaintiffs) ("First Deposition Notice").

In response, Plaintiffs promptly filed an *ex parte* application for a protective order, and requested sanctions.  Ex. B (First Protective Order Application).  In their application, Plaintiffs raised two categories of objections to the topics in Defendants' First Deposition Notice.  With regard to a subset of the topics in that Deposition Notice (Nos. 10-13, 24, 25, 28, 29, 31), Plaintiffs argued that the topics were premature, and that discovery (and disputes) with respect to the subject matter of those topics should be delayed until the damages phase of the case.[3]  However, this Court also issued the Protective Order with respect to numerous topics that were, in whole or in part, irrelevant to the case for *any purpose whatsoever* – whether at the liability phase or the damages phase.  Plaintiffs' current application only applies to these latter topics ruled to be irrelevant or improper for all purposes (and of course to some wholly new topics that are equally objectionable).  These topics can be divided into categories as follows:

- **Topics related to Plaintiffs' efforts to investigate copyright infringement.**  *See* Protective Order, Stricken Topics 1, 3, 6; Protective Order Application, at 2-4.

-----

[3] Obviously, Plaintiffs do not contend that this portion of the Court's Protective Order applies with respect to damages-related topics and, subject to any new objections, have agreed to produce a knowledgeable witness as to any appropriate damages topics.  *See* Ex. H (objections to 30(b)(6) Notice).  For instance, Plaintiffs objected to Topic 29 in the First Deposition Notice, which addressed copyright registrations, on the ground that it was relevant to the damages phase.  First Protective Order Application, at 10.  Topic 31 in the Current Notice addresses copyright registrations, and Plaintiffs are not objecting to that topic now.

- **Topics related to Plaintiffs' efforts to prevent copyright infringement by Defendants**. *See* Protective Order, Stricken Topics 1, 17, 27; Protective Order Application, at 2-4 (Stricken Topic 1); *id.* at 14-16 (Stricken Topic 17); *id.* at 19-20 (Stricken Topic 27).

- **Topics related to Plaintiffs' use of BitTorrent technology**. *See* Protective Order, Limited Topics 4, 5; Protective Order Application, at 6-8.

- **Topics related to Plaintiffs' marketing and distribution on the Internet**. *See* Protective Order, Limited Topic 14; Stricken Topic 23; Protective Order Application, at 12-13 (Limited Topic 14); *id.* at 18 (Stricken Topic 23).

The Court adopted Plaintiffs' proposed order on these topics *in toto*. *See* Protective Order. In particular, the Court struck topics relating to Plaintiffs' effort to prevent infringement or investigations of Defendants (Stricken Topics 1, 3, 6, 17, and 27), on the grounds that they were irrelevant to any issues in the case—not that discovery should be deferred until a later phase of the case. The Court also narrowed Limited Topics 4, 5, and 14 relating to online promotional efforts or distribution of Plaintiffs' works, holding that Defendants were not permitted to ask any questions on these topics, "except that defendants are permitted to ask questions regarding whether plaintiffs have authorized general or unrestricted distribution or availability over the internet of all or part of plaintiffs' copyrighted works alleged in the Complaint or listed in the attachment to the Complaint (and any others for which plaintiffs are claiming defendants infringed)." *Id.* at 1.

Finally, the Court sanctioned Defendants for serving their First Notice and ordered them to pay Plaintiffs' attorneys' fees. *Id.* at 2. As Plaintiffs explained in their application, Defendants' notice "include[d] . . . multiple categories devoted to

1  topics the Court repeatedly has ruled to be irrelevant," such as "every online license

2  ever granted by any plaintiff."  Protective Order Application, at 1.[4]

3       Following this Order, the Court granted summary judgment, holding

4  Defendants liable for inducement of copyright infringement.  *Columbia Pictures*

5  *Industries, Inc. v. Fung*, No. CV 06-5578 SVW(JCx), 2009 WL 6355911, at *19

6  (C.D. Cal. Dec. 21, 2009) ("*Fung I*").  In its Order, the Court rejected Defendants'

7  DMCA defense, finding that notices were not required at all and that Defendants

8  were ineligible for the DMCA safe harbor as a matter of law without regard to

9  notices.  *See Fung I*, 2009 WL 6355911 at *15-18. The Ninth Circuit affirmed the

10 liability decision, holding that Defendants were not entitled to any DMCA defense

11 as a matter of law. *Columbia Pictures Indus., Inc. v. Fung*, 710 F.3d 1020, 1039-47

12 (9th Cir. 2013) ("*Fung II*").

