JENNER & BLOCK LLP
STEVEN B. FABRIZIO (*pro hac vice*)
  sfabrizio@jenner.com
KENNETH L. DOROSHOW (*pro hac vice*)
  kdoroshow@jenner.com
1099 New York Avenue, N.W.
Suite 900
Washington, D.C.  20001
Telephone:  (202) 639-6000
Facsimile:  (202) 661-4823

GIANNI P. SERVODIDIO (*pro hac vice*)
  gps@jenner.com
919 Third Avenue
38th Floor
New York, NY 10022
Telephone:  (212) 891-1600
Facsimile:  (212) 891-1699

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLUMBIA PICTURES INDUSTRIES, INC., *et. al.* <br><br> *Plaintiffs*, <br><br> v. <br><br> GARY FUNG, *et. al.* <br><br> *Defendants*. | Case No. CV-06-05578 SVW (JCx) <br><br> **PLAINTIFFS' SUPPLEMENTAL RESPONSE IN OPPOSITION TO DEFENDANTS'** ***EX PARTE*** **APPLICATION TO COMPEL PLAINTIFFS' RESPONSES TO DISCOVERY** <br><br> Pretrial Conference Date: Oct. 28, 2013 <br><br> Trial Date: Nov. 5, 2013 |

Last week, Defendants rushed to the Court, moving to compel discovery on a host of issues about which they had not yet met and conferred with Plaintiffs. *See* Defs.' *Ex Parte* Application to Compel Pls.' Responses to Discovery (ECF No. 615). Plaintiffs immediately filed a response advising the Court that Defendants had failed to meet and confer with Plaintiffs and that many of the issues raised by Defendants could be resolved without Court intervention. (ECF No. 616). Plaintiffs submit this Supplemental Response in Opposition to Defendants' *Ex Parte* Application in order to update the Court about several recent developments that have mooted or narrowed the discovery issues on which Defendants prematurely moved:

    1.    <u>The Parties Met and Conferred</u>: As Plaintiffs predicted in their earlier response to Defendants' *Ex Parte* Application, the issues Defendants raised were "precisely the sort of issues that discussion among counsel could resolve or narrow." Pls. Opp. at 1 (ECF No. 616). At Plaintiffs' initiative,[1] the parties met and conferred telephonically on Thursday, September 25, 2013, regarding the discovery at issue in the *Ex Parte* Application. The parties were able to narrow several issues, and—subsequent to their meeting—counsel have continued to exchange emails, further clarifying their positions and narrowing any remaining areas of disagreement. *See* Exhibit B attached hereto. Defendants have yet to respond to Plaintiffs' latest communication regarding these issues. *See id.*

    2.    <u>Plaintiffs' Additional Productions Have Mooted Certain Requests</u>: As Plaintiffs advised the Court and Defendants, Plaintiffs intended to make a "substantial part" of their production to Defendants on September 19, 2013, followed by further productions "shortly after." *See* Pls.' Opp. at 5 n.3 (quoting

---

[1] The September 25, 2013 email from Gianni P. Servodidio to Defendants' counsel, reiterating Plaintiffs' willingness to meet and confer in order to narrow the issues in dispute, is attached hereto as Exhibit A.

hearing transcript). Plaintiffs have done exactly that. Plaintiffs made supplemental productions to Defendants on September 24, 25, 26, 27, 29, and 30, 2013. Exhibit C attached hereto reflects those productions. Plaintiffs have now produced all copyright registration certificates and chain of title documents for the works for which they intend to seek statutory damages at the upcoming trial (the "Works-in-Suit"),[2] as well as available discovery related to Defendants' users' direct infringements of the Works-in-Suit. This discovery comprises all or a substantial part of Defendants' Requests for Production Nos. 96-111 and Interrogatories Nos. 10-16. As a result, Defendants' *Ex Parte* Application, as filed, is now effectively moot with respect to these issues.

