JENNER & BLOCK LLP
STEVEN B. FABRIZIO (*pro hac vice*)
 sfabrizio@jenner.com
KENNETH L. DOROSHOW (*pro hac vice*)
 kdoroshow@jenner.com
1099 New York Avenue, N.W.
Suite 900
Washington, D.C. 20001
Telephone: (202) 639-6000
Facsimile: (202) 661-4823

GIANNI P. SERVODIDIO (*pro hac vice*)
 gps@jenner.com
919 Third Avenue, 37th Floor
New York, NY 10022
Telephone: (212) 891-1600
Facsimile: (212) 891-1699

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLUMBIA PICTURES INDUSTRIES, INC., *et. al.* <br><br> Plaintiffs, <br><br> v. <br><br> GARY FUNG, *et. al.* <br><br> Defendants. | Case No. CV-06-05578 SVW (JCx) <br><br> **DISCOVERY MATTER** <br><br> **The Honorable Jacqueline Chooljian** <br><br> **DECLARATION OF GIANNI P. SERVODIDIO PURSUANT TO COURT'S SEPTEMBER 13, 2013 ORDER** <br><br> Trial Date: Nov. 5, 2013 |

1     I, Gianni P. Servodidio, hereby declare, under oath, as follows:

2         1.    I am a partner at the law firm of Jenner & Block LLP, resident in its

3    New York, N.Y. office, and counsel to the plaintiffs Columbia Pictures Industries,

4    Inc., Disney Enterprises, Inc., Paramount Pictures Corporation, TriStar Pictures,

5    Inc., Twentieth Century Fox Film Corporation, Universal City Studios LLLP,

6    Universal City Studios Productions LLLP, and Warner Bros. Entertainment Inc.

7    ("plaintiffs") in this case.  I have been admitted to practice before this Court *pro hac*

8    *vice*.  The statements made in this declaration are based on my personal knowledge

9    and upon information provided by my colleagues working with me on this case.  If

10   called to testify as a witness, I would testify as follows:

11        2.    I am submitting this declaration pursuant to the Order of the Court

12   given at the conference held on September 13, 2013, ordering the plaintiffs to

13   provide evidentiary support for the fees expended in pursuit of plaintiffs' Ex Parte

14   Application for Evidentiary Sanctions for Violation of Court's June 8 and August 10

15   Orders – Fees Requested ("plaintiff's Application") no later than October 4, 2013.

16        3.    As the Court is aware, Steven B. Fabrizio and I have been closely

17   involved in the matters at issue in this case, including negotiations and discovery

18   motions.  In August and September 2007, our then-associates Matthew W. Alsdorf,

19   Michelle A. Groman, Brian Hauck, Elizabeth Valentina, and Sami J. Valkonen

20   participated in various tasks (described below) associated with plaintiff's

21   Application and the connected briefs and hearing, as well as an "Objection" to the

22   Court's September 19, 2007 Report and Recommendation ("Report").  Mark R.

23   Scholl is a paralegal who provided support in preparation for the hearing before this

24   Court on September 17, 2007.  Thomas A. Bousnakis is an associate who assisted in

25   drafting this application for fees.  Given my involvement in this case and my close

26   collaboration with colleagues, I have personal knowledge of the time incurred in

27   connection with this motion.

28

SERVODIDIO DECL. IN FURTHER SUPPORT
OF PLAINTIFFS' *EX PARTE* APPLICATION
FOR EVIDENTIARY SANCTIONS

4.      In our efforts to secure defendants' compliance with this Court's August 10, 2007 Order and, following defendants' failure to comply, obtain sanctions for defendants' misconduct, counsel for plaintiffs undertook the following tasks: (a) research, drafting, and communicating with regard to the preparation of plaintiffs' Application, the supporting declaration, and the exhibits attached thereto; (b) research related to and preparation of a reply in support of plaintiffs' Application, the supporting declaration, and the exhibits attached thereto; (c) research and preparation for the hearing before this Court on September 17, 2007; (d) research, drafting, and communicating with regard to plaintiffs' Objection to this Court's Report; and (e) preparation of this fee application.  Each of these tasks is described in more detail below, and the attorneys' time is then itemized for each.

