Michael S. Elkin (admitted *pro hac vice*)
melkin@winston.com
Thomas Patrick Lane (admitted *pro hac vice*)
tlane@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York  10166
Telephone:  (212) 294-6700
Facsimile:  (212) 294-4700

Ira P. Rothken (SBN: 160029)
ira@techfirm.net
Jared R. Smith (SBN: 130343)
jared@techfirm.net
**ROTHKEN LAW FIRM**
3 Hamilton Landing, Suite 280
Novato, CA 94949
Telephone:  (415) 924-4250
Facsimile:  (415) 924-2905

Jennifer A. Golinveaux (SBN: 203056)
jgolinveaux@winston.com
Thomas J. Kearney (SBN: 267087)
tkearney@winston.com
**WINSTON & STRAWN LLP**
101 California Street
San Francisco, CA  94111-5802
Telephone:  (415) 591-1000
Facsimile:  (415) 591-1400

Erin R. Ranahan (SBN: 235286)
eranahan@winston.com
**WINSTON & STRAWN LLP**
333 South Grand Avenue, Suite 3800
Los Angeles, CA 90071-1543
Telephone:  (213) 615-1700
Facsimile:  (213) 615-1750

Attorneys for Defendants,
GARY FUNG and ISOHUNT WEB TECHNOLOGIES, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| COLUMBIA PICTURES INDUSTRIES, INC., et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>GARY FUNG, et al.,<br><br>        Defendants. | **Case No. CV 06-5578-SVW (JCx)**<br><br>**DEFENDANTS GARY FUNG AND ISOHUNT WEB TECHNOLOGIES, INC.'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW (L.R. 16-4)**<br><br>Pretrial Conference:  October 28, 2013<br>Trial Date:  November 5, 2013 |

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA  90071-1543

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................. 1

II.   CLAIMS AND DEFENSES ................................................. 2

    A.    Summary of Plaintiffs' Claims ................................. 2

    B.    Elements Required to Establish Plaintiffs' Claims .................................... 3

    C.    Brief Description of Key Evidence in Opposition to Plaintiffs' Claims ........................................................... 6

    D.    Summary of the Affirmative Defenses Defendants Plan to Pursue ........... 6

    E.    Elements Required to Establish Defendants' Affirmative Defenses ........ 8

    F.    Brief Description of the Key Evidence Relied on in Support of Each Affirmative Defense ........................................ 13

    G.    Anticipated Evidentiary Issues ............................... 17

    H.    Issues of Law ......................................................... 20

III.  BIFURCATION ................................................................. 20

IV.   JURY TRIAL ..................................................................... 20

V.    ATTORNEYS' FEES ......................................................... 20

VI.   ABANDONMENT OF ISSUES ........................................ 21

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA  90071-1543

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

C<small>ASES</small>

*Adobe Sys., Inc. v. Tilley*,
   C 09-1085 PJH, 2010 WL 309249 (N.D. Cal. Jan. 19, 2010) ...................................4

*Autodesk, Inc. v. Flores*,
   10-CV-01917-LHK, 2011 WL 337836 (N.D. Cal. Jan. 31, 2011) .........................3

*Columbia Pictures, et al. v. Fung, et al.*,
   710 F.3d 1020 (9th Cir. 2013) ......................................................................1, 2

*Columbia Pictures Indus., Inc. v. Sandrow*,
   CIV. A. No. 87-3279, 1988 WL 28249 (E.D. Pa. Mar. 23, 1988) .........................5

*Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.*,
   890 F.2d 165 (9th Cir. 1989) ..............................................................................11

*Dolman v. Agee*,
   157 F.3d 708 (9th Cir. 1998) ..............................................................................5

*Effects Assocs., Inc. v. Cohen*,
   908 F.2d 555 (9th Cir. 1990) ..............................................................................10

*Elvis Presley Enters., Inc. v. Elvisly Yours, Inc.*,
   936 F.2d 889 (6th Cir. 1991) ..............................................................................10

*Feltner v. Columbia Pictures Television, Inc.*,
   523 U.S. 340 (1998) ............................................................................................20

*Io Group, Inc. v. Veoh Networks Inc.*,
   586 F. Supp. 2d 1132 (N.D. Cal. 2008) .............................................................10

*Lanard Toys Ltd. v. Novelty Inc.*,
   511 F. Supp. 2d 1020 (C.D. Cal. 2007) .............................................................10

*Lasercomb Am., Inc. v. Reynolds*,
   911 F.2d 970 (4th Cir. 1990) .........................................................................13, 17

*Magnuson v. Recording Yesteryear*,
   85 F.3d 1424 (9th Cir. 1996) ..............................................................................21

*Mattel Inc., v. Walking Mountain Prods.*,
  353 F.3d 792 (9th Cir. 2003).................................................................20

*Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*,
  518 F. Supp. 2d 1197 (C.D. Cal. 2007).................................................11

*MGM Studios, Inc. v. Grokster, Ltd.*,
  545 U.S. 913 (2005) ..............................................................................1

*Microsoft Corp. v. Ricketts*,
  C 06-06712 WHA, 2007 WL 1520965 (N.D. Cal. May 24, 2007) ........4

*Muppets Studio, LLC v. Pacheco*,
  CV 12-7303 JGB FFMX, 2013 WL 2456617 (C.D. Cal. June 6, 2013)...............3

*Nexon Am. Inc. v. Kumar*,
  2:11-CV-06991-ODW, 2012 WL 1116328 (C.D. Cal. Apr. 3, 2012)....................3

*Peer Int'l Corp. v. Pausa Records, Inc.*,
  909 F.2d 1332 (9th Cir. 1990) ...............................................................5

*Perfect 10, Inc. v. Amazon.com, Inc.*,
  508 F.3d 1146 (9th Cir. 2007) .............................................................12

*Perfect 10, Inc. v. Amazon.com, Inc.*,
  CV 05-4753 AHM (SHx), slip op. at 7 (C.D. Cal. May 12, 2009) .......10

*Perfect 10, Inc. v. Google, Inc.*,
  No. CV 04-9484, 2008 WL 4217837 (C.D. Cal. July 16, 2008) .........12

