Michael S. Elkin (admitted *pro hac vice*)
melkin@winston.com
Thomas Patrick Lane (admitted *pro hac vice*)
tlane@winston.com
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
Telephone:   (212) 294-6700
Facsimile:   (212) 294-4700

Ira P. Rothken (SBN: 160029)
ira@techfirm.net
Jared R. Smith (SBN: 130343)
jared@techfirm.net
ROTHKEN LAW FIRM
3 Hamilton Landing, Suite 280
Novato, CA 94949
Telephone:   (415) 924-4250
Facsimile:   (415) 924-2905

Erin R. Ranahan (SBN: 235286)
eranahan@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue, Suite 3800
Los Angeles, CA 90071-1543
Telephone:   (213) 615-1700
Facsimile:   (213) 615-1750

Robb C. Adkins (SBN: 194576)
radkins@winston.com
Jennifer A. Golinveaux (SBN: 203056)
jgolinveaux@winston.com
Thomas J. Kearney (SBN: 267087)
tkearney@winston.com
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5802
Telephone:   (415) 591-1000
Facsimile:   (415) 591-1400

Attorneys for Defendants,
GARY FUNG and ISOHUNT WEB TECHNOLOGIES, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| COLUMBIA PICTURES INDUSTRIES, INC., et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>GARY FUNG, et al.,<br><br>　　　　　Defendants. | **Case No. CV 06-5578-SVW (JCx)**<br><br>**DEFENDANTS' STATEMENT OF GENUINE DISPUTES WITH RESPECT TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON COPYRIGHT OWNERSHIP, CAUSATION, AND DIRECT INFRINGEMENT** |

Pursuant to Local Rule 56-2, Defendants hereby submit their Statement of Genuine Disputes in response to Plaintiffs' Motion for Summary Judgment on Copyright Ownership, Causation, and Direct Infringement.

| Plaintiffs' Alleged Uncontroverted Facts and Conclusions of Law | Defendants' Response |
|---|---|
| **SUF 1:**<br><br>Plaintiffs own the copyright for each of the works in suit identified in Exhibit 1 of the attached declarations of Rani Cherkoori, Steve Kang, David Kaplan, Alfred Perry, Marsha Reed, and Ronald Wheeler (the "MSJ Works").  Cherkoori Decl. ¶ 4 & Ex. 1 (demonstrating ownership of each Columbia Pictures Industries, Inc. and TriStar Pictures, Inc. work); Kang Decl. ¶ 4 & Ex. 1 (demonstrating ownership of each Universal City Studios LLLP and Universal City Studios Productions LLLP work); Kaplan Decl. ¶ 4 & Ex. 1 (demonstrating ownership of each Warner Bros Entertainment, Inc. work); Perry Decl. ¶ 4 & Ex. 1 (demonstrating ownership of each Paramount Pictures Corporation work); Reed Decl. ¶ 4 & Ex. 1 (demonstrating ownership of each Disney Enterprises, Inc. work); Wheeler Decl. ¶ 4 & Ex. 1 (demonstrating ownership of each Twentieth Century Fox Film Corporation work). | **Disputed.**<br><br>Plaintiffs have failed to prove ownership with respect to the works identified in Exhibit 1 of the attached declaration of Andrew S. Jick.  Jick Decl. ¶¶ 2-11, Exs.1-2; Gadsden Decl. ¶¶ 2-16, Exs. 1-3.<br><br>According to the certificates of registration produced by Plaintiffs, at least 495 works Plaintiffs claim to own are registered in the name of other entities, and no chain of title documents have been produced showing transfer to a named Plaintiff.  Jick Decl. ¶¶ 4, Exs. 1-2; Gadsden Decl. ¶¶ 2-16, Exs. 1-3. For example:<br><br>• 187 works are owned by Touchstone Television, an alternate designation of Disney Enterprises, Inc., including 89 episodes of "Scrubs" (*e.g.*, P00002530); 35 episodes of "Desperate Housewives" (*e.g.*, P00002818; P00006365); 26 episodes of "Alias" (*e.g.*, P00006135-6141; P00010116-10149); and 22 episodes of "According to Jim" (*e.g.*, P00001959-2002). |

