Michael S. Elkin (admitted *pro hac vice*)
melkin@winston.com
Thomas Patrick Lane (admitted *pro hac vice*)
tlane@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York  10166
Telephone:  (212) 294-6700
Facsimile:   (212) 294-4700

Ira P. Rothken (SBN: 160029)
ira@techfirm.net
Jared R. Smith (SBN: 130343)
jared@techfirm.net
**ROTHKEN LAW FIRM**
3 Hamilton Landing, Suite 280
Novato, CA 94949
Telephone:  (415) 924-4250
Facsimile:   (415) 924-2905

Jennifer A. Golinveaux (SBN: 203056)
jgolinveaux@winston.com
Thomas J. Kearney (SBN: 267087)
tkearney@winston.com
**WINSTON & STRAWN LLP**
101 California Street
San Francisco, CA  94111-5802
Telephone:  (415) 591-1000
Facsimile:   (415) 591-1400

Erin R. Ranahan (SBN: 235286)
eranahan@winston.com
**WINSTON & STRAWN LLP**
333 South Grand Avenue, Suite 3800
Los Angeles, CA 90071-1543
Telephone:  (213) 615-1700
Facsimile:   (213) 615-1750

Attorneys for Defendants,
GARY FUNG and ISOHUNT WEB TECHNOLOGIES, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| COLUMBIA PICTURES INDUSTRIES, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GARY FUNG, et al.,<br><br>Defendants. | Case No. CV 06-5578-SVW (JCx)<br><br>**DECLARATION OF THOMAS KEARNEY IN SUPPORT OF DEFENDANTS OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON COPYRIGHT OWNERSHIP, CAUSATION, AND DIRECT INFRINGEMENT**<br><br>Hearing Date:  October 28, 2013<br>Time:  1:30 p.m.<br>Pretrial Conference: October 28, 2013<br>Trial Date:  November 5, 2013 |

## DECLARATION OF THOMAS KEARNEY

I, Thomas Kearney, declare as follows:

1. I am an associate attorney with the law firm of Winston & Strawn LLP. I am a member in good standing of the Bar of the State of California, and am admitted to the bar of this Court. I make this declaration in support of Defendants Gary Fung and Isohunt Web Technologies, Inc.'s ("Defendants") Opposition to Plaintiffs' Motion for Summary Judgment on Copyright Ownership, Causation, and Direct Infringement ("Opposition"). I have personal knowledge of the facts set forth herein and am fully competent to testify thereto.

2. Despite repeated representations that they would produce documents on September 19, 2013, Plaintiffs produced copyright registrations and recordation documents for only about half of the 4,145 alleged works on that date.

3. On September 29, 2013, Plaintiffs produced a number of documents that they represented were additional chain of title documents, many of which were heavily redacted. On September 30, 2013, I sent an email to Plaintiffs' counsel requesting that Plaintiffs provide unredacted versions of these documents, but Plaintiffs have ignored that request. Plaintiffs still have refused to produce, or even confirm whether they would produce, unredacted documents.

4. Defendants requested discovery concerning Plaintiffs' allegations of direct infringement, including identification of incidences of direct infringement and information that would permit Defendants to determine whether particular dot-torrent files were uploaded to Defendants' websites by Plaintiffs' agents, or whether particular download events were performed by Plaintiffs or their agents. However, despite Plaintiffs' representation that they would provide documents on September 19, 2013, Plaintiffs failed to identify any direct infringements of their works until the day they filed the instant Motion.

