Michael S. Elkin (admitted *pro hac vice*)
melkin@winston.com
Thomas Patrick Lane (admitted *pro hac vice*)
tlane@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York  10166
Telephone:   (212) 294-6700
Facsimile:    (212) 294-4700

Ira P. Rothken (SBN: 160029)
ira@techfirm.net
Jared R. Smith (SBN: 130343)
jared@techfirm.net
**ROTHKEN LAW FIRM**
3 Hamilton Landing, Suite 280
Novato, CA 94949
Telephone:   (415) 924-4250
Facsimile:    (415) 924-2905

Jennifer A. Golinveaux (SBN: 203056)
jgolinveaux@winston.com
Thomas J. Kearney (SBN: 267087)
tkearney@winston.com
**WINSTON & STRAWN LLP**
101 California Street
San Francisco, CA  94111-5802
Telephone:   (415) 591-1000
Facsimile:    (415) 591-1400

Erin R. Ranahan (SBN: 235286)
eranahan@winston.com
**WINSTON & STRAWN LLP**
333 South Grand Avenue, Suite 3800
Los Angeles, CA 90071-1543
Telephone:   (213) 615-1700
Facsimile:    (213) 615-1750

Attorneys for Defendants,
GARY FUNG and ISOHUNT WEB TECHNOLOGIES, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| COLUMBIA PICTURES INDUSTRIES, INC., et al.,<br><br>                Plaintiffs,<br><br>        v.<br><br>GARY FUNG, et al.,<br><br>                Defendants. | **Case No. CV 06-5578-SVW (JCx)**<br><br>**DEFENDANTS GARY FUNG AND ISOHUNT WEB TECHNOLOGIES, INC.'S REPLY IN SUPPORT OF THEIR MOTIONS *IN LIMINE* NOS. 1-9**<br><br>Hearing Date:   October 28, 2013<br>Time:            1:30 p.m.<br>Pretrial Conference:  October 28, 2013<br>Trial Date:       November 5, 2013 |

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................. 1

II.   THE COURT SHOULD GRANT DEFENDANTS' MOTIONS *IN LIMINE* ......................................................................................... 1

    1.    The Court Should Exclude Evidence Of Alleged Infringement Beyond The 44 Works Named Before The Liability Order ...................... 1

    2.    The Court Should Exclude Evidence Of Damages Consistent With Due Process .................................................................................. 3

    3.    Plaintiffs Should Be Precluded From Presenting Evidence Of Allegedly Infringing Videos For Which Plaintiffs Have Not Demonstrated Ownership Of Copyright And A Timely Obtained U.S. Copyright Registration .............................................................. 5

    4.    Plaintiffs Should Be Precluded From Submitting Evidence Of Allegedly Infringing Videos For Which Plaintiffs Have Failed To Identify A Download By A U.S. User ............................................... 6

    5.    Plaintiffs Should Be Precluded From Introducing Evidence Of The Incidence Of Alleged Infringements Given That Plaintiffs' Election Of Statutory Damages Only Requires One Infringement Per Work ................................................................................... 7

    6.    Plaintiffs Should Be Precluded From Submitting Evidence Relating To Press Articles, Blogs And Third Party Communications Regarding Unrelated Claims Or Infringement .............. 9

    7.    To Preclude Plaintiffs From Mentioning Discovery Rulings, Including Any Monetary Or Other Discovery Sanctions/Alleged Violation Of Court Orders .................................................... 10

    8.    To Preclude Plaintiffs From Presenting Evidence Responsive But Not Timely Produced In Response To Required Disclosures Or Defendants' Discovery Requests Including Expert Disclosures ............. 12

    9.    To Limit Instruction Of Willfulness For Infringement To Those For Which Plaintiffs Have Produced Evidence Of Defendants' Knowledge Of The Infringements ............................................. 14

III.  CONCLUSION ................................................................................ 17

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**CASES**

*3Com Corp. v. Realtek Semiconductor Corp.*,
   C 03-2177 VRW, 2008 WL 783383 (N.D. Cal. Mar. 24, 2008)............................ 11

*ABKCO Music, Inc. v. LaVere*,
   217 F.3d 684 (9th Cir. 2000) .................................................................................. 4

*Agence France Presse v. Morel*,
   --- F. Supp. 2d ---, 2013 WL 146035 (S.D.N.Y. Jan. 14, 2013), b
   *reconsideration granted in part,* 10 CIV. 02730 AJN, 2013 WL 2253965
   (S.D.N.Y. May 21, 2013) ........................................................................................ 8

*Bridgeport Music, Inc. v. UMG Recordings, Inc.*,
   585 F.3d 268 (6th Cir. 2009) ................................................................................ 14

*Columbia Pictures Indus., Inc. v. Sandrow*,
   CIV. A. No. 87-3279, 1988 WL 28249 (E.D. Pa. Mar. 23, 1988) .................. 14, 16

*Columbia Pictures Television v. Krypton Broad. of Birmingham, Inc.*,
   106 F.3d 284 (9th Cir. 1997) ............................................................................. 7, 15

*Dolman v. Agee*,
   157 F.3d 708 (9th Cir. 1998) ................................................................................ 15

*Dream Games of Arizona, Inc. v. PC Onsite*,
   561 F.3d 983 (9th Cir. 2009) ................................................................................ 10

*E. Broad. Am. Corp. v. Universal Video, Inc.*,
   CV-04-5654 (DGT), 2006 WL 767871 (E.D.N.Y. Mar. 24, 2006) ..................... 4, 5