13      Notwithstanding the Protective Order and the later liability rulings by the

14 Court and Ninth Circuit, Defendants served their Current Notice on September 20,

15 2013 seeking to require Plaintiffs to designate a witness with respect to many of the

16 same topics stricken from the First Deposition Notice or rendered moot based on the

17 Court's summary judgment opinion.  If anything, these topics are even more

18 objectionable in this stage of the case, after the Court has already ruled on liability

19 issues.  For the reasons set forth herein, the Court should issue a new protective

20 order in advance of these new depositions, which are scheduled to commence on

21 October 8, 2013, and once again sanction Defendants for seeking this needless and

22

23 _____

24 [4] Defendants appealed all aspects of the Court's Protective Order to Judge Wilson

25 who affirmed this Court's ruling in full.  *See* In Chambers Order re Defendants'
   Objections to and Motion For Review of Magistrate Judge's "Order re Plaintiffs'

26 and MPAA's Ex Parte Application for Protection Order re Rule 30(b)(6)

27 Depositions – Fees Request", ECF # 277.

28

irrelevant discovery without any justification in contravention of the Protective
Order.

### ARGUMENT

**I.    Defendants Should Be Precluded From Asking Questions on Irrelevant Topics Already Subject To The Protective Order.**

The Current Notice Topics covered by the Protective Order can be grouped into the following categories: (i) topics concerning Plaintiffs' investigation of Defendants' illegal behavior; (ii) topics concerning whether Plaintiffs expended sufficient effort in halting Defendants' illegal behavior, (iii) topics concerning Plaintiffs' use of BitTorrent, and (iv) topics concerning Plaintiffs' distribution of copyrighted works.

As explained below, this Court already has held on repeated occasions that these topics have no place in this litigation.  Defendants should be precluded from seeking to redo this Court's relevance determinations now, particularly following the rulings by the District Court and Ninth Circuit that affirm the rationale for the Court's issuance of the Protective Order.  *See, e.g.*, *Ingle v. Circuit City*, 408 F.3d 592, 594 (9th Cir. 2005) (applying law of the case doctrine).

a.    Defendants Should Be Precluded From Asking Topics Related To Plaintiffs' Efforts to Investigate Infringement

Defendants have noticed two topics addressing Plaintiffs' efforts to investigate copyright infringement.  Here are those topics, as compared with the topics for which the Court has already granted a protective order:

| Previously Stricken or Limited Topics | Topics in Current Notice |
|---|---|
| **Stricken Topic 6:** Any and all information related to MPAA and/or Plaintiffs' Investigation of Defendants' Websites and defendants.<br><br>**Stricken Topic 1**: Any and all | **Current Notice Topic 6:**  Your efforts, and efforts made on Your behalf, to monitor Defendants' website to identify any material that infringes the allegedly infringed works. |

| | |
|---|---|
| information related to efforts by MPAA and/or Plaintiffs [t]o investigate, assess, learn about and/or evaluate copyright piracy concerning torrent files in general, and all efforts by MPAA and/or Plaintiff specifically to detect, assess, monitor or prevent copyright piracy by users of the Defendants' Websites. | **Current Notice Topic 34:** Your spidering and monitoring of Defendants' websites since 2006. |
| **Stricken Topic 3**: Any and all information related to efforts by MPAA and/or Plaintiffs to investigate, assess, learn about and/or evaluate whether or not Torrentspy [sic] is aware of the illegal nature of its website or can supervise or control infringers or infringement, profits from it, or materially contributes to infringement. | |

With regard to these Stricken Topics, the Court accepted Plaintiffs' arguments that "fundamentally, there is ***absolutely no relevance*** to plaintiffs' . . . investigative process.  This case is about defendants' conduct, not plaintiffs'."  First Protective Order Application, at 3; *see also id.* ("Information about what the plaintiffs . . . did to ***investigate*** wrongdoing has no bearing on whether the defendants ***committed*** wrongdoing – especially here, where defendants have no affirmative defense even alleging investigative malfeasance.").

In view of the foregoing, Defendants' Current Notice Topics, which seek essentially the very same discovery with respect to Plaintiffs' highly-sensitive and confidential internal investigative processes, plainly fall within the scope of the Court's earlier ruling.  For this reason alone, Current Notice Topics Nos. 6 and 34 should be stricken once again in conformity with the Court's earlier ruling.  *See*

1   *Ingle*, 408 F.3d at 594 (law of case doctrine precludes court from revisiting prior
2   decision).