3. <u>The Parties Have Resolved Other Disputes In Part</u>: As Plaintiffs believed would be the case, the parties have been able to narrow and eliminate certain aspects of other disputes. For instance:

- Defendants' *Ex Parte* Application asked the Court to compel production of additional information about the Works-in-Suit in order to help Defendants identify these works. *See* Defs.' *Ex Parte* App. at 3-4 (requesting, *e.g.*, that Plaintiffs add "the copyright registration number, the date of registration, and the name of the copyright registrant" to their Works-in-Suit list). Although the copyright registrations themselves provide Defendants with the information they seek, Plaintiffs have provided Defendants with an Exhibit as part of their filing with the Court on Monday identifying the copyright registration number for each work in suit upon which they intend to seek damages under the current schedule. *See, e.g.*, Decl. Francis J. Aul, dated

---

[2] Plaintiffs intend to seek statutory damages on 3,947 works. *See* Plfs. Mem of Law in Supp. of Mot. For Summ. J. On Copyright Ownership, Causation, and Direct Infringement at 1 & n.1.

Sept. 30, 2013, at Ex 1. This agreement resolves, in part, Defendants' contentions regarding Plaintiffs' responses Interrogatory No. 10 and Request No. 95.

- Based on discussions with Defendants' counsel, Plaintiffs also produced a subset of Defendants' website Server Log Data, which includes only U.S. download events for the dot-torrent files produced by Plaintiffs to date. Plaintiffs have also provided Defendants with a spreadsheet identifying: (i) "exemplar" dot-torrent files associated with Plaintiffs' works; and (ii) associated U.S. download event counts for those dot-torrent files. Although Plaintiffs were under no obligation to parse Defendants' own server log data for them, Plaintiffs agreement to do so to this extent resolves, in part, Defendants' arguments regarding the specificity of Plaintiffs' responses with regard to acts of direct infringement. *See* Defs.' *Ex Parte* App. at 9-12 (regarding Interrogatories Nos. 11-15 and Document Requests Nos. 102-11).

- Plaintiffs have offered to amend their responses to Interrogatories Nos. 17 and 18 in order to address concerns raised by Defendants during the meet and confer. Plaintiffs are awaiting a response from Defendants regarding the same.

In light of the foregoing developments, Plaintiffs respectfully request that the Court direct Defendants to complete their meet and confer process with Plaintiffs and revise and re-file their *Ex Parte* Application to: (1) include only those Requests and Interrogatories about which disputes remain; and (2) clarify which arguments are still at issue as to those Requests and Interrogatories. Proceeding in this way will obviate the need to parse through Defendants' now largely outdated *Ex Parte* Application to determine which issues have been resolved in whole or in part and to address any remaining areas of dispute based on an appropriate record.

Plaintiffs are prepared to oppose Defendants' re-filed Application following the provisions set forth in the parties' joint stipulation regarding briefing schedules for *ex parte* applications and the Court's recent order regarding same. *See* Joint Stipulation (ECF No. 611).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' *Ex Parte* Application to Compel Plaintiffs' Responses to Discovery, and direct Defendants to complete their meet and confer with Plaintiffs on any outstanding issues re-file this Application, if necessary, to the extent that disputes still remain.

Dated: October 2, 2013

Respectfully submitted,

JENNER & BLOCK LLP

By: /s/ Gianni P. Servodidio
    Gianni P. Servodidio

STEVEN B. FABRIZIO
GIANNI P. SERVODIDIO
KENNETH L. DOROSHOW
   JENNER & BLOCK LLP

KAREN R. THORLAND
FARNAZ M. ALEMI
   MOTION PICTURE ASSOCIATION
   OF AMERICA
15301 Ventura Boulevard
Building E
Sherman Oaks, CA 91403

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 2, 2013, a copy of the foregoing Plaintiffs' Supplemental Response in Opposition to Defendants' *Ex Parte* Application to Compel Plaintiffs' Responses to Discovery was sent electronically to the attorneys listed below. A copy was also hand delivered to Mr. Elkin.

| | |
|---|---|
| Ira P. Rothken<br>Jared R. Smith<br>Rothken Law Firm LLP<br>3 Hamilton Landing<br>Suite 224<br>Novato, CA 94949 | Erin R. Ranahan<br>Winston and Strawn LLP<br>333 South Grand Avenue 38th Floor<br>Los Angeles, CA 90071-1543 |
| Jennifer A. Golinveaux<br>Robb Christopher Adkins<br>Thomas James Kearney<br>Winston and Strawn LLP<br>101 California Street Suite 3900<br>San Francisco, CA 94111-5802 | Michael S. Elkin<br>Thomas P. Lane<br>Winston and Strawn LLP<br>200 Park Avenue<br>New York, NY 10166 |

*Attorneys for Defendants*

_/s/ Emily Chapuis_
Emily Chapuis