5.      *Research, drafting, and communicating with regard to plaintiff's Application, the supporting declaration, and the exhibits attached thereto.* Following this Court's August 10, 2007 Order, plaintiffs initiated communications with defendants to facilitate the document production required by the Order.  When it became clear that compliance would not be forthcoming, we began preparing an ex parte application.  Because many of the issues arose out of Orders that had already been fully briefed, to some extent, plaintiffs were able to rely on analyses previously undertaken.  The following table sets forth the time spent by each timekeeper in tasks directly related to analyzing the defendants' non-compliance, conducting legal research, and preparing the application and supporting documents:

| Timekeeper | Description | Time |
|---|---|---|
| S. Fabrizio | Review Court's Aug. 10 order granting plaintiffs' ex parte application to enforce orders (and for sanctions); e-mails with team re same; multiple e-mails with I. Rothken re compliance with same; review and edit motion for evidentiary sanctions. | 6.0 |

SERVODIDIO DECL. IN FURTHER SUPPORT
OF PLAINTIFFS' *EX PARTE* APPLICATION
FOR EVIDENTIARY SANCTIONS

| G. Servodidio | Revised ex parte application and declaration requesting evidentiary sanctions; conferred with S. Fabrizio and K. Pagnanelli re ex parte application and request for sanctions. | 5.0 |
| E. Groman | Drafted motion for evidentiary sanctions re tracker server log data, including conference with G. Servodidio; coordinated filing of ex parte application re evidentiary sanctions. | 14.1 |
| S. Valentina | Reviewed S. Fabrizio correspondence re court orders for evidentiary sanctions and correspondence with defendants' counsel for producing outstanding materials. | 1.0 |

6.    *Research related to and preparation of a reply in support of plaintiffs' Application, the supporting declaration, and the exhibits attached thereto.* Defendants' opposition to plaintiffs' Application contained numerous misstatements and misleading arguments and attempted to re-litigate this Court's June 8th and August 10th Orders. Accordingly, a substantive reply and supporting declaration were necessary. The following table sets forth the time we spent in addressing defendants' opposition papers.

| Timekeeper | Description | Time |
| S. Fabrizio | Multiple e-mails to G. Servodidio outlining and discussing reply re motion for evidentiary sanctions; review/edit draft reply re motion for evidentiary sanctions. | 3.0 |
| G. Servodidio | Reviewed opposition to ex parte application for evidentiary sanctions; corresponded with opposing counsel re violations of discovery orders; drafted reply in support of motion for evidentiary sanctions; revised same. | 17.0 |
| M. Groman | Drafted reply re ex parte re evidentiary sanctions; conferred with G. Servodidio re same; prepared materials for filing; coordinated filing of reply re ex parte application for evidentiary sanctions; edited and reviewed same. | 7.1 |
| S. Valentina | Reviewed defendants' materials filed in | 1.0 |

SERVODIDIO DECL. IN FURTHER SUPPORT
OF PLAINTIFFS' *EX PARTE* APPLICATION
FOR EVIDENTIARY SANCTIONS

| | opposition to application for evidentiary sanctions. | |
|---|---|---|

7.      *Research and preparation for the hearing before this Court on September 17, 2007.*  On September 12, 2007, this Court directed the parties to appear for a hearing regarding plaintiffs' Application on September 17, 2007.  The following table sets forth the time we spent preparing for and attending that telephonic hearing.

| Timekeeper | Description | Time |
|---|---|---|
| S. Fabrizio | Review Magistrate Judge Choolijan's order to appear for hearing on evidentiary sanctions motion; e-mails with team re same; telephone call with G. Servodidio re hearing on motion for evidentiary sanctions; prepare for and appear at hearing (telephonic) before Judge Chooljian; telephone call with K. Pagnanelli re "report and recommendation" process. | 6.2 |
| G. Servodidio | Prepared for and participated in telephonic hearing on motion for evidentiary sanctions. | 5.0 |
| M. Groman | Researched scope of sanctions issue in preparation for evidentiary sanctions hearing. | 0.6 |
| S. Valkonen | Prepared materials for S. Fabrizio for hearing on evidentiary sanctions. | 2.5 |
| M. Scholl | Reviewed e-mails and court docket for documents leading to 6/8/07 and 8/10/07 court orders for use at hearing on Motion for Evidentiary Sanctions, as requested by S. Valkonen and S. Fabrizio. | 1.0 |

8.      *Research, drafting, and communicating with regard to plaintiffs' Objection to this Court's Report and Recommendations.*   On September 19, 2007, this Court issued its Report.  In response, plaintiffs prepared and filed an "Objection" to clarify an undisputed factual error that resulted in the exclusion of the Ioshunt website from the Court's Report.  The following table sets forth the time we spent preparing for and drafting this Objection.