*Philip Morris USA v. Williams*,
  549 U.S. 346 (2007), *cert. dismissed as improvidently granted*, 129 S. Ct.
  1436 (2009).............................................................................................4

*Propet USA, Inc. v. Shugart*,
  C-06-0186, 2007 WL 4376201 (W.D. Wash. Dec. 13, 2007) ...............4

*Psihoyos v. John Wiley & Sons, Inc.*,
  11 CIV. 1416, 2013 WL 1285153 (S.D.N.Y. Mar. 29, 2013) ...............5

*Sega Enters. Ltd. v. Sabella*,
  C 93-04260, 1996 WL 780560 (N.D. Cal. Dec. 18, 1996).....................4

*Sias v. City Demonstration Agency*,
  588 F.2d 692 (9th Cir. 1978)................................................................11

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

*Symantec Corp. v. Logical Plus, Inc.*,
   C 06-7963 SI, 2010 WL 2330388 (N.D. Cal. June 4, 2010)....................................3

*UMG Recordings, Inc. v. Veoh Networks Inc.*,
   620 F. Supp. 2d 1081 (C.D. Cal. 2008)..........................................................10

*UMG Recordings, Inc. v. Veoh Networks Inc.*,
   665 F. Supp. 2d 1099 (C.D. Cal. 2009)............................................................9

*Van Der Zee v. Greenidge*,
   2006 WL 44020 (S.D.N.Y. 2006)................................................................3, 4

*Video Views, Inc. v. Studio 21, Ltd.*,
   925 F.2d 1010 (7th Cir. 1991), *overruled on other grounds by Fogerty v.*
   *Fantasy, Inc.*, 510 U.S. 517 (1994) .................................................................5

STATUTES

17 U.S.C. § 107........................................................................................12

17 U.S.C. § 504(c)(2)..................................................................................4

17 U.S.C. § 505........................................................................................20

17 U.S.C. § 512...................................................................................passim

47 U.S.C. § 230........................................................................................21

OTHER AUTHORITIES

3 Nimmer on Copyright § 12B.04[A][2][c] (2009)...........................................10

3 Nimmer on Copyright § 1404[B] (1989)........................................................5

4 Nimmer on Copyright § 14.04 [B][1][a] (2005)...............................................4

H.R. Rep. 105-551 (II) (1998) ......................................................................10

U.S.D.C. Central Dist. Cal. L.R. 16-4 .............................................................1

Ninth Cir. Manual of Model Jury Inst., Civil §§ 17.1, 17.4 (2007) .........................3

Patry on Copyright § 22:180 (2013)................................................................4

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Pursuant to Local Rule 16-4, Defendants Gary Fung and isoHunt Web Technologies, Inc. ("Defendants") submit this Memorandum of Contentions of Fact and Law.

## I.   **INTRODUCTION**

Defendants' websites facilitate user searches and access to information—using a similar type of search engine functionality as Yahoo! or Google—and neither store nor transmit any copyrighted material in the process of servicing user requests for search results.  Plaintiffs brought this action seeking to hold Defendants liable for inducing certain alleged direct infringements by Defendants' users through Defendants' system, and now seek maximum statutory damages of up to $150,000 per infringed work, or almost $600 million for infringements of 3,947 of their alleged works, first identified (in part as no copyright registration numbers were identified) to Defendants and the Court on September 16, 2013.  While this Court found in 2009 that Defendants were liable for inducing infringement of 44 works, granting Plaintiffs' motion filed in (and based on a record from) 2007, no damages for any infringements in this case have yet been assessed.

In upholding in part the permanent injunction issued by this Court, the Ninth Circuit held that before any damages could be determined, causation must be more carefully assessed, including consideration of whether Defendants have "rehabilitate[d]" because "proving that an entity had an unlawful purpose at a particular time in providing a product or service does not infinitely expand its liability in either temporal direction." *Columbia Pictures, et al. v. Fung, et al.*, 710 F.3d 1020, 1038 (9th Cir. 2013); *see MGM Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 919 (2005) ("*Grokster III*") (defendant liable only "for *the resulting acts* of infringement") (emphasis added).  As the Ninth Circuit stated:

> We do not decide the degree to which Fung can be held liable for having
> caused infringements by users of his sites or trackers. The only issue
> presently before us is the permanent injunction, which, as in *Grokster III*,

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA  90071-1543

1

does not in this case depend on the "exact calculation of infringing use[ ] as a basis for a claim of damages." 545 U.S. at 941, 125 S.Ct. 2764. We therefore need not further entertain Fung's causation arguments at this time, but leave it to the district court to consider them, in light of the observations we have made, when it calculates damages.

*Fung*, 710 F.3d at 1039.

In addition to this more exacting analysis of causation required by the Ninth Circuit before any damages can be assessed with respect to a particular work, also yet to be determined is whether Plaintiffs can add thousands of new works at this late stage without seeking to formally amend their Complaint; whether Plaintiffs can sufficiently establish ownership of such works; and several affirmative defenses that could not have been assessed in the abstract but only after Plaintiffs sufficiently identify the allegedly infringed works and alleged direct infringements. Further, given that it is up to the jury to decide where on the wide spectrum of statutory damages would be just in this case, evidence relating to certain affirmative defenses, including the notice-and-takedown procedures that Defendants model after the Digital Millennium Copyright Act ("DMCA"), remain relevant and would be proper for the jury to consider, even though the Court found Defendants were found not entitled to the DMCA safe harbor itself.

## II.   CLAIMS AND DEFENSES

### A.   Summary of Plaintiffs' Claims

Recently, Plaintiffs indicated that they were seeking statutory damages for inducing direct copyright infringement of 4,145 copyrighted works, which they partially identified on September 16, 2013.   Since Defendants immediately reviewed and pointed out defects in that a substantial number of registrations appeared to be missing, Plaintiffs have now withdrawn about 200 works, reducing the number of works for which they are seeking damages to 3,947, and thereby reducing potential statutory damages of more than $3 million.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

**B.     Elements Required to Establish Plaintiffs' Claims**

The elements required to establish Plaintiffs' claims are:

Claim 1:     Direct Copyright Infringement.