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

| Plaintiffs' Alleged Uncontroverted Facts and Conclusions of Law | Defendants' Response |
|---|---|
| | • 116 works on Plaintiffs' List are owned by NBC Studios, Inc.  These works include 57 episodes of "30 Rock" (*e.g.*, P00004745-4858); 47 episodes of "Heroes" (*e.g.*, P00005184-5277); nine episodes of "Friday Night Lights" (*e.g.*, P00005157-5174); and four episodes of "Saturday Night Live" (*e.g.*, P00005807-5814).<br><br>• 56 episodes of "The Office" Plaintiffs claim to own are in fact owned by NBC Studios, Inc. and Universal Network Television LLC.  (*E.g.*, P00005517-5738.)<br><br>• 79 episodes of "Boy Meets World" on Plaintiffs' List are owned by Touchstone Pictures and Television, an alternate designation of Disney Enterprises, Inc. (*e.g.*, P00006167-6339; P00010150-10319).<br><br>• An additional 30 works on Plaintiffs' List are owned by Touchstone Pictures, an alternate designation of Disney Enterprises, Inc. (*e.g.*, P00002518 ("Under the Tuscan Sun")).<br><br>• Five movies on Plaintiffs' List are owned either by |

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

| Plaintiffs' Alleged Uncontroverted Facts and Conclusions of Law | Defendants' Response |
|---|---|
| | Hollywood Pictures Company, an alternate designation of Disney Enterprises, Inc., or Hollywood Pictures, an alternate designation of Disney Enterprises, Inc. (*E.g.*, P00002137 ("Before and After").) |
| | (*See* Declaration of Nikkole J. Gadsden ("Gadsden Decl.") Ex. 2.) |
| | There are at least 12 additional works registered to other entities but for which Plaintiffs have attempted to establish a "chain of title" to a named Plaintiff, but those efforts have failed. Jick Decl. ¶¶ 5, Exs. 1-2; Gadsden Decl. ¶¶ 2-16, Exs. 1-3. |
| | Plaintiffs have also produced heavily redacted versions of documents that make it impossible to ascertain whether Plaintiffs are the owners of the works and have failed to provide unredacted copies at Defendants' request. Jick Decl. ¶ 6. |
| | Plaintiffs have also failed to produce critical underlying chain of title documents that are referenced in the documents they produced. Jick Decl. ¶ 9. |
| | For some claimed works, Plaintiffs simply failed to produce *any* documents, either registration documents or chain of title documents, that show the ownership. Jick Decl. |

3

| Plaintiffs' Alleged Uncontroverted Facts and Conclusions of Law | Defendants' Response |
|---|---|
| | ¶ 7. |
| SUF 2:<br><br>A dot-torrent file corresponding to each of the MSJ works was downloaded from Defendants' websites by users in the United States. Ward Decl. ¶¶ 5-21, Ex. 1 (demonstrating that the listed Dot-Torrent files were downloaded by Defendants' websites by users in the U.S.); Aul Decl. ¶¶ 3-15 (demonstrating that the Dot-Torrent files identified in Ex. 1 of the Ward Declaration each correspond to a full-length copy of one of the MSJ Works). | **Disputed.**<br><br>Plaintiffs' purported evidence of direct infringement—which they claim provides sufficient identification of the direct infringements at issue—**does not match the documents they have produced to Defendants**. Indeed, following Plaintiffs' reported methodology for *each* of the above examples—corresponding to the first, second, and sixth entries of purported infringements that Plaintiffs produced—gives results **different from those reported by Plaintiffs**—results that directly contradict their analyses of these claimed infringements. Kearney Decl. ¶¶ 7-14. Contrary to Plaintiffs' contention in their Motion, Plaintiffs failed to "manually view[]" all the downloaded files. *See* Mot. at 9:2-5. Nor did Plaintiffs review effectively "verify that the Dot-Torrent file in fact results in the downloading of a full-length infringing copy of the corresponding … Work." *Id.*<br><br>Plaintiffs have failed to adequately identify their alleged works. Kearney Dec. ¶ 15-17.<br><br>Plaintiffs' analysis of direct infringements also relies on geolocation data that does not cover the time periods at issue, such that their conclusions about the locations of purported downloaders are unreliable. |