5. On September 19, 2013, Plaintiffs provided a hard drive containing copies of dot-torrent files and purportedly corresponding downloaded content files to

1
DECLARATION OF THOMAS KEARNEY IN SUPPORT OF DEFENDANTS' OPP TO MSJ

Defendants. At a subsequent meet-and-confer, Plaintiffs' counsel informed me that each dot-torrent file could be matched to one or more content files by comparing the name of the dot-torrent file (its "BitTorrent ID" or "BT_ID") to the name of a corresponding folder on the hard drive. For example, the first folder listed on the hard drive's directory was named "2224", which contained a .avi video file; the hard drive also contained a dot-torrent file named "2224.torrent." The second folder on the hard drive's directory was named "3630", which also contained a .avi video file; the hard drive also contained a dot-torrent file named "3630.torrent". Some of the folders on the hard drive contained sub-folders, in which case the relevant content file or files would be contained in a subfolder. For example, the sixth folder on the hard drive's directory was named "13261", which in turn contained a sub-folder named "Hercules movies", which contained several .avi video files; the hard drive also contained a dot-torrent file named "13261.torrent."

6. Not until 11:52 pm on September 29, 2013—the night before they filed the instant Motion—did Plaintiffs produce a list of the BitTorrent IDs that they claimed corresponded to the titles of their alleged works (Plaintiffs' "BT_ID List").

7. Plaintiffs' BT_ID List identifies dot-torrent file 2224 as corresponding to Plaintiffs' work "Legends of the Fall."

8. Plaintiffs produced a copy of a dot-torrent file named "2224.torrent" on September 19, 2013. But opening the dot-torrent file "2224.torrent" in a BitTorrent client causes it to begin attempting to download a copy of a work entitled "Buddha Bar – Vol 4."

9. The target file of the 2224.torrent file could not be downloaded.

10. Plaintiffs' BT_ID List identifies dot-torrent file 3630 as corresponding to Plaintiffs' work "Seven Years in Tibet."

11. Plaintiffs produced a copy of a dot-torrent file named "3630.torrent" on September 19, 2013. But opening that dot-torrent file in a BitTorrent client causes it to begin attempting to download a copy of a work entitled "Transformers."

12. The target file of the 3630.torrent file could not be downloaded.

13. Plaintiffs' BT_ID List identifies dot-torrent file 16170 as corresponding to Plaintiffs' work "Lords of Dogtown."

14. On September 28, 2013, I launched the dot-torrent file "16170.torrent" using the BitTorrent client uTorrent, which downloaded eighteen files from the Internet. I reviewed each of the files and determined that none of them is the movie "Lords of Dogtown." Indeed, none of the files is a video file. Rather, the downloaded files comprise sixteen mp3 audio files, an m3u file (which when opened plays each of the sixteen audio files in sequence), a .sfv file (which I understand contains information to verify that files are uncorrupted), and a .nfo file that contains textual information about the audio files. Launching the 16170.torrent file using a BitTorrent client results in a download of audio files identical to the content files Plaintiffs actually produced on their hard drive on September 19, 2013.

15. Plaintiffs' BT_ID List identifies dot-torrent file 13261 as corresponding the Disney movie "Hercules."

16. I reviewed each of the movies that Plaintiffs provided on their hard drive in the folder named "13261" and determined that each has a copyright notice stating that it is "Copyright (c) 1994 by Universal City Studios, Inc."

17. Even if Plaintiffs had produced documents sufficient to accurately identify their works—which they have not—Defendants would still have to review all of Plaintiffs' tens of thousands of content files, and over 2,000 dot-torrent files, to determine whether there exist other discrepancies similar to those described above, and whether each of Plaintiffs' nearly 4,000 alleged works is actually accounted for in Plaintiffs' list of purported infringements.

18. Plaintiffs produced *additional* documents, including additional dot-torrent files and allegedly corresponding content files, the day *after* they filed their Motion, leaving Defendants less than a week to analyze and respond to Plaintiffs' claims.

3
DECLARATION OF THOMAS KEARNEY IN SUPPORT OF DEFENDANTS' OPP TO MSJ

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 7, 2013          /s/ Thomas J. Kearney
                                Thomas J. Kearney

SF:362821.2

**Winston & Strawn LLP**
**333 S. Grand Avenue**
**Los Angeles, CA 90071-1543**