*Faigin v. Kelly*,
   184 F.3d 67 (1st Cir. 1999)................................................................................... 11

*Feltner v. Columbia Pictures Television, Inc.*,
   523 U.S. 340 (1998)................................................................................................ 7

*Fogerty v. Fantasy, Inc.*,
   510 U.S. 517 (1994).............................................................................................. 15

*Gee v. CBS, Inc.*,
   471 F. Supp. 600 (E.D. Pa. 1979).......................................................................... 4

DEFENDANTS' NOTICE OF MOTIONS AND MOTIONS *IN LIMINE* NOS. 1-9

*Jaso v. The Coca Cola Co.*,
   435 Fed. App'x 346 (2011) .................................................................... 3

*King Records, Inc. v. Bennett*,
   438 F. Supp. 2d 812 (M.D. Tenn. 2006) ............................................... 7

*La. Pac. Corp. v. James Hardie Bldg. Prods., Inc.*,
   2012 WL 5520394 (N.D. Cal. Nov. 14, 2012) ...................................... 4

*Lincoln Diagnostics v. Panatrex, Inc.*,
   No. 07-CV-2077, 2009 WL 3010840 (C.D. Ill. Sept. 16, 2009) ........... 13

*Peer Int'l Corp. v. Pausa Records, Inc.*,
   909 F.2d 1332 (9th Cir. 1990) ............................................................. 15

*Phillip M. Adams & Assocs., LLC v. Winbond Elecs. Corp.*,
   1:05-CV-64 TS, 2010 WL 3767318 (D. Utah Sept. 16, 2010) ............. 11

*Psihoyos v. John Wiley & Sons, Inc.*,
   11 CIV. 1416, 2013 WL 1285153 (S.D.N.Y. Mar. 29, 2013) ......... 14, 16

*Reyes v. City of Glendale*,
   No. CV 05-0253 CAS, 2009 WL 2579614 (C.D. Cal. Aug. 19, 2009) ... 13

*Sega Enters. Ltd. v. MAPHIA*,
   948 F. Supp. 923 (N.D. Cal. 1996)........................................................ 15

*Southern v. All Points Delivery Sys., Inc.*,
   No. 04-cv-590, 2006 WL 521501 (N.D. Okla. Mar. 2, 2006) ................ 4

*Tin Pan Apple v. Miller Brewing Co.*,
   737 F. Supp. 826 (S.D.N.Y. 1990) ......................................................... 4

*UMG Recordings, Inc. v. MP3.COM, Inc.*,
   109 F. Supp. 2d 223 (S.D.N.Y. 2000) .................................................... 7

*Urbont v. Sony Music Entm't*,
   863 F. Supp. 2d 279 (S.D.N.Y. 2012) .................................................... 3

*Video Views, Inc. v. Studio 21, Ltd.*,
   925 F.2d 1010 (7th Cir. 1991) ......................................................... 15, 16

*Warner Bros. Home Entm't Inc. v. FilmAndMusic USA, LLC*,
   CV 13-00874 SJO JCX, 2013 WL 4478956 (C.D. Cal. Aug. 20, 2013) .............. 11

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

iii

*Wicker v. Oregon ex rel. Bureau of Labor,*
    543 F.3d 1168 (9th Cir. 2008) ............................................................................ 8

**STATUTES**

17 U.S.C. § 504(c)(2)........................................................................................... 15

**OTHER AUTHORITIES**

4 Nimmer on Copyright § 14.04 [B][1][a] (2005)............................................... 16

Fed. R. Civ. P. 26 ................................................................................................. 13

Fed. R. Civ. P. 37(c)(1)........................................................................................ 13

Fed. R. Evid. 402 ................................................................................................... 9

Fed. R. Evid. 403 ...................................................................................... 7, 8, 10, 11

Fed. R. Evid. 901 ................................................................................................... 9

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

DEFENDANTS' NOTICE OF MOTIONS AND MOTIONS *IN LIMINE* NOS. 1-9

**I.      INTRODUCTION**

Plaintiffs' Opposition merely confirms their trial strategy of wasting the Court's time and the parties' resources with extraneous matters, and distracting the jury with evidence with little (if any) probative value that if permitted would pose a significant risk of prejudicing the jury.  Plaintiffs seek to stack the deck in their favor so that the jury is allowed only to consider negative facts associated with this Court's finding of inducement liability, even where the facts are not sufficiently relevant to the jury's decision to overcome the prejudice to Defendants, and even where it requires the Court to disregard due process and fundamental fairness. The Court should decline to allow such evidence, and should instead exclude it for the reasons discussed in Defendants' motions *in limine* and herein.

**II.     THE COURT SHOULD GRANT DEFENDANTS' MOTIONS *IN LIMINE***

**1.      The Court Should Exclude Evidence Of Alleged Infringement Beyond The 44 Works Named Before The Liability Order**

At the eleventh hour, Plaintiffs have tried to expand the scope of potential liability in this case from 44 works (and maximum damages of $6.6 million) to nearly four thousand works (and maximum damages of nearly $600 million). Plaintiffs chose to expand the scope of their case far beyond what is reasonably necessary to achieve their goals, and seek potential damages far beyond what Defendants could conceivably pay. The Court asked Plaintiffs what the point was of seeking a damages award far beyond what Plaintiffs could ever actually recover:

> THE COURT: What do you estimate to be the resources of [Defendants]? . . . What do you suspect?
>
> PLAINTIFF'S COUNSEL: Based on our estimate, Your Honor, we believe a couple to a few million dollars would exhaust Mr. Fung's or defendants' ability to pay…
>
> PLAINTIFF'S COUNSEL: A couple to a few million dollars would exhaust defendants' --

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

THE COURT: Does that mean, like $2 million --

PLAINTIFF'S COUNSEL: Two million dollars to $4 million, $5 million at the most.