3           Furthermore, even if the Court was considering this matter *de novo*, it should
4   still grant a protective order.  First, Plaintiffs named Defendants in their complaint;
5   the mechanism by which they obtained the facts underlying the complaint is
6   irrelevant.  *See, e.g.*, *Direct TV, Inc. v. Trone*, 209 F.R.D. 455, 459-60 (C.D. Cal.
7   2002) (holding that, where an alleged infringer sought discovery of the antipiracy
8   technologies used by the plaintiff to thwart efforts by infringers such as the
9   defendant, a plaintiff's technological efforts to defeat theft are simply not relevant to
10  an infringer's intent or culpability for the underlying theft itself); *Disney Enters.,*
11  *Inc. v. Hotfile Corp.*, No. 11-20427-CIV-JORDAN, ECF # 138 (S.D. Fla. Sept. 1,
12  2011) (issuing protective order precluding discovery movie studios' anti-piracy
13  technology and agreeing with studios that "this case concerns [pirates'] actions, not
14  the movie studios' behavior").

15          Second, Defendants' discovery request is an impermissible attempt to take
16  discovery on Plaintiffs' internal and confidential investigative work product.
17  Defendants already have received data from Plaintiffs reflecting the direct
18  infringements of all the Works in Suit occurring through the Defendants' websites.
19  To the extent Defendants topics seek broader discovery, they plainly intrude upon
20  the internal and confidential methods Plaintiffs use to locate infringing files on the
21  Internet (and, by extension, on Defendants' websites), as well as the overall legal
22  and business strategy guiding those efforts.  Disclosure of those methods to
23  adjudicated infringers such as Defendants would severely prejudice Plaintiffs.  The
24  methods Plaintiffs use to locate and identify infringing files online are kept in close
25  confidence because their effectiveness could be compromised were they to become
26  known to the content thieves at whom they are directed.  Plaintiffs should not be
27  required to turn over information concerning their internal efforts to gather
28  information to prosecute or analyze this and similar cases.  *See* Fed. R. Civ. P.

26(b)(3)(A) ("Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative"); *In re Grand Jury Subpoena (Mark Torf/Torf Environmental Management)*, 357 F.3d 900 (9th Cir. 2004) (applying work product doctrine); *Disney*, ECF #138 (precluding discovery into movie studios' "monitor[ing]" of online piracy); *United States ex rel. Bagley v. TRW, Inc.*, 212 F.R.D. 554, 560 (C.D. Cal. 2003) (documents "prepared to aid the litigation of claims" are work product).

> b. Defendants Should Be Precluded From Asking Topics Related To Plaintiffs' Efforts to Send DMCA Notices or Prevent Copyright Infringement

Defendants have noticed three topics addressing Plaintiffs' general efforts to stop online piracy, including their internal strategies and industry tactics, both through sending DMCA notices and through other means.  Here are those topics, as compared with topics for which the Court has already granted a protective order:

| Previously Stricken or Limited Topics | Topics in Current Notice |
|---|---|
| **Stricken Topic 1**: Any and all information related to efforts by MPAA and/or Plaintiffs [t]o investigate, assess, learn about and/or evaluate copyright piracy concerning torrent files in general, and all efforts by MPAA and/or Plaintiff specifically to detect, assess, monitor or prevent copyright piracy by users of the Defendants' Websites.<br><br>**Stricken Topic 17:** Any and all information regarding the reasons the MPAA or the Plaintiffs have avoided using the Defendants' Websites' DMCA procedure to remove torrent files that MPAA and/or Plaintiffs believe were/are | **Current Notice Topic 7:** Your policies, efforts and practices to protect and police Your allegedly infringed works from online copyright infringement.<br><br>**Current Notice Topic 14:** Any policy, practice or procedure You have (or may have had in the past) that relates in any way to the Digital Millennium Copyright Act, including the submission of notices, and any 'take down' policies.<br><br>**Current Notice Topic 36:** Your notices, if any, to Defendants other than the works in suit in this |

| | |
|---|---|
| infringing or leading to infringing files.<br><br>**Stricken Topic 27**: Any and all information related to efforts made by MPAA and/or Plaintiffs to remove or take off the Internet or BitTorrent Network actual files allegedly referenced in torrent files available via the Defendants' Websites. | lawsuit. |

As noted above, the Court struck these topics from the First Deposition Notice, entirely accepting Plaintiffs' arguments as to the lack of relevance of Plaintiffs' decision whether or not to send DMCA notices to Defendants, or Plaintiffs' efforts to "prevent copyright piracy." As Plaintiffs' arguments in favor of striking these topics were categorical, the ruling on the Protective Order applies equally to the Current Notice. First Protective Order Application, at 3-4, 14-16, 19-20.

Defendants' Current Notice Topics 7, 14, and 36[5] are similar to – but even *less relevant than* – the topics subject to the Protective Order. Like Stricken Topics 1, 17, and 27, Defendants again seek discovery on Plaintiffs' efforts to combat online piracy including efforts to send DMCA notices, which all compromise highly confidential internal work product information. *See infra* at 17. Moreover, Defendants (again) seek to address Plaintiffs' internal prevention policies and DMCA notification policies *directed to the entire world*. These topics are broad

---

[5] As Plaintiffs explain below, discovery on Current Notice Topics 14 and 36 is also precluded by Judge Wilson's summary judgment decision and the Ninth Circuit's affirmance holding that Defendants are not entitled to reply on any DMCA defense. *Infra* at 18-19.