SERVODIDIO DECL. IN FURTHER SUPPORT
OF PLAINTIFFS' *EX PARTE* APPLICATION
FOR EVIDENTIARY SANCTIONS

| Timekeeper | Description | Time |
|---|---|---|
| S. Fabrizio | Review and analyze Magistrate Judge order granting motion re evidentiary sanctions and issuing report and recommendation re same; conference and e-mails with M. Groman re objection to report and recommendation re evidentiary sanctions; review draft objections to report and recommendation re evidentiary sanctions; prepare edits and comments re same; telephone conferences (multiple) with M. Groman re same and re filing logistics. | 4.9 |
| G. Servodidio | Reviewed order granting evidentiary sanctions. | 0.5 |
| B. Hauck | Reviewed order re report and recommendation for evidentiary sanctions. | 0.7 |
| M. Groman | Reviewed Court's order re evidentiary sanctions motion; drafted objections to Court's order re evidentiary sanctions, which included conferences with S. Fabrizio, K. Truelove, B. Ward, and J. Emerson; emailed S. Fabrizio re same; reviewed draft objections; prepared edits and comments re same, which included conference with S. Fabrizio; coordinated edits and filing of same, which included conferences with S. Fabrizio, J. Emerson, E. Horowitz, Thorland, and Valkonen. | 27.4 |
| S. Valentina | Reviewed order re evidentiary sanctions. | 0.3 |
| M. Alsdorf | Coordinated filing and service of documents. | 1.0 |

9.    *Preparing this fee application.*  An award of fees appropriately includes the fees and costs associated with the fee application. *Holland v. Roeser*, 37 F.3d 501, 503-04 (9th Cir. 1994); *Vestin Realty Mort. II, Inc. v. Klaas,* No. 08-CV-2011 AJB,  2013 WL 1411852, at *10 (S.D. Cal. Apr. 8, 2013).  The following table sets forth the time we spent preparing this fee declaration:

| Timekeeper | Description | Time |
|---|---|---|
| G. Servodidio | Reviewed and revised draft declaration. | 1.0 |
| T. Bousnakis | Prepared declaration re attorneys' fees re ex | 6.7 |

SERVODIDIO DECL. IN FURTHER SUPPORT
OF PLAINTIFFS' *EX PARTE* APPLICATION
FOR EVIDENTIARY SANCTIONS

| | parte application to enforce Court orders; met with G. Servodidio re: same; conferred with A. Wright re: same; revised same. | |
|---|---|---|

10.     We have been conservative in estimating the time incurred in connection with the above-referenced tasks.   We have not included the time of other Jenner & Block attorneys whom we consulted in the preparation process.

11.     We note that defendants in the past have objected to the time spent by plaintiffs' counsel in drafting their motion and supporting declarations submitted to this Court.  This is without merit.  We are very much mindful of our obligation to undertake careful factual and legal analyses of the issues in order to ensure the accuracy of our representations to this Court.  This necessitates considerable time and review not only because of the nature of the issues in dispute, but also because defendants have demonstrated a much more cavalier view of their duty of candor to the Court with respect to key factual issues.  It is far easier and takes less time to make a conclusory representation in a declaration or brief than it is to conclusively establish the falsity of such representation with detailed testimony and analysis.  We respectfully submit that such due care in submitting legal filings is consistent with the Federal and Local Rules, and the time taken to ensure the accuracy of both the substance and form of filings and to rebut false allegations by one's adversary should be taken into account in the assessment of reasonable attorneys' fees.

12.     In the past, defendants have also objected to plaintiffs' fee applications on the grounds that some of the time entries are duplicative.  This is not accurate.  Our practice – which I understand is consistent with most major law firms – is generally for a more junior attorney at a lower billing rate to prepare the initial drafts of motions and declarations and to conduct the appropriate legal research in light of initial guidance from a more experienced senior attorney.  This initial guidance is not a substitute, however, for further review, refinement, and input by

1   the supervising partners on the case.  In this case, the work between the junior

2   associates and partners is collaborative and the tasks taken by the attorneys,

3   although descriptively similar, are not overlapping and, in fact, result in a lower fee

4   than if the senior attorney drafted the motions and supporting declarations in their

5   entirety.