The Court has recognized that in order to prove that they are entitled to statutory damages for alleged infringements of works at issue here, "Plaintiffs will need to prove that, for each work, they 1) owned the copyright; and 2) that an *American* user downloaded a Dot-Torrent file of that work from one of Defendants' websites."  [8/7/13 Order at 4 (Dkt. 554).]

Indeed, to succeed on its claim for direct copyright infringement, Plaintiffs must prove:

a.     Plaintiffs are the owners of valid copyrights; and

b.     Defendants' users with United States IP addresses ("U.S. Users") that Defendants induced to infringe Plaintiffs' works copied original elements from the alleged copyrighted works.  Copying includes (1) reproducing the work in copies; (2) preparing derivative works based upon the copyrighted work; (3) distributing copies of the copyrighted work to the public by sale or other transfer or ownership or by rental or lease or lending; (4) performing publicly a copyrighted musical work or audiovisual work; (5) displaying publicly a copyrighted work; and (6) performing a sound recording by means of a digital audio transmission.  *See* Ninth Circuit Manual of Model Jury Instructions ("MJI"): Civil §§ 17.1, 17.4 (2007).

Claim 2:     Damages

a.     Damages.

Plaintiffs seek statutory damages. Statutory damages still must "bear some relation to actual damages suffered." *Van Der Zee v. Greenidge*, 2006 WL 44020, at *2 (S.D.N.Y. 2006); *Muppets Studio, LLC v. Pacheco*, CV 12-7303 JGB FFMX, 2013 WL 2456617 (C.D. Cal. June 6, 2013); *Nexon Am. Inc. v. Kumar*, 2:11-CV-06991-ODW, 2012 WL 1116328 (C.D. Cal. Apr. 3, 2012); *Autodesk, Inc. v. Flores*, 10-CV-01917-LHK, 2011 WL 337836 (N.D. Cal. Jan. 31, 2011); *Symantec Corp. v. Logical*

*Plus, Inc.*, C 06-7963 SI, 2010 WL 2330388 (N.D. Cal. June 4, 2010); *Adobe Sys., Inc. v. Tilley*, C 09-1085 PJH, 2010 WL 309249 (N.D. Cal. Jan. 19, 2010); *Microsoft Corp. v. Ricketts*, C 06-06712 WHA, 2007 WL 1520965 (N.D. Cal. May 24, 2007). Among the factors a court may consider are the "revenues lost by the Plaintiffs [and] the value of the copyright." *Van Der Zee*, 2006 WL 44020 at *2; *see* 4 Nimmer on Copyright § 14.04 [B][1][a] (2005) ("the determination of statutory damages within the applicable limits may turn upon such factors as . . . the revenues lost by the plaintiffs as a result of the defendant's conduct and the infringers' state of mind – whether willful, knowing or innocent"). Statutory damages must also not be excessive. *Cf. Philip Morris USA v. Williams*, 549 U.S. 346, 346 (2007), *cert. dismissed as improvidently granted*, 129 S. Ct. 1436 (2009) (regarding excessive punitive damages).

             b.      Willfulness.

The Copyright Act provides that where the infringement was committed willfully, "the court in its discretion may award [enhanced] statutory damages . . . for the infringement of **each particular work**." *Sega Enters. Ltd. v. Sabella*, C 93-04260, 1996 WL 780560, at *16 (N.D. Cal. Dec. 18, 1996) (citing 17 U.S.C. § 504(c)(2)) (emphasis added); *Propet USA, Inc. v. Shugart*, C-06-0186, 2007 WL 4376201, at *2 (W.D. Wash. Dec. 13, 2007) ("the jury may have found [counter-defendant's] infringement willful and, consequently, found [counter-claimant] entitled to as much as $150,000 **for each work found willfully infringed**") (emphasis added). "[N]either negligence nor mere 'dreadful' behavior suffice for a willfulness finding." Patry on Copyright § 22:180 (2013) (citing *Grateful Dead Prods., Inc. v. Auditory Odyssey*, 76 F.3d 386 (9th Cir. 1996) (unpublished opinion)).

A plaintiff bears the burden to establish that a defendant acted willfully in infringing his copyright. 17 U.S.C. § 504(c)(2) ("the copyright owner [must] sustain[] the burden of proving . . . that infringement was committed willfully"). While "[n]either the Copyright Act or its legislative history defines 'willful' . . . '[i]t seems

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

4

1    clear that as here used 'willfully' means with knowledge that the defendant's conduct

2    constitutes copyright infringement.'" *Peer Int'l Corp. v. Pausa Records, Inc.*, 909

3    F.2d 1332, 1335 n.3 (9th Cir. 1990) (quoting 3 Nimmer on Copyright § 1404[B], at

4    14-40.2-.3 (1989)); *see Dolman v. Agee*, 157 F.3d 708, 715 (9th Cir. 1998) ("In the

5    copyright infringement context, 'willful' means acting 'with knowledge that [one's]

6    conduct constitutes copyright infringement'") (quoting *Columbia Pictures Television

7    v. Krypton Broad. of Birmingham, Inc.*, 106 F.3d 284, 293 (9th Cir. 1997), *rev'd on

8    other grounds by Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998)).

9    Willfulness is a species of causation that cannot be adjudicated in this case

10   other than on a work-by-work basis, because enhancement of a particular statutory

11   damage requires a showing of willful infringement of the work at issue.

12   Courts routinely assess willfulness in the copyright context on a work-by-work

13   basis. Numerous courts have found a defendant's infringements willful with respect to

14   only certain works at issue, but non-willful with respect to others. *See, e.g.*, *Columbia

15   Pictures Indus., Inc. v. Sandrow*, CIV. A. No. 87-3279, 1988 WL 28249, at *4 (E.D.

16   Pa. Mar. 23, 1988) (finding "defendants' copyright infringement was not wil[l]ful [for

17   works infringed] prior to the receipt of [plaintiffs'] 'cease and desist' letter" but was

18   willful for works infringed thereafter; awarding damages accordingly);  *Psihoyos v.