| Plaintiffs' Alleged Uncontroverted Facts and Conclusions of Law | Defendants' Response |
|---|---|
| | Johnson Decl. ¶ 1-10.  Even a preliminary analysis indicates that Plaintiffs' list of purported direct infringements contains at least 17,000 similar instances where Plaintiffs erroneously attributed logged events to U.S. users, even though the IP addresses were not assigned to United States locations at the time.  *Id.* ¶ 10. |
| Conclusion of Law 3:<br><br>Plaintiffs own the copyrights for each of the MSJ works. 17 U.S.C. § 410(c) ("In any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate."); *United Fabrics Intern., Inc. v. C&J Wear, Inc.,* 630 F.3d 1255, 1257 (9th Cir. 2011) (same); *Lumiere (Rights) Ltd. v. Baker & Taylor, Inc.,* No. 95-36192, 116 F.3d 484, 1997 WL 303244, at *3 (9th Cir. 1997) (unpublished table opinion) (transfer of copyright ownership can be established by written document signed by owner or agent); Nimmer on Copyright § 12.11[C] (noting that "[o]nce plaintiff . . . submit[s] the certificate that he himself filed, or prov[es] his chain of title from the previous registrant[], the burden shifts to the defendant to establish the invalidity of plaintiff's title from the author"). | **Disputed.**<br><br>Plaintiffs have failed to prove ownership with respect to the works identified in Exhibit 1 of the attached declaration of Andrew S. Jick.  Jick Decl. ¶¶ 2-11, Exs.1-2; Gadsden Decl. ¶¶ 2-16, Exs. 1-3.<br><br>According to the certificates of registration produced by Plaintiffs, at least 495 works Plaintiffs claim to own are registered in the name of other entities, and no chain of title documents have been produced showing transfer to a named Plaintiff.  Jick Decl. ¶¶ 4, Exs. 1-2; Gadsden Decl. ¶¶ 2-16, Exs. 1-3.  For example:<br><br>• 187 works are owned by Touchstone Television, an alternate designation of Disney Enterprises, Inc., including 89 episodes of "Scrubs" (*e.g.*, P00002530); 35 episodes of "Desperate Housewives" (*e.g.*, P00002818; P00006365); 26 episodes of "Alias" (*e.g.*, |

| Plaintiffs' Alleged Uncontroverted Facts and Conclusions of Law | Defendants' Response |
|---|---|
| | P00006135-6141; P00010116-10149); and 22 episodes of "According to Jim" (*e.g.*, P00001959-2002).<br><br>• 116 works on Plaintiffs' List are owned by NBC Studios, Inc. These works include 57 episodes of "30 Rock" (*e.g.*, P00004745-4858); 47 episodes of "Heroes" (*e.g.*, P00005184-5277); nine episodes of "Friday Night Lights" (*e.g.*, P00005157-5174); and four episodes of "Saturday Night Live" (*e.g.*, P00005807-5814).<br><br>• 56 episodes of "The Office" Plaintiffs claim to own are in fact owned by NBC Studios, Inc. and Universal Network Television LLC. (*E.g.*, P00005517-5738.)<br><br>• 79 episodes of "Boy Meets World" on Plaintiffs' List are owned by Touchstone Pictures and Television, an alternate designation of Disney Enterprises, Inc. (*e.g.*, P00006167-6339; P00010150-10319).<br><br>• An additional 30 works on Plaintiffs' List are owned by Touchstone Pictures, an alternate designation of Disney Enterprises, Inc. (*e.g.*, |

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

| Plaintiffs' Alleged Uncontroverted Facts and Conclusions of Law | Defendants' Response |
|---|---|
| | P00002518 ("Under the Tuscan Sun")). |
| | • Five movies on Plaintiffs' List are owned either by Hollywood Pictures Company, an alternate designation of Disney Enterprises, Inc., or Hollywood Pictures, an alternate designation of Disney Enterprises, Inc. (*E.g.*, P00002137 ("Before and After").) |
| | (*See* Declaration of Nikkole J. Gadsden ("Gadsden Decl.") Ex. 2.) |
| | There are at least 12 additional works registered to other entities but for which Plaintiffs have attempted to establish a "chain of title" to a named Plaintiff, but those efforts have failed. Jick Decl. ¶¶ 5, Exs. 1-2; Gadsden Decl. ¶¶ 2-16, Exs. 1-3. |
| | Plaintiffs have also produced heavily redacted versions of documents that make it impossible to ascertain whether Plaintiffs are the owners of the works and have failed to provide unredacted copies at Defendants' request. Jick Decl. ¶ 6. |
| | Plaintiffs have also failed to produce critical underlying chain of title documents that are referenced in the documents they produced. Jick Decl. ¶ 9. |

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

| Plaintiffs' Alleged Uncontroverted Facts and Conclusions of Law | Defendants' Response |
|---|---|
| | For some claimed works, Plaintiffs simply failed to produce *any* documents, either registration documents or chain of title documents, that show the ownership. Jick Decl. ¶ 7. |
| **Conclusion of Law 4:**<br><br>Users of Defendants' websites directly infringed each of the MSJ Works in violation of the U.S. Copyright Act. 17 U.S.C. § 106(1), (3) (copyright owner has exclusive right to distribute and reproduce copyrighted work); *Columbia Pictures Industries, Inc. v. Fung,* 710 F.3d 1020, 1034 (9th Cir. 2013) ("Both uploading and downloading copyrighted material are infringing acts"); In Chambers Order Re Report And Recommendation And Motion For Contempt, at 4, (Aug. 7, 2013), Dkt. # 554 ("Plaintiffs will need to prove that, for each work, they 1) owned the copyright; and 2) that an *American* user downloaded a Dot-Torrent file of that work from one of Defendants' websites."); Order, July 3, 2013, Dkt. # 527, at 3 n.2 ("for BitTorrent files downloaded from Defendants' websites, no causation dispute exists: Defendants have caused the infringement"). | **Disputed.**<br><br>Plaintiffs' purported evidence of direct infringement—which they claim provides sufficient identification of the direct infringements at issue—**does not match the documents they have produced to Defendants**. Indeed, following Plaintiffs' reported methodology for *each* of the above examples—corresponding to the first, second, and sixth entries of purported infringements that Plaintiffs produced—gives results **different from those reported by Plaintiffs**—results that directly contradict their analyses of these claimed infringements. Kearney Decl. ¶¶ 7-14. Contrary to Plaintiffs' contention in their Motion, Plaintiffs failed to "manually view[]" all the downloaded files. *See* Mot. at 9:2-5. Nor did Plaintiffs review effectively "verify that the Dot-Torrent file in fact results in the downloading of a full-length infringing copy of the corresponding … Work." *Id.*<br><br>Plaintiffs have failed to adequately identify their alleged works. Kearney Dec. ¶ 15-17.<br><br>Plaintiffs' analysis of direct |