THE COURT: So why are you making such a fetish about 2,000 or 3,000 or 10,000 or 100 copyrights?

MR. FABRIZIO: Your Honor, the purpose of statutory damages is not only to seek compensation from the defendants, extraordinarily important purpose is to create -- send a message to other would-be infringers like defendants, and there are thousands of them…

THE COURT: But if you strip him of all his assets -- and you're suggesting that a much lesser number of copyrights would accomplish -- copyright infringements would accomplish that, where is the deterrence by telling the world that you took someone's resources away because of illegal conduct entirely or 50 times over?

[9/9/13 Trans. 7:23-9:11 (emphasis added).]

Plaintiffs seek here to obtain a massive $600 million judgment against an individual Defendant, Gary Fung, and his small company.  Knowing they could never collect anything close to $600 million, they insist on sending a "message."  Whatever additional and incremental difference it makes, it is not enough to justify the tremendous waste of the Court's and parties' resources to expand Plaintiff's case exponentially. Particularly in light of *Plaintiffs'* choice to so massively expand the scope of their case, Defendants must be given a reasonable and fair opportunity to prepare their case before trial as to the nearly four thousand works Plaintiffs now seek to add.  The Court should decline to permit the expansion and application of earlier liability findings where Defendants have not been provided a meaningful opportunity to prepare their defenses regarding the newly named works. Plaintiffs highlight the sheer magnitude of their newly-alleged infringements, conceding that only on September 19, 2013, did they produce "over 3.5 terabytes of content files." Dkt. 668

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

2

at 17:16. By way of reference, a typical movie file on Plaintiffs hard drive, Beverly Hills Cop, has a filesize of 700 megabytes and a total running time of just over one hour and 45 minutes. At that rate, it would take 8,750 hours to view all of the 3.5 terabytes of content on that hard drive alone. Declaration of Thomas Kearney ("Kearney Dec.") ¶ 4.

Moreover, Plaintiffs have continued to produce documents of all types, including additional dot-torrent files; thousands of megabytes of content files; server log data purportedly relevant to direct infringements; and ownership documents. Kearney Dec. ¶¶ 2-3. Plaintiffs concede—indeed, insist—that reviewing this material is extremely burdensome and time-consuming, but nonetheless state that "Defendants cannot claim burden … in any delays in Plaintiffs' review process." Opp. at 18:12-14. And Plaintiffs' delays continue: Plaintiffs' most recent document production was just *two days ago*, on Monday, October 13. Kearney Dec. ¶ 3. As detailed in Section II.3 below, Plaintiffs have produced more than 400 pages of copyright registrations and chain of title documents, and thousands of megabytes of dot-torrent files, content files, and server log entries purportedly evidencing direct infringements, since Defendants filed their Motions in Limine on September 30, 2013. Defendants are unable to conduct a meaningful investigation given the number of alleged infringements and alleged content files, and the fact that Plaintiffs continue to produce basic documents to support their claims and still have not committed to a date by which their production will be complete. The Court should grant Defendants' Motion *in Limine*.

### 2.    The Court Should Exclude Evidence Of Damages Consistent With Due Process

Plaintiffs do not bother to address the numerous cases that hold that to comport with due process, a defendant must be afforded notice of the claims asserted so it can properly assess the case and adequately prepare a defense. *See Urbont v. Sony Music Entm't*, 863 F. Supp. 2d 279, 288 (S.D.N.Y. 2012) (citing *Kwan v. Schlein*, 634 F.3d 224, 228 (2d Cir. 2011)); *Jaso v. The Coca Cola Co.*, 435 Fed. App'x 346, 352 (2011)

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

("*each* act of infringement gives rise to an independent claim") (emphasis in original); *Southern v. All Points Delivery Sys., Inc.*, No. 04-cv-590, 2006 WL 521501, at *1 n.1 (N.D. Okla. Mar. 2, 2006) ("because each alleged infringement forms a separate claim, the Court requests more precision from the parties in future pleadings"); *Gee v. CBS, Inc.*, 471 F. Supp. 600, 643 (E.D. Pa. 1979), *aff'd* 612 F.2d 572 (3d Cir. 1979) (holding a complaint must state, *inter alia*, "which specific original work is the subject of the copyright claim . . . and by what acts and during what time defendant has infringed the copyright"); *see also La. Pac. Corp. v. James Hardie Bldg. Prods., Inc.*, 2012 WL 5520394, at *1 (N.D. Cal. Nov. 14, 2012) (holding that plaintiff was required to "identify every trademark which was allegedly infringed"; stating that this requirement "is necessary to provide Defendant with adequate notice" because, where the complaint only identifies some of the allegedly infringed marks, this "leaves Defendant to guess at the others. This is insufficient.").