1    enough to cover Plaintiffs' internal efforts and strategies to halt online piracy, or

2    decisions to send DMCA requests, to other services like Napster or Limewire.  And

3    Current Notice Topic 36 covers notices with regard to works for which Plaintiffs are

4    not even seeking damages.  These topics implicate highly sensitive internal work

5    product, which has no conceivable relevance to the damages trial.

6            Even evaluated *de novo*, Plaintiffs' current application should be granted

7    because Plaintiffs are under no legal obligation to notify Defendants of infringement

8    and stop Defendants from infringing Plaintiffs' copyrights, and Plaintiffs' antipiracy

9    practices have no bearing on the sole remaining issue in the case:  the amount of

10   statutory damages owned by Defendants.  *Corbis Corp. v. Amazon.com, Inc.*, 351 F.

11   Supp. 2d 1090, 1099 (W.D. Wash. 2004) (Plaintiffs "w[ere] under no obligation to

12   give notice of claimed infringement before filing this suit"); *Viacom Intern. Inc. v.*

13   *YouTube*, *Inc.*, 718 F. Supp. 2d 514, 521 (S.D.N.Y. 2010) (DMCA "does not require

14   use of the notice and take-down procedure . . . copyright owners are not obligated to

15   give notification of claimed infringement in order to enforce their rights") (quoting

16   Senate and House Reports), vacated in part on other grounds, 676 F.3d 19 (2d Cir.

17   2012); *Home Design Services, Inc. v. Trumble*, No. 09-cv-00964-WYD-CBS, 2011

18   WL 843900, at *3 (D. Colo. Mar. 8, 2011) (holding that copyright owner had no

19   duty to preemptively warn individuals not to violate copyright law).

20           c.  Defendants Should Be Precluded From Asking Questions On the Topic

21              Related to Plaintiffs' Alleged Use of BitTorrent Technology.

22           Plaintiffs' Current Notice Topic 9 is virtually identical to two Stricken Topics

23   which are already subject to the Protective Order:

| Previously Stricken or Limited Topics | Topic in Current Notice |
|---|---|
| **Limited Topic 4:** Any and all information related to relations, agreements, and communications with BitTorrent Incorporated or BitTorrent.com or the use of | **Current Notice Topic 9:** Your use of Bit torrent technology to promote Your copyrighted works. |

BitTorrent technology by
plaintiffs and others.

**Limited Topic 5**: Any and all
information related to any plan of
MPAA and/or Plaintiffs to take
advantage of any opportunity
afforded by using BitTorrent
technology.

In the Protective Order, Your Honor precluded questioning on Limited Topics 4 or 5 "except that defendants are permitted to ask questions regarding whether plaintiffs have authorized general or unrestricted distribution or availability over the internet of all or part of plaintiffs' copyrighted works alleged in the Complaint or listed in the attachment to the Complaint (and any others for which plaintiffs are claiming defendants infringed)." Protective Order, at 1. These Topics are virtually identical to Current Notice Topic 9, which seeks discovery on "Your use of Bit torrent technology to promote Your copyrighted works."

Accordingly, the Protective Order applies in full. Defendants already have deposed Plaintiffs' witnesses in this action with respect to the narrowed category allowed by the Court. Plaintiffs have agreed to produce a 30(b)(6) witness to testify about the same topic allowed by the Court with respect to the works at issue during the damages phase of the case. Indeed, the Court specifically contemplated that Plaintiffs should do so in the Protective Order, which permitted such discovery as to "plaintiffs' copyrighted works alleged in the Complaint or listed in the attachment to the Complaint (*and any others for which plaintiffs are claiming defendants infringed*)." Protective Order, at 1.

There is no reason the Court should revisit its prior decision to preclude any further testimony on this issue. In seeking the Protective Order, Plaintiffs explained that they "have never asserted (and in fact have specifically disavowed any

suggestion) that BitTorrent technology itself is somehow unlawful.  This case is about conduct, *defendants' conduct*; not technology."  First Protective Order Application, at 7.  That reasoning is as applicable to the damages phase as it was to the liability phase.