6          13.    In order to facilitate the Court's review of the instant application,

7   plaintiffs have presented the time by timekeeper for each of the major tasks

8   undertaken, with a description of the work performed.  This level of detail provides

9   the Court the information needed to determine "the number of hours reasonably

10   expended on the [motion] multiplied by a reasonable hourly rate," *Hensley v.*

11   *Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939 (1983), which the Supreme

12   Court finds "[t]he most useful starting point for determining the amount of a

13   reasonable fee." *Id.*; *see also PLCM Group, Inc. v. David Drexler*, 95 Cal.Rptr.2d

14   198, 198, 997 P.2d 551 (Cal. 2000) ("The fee setting inquiry in California ordinarily

15   begins with the "lodestar," i.e., the number of hours reasonably expended multiplied

16   by the reasonable hourly rate").  Notwithstanding the sufficiency of this

17   presentation, plaintiffs also are attaching herewith as <u>Exhibit A</u> detailed descriptions

18   of each timekeeper's work.

19          14.    I was admitted to the bar of the state of New York in 1994, and in 2007

20   my hourly fee actually charged to the plaintiffs, after discounts, was $495; my

21   present hourly fee actually charged to the plaintiffs, after discounts, is $630.  Steven

22   B. Fabrizio was admitted to the bar of the state of New York in 1989 and the bar of

23   the District of Columbia in 1993, and in 2007 his hourly fee actually charged to the

24   plaintiffs, after discounts, was $517.50.  Matthew W. Alsdorf was admitted to the

25   bar of New York in 2005, and in 2007 his hourly fee actually charged to the

26   plaintiffs, after discounts, was $292.50.  Thomas A. Bousnakis was admitted to the

27   bar of Illinois in 2011, and his present hourly fee actually charged to plaintiffs, after

28

discounts, is $441.87. Michelle A. Groman was admitted to the bar of the District of Columbia in 2007, and in 2007 her hourly fee actually charged to the plaintiffs, after discounts, was $270. Brian Hauck was admitted to the bars of Wisconsin and the District of Columbia in 2001, and in 2007 his hourly fee actually charged to the plaintiffs, after discounts, was $360. Elizabeth Valentina was admitted to the bar of California in 2005, and in 2007 her hourly fee actually charged to the plaintiffs, after discounts, was $292.50. Sami J. Valkonen was admitted to the bar of New York in 2006, and in 2007 his hourly fee actually charged to the plaintiffs, after discounts, was $270. Mark Scholl is a paralegal, and in 2007 his hourly fee actually charged to the plaintiffs, after discounts, was $220.50.

15. It is my understanding that the billing rates for Jenner & Block LLP representing plaintiffs in this case are consistent with rates charged by firms with comparable experience engaged in intellectual property litigation located in Los Angeles, California.

16. Based on the above tables and the foregoing rates, the cost of the above-referenced attorneys incurred as a direct result of the application can be summarized as follows:

| Timekeeper | Time | Hourly Fee | Total Charge |
|---|---|---|---|
| S. Fabrizio | 20.1 | $517.50 | $10,401.75 |
| G. Servodidio (2007) | 27.5 | $495.00 | $13,612.50 |
| G. Servodidio (2013) | 1.0 | $630.00 | $630.00 |
| M. Alsdorf | 1.0 | $292.50 | $292.50 |
| T. Bousnakis | 6.7 | $441.87 | $2,960.53 |
| M. Groman | 49.2 | $270.00 | $13,284.00 |
| B. Hauck | 0.7 | $360.00 | $252.00 |
| E. Valentina | 2.3 | $292.50 | $672.75 |
| S. Valkonen | 2.5 | $270.00 | $675.00 |
| M. Scholl | 1.0 | $220.50 | $220.50 |
| TOTAL | | | $43,001.53 |

SERVODIDIO DECL. IN FURTHER SUPPORT
OF PLAINTIFFS' *EX PARTE* APPLICATION
FOR EVIDENTIARY SANCTIONS

1        This amount does not take into account various costs such project assistant

2    and secretarial costs, as well as mailing, telephone, filing, and similar office costs.

3

4        I declare under the penalty of perjury that the foregoing is true and correct as

5    of this 4th day of October 2013.