19   John Wiley & Sons, Inc.*, 11 CIV. 1416, 2013 WL 1285153, at *1 (S.D.N.Y. Mar. 29,

20   2013) (in suit alleging copyright infringement as to four photographs, jury found no

21   infringement as to one photograph, non-willful infringement as to a second

22   photograph, and willful infringement as to the remaining two photographs); *Video

23   Views, Inc. v. Studio 21, Ltd.*, 925 F.2d 1010, 1020-21 (7th Cir. 1991), *overruled on

24   other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994) (where jury found that

25   defendant had willfully infringed plaintiff's copyrights in two out of seven films

26   involved in the action, affirming district court's grant of defendant's motion for

27   judgment notwithstanding the verdict because jury's verdict on issue of willfulness

28   was unsupported by the evidence).

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

5

**C.     Brief Description of Key Evidence in Opposition to Plaintiffs' Claims**

**1.     Evidence in Opposition to Claim of Direct Copyright Infringement**

There is no evidence to support a claim of direct infringement against Defendants, because Plaintiffs have not sufficiently demonstrated the alleged direct infringements to U.S. Users. In addition, Defendants' entitlement to Section 512 safe harbor on alleged infringements from after the summary judgment time period remains an issue (including prior to the injunction but after the record analyzed on summary judgment), and Defendants will submit proof to demonstrate Defendants' subsequent compliance to rebut willfulness and Plaintiffs' entitlement to monetary damages.

The key evidence Defendants will rely on in opposition to Plaintiffs' claim of direct infringement is as follows: As to element (a), copyright registration certificates and other purported chain of title documents that fail to establish that Plaintiffs own or were properly assigned each of the alleged copyrights and testimony of Plaintiffs' witnesses. As to element (b), testimony from Defendants' witnesses, correspondence, terms of use, copyright policies, and documentation regarding the functionality of Defendants' software and services.

Defendants will also rely on the lack of evidence of actual damages, and any documents produced in discovery regarding the value of Plaintiffs works at issue. Defendants will also rely on the lack of evidence to link any inducement by Defendants to alleged direct infringements.

**D.     Summary of the Affirmative Defenses Defendants Plan to Pursue**

Defendants intend to pursue the following affirmative defenses at trial, or reserve the right to do so if discovery confirms such defenses are appropriate with respect to any of the works for which Plaintiffs are pursuing statutory damages, and also indicate below those pleaded affirmative defenses Defendants do not intend to pursue. While Defendants withdrew some of these affirmative defenses in the liability phase with respect to the 44 works, Defendants renew them here to the extent

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

applicable with respect to the newly identified works:

affirmative defense #1 (The complaint fails to state a claim upon which relief can be granted),

affirmative defense #4 (Plaintiffs' claims are barred due to Plaintiffs' failure to comply with the copyright violation notification requirements of the Digital Millennium Copyright Act, 17 U.S.C. § 512),

affirmative defense #7 (no liability because any damage to Plaintiffs was caused by third parties other than Defendants),

affirmative defense #11 (Plaintiffs granted licenses to use the subject copyrighted works, and such license remained in force at all relevant times and bar Plaintiffs' claims),

affirmative defense #12 (Plaintiffs' claims are barred, in whole or in part, by the doctrine of acquiescence/implied license),

affirmative defense #13 (On information and belief, Plaintiffs lack standing to bring this action),

affirmative defense #19 (Plaintiffs have not suffered any damage as a result of acts by Defendants),

affirmative defense #21 (Plaintiffs have failed to mitigate damages),

affirmative defense #22 (any claim of damages is speculative),

affirmative defense # 26 (Plaintiffs' claims are barred by the equitable doctrine of unclean hands),

affirmative defense # 28 (fair use),

affirmative defense # 30 (On information and belief, Plaintiffs failed to follow all of the statutory procedures for registering copyrights),

affirmative defense #31 (On information and belief, Plaintiffs failed to indicate their acquisition of the subject copyrights by written agreement),

affirmative defense # 32 (On information and belief, Plaintiffs failed to submit to the U.S. Copyright Office the "Best Edition" of the subject works as the deposit),

7

affirmative defense # 33 (Upon information and belief, Plaintiffs failed to disclose previous registrations of some or all of the subject works),

affirmative defense # 34 (On information and belief, plaintiffs failed to disclaim pre-existing material in the subject works),

affirmative defense # 35 (On information and belief, the copyright registrations upon which Plaintiffs rely in bringing this action were not certified or executed by an authorized signatory with knowledge),

affirmative defense # 36 (On information and belief, the copyright registrations upon which Plaintiffs rely in bringing this action are invalid, void or voidable),

affirmative defense #37 (innocent infringement), and

affirmative defense # 38 (Plaintiffs' claims are barred by the doctrine of copyright misuse).

### E.    Elements Required to Establish Defendants' Affirmative Defenses

(1)    Elements of First Affirmative Defense (Failure to State a Claim for Relief) with respect to post-summary judgment record (after September 2007):

This defense does not have specific elements of its own, but rather hinges on the failure of Plaintiffs' First Amended Complaint to sufficiently prove entitlement to statutory damages.