8

DEFENDANTS' STATEMENT OF GENUINE DISPUTES RE COPYRIGHT OWNERSHIP/DIRECT INFRINGEMENT MSJ

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

| Plaintiffs' Alleged Uncontroverted Facts and Conclusions of Law | Defendants' Response |
|---|---|
| | infringements also relies on geolocation data that does not cover the time periods at issue, such that their conclusions about the locations of purported downloaders are unreliable. Johnson Decl. ¶ 1-10. Even a preliminary analysis indicates that Plaintiffs' list of purported direct infringements contains at least 17,000 similar instances where Plaintiffs erroneously attributed logged events to U.S. users, even though the IP addresses were not assigned to United States locations at the time. *Id.* ¶ 10. |
| **Conclusion of Law 5:**<br><br>Defendants caused and are liable for their users' direct infringement of each of the MSJ Works. *Fung*, 710 F.3d at 1037 ("[I]f one provides a service that could be used to infringe copyrights, with the manifested intent that the service actually be used in that manner, that person is liable for the infringement that occurs through the use of the service"); In Chambers Order Re Report And Recommendation And Motion For Contempt, at 4, (Aug. 7, 2013), Dkt. # 554 ("Plaintiffs will need to prove that, for each work, they 1) owned the copyright; and 2) that an *American* user downloaded a Dot-Torrent file of that work from one of Defendants' websites."); Order, July 3, 2013, Dkt. # 527, at 3 n.2 ("for BitTorrent files downloaded from Defendants' websites, no causation dispute exists: Defendants | **Disputed.**<br><br>The Ninth Circuit made clear that "causation . . . cannot be assumed" when it comes to damages. *Columbia Pictures Indus., Inc. v. Fung*, 710 F.3d 1038-39 (9th Cir. 2013) ("*Fung II*").<br><br>In particular, the Ninth Circuit stated, "We do not decide the degree to which Fung can be held liable for having caused infringements by users of his sites or trackers. . . . We . . . leave it to the district court to consider [causation arguments], in light of the observations we have made, when it calculates damages." *Fung II*, 710 F.3d at 1039.<br><br>The Ninth Circuit held that it was not enough merely to "prov[e] that an entity had an unlawful purpose at a particular time in providing a product or service." *Id.* at 1038. "[A]n individual or entity's unlawful |

| Plaintiffs' Alleged Uncontroverted Facts and Conclusions of Law | Defendants' Response |
|---|---|
| have caused the infringement"). | objective at [a particular] time . . . is not a virus that infects all future actions. People, companies, and technologies must be allowed to rehabilitate . . . lest the public be deprived of the useful good or service they are still capable of producing." *Id.*<br><br>A reasonable jury could find that Defendants' inducing acts had not caused infringement of particular works for purposes of calculating damages, or that Plaintiffs' attenuated evidence of causation warranted calculation of a lesser amount of damages.<br><br>Plaintiffs' expert makes clear that merely downloading a dot-torrent file does not automatically result in an infringing download. *See* Ward Dec. ¶¶ 14, 15. Indeed, in light of the ad hoc nature of keyword searches and the ambiguous or commonplace names of many of Plaintiffs' alleged works, it is likely that many downloads of torrent files did not result in a download of a content file. |

Dated: October 7, 2013                WINSTON & STRAWN LLP


By: */s/ Erin R. Ranahan*
　　Michael S. Elkin
　　Thomas Patrick Lane
　　Jennifer A. Golinveaux
　　Erin R. Ranahan
　　Thomas J. Kearney

ROTHKEN LAW FIRM
Ira P. Rothken
Jared R. Smith

*Attorneys for Defendants*
GARY FUNG and ISOHUNT WEB TECHNOLOGIES, INC.