While Plaintiffs argue that identifying just forty-four works gives sufficient notice of the nearly 4,000 works they now claim, the cases they cite in support of that argument are readily distinguishable.  In *ABKCO Music, Inc. v. LaVere*, 217 F.3d 684, 687 (9th Cir. 2000), the copyright holder sued for declaratory judgment as to two songs by the same artist, and pre-lawsuit correspondence between the parties made clear that the dispute involved both works.  In *Tin Pan Apple v. Miller Brewing Co.*, 737 F. Supp. 826, 828 (S.D.N.Y. 1990), plaintiffs claimed infringement as to "one or more" of its songs.  737 F. Supp. at 828-29.  Here, Plaintiffs are not seeking damages for only one or two works, but nearly 4,000 works, of which they had previously identified only about *one percent*.  Similarly, in *E. Broad. Am. Corp. v. Universal Video, Inc.*, CV-04-5654 (DGT), 2006 WL 767871, at *1, 3 (E.D.N.Y. Mar. 24, 2006), although the plaintiff did not specify exactly which works it claimed had been infringed, the plaintiff attached an exhibit to its complaint listing all of the 126 television shows to which it owned copyrights, and which therefore defined the universe of its claims. By contrast, Plaintiffs failed to produce a list of their claimed

works until more than six years after they filed their complaint, just weeks before trial. Moreover, the *Universal Video* court noted that "[a]ny confusion as to which of these copyrighted works are the subject of the complaint 'may be explored on discovery.'" *Id.* at *3 (quoting *Tin Pan Apple*).  But Defendants' efforts in this case to explore these subjects through discovery have been delayed or thwarted by Plaintiffs at every turn.

> **3.     Plaintiffs Should Be Precluded From Presenting Evidence Of Allegedly Infringing Videos For Which Plaintiffs Have Not Demonstrated Ownership Of Copyright <u>And</u> A Timely Obtained U.S. Copyright Registration**

It is Plaintiffs' burden to prove ownership of a valid copyright as part of their *prima facie* case of copyright infringement, but for hundreds of their alleged works, Plaintiffs have failed to do so. The Court should preclude Plaintiffs from presenting evidence concerning works for which Plaintiffs have failed to carry their burden.

Plaintiffs insisted when they filed their motion for summary judgment on ownership on September 30, 2013, that their production of documents concerning ownership was complete. Pl. MSJ (filed under seal 9/30/13) at 6 n.3 ("Plaintiffs … have produced all of the underlying [ownership] documents in discovery … to Defendants"). But since then, Plaintiffs have continued to supplement their production of ownership and other documents at least six times, and have also continued to produce thousands of megabytes of data for Defendants to try and sort through and address in their briefings and pretrial disclosures less than a month before trial.

- October 5 – Plaintiffs produce 239 pages of chain-of-title documents
- October 8 - Plaintiffs produce 23 pages of chain-of-title and copyright registration documents
- October 9 - Plaintiffs produce 153 pages of chain-of-title and copyright registration documents; three additional dot-torrent files; one additional video file; and thousands of additional purported download events

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

- October 10 - Plaintiffs produce 8 pages of chain-of-title documents; 3 additional dot-torrent files; 25 additional video files; and more than 8,000 additional purported download events
- October 11 - Plaintiffs produce 7 pages of chain-of-title documents
- October 13 - Plaintiffs produce 4 pages of chain-of-title documents

Kearney Dec. ¶¶ 2-3. To the extent Plaintiffs have failed to establish ownership of allegedly infringed works they should be precluded from offering evidence of alleged infringements of such works as any such evidence would be irrelevant and prejudicial.

**4.     Plaintiffs Should Be Precluded From Submitting Evidence Of Allegedly Infringing Videos For Which Plaintiffs Have Failed To Identify A Download By A U.S. User**

Plaintiffs concede that even they have had to devote thousands of hours to analyzing the alleged infringements, *see, e.g.*, Opp. at 18 n.5 (review "required thousands of hours of lawyer and paralegal time"); Decl. of Steven B. Fabrizio (Dkt. 668-1) ¶ 4; 9/30/13 Hrg. Trans. 19:25-20:4, and are not yet done identifying them. Decl. of Bruce Ward (Dkt. 658) ¶¶ 17-19.  Plaintiffs have had more than six years since the case started to identify their own allegedly infringed works; it took them two months from the time the Court ordered them to identify the works for which they claimed damages, and weeks more to identify any (though still not all) alleged infringements of those works. Yet Plaintiffs expect Defendants (with far more limited resources than Plaintiffs) to be able to adequately analyze this mountain of data in a few weeks or less. As did Plaintiffs, Defendants need time, and at least two months, to investigate the alleged infringements and prepare to rebut Plaintiffs' claims.

This Court has made clear that in order for Plaintiffs to establish infringement they must establish an infringing download by a U.S. user.  Plaintiffs should be precluded from introducing evidence of allegedly infringing videos for which Plaintiffs have failed to do so. To the extent Plaintiffs' expert Bruce Ward relied on

6

1   inaccurate or unauthenticated geolocation data in his analysis, it is unreliable and

2   should be disregarded. *See* Opp. to MSJ on Ownership, Causation and Direct

3   Infringement (Dkt. 671) at 14-20; Decl. of Robin H. Johnson (Dkt. 671-4) ¶¶ 7-10.

**5.      Plaintiffs Should Be Precluded From Introducing Evidence Of The
Incidence Of Alleged Infringements Given That Plaintiffs' Election
Of Statutory Damages Only Requires One Infringement Per Work**

7           The Court may exclude evidence if it will cause "undue delay, wasting time, or

8   needlessly presenting cumulative evidence." Fed. R. Evid. 403.  The incidence of