> d. Defendants Should Be Precluded From Asking Questions On The Topics Related to Plaintiffs' Marketing and Distribution Strategies

Ten of Plaintiffs' Current Notice Topics revisit the incredibly broad issue of Plaintiffs' general distribution of content, on which this Court has already granted a protective order:

| Previously Stricken or Limited Topics | Topics in Current Notice |
|---|---|
| **Limited Topic 14:** Any and all information related to agreements, facts, and practices involving the distribution of copyrighted works of any plaintiff through any peer to peer technology over the Internet including but not limited to BitTorrent technology.<br><br>**Stricken Topic 23:** Any and all information related to efforts by MPAA and/or Plaintiffs to investigate, assess, learn about and/or evaluate that the Internet and bit-torrent technology provide budding artists without recording company contracts with an inexpensive vehicle for communicating their work to the public. | **Current Notice Topic 8:**  Your use of the Internet to promote Your copyrighted works.<br><br>**Current Notice Topic 10:** Your plans, and/or the plans of any of Your affiliates, to create a website dedicated to the downloading and/or creation of films available on the Internet.<br><br>**Current Notice Topic 11:** Agreements You have entered that include provisions allowing any person or entity to distribute, sell, license, upload, stream, download and/or reproduce Your copyright works.<br><br>**Current Notice Topic 12:** Agreements You have entered that include provisions allowing any person or entity to distribute, sell, license, upload, stream, download and/or reproduce Your |

1
2

copyrighted works over the Internet.

3
4
5
6
7

**Current Notice Topic 13:** The nature and scope of Your investments in, ownership interests in, revenue sharing and/or other financial arrangements with and/or licenses with any Internet distributors.

8
9
10

**Current Notice Topic 15:** Your business plan(s) relating to the Internet distribution for the allegedly infringed works.

11
12
13
14

**Current Notice Topic 16:** Licensing agreements, arrangements and assignments relating to the allegedly infringed works.

15
16
17

**Current Notice Topic 17:** Distribution of the allegedly infringed works.

18
19
20

**Current Notice Topic 18:** Viral marketing, promotion and exploitation of the allegedly infringed works.

21
22
23
24
25
26

**Current Notice Topic 22:** All proposals, negotiations and agreements, between You and any and all distributors, including relating to the licensing, delivery and/or distribution of works incorporating and/or including works owned or controlled by You.

27
28

As noted above, the Court already ordered that Limited Topic 14 (which addresses Internet distribution) be stricken other than inquiries into whether plaintiffs have authorized general or unrestricted distribution or availability over the internet of all or part of plaintiffs' copyrighted works alleged in the Complaint or listed in the attachment to the Complaint (and any others for which plaintiffs are claiming defendants infringed)." Protective Order, at 1.  The Court ordered that Stricken Topic 23 (which addresses Internet marketing strategy) be stricken in its entirety.

The Court should do the same here:  With regard to Current Notice Topics 11, 12, 16, and 17, Defendants should be precluded from asking any questions except whether plaintiffs have authorized general or unrestricted distribution or availability, which is the same subject Your Honor specifically authorized in the Protective Order, as to all of the Works in Suit. With regard to Current Notice Topics 8, 10, 13, 15, 18, and 22, the Court should strike them completely.

The Protective Order is dispositive and should not be relitigated in the damages phase.  In the Protective Order Application, with regard to Limited Topic 14, Plaintiffs explained that "Defendants already know that they do not have licenses to distribute plaintiffs' copyrighted works.  Unless plaintiffs have granted authorizations for 'general or unrestricted' distribution of their works such that, arguably, the rampant re-distribution of those works by defendants' users could be deemed authorized, plaintiffs' licensing arrangements with others – e.g., whether or not a plaintiff has licensed Apple's iTunes or other legitimate distributors – have no relation to any claim or defense in this action."  First Protective Order Application, at 13.  Plaintiffs also explained that this Court had repeatedly denied discovery on this issue in the *Bunnell* litigation as well.  *Id.* at 12-13.  With regard to Stricken Topic 23, Plaintiffs argued that "the topic, again, impermissibly seeks information about all of BitTorrent technology in general."  *Id.* at 18.  This reasoning applies equally to the damages phase of this case.

Here, Defendants' latest topics are even *less* relevant than the topics which were subject to the Protective Order.  Plaintiffs' Current Notice Topics at issue here cover virtually *all* aspects of *all* of Plaintiffs' internal marketing and distribution strategies regarding the marketing and distribution of thousands of films and television shows.  These Current Notice Topics are broad enough to encompass Plaintiffs' television advertisements (Current Notice Topic 18) and Plaintiffs' contracts with brick-and-mortar video stores (Current Notice Topics 16 and 22).  And they even go beyond marketing and distribution: in Current Notice Topic 10, Defendants inexplicably seek to question Plaintiffs about their "plans" to "create a website" dedicated to, *inter alia*, "creation of films."  Plaintiffs are genuinely at a loss as to the relevance of this topic, but in any event, Defendants' inclusion of this topic is irreconcilable with the Protective Order and, as such, should be stricken.