6

7                               _____

8                               Gianni P. Servodidio

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SERVODIDIO DECL. IN FURTHER SUPPORT
OF PLAINTIFFS' *EX PARTE* APPLICATION
FOR EVIDENTIARY SANCTIONS

# EXHIBIT A

# ITEMIZATION FOR FABRIZIO

| PREPARATION OF APPLICATION | | |
|---|---|---|
| **Date** | **Description** | **Time** |
| 8/10/07 | Review Court's Aug. 10 order granting plaintiffs' ex parte to enforce orders (and for sanctions); e-mails with team re same; e-mails with I. Rothken re compliance with same. | 1.0 |
| 8/11/07 | Review and respond to e-mails (multiple) with I. Rothken re defendants' compliance with Court's August 10 Order. | 0.5 |
| 8/21/07 | Review and edit motion for evidentiary sanctions; e-mails with team re same. | 4.5 |
| PREPARATION OF REPLY | | |
| **Date** | **Description** | **Time** |
| 8/23/07 | E-mail to G. Servodidio outlining reply re motion for evidentiary sanctions. | 0.5 |
| 8/24/07 | E-mails with G. Servodidio re reply re motion for evidentiary sanctions. | 0.5 |
| 8/26/07 | Review/edit draft reply re motion for evidentiary sanctions; e-mail with G. Servodidio re same. | 2.0 |
| PREPARATION FOR HEARING | | |
| **Date** | **Description** | **Time** |
| 9/12/07 | Review Magistrate Judge Choolijan's order to appear for hearing on evidentiary sanctions motion; e-mails with team re same. | 0.5 |
| 9/14/07 | Attn. to planning for 9/17/07 hearing before Judge Choolijan re plaintiff's motion for evidentiary sanctions. | 0.7 |

| 9/17/07 | Telephone call with G. Servodidio re hearing on motion for evidentiary sanctions; prepare for and appear at hearing (telephonic) before Judge Chooljian re plaintiff's motion for evidentiary sanctions; telephone call with K. Pagnanelli re "report and recommendation" process. | 5.0 |
|---|---|---|
| **PREPARATION OF OBJECTION** | | |
| **Date** | **Description** | **Time** |
| 9/19/07 | Review and analyze Magistrate Judge order granting motion re evidentiary sanctions and issuing report and recommendation re same. | 0.5 |
| 9/20/07 | Conference and e-mails with M. Groman re objection to report and recommendation re evidentiary sanctions. | 0.7 |
| 9/27/07 | Review draft objections to report and recommendation re evidentiary sanctions; prepare edits and comments re same. | 3.0 |
| 9/28/07 | Draft objections re: report and recommention re evidentiary sanctions, which included conferences with M. Groman re drafting and logistics. | 0.7 |

# ITEMIZATION FOR SERVODIDIO

| PREPARATION OF APPLICATION | | |
|---|---|---|
| **Date** | **Description** | **Time** |
| 8/21/07 | Revised ex parte application and declaration requesting evidentiary sanctions, which included conferences with S. Fabrizio and K. Pagnanelli. | 5.0 |
| **PREPARATION OF REPLY** | | |
| **Date** | **Description** | **Time** |
| 8/23/07 | Reviewed opposition to ex parte application for evidentiary sanctions; corresponded with opposing counsel re violations of discovery orders. | 2.0 |
| 8/24/07 | Drafted reply in support of motion for evidentiary sanctions. | 4.5 |
| 8/26/07 | Drafted and revised reply and supporting declaration in support of motion for evidentiary sanctions. | 5.0 |
| 8/27/07 | Revised reply in support of request for sanctions. | 5.5 |
| **PREPARATION FOR HEARING** | | |
| **Date** | **Description** | **Time** |
| 9/17/07 | Prepared for and participated in telephonic hearing on motion for evidentiary sanctions. | 5.0 |
| **PREPARATION OF OBJECTION** | | |
| **Date** | **Description** | **Time** |
| 9/19/07 | Reviewed order granting evidentiary sanctions. | 0.5 |

| PREPARATION OF THIS FEE APPLICATION | | |
| --- | --- | --- |
| Date | Description | Time |
| 10/3/2013 | Reviewed and revised Declaration in Support of attorneys fees re: 2007 Application for Evidentiary Sanctions. | 1.0 |

## ITEMIZATION FOR ALSDORF

| PREPARATION OF OBJECTION | | |
|---|---|---|
| **Date** | **Description** | **Time** |
| 9/28/07 | Coordinated filing and service of documents. | 1.0 |