(2)    Elements of Fourth Affirmative Defense (Safe Harbor under 17 U.S.C. § 512)

The Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512(c) and (d), provides safe harbor when the following elements have been met:

i)    Defendants are a service provider;

ii)    Defendants engage in storage at the direction of a user of material that resides on a system or network controlled or operated by or for the service provider for purposes of Section 512(c), or by reason of the provider referring or linking users to an online location containing infringing material or infringing activity, by using information location tools, including a directory, index, reference, pointer, or

1    hypertext link, for purposes of Section 512(d);

2         iii)    Defendants have adopted and reasonably implemented, and inform

3    subscribers and account holders of the service provider's system or network of, a

4    policy that provides for the termination in appropriate circumstances of subscribers

5    and account holders of the service provider's system or network who are repeat

6    infringers;

7         iv)    Defendants accommodate and do not interfere with standard technical

8    measures, but are not obligated to implement any such measures itself;

9         v)    Defendants designated an agent to receive notifications of claimed

10   infringement as described in 17 U.S.C. § 512(c)(3), by making available through their

11   service, including on their website in a location accessible to the public, and by

12   providing to the Copyright Office, substantially the following information:  the name,

13   address, telephone number, and electronic mail address of the agent, and any other

14   contact information that the Register of Copyrights may deem appropriate;

15        vi)    Defendants:

16        a.    do not have actual knowledge that the specific material or activity using

17   the material on the system or network is infringing;

18        b.    in the absence of such actual knowledge, were not aware of facts or

19   circumstances from which infringing activity is apparent; or

20        c.    upon obtaining such knowledge or awareness, acts expeditiously to

21   remove, or disable access to, the material;

22        vii)    Defendants do not receive a financial benefit directly attributable to the

23   infringing activity, in a case in which the service provider has the right and ability to

24   control such activity; and

25        viii)    Upon notification of claimed infringement as described in 17 U.S.C.

26   § 512(c)(3) or (d)(3), Defendants responded expeditiously to remove, or disable

27   access to, the material that is claimed to be infringing or to be the subject of infringing

28   activity.  17 U.S.C. § 512(c), (i), (k); *UMG Recordings, Inc. v. Veoh Networks Inc.*,

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1    665 F. Supp. 2d 1099 (C.D. Cal. 2009); *Perfect 10, Inc. v. Amazon.com, Inc*., CV 05-
2    4753 AHM (SHx), slip op. at 7 (C.D. Cal. May 12, 2009) (Order Granting A9.com's
3    Motion for Summary Judgment on Contributory Infringement); H.R. Rep. 105-551
4    (II) at 54 (1998); 3 Nimmer on Copyright § 12B.04[A][2][c] (2009); *UMG*
5    *Recordings, Inc. v. Veoh Networks Inc.*, 620 F. Supp. 2d 1081 (C.D. Cal. 2008); *Io*
6    *Group, Inc. v. Veoh Networks Inc.*, 586 F. Supp. 2d 1132 (N.D. Cal. 2008).

7           (3)    Elements of Seventh Affirmative Defense (no primary liability because
8    any damage to Plaintiffs was caused by third parties other than Defendants)

9           This defense does not have specific elements of its own, but rather hinges on
10   the fact that Plaintiffs cannot establish the elements of direct infringement by others
11   required to make out claims for Defendants' secondary liability, or that Defendants
12   should be held secondarily liable for such direct infringements.

13          (4)    Elements of Eleventh and Twelfth Affirmative Defenses (License,
14   Consent, and Acquiescence)

15          Plaintiffs have given a license or their consent or acquiescence, express or
16   implied, to Defendants to use Plaintiffs' works.  *See Elvis Presley Enters., Inc. v.*
17   *Elvisly Yours, Inc*., 936 F.2d 889, 894 (6th Cir. 1991); *Effects Assocs., Inc. v. Cohen*,
18   908 F.2d 555, 558 (9th Cir. 1990).

19          (5)    Elements of Thirteenth Affirmative Defense (Lack of Standing)
20          Plaintiffs were not the owner or exclusive licensee of the works they assert were
21   infringed at the time of the alleged infringement.  *See Lanard Toys Ltd. v. Novelty*
22   *Inc*., 511 F. Supp. 2d 1020, 1033 (C.D. Cal. 2007).

23          (6)    Nineteenth Affirmative Defense (No Damages)
24          This defense does not have specific elements of its own, but rather hinges on
25   the failure of Plaintiffs' First Amended Complaint to sufficiently prove entitlement to
26   statutory damages.

27          (7)    Elements of Twenty-First Affirmative Defense (Failure to Mitigate
28   Damages)

**Winston & Strawn LLP**
333 S. Grand Avenue
Los Angeles, CA 90071-1543

---

10

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Defendants must establish that:

1)      the damages suffered by Plaintiffs could have been avoided; and

2)      Plaintiffs failed to use reasonable care and diligence in avoiding the damages.  *Sias v. City Demonstration Agency*, 588 F.2d 692 (9th Cir. 1978); MJI, Instruction No. 5.3 (2007 ed.).

(8)      Elements of Twenty-Second Affirmative Defense (Damages Are Speculative)

This defense does not have specific elements of its own, but rather hinges on the failure of Plaintiffs' First Amended Complaint to sufficiently prove entitlement to statutory damages beyond speculation.

(9)      Elements of Twenty-Sixth Affirmative Defense (Unclean Hands)

The elements for a defense of unclean hands in the copyright context are:

1)      inequitable conduct by the Plaintiffs;

2)      that Plaintiffs' conduct directly relates to the claim which they have asserted against the Defendants; and

3)      that Plaintiffs' conduct injured the Defendants.

*See Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.*, 890 F.2d 165, 173 (9th Cir. 1989); *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 518 F. Supp. 2d 1197, 1223 (C.D. Cal. 2007) (citing *Survivor Prods. LLC v. Fox Broad. Co*., 2001 WL 35829270, at *3 (C.D. Cal. June 12, 2001)).

(10)      Elements of Twenty-Eighth Affirmative Defense (Fair Use)

One who is not an owner of the copyright may use the copyrighted work in a reasonable way without the consent of the copyright owner if it would advance the public interest.

Factors bearing on whether a use is a fair use include:

1)      The purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;

2)      The nature of the copyrighted work;

11

3)    The amount and substantiality of the portion used in relation to the copyrighted work as a whole;

4)    The effect of the use upon the potential market for, or value of, the copyrighted work; and

5)    Any other factors that bear on whether the use is fair. *See* 17 U.S.C. § 107; MJI, Instruction No. 17.18 (2007 ed.).

(11)   Elements of Thirtieth Affirmative Defense (Failure to Register)

Plaintiffs lack valid copyright registrations.  *See Perfect 10, Inc. v. Amazon.com, Inc*., 508 F.3d 1146, 1154 n.1 (9th Cir. 2007); *Perfect 10, Inc. v. Google, Inc.*, No. CV 04-9484, 2008 WL 4217837, at *1 (C.D. Cal. July 16, 2008) (noting damages may be precluded on any unregistered works).