9   alleged infringements here is both unreliable, for all of the reasons addressed in the

10   preceding section, and irrelevant, since Plaintiffs need show only one infringement by

11   a U.S. user per work.  Plaintiffs do not dispute that to obtain maximum available

12   statutory damages, they are only required to demonstrate ***one*** infringement of the

13   work. Evidence about the incidence of infringements has been held not relevant in

14   cases where plaintiffs have elected statutory damages, because of the limitation on the

15   amount of damages associated with a single work. Because "[i]t is sufficient that one

16   instance of infringement occurred during the statutory period," it is "irrelevant how

17   many instances of actual infringement occurred."  *King Records, Inc. v. Bennett*, 438

18   F. Supp. 2d 812, 867 (M.D. Tenn. 2006) ("it is irrelevant how many instances of

19   actual infringement occurred. It is sufficient that one instance of infringement

20   occurred during the statutory period."); *UMG Recordings, Inc. v. MP3.COM, Inc.*,

21   109 F. Supp. 2d 223, 224 (S.D.N.Y. 2000) ("for the purpose of computing statutory

22   damages, the relevant unit is not the number of infringements but the number of

23   infringed 'works'"); *see also, Columbia Pictures Television v. Krypton Broad. of

24   Birmingham, Inc.*, 106 F.3d 284, 294 (9th Cir. 1997), *rev'd on other grounds*, *Feltner

25   v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998) ("when statutory damages

26   are assessed against one defendant . . . each work infringed may form the basis of

27   only one award, regardless of the number of separate infringements of that work")

28   (citing *Mason v. Montgomery Data, Inc.*, 967 F.2d 135, 143-44 (5th Cir. 1992)); *see*

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

7

also, e.g., *Agence France Presse v. Morel*, --- F. Supp. 2d ---, 2013 WL 146035, at *26 (S.D.N.Y. Jan. 14, 2013), *reconsideration granted in part*, 10 CIV. 02730 AJN, 2013 WL 2253965 (S.D.N.Y. May 21, 2013) (where "a single infringer has engaged in any number of infringements for which that infringer is liable individually, . . . [n]either the number of infringements of a particular work nor the number of infringers of that work is relevant to the damages calculation in these circumstances".)

Plaintiffs suggest that their expert can introduce this supposed evidence rather than spending time demonstrating each one—but without affording Defendants a fair chance to investigate and test this evidence, such testimony is rendered little more than conclusory and untested speculation.  *Wicker v. Oregon ex rel. Bureau of Labor*, 543 F.3d 1168, 1177-78 (9th Cir. 2008) (district court did not abuse discretion in excluding conclusive, speculative evidence).

Even if Defendants had been provided a fair and reasonable opportunity to investigate the alleged infringements—which they have not—it would be an enormous burden on the Court and the parties to permit this evidence. Plaintiffs will already need to demonstrate at least one of the underlying infringements for each of the more than 4,000 works.  To then permit Plaintiffs to introduce evidence of allegedly thousands of examples of alleged infringements for each of those works, where Defendants must be permitted the opportunity to rebut such evidence, would make for an unmanageable and unwieldy trial. The probative value is not worth the added burden, when Plaintiff can qualify for statutory damages merely by demonstrating a single infringement of one work. Under Rule 403 evidence may also be excluded if the waste of time caused by its introduction outweighs its probative value. If Plaintiffs are allowed to present evidence regarding the incidence of alleged infringement, due process demands that Defendants be provided the opportunity to present rebuttal evidence about each alleged infringement.  Such instances have *not* all been produced

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

DEFENDANTS' REPLY IN SUPPORT OF MOTIONS *IN LIMINE* NOS. 1-9

by Plaintiffs, and it remains unclear which ones they are claiming.  It would thus be a duplicative waste of time to allow this evidence in, and the Court should exclude it.

### 6.     Plaintiffs Should Be Precluded From Submitting Evidence Relating To Press Articles, Blogs And Third Party Communications Regarding Unrelated Claims Or Infringement

Plaintiffs do not even attempt to explain the relevance of any specific blogs or press articles by third parties, or how they intend to establish any proper foundation for the evidence. Instead, they seek to introduce uncorroborated third party statements about alleged infringement on Defendants' websites and statements made by Gary Fung that have nothing to do with the alleged infringements in this case.  *See, e.g.*, Trial Ex. Nos. 9-10, 22 (Screenshots from Isohunt.com of forum posts); Trial Ex. No. 14 (Fung Interview on Slyck.com, dated February 21, 2005); Trial Ex. No. 173 (Fung interview: "Realplayer" copy of interview on a CD).

First, these and similar communications are not relevant to the damages portion of this trial. To the extent Plaintiffs seek to re-try the liability phase of this case—on which they have already prevailed—they should be precluded from doing so. The evidence Plaintiffs seek to use is irrelevant to any of the alleged acts of direct infringement in this action. This alone is sufficient reason to exclude this evidence pursuant to Rule 402.  Further, under Rule 901, Plaintiffs have not (and cannot) authenticated or laid any foundation regarding the knowledge of third-party users of isoHunt and others, nor the extent to which they have reviewed Defendants' site for infringement (or would even know which videos might be potentially infringing). Any such evidence from third parties should be precluded.