Even if these topics were not precluded by the existing protective order, Plaintiffs would be entitled to a new protective order.  The only issues remaining in this case are Plaintiffs' ownership of the copyrights on its list of works in suit, whether an American user downloaded each of these works, and Defendants' culpability for purposes of a statutory damages award.  Defendants are entitled to pose questions on whether Plaintiffs authorized, or licensed Defendants, to distribute full length copies of Plaintiffs' copyrighted works; aside from that, however, additional questions about Plaintiffs' distribution and marketing strategies, such as "business plans related to Internet distribution" and "viral marketing," are facially irrelevant to this case.  *Cf. Henley v. DeVore*, 733 F. Supp. 2d 1144, 1162 (C.D. Cal. 2010) (noting irrelevance of Plaintiffs' decisions regarding whether to license copyrighted works).

During the parties' meet-and-confer, Defendants insisted that Plaintiffs produce a Rule 30(b)(6) witness to testify as to whether *any* employee has *ever* distributed a copyrighted work to *anyone* – regardless of whether this distribution was authorized.  This is an overbroad and inappropriate subject for discovery.

There is no dispute that Plaintiffs never licensed Defendants or authorized distribution of their works on Defendants' websites or via the Internet in general. *See* Ex. G (Defs' Statement of Genuine Issues in Opposition to Summary Judgment), at 4-5.  As such, Defendants effectively seek to impose a duty on Plaintiffs to search for a "needle in a haystack" based on the theoretical supposition that some employee may have engaged in some *unauthorized* distribution of one of the thousands of works-in-suit on the Internet.  Moreover, even if Defendants could identify some aberrational instance of the distribution of a dot-torrent file by one of Plaintiffs' employees, this would be only marginally relevant at best because Defendants indexed *numerous* dot-torrent files corresponding to different infringing copies of the vast majority of the Works in Suit.  *See* Plaintiffs' Motion for Summary Judgment on Direct Infringement, ECF # 622, Ward Dec., ¶ 17 ("There are typically many different dot-torrent files for the very same content – sometimes hundreds or even thousands of such files – each corresponding to a different uploader's version of that same content.")  With such minimal benefit and significant burden, a protective order should be granted.  *See In re Marciano*, 708 F.3d 1123, 1129 (9th Cir. 2013) (noting that Fed. R. Civ. P. 26(b)(2)(C)(iii) "require[s] a protective order if the 'burden or expense of the proposed discovery outweighs its likely benefit'").

Finally, Defendants' Current Notice Topics 10, 13, 15, 16, 17, and 18 are inappropriate to the extent that they seek Plaintiffs' confidential commercial information such as internal business strategies for online distribution of major theatrical releases and television programming to the extent they have not been revealed to the public. "Under Federal Rule of Civil Procedure 26(c)(1)(G), the Court has discretion to "requir[e] that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."  Plaintiffs' confidential information plainly falls within Rule 26(c)(1)(G).  *See, e.g.*, *Bauer Bros. LLC v. Nike, Inc.*, No. 09cv500–WQH–BGS,

1  2012 WL 1899838, at *2 (S.D. Cal. May 24, 2012) (noting that "marketing

2  strategies" and "product development plans" are "confidential business materials").

3  Given that the sole issue remaining in this case involves the proper range of

4  statutory damages for the works in suit,  Defendants cannot show *any* relevance to

5  this closely-guarded information, let alone the requisite need for the information that

6  would permit them to take discovery on a Rule 30(b)(6) deposition.

7  **II.    Defendants Should Be Precluded From Asking Questions Foreclosed**

8  **Under the Court's Earlier Rulings**

9  a. <u>Defendants Should be Precluded From Posing Questions On</u>

10  <u>Inducement Liability and DMCA Defenses</u>

11  Defendants have proclaimed in recent filings that they intend to relitigate

12  settled issues such as Defendants' liability for inducement, causation and DMCA

13  defenses.  *See, e.g.*, Defendants' *Ex Parte* Application to Compel Plaintiffs'

14  Responses to Discovery; Memorandum of Points and Authorities, ECF # 615, at 9

15  (stating that Defendants intend "to challenge Plaintiffs' arguments that acts of

16  inducement by Defendants caused particular direct infringements").  And

17  Defendants' Notice includes several topics demonstrating that intent.  Those topics

18  are:

19  **Current Notice Topic 1:**  The facts giving rise to
20  Plaintiffs' complaint in this action.

21  **Current Notice Topic 5:** Any and all infringements that
22  You contend Defendants did not expeditiously remove
    and/or disable access to after such infringement was
23  identified

24  **Current Notice Topic 14:** Any policy, practice or
25  procedure You have (or may have had in the past) that
    relates in any way to the Digital Millennium Copyright
26  Act, including the submission of notices, and any 'take
27  down' policies.