## COMPLIANCE WITH COURT ORDERS
## ITEMIZATION FOR BOUSNAKIS

| PREPARATION OF THIS FEE APPLICATION | | |
|---|---|---|
| **Date** | **Description** | **Time** |
| 10/02/13 | Drafted declaration re: fee application; met with G. Servodidio re: same; conferred with A. Wright re: same; drafted exhibit re: same. | 4.6 |
| 10/3/13 | Revised draft declaration re: fee application; determined fees charged in 2007. | 1.0 |
| 10/4/13 | Revised and coordinated filing of declaration re: fee application. | 1.1 |

# ITEMIZATION FOR GROMAN

| PREPARATION OF APPLICATION | | |
|---|---|---|
| **Date** | **Description** | **Time** |
| 8/20/07 | Ddrafted motion for evidentiary sanctions re tracker server log data, which included conference with G. Servodidio. | 7.1 |
| 8/21/07 | Drafted, edited, and coordinated filing of ex parte re evidentiary sanctions; telephone conference with E. Horowitz re possible declaration re ex parte re evidentiary sanctions. | 7.0 |
| PREPARATION OF REPLY | | |
| **Date** | **Description** | **Time** |
| 8/23/07 | Drafted reply re ex parte re evidentiary sanctions; conferred with G. Servodidio re same. | 2.0 |
| 8/27/07 | Coordinated filing of reply re ex parte application for evidentiary sanctions; edited and reviewed same. | 5.1 |
| PREPARATION FOR HEARING | | |
| **Date** | **Description** | **Time** |
| 9/17/07 | Researched scope of sanctions issue in preparation for evidentiary sanctions hearing. | 0.6 |
| PREPARATION OF OBJECTION | | |
| **Date** | **Description** | **Time** |
| 9/19/07 | Reviewed Court's order re evidentiary sanctions motion. | 0.5 |

| 9/20/07 | Drafted objections to evidentiary sanctions report and recommendation, which included conferences with S. Fabrizio, K. Truelove, B. Ward, and K. Pagnanelli. | 4.5 |
|---|---|---|
| 9/21/07 | Drafted materials re objection to magistrate judge's report and recommendation on evidentiary sanctions, which included conference with K. Truelove. | 4.5 |
| 9/24/07 | Conferred with J. Emerson re objection to magistrate judge's report and recommendation. | 0.7 |
| 9/25/07 | Edited and drafted materials for objection to magistrate judge's report and recommendation re evidentiary sanctions, which included conferences with K. Pagnanelli and J. Emerson. | 8.5 |
| 9/26/07 | Emailed S. Fabrizio re filing of objection to report and recommendation. | 0.4 |
| 9/27/07 | Drafted materials re objection to magistrate judge's report and recommendation re evidentiary sanctions, which included conference with S. Fabrizio . | 4.0 |
| 9/28/07 | Coordinated edits and filing of objection to magistrate judge's report and recommendation re evidentiary sanctions, which included conferences with S. Fabrizio, J. Emerson, E. Horowitz, K. Thorland, and S. Valkonen. | 4.3 |

## ITEMIZATION FOR HAUCK

| PREPARATION OF OBJECTION | | |
|---|---|---|
| **Date** | **Description** | **Time** |
| 9/19/07 | Reviewed order re report and recommendation for evidentiary sanctions. | 0.7 |

# ITEMIZATION FOR VALENTINA

| PREPARATION OF APPLICATION | | |
|---|---|---|
| **Date** | **Description** | **Time** |
| 8/10/07 | Reviewed S. Fabrizio correspondence re court orders for evidentiary sanctions and correspondence with defendants' counsel for producing outstanding materials. | 1.0 |
| PREPARATION OF REPLY | | |
| **Date** | **Description** | **Time** |
| 8/23/07 | Reviewed defendants' materials filed in opposition to application for evidentiary sanctions. | 1.0 |
| PREPARATION OF OBJECTION | | |
| **Date** | **Description** | **Time** |
| 9/19/07 | Reviewed order re evidentiary sanctions. | 0.3 |

## ITEMIZATION FOR VALKONEN

| PREPARATION FOR HEARING | | |
|---|---|---|
| **Date** | **Description** | **Time** |
| 9/13/07 | Prepared materials for S. Fabrizio for hearing on evidentiary sanctions. | 2.5 |

# ITEMIZATION FOR SCHOLL

| PREPARATION FOR HEARING | | |
|---|---|---|
| **Date** | **Description** | **Time** |
| 9/13/07 | Reviewed e-mails and court docket for documents leading to 6/8/07 and 8/10/07 court orders, for use at hearing on Motion for Evidentiary Sanctions, as requested by S. Valkonen and S. Fabrizio. | 1.0 |