(12)   Elements of Thirty-First Through Thirty-Sixth Affirmative Defenses (Invalidity or Unenforceability of Copyright, and related deficiencies with registrations)

Plaintiffs cannot prove their case if:

1)    Plaintiffs' works are not original; or

2)    Plaintiffs are not the author of the works, or did not receive valid registrations or transfers of the works and such registrations, or did not receive transfer of the rights in the work that would allow Plaintiffs to bring this suit.  MJI, Instruction No. 17.5 (2007 ed.).

(13)   Elements of Thirty-Seventh Affirmative Defense (Innocent Intent)

The elements of a defense of innocent intent are that:

1)    the defendant was not aware that its acts constituted infringement of the copyright; and

2)    the defendant had no reason to believe that its acts constituted an infringement of the copyright.  MJI, Instruction No. 17.26 (2007 ed.).

(14)   Elements of Thirty-Eighth Affirmative Defense (Misuse of Copyright)

The elements of copyright misuse require a showing that Plaintiffs' have

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

12

attempted to enforce their copyrights in a manner that goes beyond the scope of the rights granted under the United States Constitution.  *See Lasercomb Am., Inc. v. Reynolds*, 911 F.2d 970, 978 (4th Cir. 1990).

## F.    Brief Description of the Key Evidence Relied on in Support of Each Affirmative Defense

The key evidence Defendants will rely on to support their affirmative defenses is as follows:

(1)    Evidence in Support of First Affirmative Defense (Failure to State a Claim for Relief)

To support this affirmative defense, Defendants will rely on Plaintiffs' failure to present evidence and/or sufficient legal basis to establish that they are entitled to any damages or relief.

(2)    Evidence in Support of Second Affirmative Defense (Safe Harbor under 17 U.S.C. § 512)

The key evidence Defendants will rely upon to support its affirmative defense of safe harbor under the DMCA is as follows:

As to element (1), evidence documenting the functionality and nature of Defendants' services, Defendants' terms of use and copyright policies; testimony from Defendants' witnesses as to their service, policies with regard to copyright infringement and that Defendants do not interfere with standard technical measures designed to protect copyrights; and Defendants' filings with the Copyright Office regarding a designated agent for service of notices of claimed infringement.

As to element (2), evidence documenting the functionality and nature of Defendants' service and Defendants' terms of use; testimony from Defendants' witnesses; and expert testimony and reports.

As to element (3), testimony from Defendants' witnesses, Defendants' terms of use and other policies; and evidence documenting the functionality of Defendants' service.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1    As to element (4), testimony from Defendants' witnesses. Plaintiffs bear the

2    burden of challenging Defendants' assertion that they do not interfere with standard

3    technical measures.

4    As to element (5), testimony from Defendants' witnesses; evidence

5    documenting Defendants' designation of an agent to receive notifications of claimed

6    infringement with the United States Copyright Office.  Defendants have had an agent

7    registered with the Copyright Office at all relevant times, and have made this

8    information available on their website and with the Copyright Office.

9    As to element (6), testimony from Defendants' witnesses; documents

10   evidencing expeditious disabling.  There is no evidence that Defendants have actual

11   knowledge that the specific material or activity using the material on the system or

12   network is allegedly infringing, or that Defendants were aware of facts or

13   circumstances from which allegedly infringing activity is apparent and there is no

14   evidence that Defendants did not immediately disable allegedly infringing content

15   once it gained knowledge.  For other allegedly infringing content, Plaintiffs or their

16   representatives never sent DMCA-compliant notices.  There is no evidence that

17   Defendants ever acquired knowledge of specific infringing content and failed to act or

18   that Defendants materially contributed to any alleged infringements.  Defendants'

19   terms of use strictly, and clearly, prohibited the use of infringing material.

20   As to element (7), testimony from Defendants' witnesses, expert testimony and

21   reports.

22   As to element (8), testimony from Defendants' witnesses and evidence

23   documenting correspondence with those providing DMCA-compliant copyright

24   notices; documentation and testimony from Defendants' witnesses evidencing that

25   upon notification of claimed infringement as described in 17 U.S.C. § 512(c)(3),

26   Defendants responded expeditiously to remove all allegedly infringing dot-torrent

27   files once they receive reasonable notice from copyright owners, and have also

28   provided for termination, in appropriate circumstances, of individuals who are found

14

1    to be repeat infringers.

2        (3)    Evidence in Support of Seventh Affirmative Defense (no primary

3    liability because any damage to Plaintiffs was caused by third parties other than

4    Defendants).

5        The key evidence Defendants will rely on in support of this defense is expert

6    testimony and Plaintiffs' failure to conclusively demonstrate any inducement of the

7    alleged direct infringements through their evidence.

8        (4)    Evidence in Support of Eleventh and Twelfth Affirmative Defenses

9    (License, Consent, and Acquiescence)

10       The key evidence Defendants will rely upon in support of these defenses is as

11   follows:  Testimony from Plaintiffs' witnesses and documents regarding Plaintiffs

12   uploading or downloading works to or from the Internet or through Defendants'

13   system.

14       (5)    Evidence in Support of Thirteenth Affirmative Defense (Lack of

15   Standing)

16       The key evidence Defendants will rely upon in support of this defense is as

17   follows:  Plaintiffs' failure to demonstrate ownership of the works in suit or valid

18   copyright registrations.

19       (6)    Evidence in Support of Nineteenth Affirmative Defense (No Damages):

20       The key evidence Defendants will rely upon to support this defense is as

21   follows:  Testimony by experts, Plaintiffs' failure to demonstrate actual damages, and

22   documents showing the lack thereof.

23       (7)    Evidence in Support of Twenty-First Affirmative Defense (Failure to

24   Mitigate Damages)

25       The key evidence Defendants will rely upon to support this defense is as

26   follows:  Documents and testimony from witnesses regarding Plaintiffs' failure to

27   mitigate damages by not notifying Defendants of infringements at issue.  Plaintiffs

28   will also rely on expert testimony and reports.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

(8)     Evidence in Support of Twenty-Second Affirmative Defense (Damages Are Speculative)

The key evidence Defendants will rely upon to support this defense is as follows:  expert testimony and Plaintiffs' failure to establish alleged infringements by U.S. Users.