Further, any statements by Defendants should be limited to those involving alleged infringements in this case.  Otherwise, there is a serious risk that it would prejudice Defendants, because a jury might decide they disagree with Mr. Fung's personal views, and therefore assess damages on the basis of their prejudice. Evidence is unfairly prejudicial if it has an "undue tendency to suggest decision on an

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

9

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

improper basis."  Fed. R. Evid. 403, Advisory Comm. Notes, 1972 Proposed Rules. That is precisely what Plaintiffs' unrelated evidence seeks to do.

The Court should thus exercise its discretion to exclude such communications and evidence as inadmissible hearsay, or because its probative value is substantially outweighed by a "danger of . . . unfair prejudice, confusing the issues [or] misleading the jury…"  Fed. R. Evid. 403.

### 7.  To Preclude Plaintiffs From Mentioning Discovery Rulings, Including Any Monetary Or Other Discovery Sanctions/Alleged Violation Of Court Orders

Plaintiffs do not cite a single copyright case that finds it appropriate for the jury to consider sanctions or discovery misconduct in deciding "statutory damages."  In response to Defendants' argument that evidence of sanctions and alleged violations of court orders is irrelevant and unduly prejudicial, Plaintiffs argue that the jury may consider "litigation conduct" of the parties when assessing statutory damages. Plaintiffs' authorities are inapposite.  What Plaintiffs attempt to characterize as "litigation conduct" has nothing to do with the type of evidence Plaintiffs seek inappropriately to introduce here.

In *Dream Games of Arizona, Inc. v. PC Onsite*, 561 F.3d 983, 985-86 (9th Cir. 2009), the Ninth Circuit considered whether the district court erred in excluding evidence that the plaintiff had illegally operated the copyrighted video game in two states. The court noted that the jury "may consider plaintiff's conduct during litigation," *id*. at 992-93 (emphasis added), and cited two cases in which statutory damages were reduced due to the  *plaintiff*'s bad conduct.  *Id*.; see also *id*. at 993 (listing "plaintiff's conduct during litigation" as a factor the jury can consider in awarding statutory damages).  Ultimately, the court affirmed the district court's decision that the evidence's probative value was outweighed by unfair prejudice.  *Id*. As the clear prejudice to Defendants by permitting this evidence is readily apparent, the Court should decline to adopt Plaintiffs' expansive and unsupported application of

1    "litigation conduct" when none of the cases they cite uses that principle to allow

2    irrelevant evidence about discovery or other sanctions.

3        Moreover, *Warner Bros. Home Entm't Inc. v. FilmAndMusic USA, LLC*, CV 13-

4    00874 SJO JCX, 2013 WL 4478956 (C.D. Cal. Aug. 20, 2013), simply recites a list of

5    factors that juries often consider when awarding statutory damages, including whether

6    defendant has cooperated in providing records relevant to damages analysis.[1] Unlike

7    such cases, here Plaintiffs seek to use highly prejudicial evidence regarding sanctions,

8    violations of court orders, or other irrelevant litigation conduct that has no bearing on

9    a damages analysis, in order to increase the damages awarded against Defendants.

10       Plaintiffs also fail to address the line of cases where courts have granted

11   motions to exclude references to adverse court rulings and sanctions that have little or

12   no probative value, as here. *See, e.g., Phillip M. Adams & Assocs., LLC v. Winbond*

13   *Elecs. Corp.*, 1:05-CV-64 TS, 2010 WL 3767318, at *5 (D. Utah Sept. 16, 2010)

14   (granting sanctions against defendant for spoliation of evidence but ordering that, "due

15   to the danger of prejudicing the jury," plaintiff may not state or imply "that the Court

16   has made a finding of wrongdoing on [defendant's] part" or otherwise "that the Court

17   has sanctioned [defendant]"); *3Com Corp. v. Realtek Semiconductor Corp.*, C 03-

18   2177 VRW, 2008 WL 783383, at *2 (N.D. Cal. Mar. 24, 2008) (granting plaintiff's

19   motion *in limine* to preclude defendant from referring to or introducing evidence of

20   the court's prior sanctions order or the fact that sanctions had been granted); *Faigin v.*

21   *Kelly*, 184 F.3d 67, 80 (1st Cir. 1999) ("A lay jury is quite likely to give special

22   weight to judicial findings merely because they are judicial findings. . . .

23   Consequently, courts, recognizing the attendant danger of jury confusion and unfair

24   prejudice, frequently have approved the exclusion of judicial findings, convictions,

25   and similar evidence on Rule 403 grounds.") (internal citation omitted).

26   _____

[1] It is worth noting that this case, like many others Plaintiffs have cited in this and
27   prior briefing, lists "[t]he expenses saved and the profits reaped" and "the revenues
     lost by the plaintiff" as relevant factors that juries often consider in awarding statutory
28   damages. *Id.* at *6 (internal quotation marks omitted); *see also id.* ("Plaintiff offers no
     evidence regarding its own losses . . . ."). Nonetheless Plaintiffs continue their efforts
     to avoid providing such discovery.