28

- 18 -

**Current Notice Topic 36:** Your notices, if any, to
Defendants other than the works in suit in this lawsuit.

The first of these topics address the facts giving rise to Plaintiffs' complaint, which cover virtually all issues litigated at the liability phase. Defendants already had the opportunity to depose Plaintiffs on these issues, and should not get a second bite at the apple. *See, e.g., Greer v. Electronic Arts, Inc.*, No. C10–3601 RS (JSC), 2012 WL 6131031 (N.D. Cal. Dec. 10, 2012) (declining to permit plaintiff to take supplemental Rule 30(b)(6) deposition at late stage in litigation); *Rush v. Denco Enterprises, Inc.*, No. EDCV 11–0030 DOC (DTBx), 2012 WL 3206674, at *3 (C.D. Cal. Aug. 3, 2012) (noting that "it would be prejudicial to force Plaintiff, who was timely prepared for the summary judgment motion, to eternally relitigate this case after she legitimately prevailed on her dispositive motion.").

Current Notice Topic 5 reflects Defendants' theory that they cannot be liable unless Plaintiffs served notices under the DMCA. *E.g.*, Defs' Mem. in Opp. to Plfs' Mot. for Summary Judgment on Liability, ECF # 296, at 30-31, 37. As noted above, the District Court rejected this argument and the Ninth Circuit affirmed, finding that Defendants could not meet any of the DMCA safe harbor provisions as a matter of law. *Fung II*, 710 F.3d at 1044-46 (emphasis added). Thus, whether Defendants received DMCA notices simply has no bearing on any issues remaining in the case.

Finally, Current Notice Topics 14 and 36 not only cover the issue of DMCA notices on which Defendants have already lost, they cover *extraneous topics* related to DMCA notices: whether *third parties* receive DMCA notices (Current Notice Topic 14) or whether Defendants received DMCA notices with regard to *irrelevant works* that are not part of the damages phase of the case (Current Notice Topic 36). These topics are clearly irrelevant and should be stricken.

b.  <u>Defendants Should be Precluded From Posing Questions On</u>
<u>Affirmative Defenses Relating to Willfulness</u>

Defendants' Current Notice Topic 25 pertains to their affirmative defense of "innocent infringement":

> **Current Notice Topic 25:**  All facts within Your knowledge, possession, custody or control, or to which You reasonably have access, which You may use to refute or that otherwise relate to Defendants' affirmative defense that any alleged infringement by Defendants was innocent.

This topic should be stricken because it seeks that Plaintiffs prepare and produce a witness for a defense that has been adjudicated to be meritless.  At a hearing yesterday on Plaintiffs' pending Summary Judgment Motions, the Court informed the parties that it will grant Plaintiffs' Motion for Summary Judgment, holding as a matter of law that Defendants' conduct was willful and not innocent.  ECF # 561.  As such, Topic No. 25 has been rendered moot.

**III.    Several of Defendants' Remaining Topics Are Irrelevant Or Overbroad**

Plaintiffs also request that several other topics be either stricken or narrowed.

> **Current Notice Topic 20:**  Revenues from the allegedly infringed works.

This topic should be stricken.  Plaintiffs are seeking *statutory* damages, which focus on the Defendants' culpability, not *actual* damages, which focus on the economic effect of the Defendants' actions on the Plaintiffs.  Accordingly, whether *Plaintiffs* are successful in earning revenues from their works is irrelevant to whether *Defendants* are culpable in pirating those works.  Consistent with this reasoning, courts have universally denied discovery on plaintiffs' revenues in statutory damages case.  *See, e.g.*, *Io Group Inc. v. GLBT Ltd.*, No. C–10–01282 MMC (DMR), 2011 WL 3443773, at *3 (N.D. Cal. Aug. 8, 2011) (denying defendants request for discovery into plaintiffs' revenues because: "Defendant has made no showing that the amount of revenues earned by Plaintiffs for any of its

works is relevant to the issue of damages"); *Apple Inc. v. Psystar Corp.*, 673 F. Supp. 2d 926, 928 (N.D. Cal. 2009) (noting that Plaintiff "may elect statutory damages regardless of the adequacy of the evidence offered as to its actual damages and the amount of defendant's profits," and denying discovery into plaintiff's profits because plaintiff "is not obliged to provide proof of its own profits when it has elected to seek statutory damages"); *Arista Records LLC v. Lime Group LLC*, No. 06 CV 5936(KMW), 2011 WL 1486640, at *2 (S.D.N.Y. April 11, 2011) (noting denial of defendants' requests for documents sufficient to show plaintiffs' earned profits because of election of statutory damages, and relying on argument that "allowing discovery into Plaintiffs' profits and costs would be contrary to the very reason that Congress created statutory damages" (quotation marks omitted)).