(9)     Evidence in Support of Twenty-Sixth Affirmative Defense (Unclean Hands)

The key evidence Defendants will rely upon to support this defense is as follows:  testimony from Defendants' witnesses; and documents and evidence demonstrating that Plaintiffs did not provide DMCA-compliant take down notices such that Defendants could remedy any alleged infringement.

(10)    Evidence in Support of Twenty-Eighth Affirmative Defense (Fair Use)

The key evidence Defendants will rely upon to support this defense is as follows:  the underlying files themselves, including the nature, purpose and character of the use; expert testimony and documents relating to the lack of potential impact on the market; and documents and testimony from witnesses and Defendants' expert(s).

(11)    Evidence of Thirtieth Affirmative Defense (Failure to Register)

The key evidence Defendants will rely upon to support this defense is as follows: Plaintiffs' failure to produce valid copyright registrations for the works at issue.

(12)    Evidence in Support of Thirty-First to Thirty-Sixth Affirmative Defenses (Invalidity or Unenforceability of Copyright)

The key evidence Defendants will rely upon to support these defenses is as follows:  Plaintiffs' failure to timely produce valid copyright registrations for certain of its works or Plaintiffs' lack of copyright registrations and/or failure to produce properly filed valid copyright registrations for certain of its works.  In addition, Plaintiffs' failure to produce adequate chain of title documents for each of the works allegedly infringed in this action and testimony from Plaintiffs' witnesses regarding

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1   the same.

2        (13)   Evidence in Support of Thirty-Seventh Affirmative Defense (Innocent

3   Intent)

4        The key evidence Defendants will rely upon in support of this defense is as

5   follows:  Documents including Defendants' copyright policies prohibiting

6   infringement; testimony from witnesses; documents and correspondence showing

7   Defendants' efforts to remove suspected infringing content; documents and

8   correspondence indicating that Plaintiffs did not notify Defendants of specific

9   infringements.

10        (14)   Evidence in Support of Thirty-Eighth Affirmative Defense (Misuse of

11   Copyright)

12        Testimony from witnesses and documents showing that Plaintiffs have

13   attempted to enforce their copyrights in a manner that goes beyond the scope of the

14   rights granted under the United States Constitution.  *See Lasercomb Am., Inc. v.*

15   *Reynolds*, 911 F.2d 970, 978 (4th Cir. 1990).

16        **G.        Anticipated Evidentiary Issues**

17        ***Defendants intend to file Motion(s) in limine to preclude evidence regarding***

18   ***the matters below:***

19        1.        To exclude evidence of infringement and liability for works other

20   than for the 44 works at issue in the MSJ Order through the time of the MSJ Order.

21        2.        To exclude evidence of damages as to works not plead in

22   conformity with the Copyright Act and traditional notions of due process and the

23   Federal Rules of Civil Procedure and to limit damages consistent with due process.

24        3.        To preclude evidence of infringing videos for which Plaintiffs have

25   not demonstrated ownership of copyright and a U.S. copyright registration.

26        4.        To preclude evidence of infringing videos for which Plaintiffs have

27   failed to identify a download by a U.S. user.

28        5.        To preclude evidence of the incidence/number of separate

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

17

infringements of works given that Plaintiffs' election of statutory damages only requires one infringement by a U.S. user per work.

6.    To preclude evidence relating to press articles, blogs and third party communications regarding infringement.

7.    To preclude mention of rulings or sanctions, including any monetary or other discovery sanctions/alleged violation of court orders.

8.    To preclude evidence responsive but not timely produced in response to required disclosures or Defendants' discovery requests including expert disclosures.

9.    To preclude any instruction of willfulness for infringement of any work for which Plaintiffs have failed to provide in discovery or offer any evidence of Defendants' knowledge that such work was infringed and subsequently failure to remove the allegedly infringing file.

***Plaintiffs have indicated their intent to file Motion(s) in limine regarding the following:***

1.    MIL to preclude defendants from presenting argument or evidence inconsistent with any facts already found by the Court in its liability and/or permanent injunction opinions.

2.    MIL to preclude Defendants from presenting argument or evidence regarding their purported belief in the lawfulness of their conduct, including, without limitation, argument or evidence regarding Defendants' purported belief that they were compliant with the DMCA or complied with any DMCA notice-and-takedown provision.

3.    MIL to preclude Defendants from presenting argument or evidence that, for dot-torrent files for Plaintiffs' copyrighted works downloaded from the Fung Websites, any person other than Defendants caused or bears responsibility for the resulting infringement of Plaintiffs' works.  This would include, without limitation, argument or evidence (a) that others in the "BitTorrent ecosystem" (or other peer-to-

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1   peer systems) caused or are responsible for the infringement, or would have otherwise

2   infringed Plaintiffs' works if Defendants had not, and (b) that Plaintiffs bear

3   responsibility for online infringement.

4          4.     MIL to preclude Defendants from presenting argument or evidence

5   that Defendants' infringement was innocent or non-willful.

6          5.     MIL to preclude Defendants from presenting argument or evidence

7   that Plaintiffs failed to mitigate their damages.[1]

8        ***Plaintiffs have to date filed these two motions in limine***:

9        First, Defendants should be precluded from presenting argument or evidence

10   that is contrary to facts that the Court already has found no reasonable jury could

11   reject, and which underlie the Court's grant of summary judgment and a permanent

12   injunction against Defendants. This includes argument or evidence: (a) that

13   Defendants did not know about or intend the copyright infringement on their websites,

14   (b) that Defendants did not cause infringements resulting from Dot-Torrent files

15   downloaded from Defendants' websites, and (c) that Plaintiffs should be blamed for

16   Defendants' infringements. Defendants have litigated these issues for more than seven

17   years, and lost each of them based on overwhelming and incontrovertible record

18   evidence. While these issues have long been settled, Defendants continue to insist that

19   they will relitigate them before the jury in a trial that is supposed to be reserved for

20   damages.