DEFENDANTS' REPLY IN SUPPORT OF MOTIONS *IN LIMINE* NOS. 1-9

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

**8.    To Preclude Plaintiffs From Presenting Evidence Responsive But Not Timely Produced In Response To Required Disclosures Or Defendants' Discovery Requests Including Expert Disclosures**

Plaintiffs have informed Defendants that they plan to use, introduce or otherwise refer to an extensive range of materials that they failed to disclose or produce in a timely fashion. Plaintiffs now argue that their late production of documents is really "timely" because they made a "substantial" production on September 19, 2013, the date their written responses were due—and the date by which they had promised to produce responsive documents. Opp. at 17:2. Plaintiffs also make the contradictory arguments that their untimely production was due to Defendants' having propounded discovery requests "weeks" after the Court set a trial date (Opp. at 17:3-4); that Defendants suffered no prejudice from Plaintiffs' late production because they could simply have reviewed their server log data and somehow divined what data Plaintiffs would select as evidence of direct infringements (Opp. at 18:18-19:1); that Plaintiffs expended time in producing the documents they did actually produce (Opp. at 17:20-22).

None of this should distract the Court from the simple fact that Plaintiffs failed to timely produce thousands of pages of purported ownership documents, numerous dot-torrent and content files, and thousands of alleged "download events" relating to alleged direct infringements; *continued* to produce documents, including ownership documents, even after announcing to the Court that their production was complete; and have refused to provide a date certain for completion of their production. Kearney Decl. ¶¶ 2-3; *see*, e.g., Ward Dec. at ¶ 18 ("The process of identifying and analyzing more dot-torrent files in Defendants' web server logs that correspond to Plaintiffs works is ongoing, and, as requested by Plaintiffs' counsel, I will continue to update the U.S. download counts accordingly").

Plaintiffs should not be permitted to use or reference such late-produced evidence of alleged ownership or infringements. "If a party fails to provide

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1  information or identify a witness as required by Rule 26(a) or (e), the party is not

2  allowed to use that information or witness to supply evidence on a motion, at a

3  hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed.

4  R. Civ. P. 37(c)(1). Motions *in limine* are appropriate to preclude the introduction at

5  trial of evidence not produced in discovery. *Reyes v. City of Glendale*, No. CV 05-

6  0253 CAS (MANx), 2009 WL 2579614, at *4 (C.D. Cal. Aug. 19, 2009) ("To the

7  extent that plaintiff seeks to produce new documents or evidence not previously

8  disclosed in the case, the Court finds such evidence should be excluded, except for the

9  purposes of impeachment or rebuttal."), *id.* at *10 (granting motion *in limine* "to the

10  extent it seeks to exclude evidence not previously disclosed in conjunction with the

11  motions for summary judgment or otherwise"); *Lincoln Diagnostics v. Panatrex, Inc.*,

12  No. 07-CV-2077, 2009 WL 3010840, at *5 (C.D. Ill. Sept. 16, 2009) ("any documents

13  relevant to the issue of damages that Defendant did not produce prior to the 'drop

14  dead' date . . . could not be presented by Defendant at trial."). Plaintiffs should not be

15  allowed to use discovery materials that were not timely produced during fact

16  discovery.

17      During the course of fact discovery, Defendants served Plaintiffs with

18  interrogatories and requests for documents specifically directed to key issues of

19  identification of their alleged works; ownership of the alleged works and

20  corresponding registrations; identification of direct infringements by U.S. users;

21  causation; willfulness; damages; and Defendants' defenses of fair use and failure to

22  mitigate damages. Plaintiffs refused to answer nearly all of Defendants'

23  interrogatories; refused to provide documents responsive to the majority of

24  Defendants' document requests (and refused to produce *any* documents in key

25  categories of requests such as damages); and refused to identify direct infringements

26  of their alleged works. *See* Dkt. 615. Plaintiffs also failed to timely provide documents

27  in the few categories of discovery they did agree to produce.

28

If Plaintiffs are permitted to introduce at trial this untimely-produced evidence, Defendants will be severely prejudiced. Plaintiffs will have the benefit of relying upon evidence improperly withheld from Defendants, which Defendants have not had adequate opportunity to review, analyze and investigate. At a minimum, Plaintiffs should be precluded from relying on documents they failed to provide either before, or in connection with, their motions for summary judgment concerning ownership and direct infringement.

**9.    To Limit Instruction Of Willfulness For Infringement To Those For Which Plaintiffs Have Produced Evidence Of Defendants' Knowledge Of The Infringements**

Plaintiffs have not and cannot dispute that court after court has found a defendant's infringements *non-willful* with respect to works for which the defendant had no notice of alleged infringements. Indeed, courts routinely require knowledge to find willfulness, holding infringement willful only with respect to post-notice infringements. *See, e.g., Columbia Pictures Indus., Inc. v. Sandrow*, CIV. A. No. 87-3279, 1988 WL 28249, at *4 (E.D. Pa. Mar. 23, 1988) (finding "defendants' copyright infringement was not wil[l]ful [for works infringed] prior to the receipt of [plaintiffs'] 'cease and desist' letter" but was willful for works infringed thereafter); *Bridgeport Music, Inc. v. UMG Recordings, Inc.*, 585 F.3d 268-69 (6th Cir. 2009) (jury instruction "correct" when it stated "[a]n infringement becomes a willful infringement if a defendant acquires knowledge that its actions infringe a copyright and the defendant nevertheless continues such infringement").