> **Current Notice Topic 21:** Your organizational structure, including divisions and entities of any kind, and the identity of its officers, directors, and employees.

This topic should be stricken as it is utterly irrelevant to any issues in the case.  Defendants have already had the opportunity to depose Plaintiffs at the liability phase and had every opportunity to pose questions about Plaintiffs' corporate structure.  One month before trial, with the sole remaining issue being Defendants' damages, Defendants should not be permitted to take basic discovery about Plaintiffs' divisions.  *Greer*, 2012 WL 6131031, at *2 (declining to order supplemental 30(b)(6) deposition soon before trial and noting that the court "will not order further discovery just for the sake of ordering further discovery").

Furthermore, this request is overbroad, burdensome, and ambiguous. Defendants do not explain what "entities of any kind" means or how it differs from

"divisions."[6]  And Defendants' 30(b)(6) witnesses clearly cannot be expected to answer questions about each of Plaintiffs' hundreds of thousands of individual employees.  *See Kas v. Mercedes-Benz USA, LLC*, No. CV 11–1032–GHK (PJWx), 2012 WL 473931, at *2 (C.D. Cal. Feb. 1, 2012) (noting Your Honor's decision to limit discovery into grossly overbroad requests regarding corporate structure and employees).

> **Current Notice Topic 23:** All of Your discussions, communications, and contacts of any kind, with any current or former employee of Defendants.

This topic should be stricken as irrelevant or limited.  The remaining issues in this case – direct infringement by third parties of Plaintiffs' copyrighted works, and Defendants' statutory damages – do not turn on Plaintiffs' discussions with Defendants.  To the extent Defendants seek to ascertain whether Plaintiffs have ever licensed Defendants to use to the Works in suit, this topic fails would be limited other than to the extent that "defendant are permitted to ask questions regarding whether plaintiffs have authorized general or unrestricted distribution over the internet of all or part of plaintiffs' copyrighted works . . . for which plaintiffs are claiming defendants infringed."

## IV.   The Court Should Award Plaintiffs Their Costs And Attorneys' Fees

In addition to issuing Plaintiffs' requested Protective Order, the Court should award Plaintiffs their costs and reasonable attorneys' fees incurred in making this application.  The Court awarded costs and reasonable attorneys' fees in connection with the First Protective Order, and it should do so again here.

---

[6] To the extent "entities of any kind" refers to other corporations (such as corporate affiliates or subsidiaries), such discovery has already been precluded by the First Protective Order, which limited the definition of "Plaintiffs" to "the named plaintiffs in this action" rather than other corporations.  First Protective Order, at 2.

1    Plaintiffs are entitled to an award of attorneys' fees and costs unless

2  Defendants' position is "substantially justified."  Fed. R. Civ. P. 26(c)(3), 37(a)(5);

3  *Green v. Baca*, 225 F.R.D. 612, 614-15 (C.D. Cal. 2005).  Here, Defendants'

4  position cannot be said to be substantially justified.  As with Defendants' First

5  Notice, Defendants persist in taking discovery on topics that the Court has already

6  held to be irrelevant.  Indeed, the case for sanctions is even stronger now than it was

7  in connection with the First Protective Order: Whereas Defendants' First Notice was

8  duplicative of topics in a different (though related) case, Defendants' Second Notice

9  is irreconcilable with a Protective Order that has already been issued in this very

10  case.  *See, e.g., Winding v. NDEX West, LLC*, No. 1:10cv02026 AWI DLB, 2011

11  WL 1080650, at *6 (E.D. Cal. 2011) (finding arguments to be not substantially

12  justified because party "reassert[ed] . . . arguments already found lacking by the

13  court").  Accordingly, the Court should award Plaintiffs attorneys' fees and costs.

## CONCLUSION

15    For the foregoing reasons, a protective order in the form of the proposed order

16  should be granted, and Plaintiffs should be awarded their costs and reasonable

17  attorneys' fees incurred in making this application.

1     Dated:  October 1, 2013                Respectfully submitted,

2                                            JENNER & BLOCK LLP

3
                                             By: /s/ Gianni Servodidio
4                                            Gianni Servodidio

5
                                             STEVEN B. FABRIZIO
6                                            GIANNI P. SERVODIDIO
                                             KENNETH L. DOROSHOW
7                                               JENNER & BLOCK LLP

8
                                             KAREN R. THORLAND
9                                            FARNAZ M. ALEMI
                                                MOTION PICTURE ASSOCIATION OF
10                                              AMERICA
                                             15301 Ventura Boulevard
11                                           Building E
                                             Sherman Oaks, CA 91403
12

13
                                             *Attorneys for Plaintiffs*
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EX PARTE APPLICATION
RE RULE 30(b)(6) DEPOSITION