21        Second, Defendants should be precluded from presenting argument or evidence

22   blaming others for the infringement of Plaintiffs' copyrighted works for which the

23   Court already has held Defendants liable for inducing. This would include

24   Defendants' persistent attempts to argue: (a) that Defendants' users would have

25   infringed Plaintiffs' content from other pirate websites if Defendants' websites did not

26   exist; and (b) that other participants in the "BitTorrent ecosystem" (*i.e.*, distributors of

27   client applications or operators of third party trackers) share responsibility for the

28   

---

[1] To date, Plaintiffs have filed some, but not all, of these motions *in limine*.

1   copyright infringement at issue in this case. These arguments cannot be reconciled

2   with this Court's prior rulings affirmed on appeal, and are contrary to basic legal

3   principles.

4      **H.     Issues of Law**

5          Plaintiffs have filed two motions for summary judgment regarding willfulness

6   and innocent infringement and Defendants' affirmative defenses of failure to mitigate

7   and fair use, which are fully briefed and have been taken under consideration by the

8   Court and have indicated their intent to file additional motions for summary judgment

9   on ownership and direct infringement even in advance of producing documents and

10  witnesses relevant to those issues.

11  **III.   BIFURCATION**

12         This damages phase is the result of the bifurcation between liability and

13  damages, though Plaintiffs have expanded the scope of the works at issue from 44

14  works to 4,145 since the damages phase commenced.

15  **IV.   JURY TRIAL**

16         Defendants timely demanded a jury trial (11/26/06 (Dkt. 36)).  The amount of

17  damages to award in this case, if any, are triable to a jury.  *Feltner v. Columbia*

18  *Pictures Television, Inc.*, 523 U.S. 340 (1998).

19  **V.    ATTORNEYS' FEES**

20         Defendants intend to seek attorneys' fees if Defendants prevail in this damages

21  phase on any of their affirmative defenses, or if the jury otherwise declines to award

22  statutory damages.  The Copyright Act provides that in any copyright action, the court

23  "may allow the recovery of full costs by or against any party . . . [and] the court may

24  award a reasonable attorney's fee to the prevailing party as part of the costs." 17

25  U.S.C. § 505.  To determine whether to grant a prevailing defendant attorneys' fees,

26  the district court determines whether the successful defense of the action furthered the

27  purposes of the Copyright Act.  *Mattel Inc., v. Walking Mountain Prods.*, 353 F.3d

28  792, 816 (9th Cir. 2003) (remanding for the district court to reconsider its denial of

**Winston & Strawn LLP**
**333 S. Grand Avenue**
**Los Angeles, CA 90071-1543**

1  fees under the proper standard).  To this end, the Court may consider several

2  nonexclusive factors:  (1) the degree of success obtained; (2) frivolousness; (3)

3  motivation; (4) objective unreasonableness; and (5) the need in particular

4  circumstances to advance considerations of compensation and deterrence.  *Magnuson*

5  *v. Recording Yesteryear*, 85 F.3d 1424, 1432 (9th  Cir. 1996) (citing *Fogarty*, 510

6  U.S. at 534).

7          Defendants intend to seek costs and fees if they prevail in this litigation given

8  the circumstances presented, including that Plaintiffs have sued to recover statutory

9  damages for infringement based upon works that Defendants promptly took down

10  once they received infringement notices, as well as for recordings that Plaintiffs or any

11  of their representatives ever sent notices.

12  **VI.   ABANDONMENT OF ISSUES**

13          Defendants do not intend to pursue certain of their pleaded affirmative defenses

14  based on the prior rulings in this case, and/or because they are inapplicable or

15  inappropriate at this stage.  Specifically, Defendants do not intend to pursue during the

16  damages trial:

17          affirmative defense # 2 (Plaintiffs' claims are barred by the Digital Millennium

18  Copyright Act, 17 U.S.C. § 512(a), which provides immunity for defendants, as

19  service providers, providing links or information location tools),

20          affirmative defense # 5 (Plaintiffs' claims are barred by the Communications

21  Decency Act, 47 U.S.C. § 230, which establishes immunity for defendants as

22  providers of interactive computer services),

23          affirmative defense # 10 (Plaintiffs' claims are barred by reason of consent),

24          affirmative defense # 14 (The Court lacks subject matter jurisdiction over the

25  claim, in whole or in part),

26          affirmative defense # 15 (Plaintiffs have waived each and every cause of

27  action),

28          affirmative defense # 16 (Statute of limitations),

**Winston & Strawn LLP**
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1   affirmative defense # 17 (Plaintiffs' claims for equitable relief are barred

2   because equitable relief is not available under the alleged facts and under the facts as

3   will be proved),

4   affirmative defense # 23 (Plaintiffs' claims are barred by the doctrine of laches),

5   affirmative defense # 24 (Plaintiffs' claims are barred by reason of estoppel),

6   affirmative defense # 25 (Plaintiffs' claims are barred by reason of accord and

7   satisfaction),

8   affirmative defense # 27 (Plaintiffs' claims are barred for failure to join

9   necessary and indispensable parties),

10   affirmative defense # 29 (Substantial non-infringing technology is capable of

11   substantial non-infringing uses), and

12   affirmative defense # 39 (Defendants are immune from any primary or

13   secondary liability for the acts alleged in the complaint, under the law of Canada).

14

15   Dated:  October 7, 2013                    WINSTON & STRAWN LLP

16

17                                             By:  /s/ Erin R. Ranahan

18                                                  Michael S. Elkin
                                                   Thomas Patrick Lane
19                                                 Robb C. Adkins
                                                   Jennifer A. Golinveaux
                                                   Erin R. Ranahan
20                                                 Thomas J. Kearney

21                                             ROTHKEN LAW FIRM
                                                   Ira P. Rothken
22                                                 Jared R. Smith

23                                             Attorneys for Defendants
                                               GARY FUNG and ISOHUNT WEB
24                                             TECHNOLOGIES, INC.

25

26

27

28

DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543