Plaintiffs also do not and cannot dispute that courts routinely assess willfulness in the copyright context on a work-by-work basis. In numerous cases, juries have found some infringements of works at issue in the case "willful," while finding other works at issue in the case non-willful. *See, e.g., Columbia Pictures Indus.*, 1988 WL 28249, at *4; *Psihoyos v. John Wiley & Sons, Inc.*, 11 CIV. 1416, 2013 WL 1285153, at *1 (S.D.N.Y. Mar. 29, 2013) (in suit alleging copyright infringement as to four

photographs, jury found no infringement as to one photograph, non-willful

infringement as to a second photograph, and willful infringement as to the remaining

two photographs); *Video Views, Inc. v. Studio 21, Ltd.*, 925 F.2d 1010, 1020-21 (7th

Cir. 1991), *overruled on other grounds* by *Fogerty v. Fantasy, Inc.*, 510 U.S. 517

(1994) (where jury found that defendant had willfully infringed plaintiff's copyrights

in two out of seven films involved in the action, affirming district court's grant of

defendant's motion for judgment notwithstanding the verdict because jury's verdict on

issue of willfulness was unsupported by the evidence).

Plaintiffs also do not dispute that in the copyright context, "'willfully' means

with knowledge that the defendant's conduct constitutes copyright infringement.'"

*Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1335 n.3 (9th Cir. 1990);

*Krypton Broad.*, 106 F.3d at 293 (same); *Dolman v. Agee*, 157 F.3d 708, 715 (9th Cir.

1998) (same); *see also Sega Enters. Ltd. v. MAPHIA*, 948 F. Supp. 923, 936 (N.D.

Cal. 1996).  Thus, "[g]enerally, a determination as to willfulness requires an

assessment of a party's state of mind." *Id.* Because Plaintiffs bear the burden of

establishing that Defendants willfully infringed their copyrights, the Court should not

relieve Plaintiffs of their burden. 17 U.S.C. § 504(c)(2) ("the copyright owner [must]

sustain[] the burden of proving . . . that infringement was committed willfully").

Plaintiffs decline to address any of this authority because they contend that the

"Court already has granted Plaintiffs' summary judgment motion on willfulness." But

the Court took that Motion under submission (Dkt. 675). The Court indicated that it

intended to raise the ceiling of maximum permissible statutory damages, but left open

the possibility that Defendants could introduce mitigating or challenging evidence as

to willfulness. Thus, even assuming this Court enters an order finding willfulness as a

matter of law, the only practical impact is that the ceiling for statutory damages is

raised to $150,000.  This would *not* eliminate Defendants' right to introduce evidence

relating to the relative culpability of Defendants' conduct, which is unquestionably a

factor relevant to the award of statutory damages.  The degree of willfulness must still

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

15

1  be evaluated because it is relevant to selecting an appropriate amount of damages.

2  Professor Nimmer has stated that "the determination of statutory damages within the

3  applicable limits may turn upon such factors as . . . the revenues lost by the plaintiffs

4  as a result of the defendant's conduct and the infringers' state of mind – whether

5  willful, knowing or innocent."  4 Nimmer on Copyright § 14.04 [B][1][a] (2005).  As

6  Plaintiffs also acknowledge, "the level of egregiousness of Defendants' infringement"

7  is "a primary consideration for the jury in determining the appropriate level of

8  statutory damages."  (Pl. Mot. in Limine (Dkt. 632) at 5.)  Evidence rebutting the

9  alleged *egregiousness* of Defendants' infringement will inform the jury in reaching of

10  an appropriate award of damages in this case, and their state of mind regarding the

11  infringements at issue.

12      Courts also routinely assess willfulness in the copyright context on a work-by-

13  work basis.  Numerous courts have found a defendant's infringements willful with

14  respect to only certain works at issue, but non-willful with respect to others.  *See, e.g.*,

15  *Columbia Pictures Indus., Inc. v. Sandrow*, CIV. A. No. 87-3279, 1988 WL 28249, at

16  *4 (E.D. Pa. Mar. 23, 1988) (finding "defendants' copyright infringement was not

17  wil[l]ful [for works infringed] prior to the receipt of [plaintiffs'] 'cease and desist'

18  letter" but was willful for works infringed thereafter; awarding damages accordingly);

19  *Psihoyos v. John Wiley & Sons, Inc.*, 11 CIV. 1416, 2013 WL 1285153, at *1

20  (S.D.N.Y. Mar. 29, 2013) (in suit alleging copyright infringement as to four

21  photographs, jury found no infringement as to one photograph, non-willful

22  infringement as to a second photograph, and willful infringement as to the remaining

23  two photographs); *Video Views*, 925 F.2d at 1020-21 (where jury found that defendant

24  had willfully infringed plaintiff's copyrights in two out of seven films involved in the

25  action, affirming district court's grant of defendant's motion for judgment

26  notwithstanding the verdict because jury's verdict on issue of willfulness was

27  unsupported by the evidence).

28      Because here the question of willfulness should be dealt with on a work-by-

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

16

work basis in properly assessing statutory damages on a work-by-work basis, the Court should restrict any willfulness instruction to those for which Plaintiffs have produced some evidence of knowledge by Defendants.

**III.     CONCLUSION**

For all the reasons set forth in their Motion and herein, Defendants respectfully request that the Court grant their Motions *in Limine* Nos. 1-9.


Dated:  October 16, 2013                    WINSTON & STRAWN LLP


                                            By:  */s/ Erin R. Ranahan*
                                                  Michael S. Elkin
                                                  Thomas Patrick Lane
                                                  Jennifer A. Golinveaux
                                                  Erin R. Ranahan
                                                  Thomas J. Kearney

                                            ROTHKEN LAW FIRM
                                                  Ira P. Rothken
                                                  Jared R. Smith

                                            *Attorneys for Defendants*
                                            GARY FUNG and ISOHUNT WEB
                                            TECHNOLOGIES, INC.

LA:342420.9

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543